FILED by SW D.C.
ELECTRONIC

Sep 2 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Palm Beach Division

STEVEN A. SILVERS, an individual,   CASE NO. 05-80387-CIV
                                     (Ryskamp/Vitunac)
    Plaintiffs,

v.

GOOGLE INC., a Delaware corporation,

    Defendant.
_____/

GOOGLE INC., a Delaware corporation,

    Counterclaimant,

v.

STEVEN A. SILVERS, an individual; STELOR
PRODUCTIONS, INC., a Delaware corporation;
STELOR PRODUCTIONS, LLC; a business
Entity of unknown form; and STEVEN ESRIG,
an individual,

    Counterdefendants.
_____/

## SILVERS' OBJECTION TO STELOR PRODUCTIONS' NOTICE AND REQUEST AND COUNTERCLAIM

Plaintiff/Cross-Defendant, Steven A. Silvers ("Silvers"), objects to the request by Stelor Productions, LLC to transfer Case No. 05-80393-CIV-HURLEY to this Court and consolidate it with this action filed by Silvers against Google Inc.

### THE STELOR ACTION CANNOT BE TRANSFERRED OR CONSOLIDATED WITH THIS ACTION

Stelor asks this Court to pluck the Stelor Action, Case No. 05-80393, from Judge Hurley and then consolidate it with this case. The Stelor Action, however was dismissed on August 8,

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 | Phone 305.372.1800 | Fax 305.372.3508 | kttlaw.com

1 of 10

Dockets.Justia.com

2005. (Exhibit "A"). In light of the Stelor Action being dismissed - - and the basis for the dismissal - - there is no action to transfer, much less consolidate, and no valid reason to do so.

The Stelor Action involved Stelor's attempt, by seeking declaratory and injunctive relief, to require Silvers to specifically perform certain contracts between the parties. These were state law claims, controlled by Florida law. Jurisdiction was premised on diversity. Four months after filing the case, Stelor has finally acknowledged diversity is lacking.

Because subject matter jurisdiction never attached to the Stelor Action, the orders entered in that case are null and void. "Orders relating to the merits of an action are void if issued without subject matter jurisdiction." *Christopher v. Stanley-Bostitch, Inc.*, 240 F.3d 95, 100 (1st Cir. 2001). *See also, e.g., Shirley v. Maxicare Texas, Inc.*, 921 F.2d 565 (5th Cir. 1991) ("Unless a federal court possesses subject matter jurisdiction over a dispute, any order it makes (other than an order of dismissal or remand) is void."). Stelor's suggestion that judicial economy will be served by transferring the Stelor Action is misplaced, because any court deciding the issues ruled on by Judge Hurley will have to start from scratch. And, Stelor's attempt to transfer a non-case to this Court to salvage its appeal of Judge Hurley's order denying its motion for preliminary injunction is likewise an act of desperation; we anticipate the appeal will be dismissed in light of there being no subject matter jurisdiction for the Stelor Action.[1] Thus, Stelor's suggestion (Notice and Request at ¶16) that duplication can be avoided if the Stelor Action is not dismissed is a *non-sequitur* - - that case has been dismissed and everything that was decided there is inoperative.

---

[1] Silvers has filed a motion in this regard with the Eleventh Circuit.

2

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 | Phone 305.372.1800 | Fax 305.372.3508 | kttlaw.com

2 of 10

## Stelor Improperly Seeks an Advisory
## Opinion as to its Cross-Claim

Next, Stelor impliedly seeks to have this Court - - after transferring and consolidating a non-case - - ratify Stelor's filing its dismissed claim as a permissible cross-claim authorized under supplemental jurisdiction. The Court should decline Stelor's invitation to rule prematurely on the propriety of its potential cross-claim and the jurisdiction issue.

Silvers does not object to Stelor filing a cross-claim. Rule 13(g), Fed. R. Civ. P. specifically allows a co-defendant, like Stelor, to lodge a cross-claim against another co-defendant, like Silvers. Stelor doesn't need the Court's permission to file its cross-claim.

Whether such a cross-claim is legally sufficient, in whole or in part, is another matter best addressed in response to the cross-claim once filed, not by way of an advisory opinion. Silvers notes that, as proposed, Stelor's cross-claim cannot meet the "same transaction or occurrence" requirements of Rule 13(g). Stelor's cross-claim is grounded on a License Agreement which has been terminated, and seeks to reinstate that agreement to convert its status from former licensee to licensee. Stelor's cross-claim would inject three agreements having nothing to do with the original action into the case, all transactions to which Google Inc. is not a party. And, the proposed cross-claim does not arise out of the occurrences at the center of Silvers' complaint against Google Inc., or Google Inc.'s counterclaim; i.e. who is infringing whose trademark.

Similarly, it is premature to issue an advisory opinion as to whether the Court should apply its discretion to exercise supplemental jurisdiction over Stelor's potential cross-claim, which asserts contract claims governed by state law. That issue should be addressed after the cross-claim is filed and Silvers responds. At that point, Stelor will have to demonstrate why its

3

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 I Phone 305.372.1800 I Fax 305.372.3508 I kttlaw.com

3 of 10

claim that Silvers improperly terminated the License Agreement is so related to the infringement claims brought by Silvers and Google Inc. as to require the cross-claim to be included in this action. 28 U.S.C. §1367(a). And, Stelor will have to demonstrate why the limitations of Section 1367(c) do not preclude supplemental jurisdiction from attaching. Both of these hurdles will prove fatal to Stelor's attempt to take over this case by injecting the dismissed claims from the Stelor Action.

Stelor's "request" should be denied. Stelor is free to bring its cross-claim as contemplated by Rule 13(g), and at that point of the propriety of the cross-claim and supplemental jurisdiction can be addressed.

Respectfully submitted,

DIMOND, KAPLAN &
   ROTHSTEIN, P.A.
525 South Flagler Drive
Trump Plaza, Suite 200
West Palm Beach, FL 33401
Phone: (561) 671-2110
Fax: (561) 671-1951
Adam T. Rabin, Esq.

KOZYAK TROPIN & THROCKMORTON, P.A.
Counsel for Plaintiffs
2525 Ponce de Leon
9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800

By: _____
Kenneth R. Hartmann
Florida Bar No. 664286
Gail A. McQuilkin
Florida Bar No. 969338

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by mail on this 2Nd day of September, 2005 upon: Jan Douglas Atlas, Esq., Adorno & Yoss, LLP, 350 East Las Olas Blvd., Suite 1700, Fort Lauderdale, FL 33301-4217; Andrew P. Bridges, Esq., Winston & Strawn, LLP, 101 California Street, Suite 3900, San Francisco, CA 94111; and Kevin C. Kaplan, Esq., Daniel F. Blonsky, Esq. and David Zack, Esq., Burlington, Weil, Schwiep, Kaplan & Blonsky, P.A., Counsel for Plaintiff, Office in the Grove, Penthouse A, 2699 South Bayshore Drive, Miami, FL 33133.

By: _____
Kenneth R. Hartmann

3339/102/257090.1

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80393-CIV-HURLEY

STELOR PRODUCTIONS LLC f/k/a
STELOR PRODUCTIONS, INC.
    plaintiff
vs
STEVEN A SILVERS,
    defendant.
_____/



### ORDER GRANTING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the court on the defendant's motion to dismiss for lack of subject matter jurisdiction [DE# 19] which questions whether the plaintiff, Stelor Productions LLC, a limited liability company, has adequately established a citizenship diverse from that of the individual defendant, Steven Silvers, a Florida resident.

A limited liability company is a citizen of each state of which a member is a citizen. *Rollings Greens MHP, L.P. v Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) If any of its members it itself a partnership or LLC, the citizenship of the LLC must be traced through however many layers of partners or members there may be. *Mutual Assignment and Indemn. Co. v Lind -Waldock & Co., LLC,* 364 F 3d 858, 861 (7th Cir. 2004).

In this case, plaintiff claims that all of its members are citizens of states other than Florida. In support of this proposition, it relies on the affidavit of Steven Esrig, which contains the conclusory allegation that none of the LLC's members are citizens of the State of Florida. In responding to the current motion to dismiss, plaintiff submits an unsworn exhibit which lists the 33 foreign jurisdictions in which its members purportedly reside, without any corresponding data identifying the individuals or other entities which comprise the membership roster.

EXHIBIT "A"

Because the record is devoid of evidence from which the citizenship of the members of the plaintiff LLC might be traced, the court concludes that plaintiff has failed to prove --or even meaningfully address -- whether Stelor Productions LLC is a citizen of Florida and thus fails to carry its burden of proving that diversity jurisdiction exists. *See Rollings Greens MHP, L.P. v Comcast SCH Holdings, L.L.C.*; *Jones v Honeywell Int'l Inc*, 2005 WL 1669480 *4 n. 2 (M.D. Fla. July 14, 2005); *Marshall Construction L.L.C. v Climastor IV, L.L.C.*, 2005 WL 1364942 (M.D. Ala June 8, 2005). It is therefore **ORDERED AND ADJUDGED**:

1  The defendant's motion to dismiss [DE# 19] is **GRANTED**

2. This order is without prejudice for plaintiff to file, within **TEN (10) DAYS** from date of this order, an amended complaint which identifies each member of the plaintiff limited liability company by name and place of citizenship, together with other supplementary evidentiary submissions designed to establish the $75,000.00 jurisdictional threshold of this court Plaintiff is specifically directed in this regard to supplement the record with evidentiary predicate in support of its assertion that the value of injunctive relief sought exceeds the $75,000.00 jurisdictional threshold of this court. *See Ericcsoon GE Mobile Communications, Inc v Motorola Comm.*, 120 F.3d 216 (11th Cir. 1997).

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 6th day of August, 2005.

Daniel T. K. Hurley
United States District Judge

cc.
Kevin C. Kaplan, Esq.
Kenneth Hartmann, Esq.
Adam T Rabin, Esq.

For updated court information, visit unofficial Web site at http://us.geocities.com/uscts

FILED by EG D.C.
ELECTRONIC
Aug 29 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80393 CIV HURLEY/HOPKINS

STELOR PRODUCTIONS, L.L.C., a
Delaware limited liability company,
f/k/a STELOR PRODUCTIONS, INC.,

        Plaintiff,
vs.

STEVEN A. SILVERS, a Florida resident,

        Defendant.
_____/

**PLAINTIFF'S RESPONSE TO ORDER GRANTING WITHOUT PREJUDICE
DEFENDANT'S MOTION TO DISMISS
<u>FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

Plaintiff Stelor Productions, LLC ("Stelor"), by and through undersigned counsel, hereby responds as follows to the Court's Order Granting Without Prejudice Defendant's Motion to Dismiss ("Order") (DE # 67):

1. Pursuant to Local Rule 3.9, Stelor filed a Notice of Similar Actions and Request for Transfer and Consolidation ("Notice") on August 23, 2005 (DE # 74). The Notice advised that an action involving common questions of law and fact, and subject matter that is a material part of the present action, is pending as Case No. 05-80387-CIV-RYSKAMP/VITUNIC, bearing the caption *Steven A. Silvers v. Google, Inc.* ("Google Action").

2. The Notice also advised that a sub-member of one of Stelor's members does reside in Florida, a fact Stelor just discovered in the process of tracing back through the layers of members, as required in the Court's Order. Accordingly, diversity jurisdiction does not appear to exist between Stelor and Silvers.

BURLINGTON · WEIL · SCHWIEP · KAPLAN &amp; BLONSKY, P.A.
OFFICE IN THE GROVE PENTHOUS[E] ... [D]RIVE MIAMI, FLORIDA 33133

EXHIBIT "B"

1 of 3

dj/76

CASE NO. 05-80393 CIV HURLEY/HOPKINS

3. Rather than dismiss the present action, however, and for the reasons detailed in the Notice, Stelor respectfully requests that its claims be transferred to the Google Action, and restyled a cross claim. Given the common issues involved in the Google Action, the Court in the Google Action has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the claims raised in the present action.

4. The requested approach, moreover, would avoid the inefficiency and additional duplication resulting from a final dismissal of the present action for lack of jurisdiction, with Stelor then separately filing its same claims as a crossclaim in the Google Action.

5. This district has already made a substantial investment in time in connection with the preliminary injunction proceedings in this action, including the evidentiary hearing held by Magistrate Hopkins and, with extensive briefing by the parties, this Court's subsequent decision adopting in part and rejecting in part the Magistrate's report recommendation. An appeal is also pending before the Eleventh Circuit related to that decision.

6. If the present action were simply dismissed, with Stelor independently refiling the same claims as a crossclaim in the Google Action, then all of the effort and judicial resources invested in connection with those preliminary injunction proceedings would need to be reduplicated in the Google Action, and depending on the outcome, a new appeal filed.

7. An order of transfer and consolidation, restyling Stelor's complaint as a crossclaim in the form attached hereto, would avoid all such reduplication, and enable the pending appeal to proceed.

2

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BWSKB.COM WWW.BWSKB.COM

CASE NO. 05-80393 CIV HURLEY/HOPKINS

8. Alternatively, Stelor would request that a final order of dismissal be entered without prejudice to Stelor refiling its claims in another action, including as a crossclaim in the Google Action.

WHEREFORE, as set forth in the Notice, Plaintiff respectfully requests entry of an order transferring and consolidating this action with the Google Action pending as Case No. 05-80387, and restyling the claims and deeming them filed as a crossclaim in the form attached hereto.

BURLINGTON, WEIL, SCHWIEP,
   KAPLAN & BLONSKY, P.A.
Attorneys for Plaintiff
Office in the Grove, Penthouse A
2699 South Bayshore Drive
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261
Email: kkaplan@bwskb.com

By: /s/ Kevin C. Kaplan
   Kevin C. Kaplan
   Florida Bar No. 933848
   David J. Zack
   Florida Bar No. 641685

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served via U.S. mail on this 29th day of August, 2005 upon the following:

Adam T. Rabin, Esq.
DIMOND, KAPLAN &
   ROTHSTEIN, P.A.
Suite 708
200 S.E. First Street
Miami, Florida 33131

Kenneth R. Hartmann, Esq.
Gail M. McQuilkin, Esq.
KOZYAK TROPIN &
   THROCKMORTON, P.A.
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134

/s/ Kevin C. Kaplan
Kevin C. Kaplan

3

BURLINGTON · WEIL · SCHWIEP · KAPLAN (&) BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BWSKB.COM   WWW.BWSKB.COM

3 of 3

10 of 10

dj/76