```
                    FILED by EG    D.C.
                    ELECTRONIC

                    Sep 28 2005

                    CLARENCE MADDOX
                    CLERK U.S. DIST. CT.
                    S.D. OF FLA. - MIAMI
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Palm Beach DIVISION

STEVEN A. SILVERS, an individual,
    Plaintiff,
v.

GOOGLES INC., a Delaware corporation,

    Defendant.
_____

CASE NO. 05-80387-CIV
(Ryskamp/Vitunac)

GOOGLES INC., a Delaware corporation,
    Counterclaimant,
v.

STEVEN A. SILVERS, an individual; STELOR
PRODUCTIONS, INC., a Delaware corporation;
STELOR PRODUCTIONS, LLC; a business
Entity of unknown form; and STEVEN ESRIG,
An individual,

    Counterdefendants.
_____

## MOTION TO COMPEL GOOGLE
## TO COMPLY WITH PRETRIAL PROCEDURES

    1.    Plaintiff/Counterdefendant, Steven A. Silvers ("Silvers"), requests an Order compelling defendant Google, Inc. ("Google") to comply with this Court's Order of Pretrial Procedures, and states as follows:

    2.    Silvers filed this trademark infringement action against Google on May 5. 2005. That same day, the Court issued an Order of Pretrial Procedures directing the parties to comply with S.D. Fla. LR 26.1 and 16.1, a copy of which is attached as Exhibit A. Due to preliminary discussions between the parties to explore a way to resolve the matter, the parties agreed that Google would not file its answer until August 8, 2005. Together with its Answer, Google filed a Counterclaim against Silvers and Stelor Productions.

    3.    Pursuant to the Order of Pretrial Procedure, on August 18, 2005 the undersigned

1

conferred with counsel for Google, Mr. Andrew Bridges, by telephone to prepare a proposed discovery plan and scheduling order. Shortly thereafter, we provided Mr. Bridges with a draft Joint Scheduling Report and Proposed Order, a copy of which is attached as Exhibit B. The undersigned counsel followed up with a telephone call to Mr. Bridges, a later telephone call to Google's local counsel, and finally with written letter seeking to finalize the draft, but did not hear back until September 14, 2005.

4. Later that day in a telephone conversation with Mr. Bridges, we were told that Google wanted to request an extension of time to file the Joint Scheduling Report because of the newly added counter-defendants and counterclaims, and because it planned to request that the Court bifurcate discovery to allow Google, Inc. to litigate one of its defenses to the infringement claim before all other discovery commenced.[1] We agreed not to object to the request to extend the time to file a Joint Scheduling Report provided it was timely filed. We did not, however, agree that bifurcation is needed or warranted, or that it is proper reason to delay submission of the Joint Scheduling Report.

5. We did not receive Google's draft motion for extension of time until September 20, 2005. We requested a few changes and then approved the motion for filing on September 22. Google, however, has not filed the motion.

6. Silvers wants to comply with the Court's May 5, 2005 but has not gained the cooperation of Google. Accordingly, Silvers requests an Order compelling Google to comply with this Court's May 5 Order, and the mandates of Rule 26 and 16 of the Federal Rules of Civil Procedure, and S.D. Fla. LR 26.1 and 16.1, by working with Silvers to finalize and file the Joint Scheduling Report and Proposed Scheduling Order. In the alternative, Silvers requests that the Court accept the Proposed Joint Scheduling Report and enter the Proposed Scheduling Order

---

[1] Counter-defendant Stelor Productions has not yet responded to the Counterclaim.

attached hereto as Exhibit B.

Respectfully submitted this 28th day of September, 2005.

    s/ Gail A. McQuilkin
Kenneth R. Hartmann  (Fla. Bar #664286)
Gail A. McQuilkin  (Fla. Bar #969338)
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Miami, Florida  33134
T: 305-372-1800 / F: 305-372-3508

Adam T. Rabin  (Fla. Bar #985635)
DIMOND KAPLAN & ROTHSTEIN, P.A.
525 S. Flagler Drive, Trump Plaza - Suite 200
West Palm Beach, Florida  33401
T: 561-671-2110 / F: 561-671-1951

===================================================================
## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by E-mail and U.S. mail on this 28th day of September, 2005 upon:

| | |
|---|---|
| Jan Douglas Atlas<br>Adorno & Yoss, LLP<br>350 East Las Olas Blvd., Suite 1700<br>Fort Lauderdale, FL  33301-4217<br>E-mail: jatlas@adorno.com | Andrew P. Bridges<br>Winston & Strawn, LLP<br>101 California Street, Suite 3900<br>San Francisco, CA  94111<br>E-mail: abridges@winston.com |

Kevin C. Kaplan, Daniel F. Blonsky and
  David Zack
Burlington Weil Schwiep Kaplan & Blonsky, PA
2699 S. Bayshore Drive, Penthouse A
Miami, FL  33133
E-mail: kkaplan@bwskb.com

    s/ Gail A. McQuilkin

3339/102/257694.1

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case #05-80387-CIV-RYSKAMP\VITUNAC

Steven A. Silvers

  Plaintiff

vs.

Google, Inc.

  Defendant

FILED by _____ D.C.
MAY - 5 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

**ORDER OF PRETRIAL PROCEDURES**

This Order has been entered upon the filing of the Complaint. Plaintiff's counsel is hereby **ORDERED** to forward to all defendants, upon receipt of a responsive pleading, a copy of this Order.

The Court directs the parties to review and comply with all Federal Rules of Civil Procedure governing pretrial procedures, and with all relevant general rules promulgated in the Southern District of Florida, including S.D. Fla. LR 26.1 and 16.1. The parties shall hold a scheduling meeting **within twenty (20) days** after the filing of the first responsive pleading by the last responding defendant, or within ninety (90) days after the filing of a complaint, whichever shall first occur, and **prepare a scheduling report** (that complies with Rule 16.1(B)(2)) and a **joint proposed Scheduling Order** (a copy of which is attached), which shall be submitted to the court. It is no longer necessary to submit stamped, self-addressed envelopes for mailing; however, you must <u>submit a service list</u> of all counsel to be served in this action. At the aforementioned scheduling meeting the parties shall fulfill all the purposes and requirements of the discovery planning meeting required by Fed. R. Civ. P. 26(f), as amended.

**FAILURE OF COUNSEL TO FILE A SCHEDULING REPORT <u>WILL</u> RESULT IN DISMISSAL, DEFAULT AND THE IMPOSITION OF OTHER SANCTIONS INCLUDING ATTORNEYS FEES, COSTS AND EXPENSES. See S.D. Fla. LR 16.1(M)**

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this _5_ day of May, 2005.

_____
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies Provided:
Gail A. McQuilkin

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case #05-80387-CIV-RYSKAMP

Steven A. Silvers

    Plaintiff

vs.

Google, Inc.

    Defendant
_____/

# SAMPLE
# SCHEDULING ORDER

Pursuant to Local Rule 16.1(b)(7), IT IS **ORDERED AND ADJUDGED** as follows:

1. No pretrial conference shall be held in this action, unless the parties so request or the Court determines, sua sponte, that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

2. Counsel shall meet at least ONE MONTH prior to the beginning of the trial calendar to confer on the preparation of a pretrial stipulation.

3. The original and one copy of a joint pretrial stipulation shall be filed on or before the date set forth in the attached Notice of Trial and shall conform to Local Rule 16.1(e). The Court will not allow unilateral pretrial stipulations.

4. In cases tried before a jury, each party shall file the original and one copy of the proposed jury instructions at least ONE WEEK prior to the beginning of the trial calendar. Each jury instruction shall be typed on a separate sheet and must be supported by citation of authority. In preparing their requested jury instructions, the parties shall utilize as a guide the *Pattern Jury Instructions* for civil cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein. At the close of the evidence, a party may file additional instructions covering matters occurring at the trial that could not reasonably be anticipated, and with the Court's permission, file untimely requests for instructions on any issue.

1

5. In cases tried before the Court, each party shall file the original and one copy of the proposed findings of fact and conclusions of law at least ONE WEEK prior to the beginning of the trial calendar. Proposed conclusions of law shall be supported by citations of authority.

6. All exhibits must be pre-marked. The plaintiff and defendant shall both mark their exhibits numerically. A typewritten exhibit list setting forth the number, and description of each exhibit shall be submitted at the time of trial. The parties shall submit said exhibit list on Form AO 187, which is available from the Clerk's office.

7. A motion for continuance shall not stay the requirement for the filing of a pretrial stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least twenty (20) days prior to the date on which the trial calendar is scheduled to commence.

8. Non-compliance with any provision of this order may subject the offending party to sanctions or dismissal. It is the duty of all counsel to enforce the timetable set forth herein in order to insure an expeditious resolution of this cause.

9. The following timetable shall govern the pretrial procedure in this case. This schedule shall not be modified absent compelling circumstances.

| | |
|---|---|
| *_____ | Joinder of additional parties and amended pleadings |
| *_____ | Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial and only those <u>expert</u> witnesses listed shall be permitted to testify. Within the 14 day period following this disclosure, the plaintiff shall make its experts available for deposition by the defendant. The experts' depositions may be conducted without further order from the Court. |
| *_____ | Defendant shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial and only those <u>expert</u> witnesses listed shall be permitted to testify. Within the 14 day period following this disclosure, the defendant shall make its experts available for deposition by the plaintiff. The experts' depositions may be conducted without further order from the Court. |

2

# Exhibit B

**From:** GAIL A MCQUILKIN
**To:** abridges@winston.com
**Date:** 9/3/2005 11:25:44 AM
**Subject:** JSR

Andrew -

Attached is our draft of the JSR and Proposed Order. We filed an amended complaint this week that adds several counts. I am sure we will need to speak about this report. Let me know a time next week that we can confer. I will be in NYC again for the week but can speak with you at any time.

Thanks.


Gail A. McQuilkin, Esq.
Kozyak Tropin & Throckmorton, PA
2525 Ponce de Leon
Coral Gables, FL 33134
(305) 372-1800 office
(305) 372-3508 fax
gam@kttlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Palm Beach Division

STEVEN A. SILVERS, an individual,
    Plaintiffs,
v.                                                      CASE NO. 05-80387-CIV

GOOGLES INC., a Delaware corporation,                  Ryskamp/Vitunac
    Defendant.

_____

GOOGLES INC., a Delaware corporation,
    Counterclaimant,
v.

STEVEN A. SILVERS, an individual; STELOR
PRODUCTIONS, INC., a Delaware corporation;
STELOR PRODUCTIONS, LLC; a business entity of
unknown form; and STEVEN ESRIG, an individual,
    Counterdefendants.

_____

## LOCAL RULE 16.1(B) JOINT SCHEDULING REPORT

Steven A. Silvers, Plaintiff, and Defendant, Google, Inc., submit this Joint Scheduling Report pursuant to the Court's May 5, 2005 Order, and Rule 16.1(B) of the Local Rules. Counsel for the parties[1] met telephonically on August 18, 2005, and as a result of this meeting and conversation, report as follows:

1. **Likelihood of Settlement.**

    There does not appear to be a likelihood of settlement at this time. The parties represent they will continue to act in good faith to resolve this matter as the case proceeds.

2. **Likelihood of Appearance of Additional Parties.**

    Defendant recently filed a counterclaim against Plaintiff, and third parties Stelor Productions, LLC and Steven A. Esrig. The parties consider that the appearance of additional parties is unlikely.

---

[1] As of the date counsel prepared this report, co-defendants Stelor Productions and Steven Esrig had not appeared.

**Proposed Limits on Time.**

(a)  To join other parties and to amend pleadings: November 18, 2005.

(b)  To file and hear motions: the parties propose that all pretrial motions and memorandums of law, except for summary judgment motions, be filed before the date of the final pretrial conference.

(c)  To complete non-expert discovery: February 18, 2006.

(d)  To complete expert discovery: May 13, 2006.

(e)  To file case-dispositive motions: April 13, 2006.

3. **Formulation and Simplification of Issues.**

Counsel foresee working together to formulate and simplify the issues, including the elimination of frivolous claims or defenses. The parties may seek an early determination of certain legal issues that may help formulate or simplify issues for trial

**Necessity/Desirability of Amending Pleadings.**

Plaintiff has filed a First Amended Complaint based on newly discovered facts and issues raised in the Counterclaim. It is too premature to determine if it will be necessary to amend the Counterclaim.

**Admissions of Fact and Documents.**

The parties agree to work together in good faith to stipulate to the admissibility of facts and documents.

4. **Avoidance of Unnecessary Proof/Cumulative Evidence.**

The parties agree to work together in good faith to avoid using unnecessary proof or cumulative evidence.

5. **Referral to Magistrate Judge.**

The parties agree that all pre-trial discovery matters, other than those that involve admissibility of evidence at trial, may be referred to Magistrate Judge for determination.

6. **Time for Trial.**

The parties believe that the case can be tried before a jury in eight (8) days. Certain pretrial rulings may alter the time for trial.

2

7. **Pretrial Dates.**

The parties propose to file their Joint Pretrial Stipulation 30 days before trial. The parties request that a Final Pretrial Conference be held 14 days before trial. The parties request that this case be set on the Court's two-week trial calendar beginning July 11, 2006.

8. **Additional Information.**

The parties are not aware of any additional information that may be helpful to the Court in setting this case for status or pretrial conference.

9. **Bench/Jury Trial.**

The parties have requested a jury trial on all issues so triable.

10. **Joint Proposed Scheduling Order.**

The parties' Joint Proposed Scheduling Order is attached hereto.

Respectfully submitted this _____ day of _____, 2005.

Attorneys for Plaintiff, Steven A. Silvers          Attorney for Defendant, Google, Inc.

_____          _____
Kenneth R. Hartmann, FBN# 664286                Andrew P. Bridges
Gail A. McQuilkin, FBN# 969338                  WINSTON & STRAWN, LLP
KOZYAK TROPIN & THROCKMORTON, P.A.              101 California Street, Suite 3900
2525 Ponce de Leon, 9th Floor                   San Francisco, California 94111
Miami, Florida 33134                            T: 415-591-1482 / F: 415-591-1400
T: 305-372-1800 / F: 305-372-3508

/256800.1

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Palm Beach DIVISION

STEVEN A. SILVERS, an individual,
    Plaintiffs,
v.

CASE NO. 05-80387-CIV

GOOGLES INC., a Delaware corporation,
    Defendant.

(Ryskamp/Vitunac)

---

GOOGLES INC., a Delaware corporation,
    Counterclaimant,
v.

STEVEN A. SILVERS, an individual; STELOR
PRODUCTIONS, INC., a Delaware corporation;
STELOR PRODUCTIONS, LLC; a business
entity of unknown form; and STEVEN ESRIG,
an individual,
    Counterdefendants.

---

# **PROPOSED SCHEDULING ORDER**

THIS CAUSE came before the Court upon the parties' Joint Scheduling Report. It is hereby **ORDERED AND ADJUDGED** that the parties shall adhere to the following time schedule:

## **DISCOVERY**

1. The parties will exchange all documents presently reasonably available in support of the allegations of the pleadings, and a list of witnesses known to have knowledge of the facts supporting the material allegations of the pleadings filed by the parties, by September 30, 2005.

2. The parties will serve all non-expert written discovery, including Requests for Admission, Requests for Production of Documents and Things, Interrogatories, and Depositions by Written Question, by January 31, 2006.

3. All non-expert discovery, including depositions, will be completed by February 18, 2006.

4. The parties will exchange reports of expert witnesses, as provided in Local Rule 16.1(K), by March 17, 2006.

1

5.  The parties will exchange reports of rebuttal expert witnesses, as provided in Local Rule 16.1(K), by April 14, 2006.

6.  All expert discovery, including depositions, will be completed by May 13, 2006.

## PRE-TRIAL

7.  The parties do not foresee the need for a preliminary pretrial conference.

8.  The Final Pretrial Conference has been set for _____, 2006.

9.  The cutoff date to join other parties and to amend pleadings is November 18, 2005.

10. All pre-trial motions, except for summary judgment motions, shall be filed at the time of the pretrial conference.

11. All summary judgment motions shall be filed by _____, 2006.

12. All motions shall be heard no later than the date of the final pretrial conference.

13. All pretrial motions shall be set for hearing no later than _____, 2006.

14. The pre-trial conference is scheduled for _____, 2006.

15. All pre-trial discovery matters may be referred to Magistrate Judge Vitunac for entry of either a report and recommendation or, where appropriate, an order.

## TRIAL

16. This cause is set for trial during the one / two week period commencing on _____, 2006.

KENNETH RYSKAMP  
U.S. District Judge

c:   counsel of record

2