FILED by _____ EG _____ D.C.
ELECTRONIC

**Oct 14 2005**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Palm Beach DIVISION

STEVEN A. S ILVERS, an individual,
    Plaintiffs,

v.

GOOGLES INC., a Delaware corporation,
    Defendant.

CASE NO. 05-80387-CIV

(Ryskamp/Vitunac)

GOOGLES INC., a Delaware corporation,
    Counterclaimant,

v.

STEVEN A. SILVERS, an individual; STELOR
PRODUCTIONS, INC., a Delaware corporation;
STELOR PRODUCTIONS, LLC; a business
entity of unknown form; and STEVEN ESRIG,
an individual,
    Counterdefendants.

## REPLY TO GOOGLE'S RESPONSE TO MOTION TO COMPEL GOOGLE'S COMPLIANCE WITH PRETRIAL PROCEDURES

Google is stonewalling in order to obstruct the progress of this action. We agreed almost

a month ago not to oppose Google's request to extend the time to file a Joint Scheduling Report

provided it was filed immediately, and that it represent that Silvers does not agree to bifurcate

this litigation, or that a motion to bifurcate is an appropriate reason to delay submission of a Joint

Scheduling Report. Google filed nothing until we filed a motion to compel. And, contrary to

what Google represents, we most certainly conferred with counsel before we filed this motion.

They simply ignored our request.

Furthermore, Google's motion to bifurcate makes no sense. Google wants to bring this

litigation to a screeching halt so that it can litigate one of its defenses to Silver's infringement

1

claim. Nothing in the rules or in case law supports this approach. Silver's has a similar defense to Google's counterclaim for infringement, namely that Google's trademark registration is invalid because it committed fraud to obtain that registration. If we have to litigate every issue and each defense one at a time this litigation will take 10 years to complete. Silvers wants to get this action going and respectfully requests that the Court accept the Joint Scheduling Report and Proposed Scheduling Order attached as Exhibit A.

Respectfully submitted this 14th day of October, 2005.

Kenneth R. Hartmann  (Fla. Bar #664286)
Gail A. McQuilkin  (Fla. Bar #969338)
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Miami, Florida  33134
T: 305-372-1800 / F: 305-372-3508

Adam T. Rabin  (Fla. Bar #985635)
DIMOND KAPLAN & ROTHSTEIN, P.A.
525 S. Flagler Drive, Trump Plaza - Suite 200
West Palm Beach, Florida  33401
T: 561-671-2110 /  F: 561-671-1951

2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by E-mail and U.S. mail on this 14th day of October, 2005 upon:

Jan Douglas Atlas
Adorno & Yoss, LLP
350 East Las Olas Blvd., Suite 1700
Fort Lauderdale, FL 33301-4217
E-mail: jatlas@adorno.com

Andrew P. Bridges
Winston & Strawn, LLP
101 California Street, Suite 3900
San Francisco, CA 94111
E-mail: abridges@winston.com

Kevin C. Kaplan, Daniel F. Blonsky and
    David Zack
Burlington Weil Schwiep Kaplan & Blonsky, PA
2699 S. Bayshore Drive, Penthouse A
Miami, FL 33133
E-mail: kkaplan@bwskb.com

Kenneth R. Hartmann

3339/102/258736.1

2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 | Phone 305.372.1800 | Fax 305.372.3508 | kttlaw.com

# Exhibit  A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Palm Beach Division

STEVEN A. SILVERS, an individual,
      Plaintiffs,

v.

                                  CASE NO. 05-80387-CIV

GOOGLES INC., a Delaware corporation,         Ryskamp/Vitunac
      Defendant.

---

GOOGLES INC., a Delaware corporation,
      Counterclaimant,

v.

STEVEN A. SILVERS, an individual; STELOR
PRODUCTIONS, INC., a Delaware corporation;
STELOR PRODUCTIONS, LLC; a business entity of
unknown form; and STEVEN ESRIG, an individual,
      Counterdefendants.

---

## LOCAL RULE 16.1(B) JOINT SCHEDULING REPORT

Steven A. Silvers, Plaintiff, and Defendant, Google, Inc., submit this Joint Scheduling Report

pursuant to the Court's May 5, 2005 Order, and Rule 16.1(B) of the Local Rules. Counsel for the

parties[1] met telephonically on August 18, 2005, and as a result of this meeting and conversation,

report as follows:

1.    **Likelihood of Settlement.**

    There does not appear to be a likelihood of settlement at this time. The parties represent
    they will continue to act in good faith to resolve this matter as the case proceeds.

2.    **Likelihood of Appearance of Additional Parties.**

    Defendant recently filed a counterclaim against Plaintiff, and third parties Stelor
    Productions, LLC and Steven A. Esrig. The parties consider that the appearance of
    additional parties is unlikely.

---

[1] As of the date counsel prepared this report, co-defendants Stelor Productions and Steven Esrig had not appeared.

**Proposed Limits on Time.**

(a)  To join other parties and to amend pleadings: November 18, 2005.

(b)  To file and hear motions: the parties propose that all pretrial motions and memorandums of law, except for summary judgment motions, be filed before the date of the final pretrial conference.

(c)  To complete non-expert discovery: February 18, 2006.

(d)  To complete expert discovery: May 13, 2006.

(e)  To file case-dispositive motions: April 13, 2006.

3.  **Formulation and Simplification of Issues.**

Counsel foresee working together to formulate and simplify the issues, including the elimination of frivolous claims or defenses. The parties may seek an early determination of certain legal issues that may help formulate or simplify issues for trial

**Necessity/Desirability of Amending Pleadings.**

Plaintiff has filed a First Amended Complaint based on newly discovered facts and issues raised in the Counterclaim. It is too premature to determine if it will be necessary to amend the Counterclaim.

**Admissions of Fact and Documents.**

The parties agree to work together in good faith to stipulate to the admissibility of facts and documents.

4.  **Avoidance of Unnecessary Proof/Cumulative Evidence.**

The parties agree to work together in good faith to avoid using unnecessary proof or cumulative evidence.

5.  **Referral to Magistrate Judge.**

The parties agree that all pre-trial discovery matters, other than those that involve admissibility of evidence at trial, may be referred to Magistrate Judge for determination.

6.  **Time for Trial.**

The parties believe that the case can be tried before a jury in eight (8) days. Certain pretrial rulings may alter the time for trial.

2

7. **Pretrial Dates.**

The parties propose to file their Joint Pretrial Stipulation 30 days before trial. The parties request that a Final Pretrial Conference be held 14 days before trial. The parties request that this case be set on the Court's two-week trial calendar beginning July 11, 2006.

8. **Additional Information.**

The parties are not aware of any additional information that may be helpful to the Court in setting this case for status or pretrial conference.

9. **Bench/Jury Trial.**

The parties have requested a jury trial on all issues so triable.

10. **Joint Proposed Scheduling Order.**

The parties' Joint Proposed Scheduling Order is attached hereto.


Respectfully submitted this _____ day of _____, 2005.


Attorneys for Plaintiff, Steven A. Silvers          Attorney for Defendant, Google, Inc.



_____          _____
Kenneth R. Hartmann, FBN# 664286          Andrew P. Bridges
Gail A. McQuilkin, FBN# 969338          WINSTON & STRAWN, LLP
KOZYAK TROPIN & THROCKMORTON, P.A.          101 California Street, Suite 3900
2525 Ponce de Leon, 9th Floor          San Francisco, California 94111
Miami, Florida 33134          T: 415-591-1482 / F: 415-591-1400
T: 305-372-1800 / F: 305-372-3508

/256800.1

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Palm Beach DIVISION

STEVEN A. S ILVERS, an individual,
        Plaintiffs,
v.                                                              CASE NO. 05-80387-CIV

GOOGLES INC., a Delaware corporation,                           (Ryskamp/Vitunac)
        Defendant.

_____

GOOGLES INC., a Delaware corporation,
        Counterclaimant,
v.

STEVEN A. SILVERS, an individual; STELOR
PRODUCTIONS, INC., a Delaware corporation;
STELOR PRODUCTIONS, LLC; a business
entity of unknown form; and STEVEN ESRIG,
an individual,
        Counterdefendants.

_____

## PROPOSED SCHEDULING ORDER

THIS CAUSE came before the Court upon the parties' Joint Scheduling Report. It is hereby **ORDERED AND ADJUDGED** that the parties shall adhere to the following time schedule:

### DISCOVERY

1.      The parties will exchange all documents presently reasonably available in support of the allegations of the pleadings, and a list of witnesses known to have knowledge of the facts supporting the material allegations of the pleadings filed by the parties, by September 30, 2005.

2.      The parties will serve all non-expert written discovery, including Requests for Admission, Requests for Production of Documents and Things, Interrogatories, and Depositions by Written Question, by January 31, 2006.

3.      All non-expert discovery, including depositions, will be completed by February 18, 2006.

4.      The parties will exchange reports of expert witnesses, as provided in Local Rule 16.1(K), by March 17, 2006.

1

5.    The parties will exchange reports of rebuttal expert witnesses, as provided in Local Rule 16.1(K), by April 14, 2006.

6.    All expert discovery, including depositions, will be completed by May 13, 2006.

## PRE-TRIAL

7.    The parties do not foresee the need for a preliminary pretrial conference.

8.    The Final Pretrial Conference has been set for _____, 2006.

9.    The cutoff date to join other parties and to amend pleadings is November 18, 2005.

10.    All pre-trial motions, except for summary judgment motions, shall be filed at the time of the pretrial conference.

11.    All summary judgment motions shall be filed by _____, 2006.

12.    All motions shall be heard no later than the date of the final pretrial conference.

13.    All pretrial motions shall be set for hearing no later than _____, 2006.

14.    The pre-trial conference is scheduled for _____, 2006.

15.    All pre-trial discovery matters may be referred to Magistrate Judge Vitunac for entry of either a report and recommendation or, where appropriate, an order.

## TRIAL

16.    This cause is set for trial during the one / two week period commencing on _____, 2006.


_____
KENNETH RYSKAMP
U.S. District Judge

c:    counsel of record

2