FILED by EG D.C.
ELECTRONIC
Oct 18 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80387 CIV RYSKAMP/VITUNIC

STEVEN A. SILVERS, an individual,

    Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

    Defendant.
_____/

GOOGLE INC., a Delaware corporation

    Counterclaimant,

v.

STEVEN A. SILVERS, an individual;
STELOR PRODUCTIONS, INC., a Delaware
Corporation; STELOR PRODUCTIONS, LLC, a
Delaware limited liability company,

    Counterdefendants.
_____/

## STELOR'S OPPOSITION TO SILVERS' MOTION TO DISMISS CROSS-CLAIM

Counterdefendant/Crossplaintiff, STELOR PRODUCTIONS, L.L.C., f/k/a STELOR PRODUCTIONS, INC. ("Stelor"), by and through its undersigned attorneys, hereby opposes on the following grounds Steven A. Silvers ("Silvers") Motion to Dismiss:

**I.**

**INTRODUCTION**

Stelor is the exclusive, world-wide licensee of the "Googles" intellectual property, including the trademarks on which Plaintiff's claims in this action are based. As Silvers admits,

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.
_____
OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BWSKB.COM WWW.BWSKB.COM

1 of 13

dockets.Justia.com
31pa

Case No. 05-80387 CIV RYSKAMP/VITUNIC

he licensed the property to Stelor pursuant to a License Agreement dated June 2002 (Exhibit "A" to Silvers' Motion). Under that License Agreement, the exclusive right to institute legal action to protect the property – such as the present action against Google Inc. for trademark infringement – belongs to Stelor, and not Silvers. *See* Art. I.A; VIII.A & B.

Indeed, presumably motivated to pursue this action against Google Inc. by himself, without having to share with Stelor any portion of the likely recovery, Silvers wrongly and without any justification purported to terminate the License Agreement in April of 2005. As set forth in the Cross-Claim, that termination is wrongful, and the License Agreement remains in full force and effect.

The issues raised by the Cross-Claim are properly a part of this action, and should be tried by this Court. Notwithstanding Silvers' arguments to the contrary, the issues raised by the Cross-Claim are so related to the claims in this action that they form part of the same case or controversy under Article III of the United States Constitution, and fall within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Simply put, the Cross-Claim presents critical threshold issues that must be decided in connection with the claims against Google Inc., including whether Stelor and not Silvers has the exclusive right to bring this trademark infringement action against Google Inc. In fact, as set forth below, Defendant Google Inc. has itself injected these issues into this litigation, based on its affirmative defenses and Counterclaim. These issues, therefore, will remain a part of this litigation, with or without the Cross-Claim. Accordingly, Silvers' argument misses the mark. the Motion is without merit and should be denied.

2

Burlington • Weil • Schwiep • Kaplan & Blonsky, P.A.

Office in the Grove  Penthouse  2699 South bayshore drive  Miami, Florida 33133
T: 305.858.2900  F: 305.858.5261
Email: info@bwskb.com  www.bwskb.com

Case No. 05-80387 CIV RYSKAMP/VITUNIC

## II.

## PROCEDURAL HISTORY

On May 4, 2005, Silvers filed the present action for trademark infringement against Google Inc. Google Inc. responded by filing its Answer, Affirmative Defenses and Counterclaim ("Counterclaim") in August of 2005. Google Inc. claimed in its affirmative defenses that Silvers lacked standing and failed to include an indispensable party. In addition, Google Inc. joined Stelor as a counterclaim defendant, alleging generally that Stelor has falsely claimed rights in the Googles property. The Counterclaim seeks declaratory relief, cancellation of Stelor's claimed rights, and alleges trademark infringement under 15 U.S.C. §§ 1114 and 1125(a). Accordingly, Stelor has been formally joined as a party to this action, and is before the Court based on Google Inc.'s claims invoking the Court's federal question jurisdiction.

In light of the Counterclaim and its allegations against Stelor, Stelor filed on August 23, 2005 a Notice of Similar Actions and Request for Transfer and Consolidation ("Notice") (DE # 9). The Notice advised of the action Stelor had previously filed against Silvers, pending before Judge Hurley, as Case No. 05-80393. Given a jurisdictional issue that had arisen in the action before Judge Hurley, the Notice requested that the cases be consolidated and Stelor's claim against Silvers restyled as a Cross-Claim. A copy of the Cross-Claim was attached, and was also independently filed on September 9, 2005 (DE # 14). A parallel Notice was filed before Judge Hurley, and was subsequently denied by order dated October 5, 2005, dismissing the action without prejudice for lack of jurisdiction.[1]

---

[1] Stelor – which had recently converted from a Chapter C corporation to a limited liability company – had discovered that a sub-member resided in Florida, thus eliminating diversity jurisdiction. Accordingly, Stelor did not contest the dismissal.

3

Burlington • Weil • Schwiep • Kaplan & Blonsky, P.A.

Office in the Grove  Penthouse  2699 South bayshore drive  Miami, Florida 33133
T: 305.858.2900  F: 305.858.5261
Email: info@bwskb.com  www.bwskb.com

3 of 13

Having received the Notice, and thus advised that Stelor intended to litigate its claims in the present action, where they properly belong, Silvers filed a competing action in Miami-Dade County State Court on or about September 6, 2005. Stelor has since moved to dismiss that action, both for lack of venue and based on this pending action.

Although not directly relevant to the issue of supplemental jurisdiction, Silvers' mischaracterizations of the parties' litigation history require correction. Unfortunately, Silvers' improper and unfounded attempt to terminate the License was just the latest in a series of actions designed to disrupt Stelor's rights to the Googles property. Stelor was previously forced to file an initial lawsuit against Silvers in the Fall of 2004, when Silvers interfered with administrative actions Stelor had brought to protect certain of the "Googles" trademarks. That action was subsequently resolved, pursuant to a written Settlement Agreement.

Under the Settlement Agreement, Silvers expressly reinstated all provisions of the License Agreement, including the clear requirement that 60 days' notice be provided of any alleged breaches, with an opportunity to cure, as a precondition for termination of the License Agreement. *See* Art. IX. Nevertheless, with no notice whatsoever, Silvers purported to terminate the Agreement by letter dated April 27, 2005. The alleged breaches set forth in the Termination Letter, moreover, were entirely unfounded. Indeed, in the action pending before Judge Hurley, Magistrate Hopkins agreed, expressly finding in a Report and Recommendation following an evidentiary hearing on Stelor's motion for preliminary injunction, that Stelor had a substantial likelihood of success on the merits of his claim.[2]

---

[2] Judge Hurley then entered a TRO implementing the injunction recommended by the Magistrate, although Judge Hurley declined to extend the TRO upon its expiration or otherwise to adopt the Magistrate's additional recommendations.

4

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM   WWW.BWSKB.COM

## III.

## SUPPLEMENTAL JURISDICTION EXISTS OVER THE CROSS-CLAIM

A.   **The Court Has *Power* To Exercise Supplemental Jurisdiction Over the Cross-Claim.**

Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Stelor's Cross-Claim. Section 1367(a) provides:

> Except as provided in subsection (b) and (c) . . . , in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

As the Eleventh Circuit has explained, this section "delineates the *power* of the federal courts to hear supplemental claims and claims against supplemental parties." *Palmer v. Hospital Auth,* 22 F.3d 1559, 1566 (11th Cir. 1994) (emphasis original). Subsection (c) of the statute, in turn, "describes the occasions on which a federal court may exercise its *discretion* not to hear a supplemental claim or admit a supplemental party, despite the *power* of the court to hear such a claim." *Id.* (emphasis original). As *Palmer* made clear, "supplemental jurisdiction *must* be exercised in the absence of any of the four factors of section 1367(c)." *Id.* (emphasis original).

In analyzing the first component of the Statute, the Court's power to exercise supplemental jurisdiction, *Palmer* explained that the exercise is proper where – as here – all of the relevant parties are before the Court on an independent ground of original federal jurisdiction. *Id.* As long as the state-law claim arises out of the same nucleus of operative facts, the power to exercise supplemental jurisdiction exists, even where "all the elements of the federal and state claims are certainly not identical, and in some cases quite different." *Id.*

5

BURLINGTON • WEIL • SCHWIEP • KAPLAN &  BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM   WWW.BWSKB.COM

Case No. 05-80387 CIV RYSKAMP/VITUNIC

In this connection, supplemental jurisdiction has readily been exercised by the courts over cross-claims. As the Court held in *Allstate Ins Co. v. James,* 779 F.2d 1536, 1539 (11th Cir. 1986), cross-claims satisfying the same "transaction or occurrence" test of Rule 13(g) "must, by necessity, by closely related to the original claim, and would, therefore fall within the court's ancillary jurisdiction."

Applying these standards here, Stelor's Cross-Claim clearly falls within the Court's *power* to exercise supplemental jurisdiction. The fundamental issue raised by the Cross-Claim is that Stelor, and not Silvers, has exclusive rights to use (including enforcing and protecting) the "Googles" property, pursuant to the License Agreement which remains in full force and effect.[3] Silvers' argument against supplemental jurisdiction overlooks the requirement that he prove he – and not his licensee, Stelor – has standing to pursue the trademark claims against Google Inc. *See Coach House Restaurant, Inc. v. Coach & Six Restaurants, Inc.,* 934 F.2d 1551, 1557 (11th Cir. 1991); *Paradise Creations, Inc. v. UV Sales, Inc.,* 315 F.3d 1304, 1309 (Fed Cir. 2003) (recognizing exclusive licensee's standing to bring claims).

Silvers himself recognizes this requirement, pleading in the amended complaint that he is the "senior user of the mark" and has "exclusive rights" in the mark. *See* Am. Cmplt. ¶¶ 61, 62, 69 & 70. Obviously, if the License Agreement remains in effect (as Stelor contends), then Stelor has the exclusive contractual right to pursue this action based on the terms of the License Agreement. That issue is fundamentally related to the trademark claims raised by Silvers, and clearly must (and should) be decided as a critical aspect of this litigation.

---

[3] Although Silvers claims that the License Agreement was terminated (which Stelor of course disputes), Silvers does not contest that Stelor has the exclusive right to pursue this action against Google Inc. under the License Agreement.

6

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM   WWW.BWSKB.COM

6 of 13

Case No. 05-80387 CIV RYSKAMP/VITUNIC

This issue, moreover, was already injected into the litigation by Google Inc., prior to the filing of the Cross-Claim. Thus, Google Inc. alleges as its Second Affirmative Defense that Silvers lacks standing to assert the claims, and as its Ninth Affirmative Defense that Silvers has failed to join an indispensable party. (DE # 5). Moreover, Google Inc. has included Stelor as a counterclaim defendant, alleging generally that Stelor has falsely claimed rights in the Googles property, and seeking various remedies including a declaration that Stelor has no rights in the Googles marks. *Id.* Stelor, obviously, has the right and is required to defend against those claims. Surely, Silvers cannot expect Stelor simply to sit back and let judgment be entered against it on Google Inc.'s counterclaim. And, if Stelor does not defend against those counterclaims, no one else will. Silvers has not offered to provide a defense. Nor, under the circumstances, should Stelor be expected simply to assume Silvers will protect its interests, or the interests of the Googles property.

A critical part of Stelor's defense to Google Inc.'s counterclaims, moreover, will be to prove its *continuing* rights pursuant to the License Agreement. That defense will require litigation of the same issues and underlying facts as those required for the Cross-Claim. Clearly, if Stelor is *required* to present that case in defense of Google Inc.'s counterclaim, Stelor must also have the right to pursue that case by way of cross-claim against Silvers.

In addition, Stelor's claim for breach of warranty is directly tied to the allegations raised by Google Inc.'s counterclaim. If Google Inc.'s claims are correct, then Silvers breached the warranties set forth in the License Agreement regarding his original ownership of the Googles marks.

7

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.
OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

7 of 13

The bottom line is that Silvers is claiming rights he simply does not have. Although Google Inc.'s actions are improper and the trademark claims should proceed against Google, Inc., the exclusive right to pursue the claims belongs to Stelor, not Silvers. Nor can Silvers properly avoid litigation of that critical threshold issue. Like it or not, Google Inc. has already included Stelor as a party and has injected those issues into the case. Accordingly, the issues will necessarily be litigated, independently of Stelor's Cross-Claim.

Nor will inclusion of the Cross-Claim in this case "create havoc at trial", as Silvers suggests.[4] If Silvers is concerned that these issues will require evidence and testimony different from what he believes the evidence should be for the "main trademark claim", then Silvers should not have attempted to usurp Stelor's right to pursue this action. But having done so, he cannot suggest piecing off the Cross-Claim from this action, and requiring it to be separately tried before another court. That would create havoc. A separate state court proceeding will result in dueling cases, with two courts forced to hear and decide the same issues, and Stelor required to litigate those issues twice. Not only would parallel lawsuits create inefficiency and unwarranted expense, but also a pronounced risk of inconsistent or conflicting decisions. The reality here is that Silvers has no choice but try these issues in one judicial proceeding.

**B.    No Basis Exists Under 1367(c) for The Court to Decline to Exercise Supplemental Jurisdiction.**

Nor does any basis exist here for the Court to decline to exercise supplemental jurisdiction, pursuant to § 1367(c). Although Silvers appears to suggest that a court has broad discretion to decline to exercise supplemental jurisdiction over a closely related state-law claim,

---

[4] Even if it did, that would not eliminate the Court's *power* to exercise supplemental jurisdiction or, as set forth below, provide a basis for the Court to decide not to exercise that jurisdiction.

8

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM   WWW.BWSKB.COM

8 of 13

that is not the case. Courts may decline such jurisdiction only in four narrowly articulated situations, none of which apply here. *See Palmer,* 22 F.3d at 1566 ("Supplemental jurisdiction *must* be exercised in the absence of any of the four factors").

First, supplemental jurisdiction may be declined if the claim raises a novel or complex issue of State law. Silvers concedes the Cross-Claim "does not raise particularly complex issues of state law". Motion at 10. Also unpersuasive is Silvers' suggestion that a novel question is raised by Stelor's claim for declaratory relief that Silvers' termination of the License Agreement was improper and that the License Agreement remains in full force and effect. As set forth below, Silvers' argument is misplaced, and at most involves an issue of allowable remedies under State law that is certainly not complex or novel.

Second, supplemental jurisdiction may be declined if the claim "substantially predominates over the claim or claims over which the district court has original jurisdiction." Here, as set forth above, the issues raised by the Cross-Claim themselves implicate elements of the trademark claims raised by Silvers, and the defenses and counterclaims raised by Google Inc. Those issues, moreover, will likely need to be addressed and decided as part of the main claims, independently of the Cross-Claim. Accordingly, this ground does not apply.

Third, supplemental jurisdiction may be declined if the court has dismissed all claims over which it has jurisdiction, a ground that is obviously inapplicable.

Fourth, jurisdiction may be declined "in exceptional circumstances", where "there are other compelling reasons for declining jurisdiction." There are no such circumstances here; Silvers does not (and cannot) seek to invoke this provision.

9

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

9 of 13

Accordingly, no basis exists in this case for the Court to decline to exercise supplemental jurisdiction. Nor does Silvers' argument that including the Cross-Claim will create havoc at trial – which it will not – provide a basis for the Court to decline to exercise supplemental jurisdiction.

## IV.

## **STELOR STATES A CLAIM FOR INJUNCTIVE RELIEF**

Silvers also attempts to argue that Stelor cannot state a claim for injunctive relief. The argument is not directed to any specific count in the Cross-Claim, and essentially appears to be nothing more than an unfounded preemptive argument against a motion for preliminary injunction that has not been filed. Apparently, Silvers contends that, even if he unilaterally and wrongly terminated that License Agreement, Stelor's only recourse is money damages. According to Silvers, Stelor cannot have the termination declared improper and the License Agreement deemed to be in effect. That argument is preposterous.

It is not the law in Florida that a licensor can wrongly and improperly terminate a valid license, and then claim that that the licensee is limited to seeking damages, but barred from seeking judicial relief declaring that the termination is improper and the license remains in effect. Indeed, an established line of Florida cases expressly holds that Courts do have the power to issue such declaratory relief, and order specific performance of such agreements. *E.g., Fraser v. Cohen,* 31 So. 2d 463, 467-68 (Fla. 1947) (specifically enforcing exclusive franchise to export bananas); *Hogan v. Norfleet,* 113 So. 2d 437, 439 (Fla. 2d DCA 1959) (cataloging cases authorizing courts specifically to enforce franchise agreements); *see also Delta Brands, Inc. v.*

10

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM   WWW.BWSKB.COM

10 of 13

*Hesco Sales, Inc.,* 500 So. 2d 227, 227 (Fla. 3d DCA 1986) (specifically enforcing settlement agreement).

Nor do any of the cases cited by Silvers provide otherwise. In essence, Silvers is pre-arguing a motion for preliminary injunction.[5] Thus, all of his cases involve preliminary injunctions, not dismissals of the underlying claims, and are radically distinguishable. For example, although the Court in *Freeplay Music, Inc. v. Verance Corp.,* 80 Fed Appx. 137 (2d Cir 2003), affirmed a denial of a preliminary injunction because, on the facts, no showing of irreparable harm was made, the *Freeplay* Court overturned the lower court's dismissal of the claims for declaratory judgment, breach of contract, and other relief, remanding the matter to the lower court "for proper resolution . . . upon a complete record". The decision in *A.L.K. Corp. v. Columbia Pictures Indus., Inc.,* 440 F.2d 761 (3d Cir. 1971), was similarly limited to an appeal

---

[5] Whether or not injunctive relief can be entered **preliminarily**, moreover, remains to be seen. Stelor intends to file shortly its renewed motion for preliminary injunction, which can then be addressed by Silvers. As Stelor will argue, abundant authority supports entry of such relief. *Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.* 60 F.3d 27 (2d Cir. 1995); *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1310 (11th Cir. 1998) (threat of lost profits and damage to reputation, where no realistic way to determine damages, constitutes irreparable harm); *U.S. v. Bowman,* 341 F.3d 1228, 1237 (11th Cir. 2003) (potential harm to business from loss of goodwill and inability to sell its products constitutes irreparable harm); *Florida Businessmen for Free Enterprise v. City of Hollywood,* 648 F.2d 956, 958 & n.2 (11th Cir. 1981) ("A substantial loss of business may amount to irreparable injury if the amount of lost profits is difficult or impossible to calculate"); *Ferrero v. Associated Materials, Inc.,* 923 F.2d 1441, 1449 (11th Cir. 1991) (damage to a business resulting from "the loss of customers and goodwill is an 'irreparable' injury"); *see also Reuters v. United Press Int'l, Inc.*, 903 F.2d 904 (2d Cir. 1990) (reversing lower court order and mandating entry of preliminary injunction requiring wire service to provide news picture service under the terms of its contract based on irreparable harm caused by loss of service to plaintiff); *Ferry-Morse Seed Co., v. Food Corn*, 729 F.2d 589, 592 (8th Cir. 1984) (affirming preliminary injunction requiring delivery of seed corn, as the competitive disadvantage suffered by plaintiff from the loss of the unique seed demonstrated "a classic situation for preliminary injunctive relief.") *Green Stripe, Inc. v. Berny's Internacionale, S.A. de C.V.,* 159 F. Supp. 2d 51 (E.D. Pa. 2001) (granting preliminary injunction requiring delivery of grapes to avoid irreparable harm of being forced out of Mexican grape market and loss of contracts with customers).

11

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM   WWW.BWSKB.COM

11 of 13

of an order on a preliminary injunction motion. As the decision made clear, moreover, it was based solely on the lack evidence of irreparable harm specific to the circumstances in that case.

The Florida cases cited by Silvers are also limited to preliminary injunction motions, and are clearly distinguishable. *See Shearson Lehman Hutton, Inc. v. Meyer*, 561 So. 2d 1331 (Fla. 5th DCA 1990) (terminated employee had adequate remedy at law); *Jacksonville Elec. Aut. V. Beemik Builders & Con., Inc.*, 487 So. 2d 372 (Fla. 1st DCA 1986) (inadequate proof of irreparable harm); *Airlines Reporting Corp. v. Incentive Int'l Travel, Inc.*, 566 So. 2d 1377 (Fla. 5th DCA 1990) (failure to demonstrate clear legal right preventing termination of contract).

Finally, the so-called *Burger King* cases referenced by Silvers also involve preliminary injunction motions, and are otherwise entirely inapplicable. In fact, *Burger King Corp. v. Hall*, 770 F. Supp. 633, 638-39 (S.D. Fla. 1991), was effectively overruled by the Eleventh Circuit's decision in *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1308 (11th Cir. 1998). The *Robertson* Court rejected *Hall's* finding that the "question of alleged wrongful franchise termination [was] irrelevant," and instead directly addressed the propriety of the alleged termination for purposes of injunctive relief. *Cf. Burger King Corp. v. Majeed*, 805 F. Supp. 994 (S.D. Fla. 1992) (court found that franchisee had failed to comply with license agreement). In addition, unlike the facts in this case, another of the cited cases involved a contract that had already terminated by its own terms (and not improperly by one of the parties). *E.g., Burger King Corp. v. Agard*, 911 F. Supp. 1499, 1501 (S.D. Fla. 1995) (license expired by its own terms).

Accordingly, Stelor has properly stated a claim for relief. Silvers' Motion is unfounded and should be denied.

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

Case No. 05-80387 CIV RYSKAMP/VITUNIC

## V.

## CONCLUSION

For the foregoing reasons, Silvers' Motion to Dismiss is unfounded and should be denied.

RESPECTFULLY SUBMITTED,

BURLINGTON, WEIL, SCHWIEP,
  KAPLAN & BLONSKY, P.A.
Attorneys for Stelor Productions, LLC
2699 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261
Email:  kkaplan@bwskb.com

By: /s/ Kevin C. Kaplan
    Kevin C. Kaplan
    Florida Bar No. 933848
    David J. Zack
    Florida Bar No. 641685

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served electronically and via U.S. mail on this 18th day of October, 2005 upon the following:

Adam T. Rabin, Esq.
DIMOND, KAPLAN &
  ROTHSTEIN, P.A.
Trump Plaza
525 S. Flagler Drive, Suite 200
West Palm Beach, Florida 33401
Jan Douglas Atlas
ADORNO & YOSS LLP
350 East Las Olas Boulevard
Suite 1700
Fort Lauderdale, Flroida  33301

Kenneth R. Hartmann, Esq.
Gail M. McQuilkin, Esq.
KOZYAK TROPIN &
   THROCKMORTON, P.A.
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Andrew P. Bridges
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, California 94111

/s/ Kevin C. Kaplan
Kevin C. Kaplan

13

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

13 of 13