UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Palm Beach Division

Case No. 05-80387-CIV (Ryskamp/Vitunac)

| | |
|---|---|
| STEVEN A. SILVERS, an individual | ) |
| Plaintiff, | ) |
| v. | ) |
| GOOGLE INC., a Delaware corporation | ) |
| Defendant, | ) |
| GOOGLE INC., a Delaware corporation | ) |
| Counterclaimant, | ) |
| v. | ) |
| STEVEN A. SILVERS, an individual; STELOR PRODUCTIONS, INC., a Delaware corporation; STELOR PRODUCTIONS, LLC; a business entity of unknown form; and STEVEN ESRIG, an individual, | ) |
| Counterdefendants, | ) |

**ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES;**
**JURY TRIAL DEMANDED**

Google Inc. responds to Plaintiff's First Amended Complaint ("FAC") as follows:

1.     Google denies the first sentence of paragraph 1 of the FAC. The remainder of paragraph 1 of the FAC states merely legal conclusions and argument that do not require a response.

2.     Google denies the allegations of paragraph 2 of the FAC.

NON-COMPLIANCE OF S.D. fla. L.R. S.IAS

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

3. Google admits the first sentence of paragraph 3 of the FAC and denies the remaining allegations of that paragraph.

4. Google denies the allegations of paragraph 4 of the FAC.

5. Google denies the allegations of paragraph 5 of the FAC.

6. Plaintiff has numbered two paragraphs as paragraph six. In response to the first paragraph Plaintiff has numbered as paragraph six, Google admits that Silvers filed this action and that Silvers seeks injunctive relief and damages. Google denies any remaining allegations of the first paragraph Plaintiff has numbered as paragraph 6 of the FAC. Google lacks information or belief to admit or deny the allegations of the second paragraph Plaintiff has numbered as paragraph six and therefore denies the allegations.

7. Google admits the allegations of paragraph 7 of the FAC.

8. In response to paragraph number 8, Google admits that this action arises under the Lanham Act and the common law of the State of Florida but denies that the action arises from trademark infringement and unfair competition.

9. Google admits that jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1338. Google denies the remaining allegations of paragraph 9 of the FAC.

10. Google admits that venue is proper in this district pursuant to 28 U.S.C. § 1391(c). Google denies the remaining allegations of paragraph 10 of the FAC.

11. Google lacks information or belief to admit or deny the allegations of paragraph 11 of the FAC and therefore denies the allegations.

12. Google lacks information or belief to admit or deny the allegations of paragraph 12 of the FAC and therefore denies the allegations.

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

13. Google lacks information or belief to admit or deny the allegations of paragraph 13 of the FAC and therefore denies the allegations.

14. Google lacks information or belief to admit or deny the allegations of paragraph 14 of the FAC and therefore denies the allegations.

15. Google lacks information or belief to admit or deny the allegations of paragraph 15 of the FAC and therefore denies the allegations.

16. Google lacks information or belief to admit or deny the allegations of paragraph 16 of the FAC and therefore denies the allegations.

17. Google lacks information or belief to admit or deny the allegations of paragraph 17 of the FAC and therefore denies the allegations.

18. Google lacks information or belief to admit or deny the allegations of paragraph 18 of the FAC and therefore denies the allegations.

19. Google lacks information or belief to admit or deny the allegations of paragraph 19 of the FAC and therefore denies the allegations.

20. Google lacks information or belief to admit or deny the allegations of paragraph 20 of the FAC and therefore denies the allegations.

21. Google lacks information or belief to admit or deny the allegations of paragraph 21 of the FAC and therefore denies the allegations.

22. Google lacks information or belief to admit or deny the allegations of paragraph 22 of the FAC and therefore denies the allegations.

23. Google lacks information or belief to admit or deny the allegations of paragraph 23 of the FAC and therefore denies the allegations.

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

24. Google lacks information or belief to admit or deny the allegations of paragraph 24 of the FAC and therefore denies the allegations.

25. Google lacks information or belief to admit or deny the allegations of paragraph 25 of the FAC and therefore denies the allegations.

26. Google lacks information or belief to admit or deny the allegations of paragraph 26 of the FAC and therefore denies the allegations.

27. Google lacks information or belief to admit or deny the allegations of paragraph 27 of the FAC and therefore denies the allegations.

28. Google lacks information or belief to admit or deny the allegations of paragraph 28 of the FAC and therefore denies the allegations.

29. Google lacks information or belief to admit or deny the allegations of paragraph 29 of the FAC and therefore denies the allegations.

30. Google lacks information or belief to admit or deny the allegations of paragraph 30 of the FAC and therefore denies the allegations.

31. Google lacks information or belief to admit or deny the allegations of paragraph 31 of the FAC and therefore denies the allegations.

32. Google admits the allegations of paragraph 32 of the FAC.

33. Google admits the allegations of paragraph 33 of the FAC.

34. Google admits that the word "googol" means the number one followed by one hundred zeros and admits the allegations of the third sentence of paragraph 34 of the FAC. Google denies the remaining allegations of paragraph 34 of the FAC.

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

35. Google denies the allegations of the first sentence of paragraph 35 of the FAC. Google lacks information or belief to admit or deny sentence two of paragraph 35 of the FAC and therefore denies the allegations.

36. Google denies the allegations of paragraph 36 of the FAC.

37. Google admits the allegations of paragraph 37 of the FAC.

38. Google denies the allegations of the last sentence of paragraph 38 of the FAC. Google admits the remaining allegations of paragraph 38 of the FAC.

39. Google admits that a trademark search was commissioned on the term Google in or around August 1998. Google admits that the search results included a reference to the googles.com domain name. Google denies the remaining allegations of paragraph 39 of the FAC.

40. Google admits that the sound of the word "google" was a factor in the decision to adopt the name "Google." Google denies the remaining allegations of paragraph 40 of the FAC.

41. Google admits that on September 16, 1998, Google Inc. filed an intent-to-use Federal trademark application to register the mark GOOGLE for goods and services including "computer hardware" in Class 9 and for an array of computer services in Class 42. Google denies the remaining allegations of paragraph 41.

42. Google denies the allegations of paragraph 42 of the FAC.

43. Google denies the allegations of paragraph 43 of the FAC.

44. Google denies the allegations of paragraph 44 of the FAC.

45. Google admits that Google Inc. was reincorporated as a Delaware corporation on August 27, 2003. Google denies the remaining allegations of paragraph 45 of the FAC.

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

46. Google lacks information and belief to admit or deny the allegations of paragraph 46 of the FAC and therefore denies the allegations.

47. Google lacks information and belief to admit or deny the allegations of paragraph 47 of the FAC and therefore denies the allegations.

48. Plaintiff has numbered two paragraphs of the FAC as paragraph 48. Google lacks information and belief to admit or deny the allegations of the first sentence of the first paragraph Plaintiff has numbered as paragraph 48 of the FAC and therefore denies the allegations. Google denies the remaining allegations of the first paragraph Plaintiff has numbered as paragraph 48 of the FAC. Google lacks information and belief to admit or deny the allegations of the second paragraph Plaintiff has numbered as paragraph 48 of the FAC and therefore denies the allegations.

49. Google lacks information and belief to admit or deny the allegations of paragraph 49 of the FAC and therefore denies the allegations.

50. Google lacks information and belief to admit or deny the allegations of paragraph 50 of the FAC and therefore denies the allegations.

51. Google denies the last sentence of paragraph 51. Google lacks information and belief to admit or deny the remaining allegations of paragraph 51 of the FAC and therefore denies the allegations.

52. Google denies the allegations of paragraph 52 of the FAC.

53. Google admits that it filed a petition to cancel Silvers' trademark registration for the mark GOOGLES. Google denies the remaining allegations of paragraph 53 of the FAC.

54. Google denies the allegations of paragraph 54 of the FAC.

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

55. Google lacks information and belief to admit or deny the allegations of the first sentence of paragraph 55 and therefore denies the allegations. Google denies the remaining allegations of paragraph 55 of the FAC.

56. Google admits that Registration No. 2954071 has issued. Google denies the remaining allegations of paragraph 56 of the FAC.

57. Google denies the allegations of paragraph 57 of the FAC.

58. Google admits that it offers for sale a product called "Google Goo." Google denies the remaining allegations of paragraph 58 of the FAC.

59. Google denies the allegations of paragraph 59 of the Complaint.

60. Google repeats and incorporates its responses in paragraphs 1 through 59 above.

61. Google denies the allegations of paragraph 61 of the FAC.

62. Google denies the allegations of paragraph 62 of the FAC.

63. Google denies the allegations of paragraph 63 of the FAC.

64. Google denies the allegations of paragraph 64 of the FAC.

65. Google denies the allegations of paragraph 65 of the FAC.

66. Google denies the allegations of paragraph 66 of the FAC.

67. Google denies the allegations of paragraph 67 of the FAC.

68. Google repeats and incorporates its responses in paragraphs 1 through 59 above.

69. Google denies the allegations of paragraph 69 of the FAC.

70. Google denies the allegations of paragraph 70 of the FAC.

71. Google denies the allegations of paragraph 71 of the FAC.

72. Google denies the allegations of paragraph 72 of the FAC.

73. Google denies the allegations of paragraph 73 of the FAC.

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

74. Google denies the allegations of paragraph 74 of the FAC.

75. Google denies the allegations of paragraph 75 of the FAC.

76. Google repeats and incorporates its responses in paragraphs 1 through 59 above.

77. Google denies the allegations of paragraph 77 of the FAC.

78. Google denies the allegations of paragraph 78 of the FAC.

79. Google denies the allegations of paragraph 79 of the FAC.

80. Google denies the allegations of paragraph 80 of the FAC.

81. Google denies the allegations of paragraph 81 of the FAC.

82. Google denies the allegations of paragraph 82 of the FAC.

83. Google repeats and incorporates its responses in paragraphs 1 through 59 above.

84. Google admits that on or about September 4, 1998, Google Technology Inc. was incorporated in California.

85. Google admits that on September 16, 1998, Google Inc. filed an intent-to-use Federal trademark application to register the mark GOOGLE for goods and services including "computer hardware" in Class 9 and for an array of computer services in Class 42. Google denies the remaining allegations of paragraph 85.

86. Google denies the allegations of paragraph 86 of the FAC.

87. Google denies the allegations of paragraph 87 of the FAC.

88. Google denies the allegations of paragraph 88 of the FAC.

89. Google admits that Google Inc. was reincorporated as a Delaware corporation on August 27, 2003. Google denies the remaining allegations of paragraph 89 of the FAC.

90. Google denies the allegations of paragraph 90 of the FAC.

91. Google denies the allegations of paragraph 91 of the FAC.

8

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

92. Google denies the allegations of paragraph 92 of the FAC.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The FAC, and each count asserted in it, fails to allege facts sufficient to state a claim.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims asserted in the FAC.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of plaintiff's unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by relevant statutes of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of waiver, and estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred of plaintiff's failure to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because any marks claimed by plaintiff have been abandoned.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its failure to join an indispensable party.

### **PRAYER FOR RELIEF**

WHEREFORE Defendant and Counterclaimant Google Inc. prays:

a. That Plaintiff take nothing by his action and that his claims be dismissed.

b. That the Court issue a declaration to the effect that:

9

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

      1.    Counterdefendants Silvers and Stelor Productions have no rights to the alleged marks GOOGLES AND DESIGN, GOOGLES EDUTAINMENT and GOOGLES; and

      2.    Google's use of the mark GOOGLE does not constitute infringement or unfair competition.

      3.    Google's Federal Registration Nos. 2954071 and 2806075 are valid and enforceable.

    c.    That the Court direct the USPTO to refuse registration to U.S. Application Serial No. 76/591,386 for GOOGLES EDUTAINMENT and 78/420,234 for GOOGLES on grounds of likelihood of confusion with Google's mark GOOGLE, or in the alternative that Silvers be ordered to file an express abandonment of U.S. Application Serial No. 76/591,386 and U.S. Application Serial No. 78/420,234 with the USPTO.

    d.    That the Court direct the USPTO to cancel U.S. Trademark Registration No. 2,087,590 for GOOGLES AND DESIGN on grounds of abandonment, invalidity because of an ineffectual Combined Declaration, and fraud pursuant to 15 U.S.C. §§ 1064, 1119 and 1121.

    e.    That the Court enjoin further prosecution by Counterdefendants of any applications for GOOGLES or GOOGLE and order Silvers to expressly abandon pending applications to register marks incorporating GOOGLE, GOOGLES, or any element confusingly similar to GOOGLE.

    f.    That the Court enjoin Counterdefendants from any use of GOOGLE, GOOGLES, or any mark containing any element confusingly similar to GOOGLE.

    g.    That the Court enjoin Counterdefendants from use or registration of any domain name containing GOOGLE, GOOGLES, or any mark containing any element confusingly similar to GOOGLE.

    h.    That the Court order Counterdefendants immediately to deliver up for destruction all materials containing infringing uses of GOOGLE, GOOGLES, or any mark confusingly similar to GOOGLE.

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

    i.  That Google recover from Counterdefendants the cost of this suit and reasonable attorney's fees.

    j.  That Counterdefendants make a full report to this Court of their compliance with the foregoing within thirty (30) days of judgment herein.

    k.  That Google have such other and further relief as this Court deems just and proper.

Dated: October 25, 2005

*/s/ Andrew P. Bridges*

Jan D. Atlas (Bar No. 226246)
jatlas@adorno.com
Adorno & Yoss LLP
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301-4217
Phone (954) 763-1200
Fax (954) 766-7800

Andrew P. Bridges (Bar No. 122761)
*Admitted pro hac vice*
abridges@winston.com
Jennifer A. Golinveaux (Bar. No. 203056)
*Admitted pro hac vice*
jgolinveaux@winston.com
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, California 94111
Phone: (415) 591-1000
Fax: (415) 591-1400

Attorneys for Defendant and
Counterclaimant
GOOGLE INC.

11

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Defendant and Counterclaimant Google Inc. hereby demands a jury trial of all issues triable by a jury.

Dated: October 25, 2005

*Andrew P. Bridges*
_____
Jan D. Atlas (Bar No. 226246)
jatlas@adorno.com
Adorno & Yoss LLP
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301-4217
Phone (954) 763-1200
Fax (954) 766-7800

Andrew P. Bridges (Bar No. 122761)
*Admitted pro hac vice*
abridges@winston.com
Jennifer A. Golinveaux (Bar. No. 203056)
*Admitted pro hac vice*
jgolinveaux@winston.com
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, California 94111
Phone: (415) 591-1000
Fax: (415) 591-1400

Attorneys for Defendant and
Counterclaimant
GOOGLE INC.

SF:117754.2

12

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111-5894. On October 25, 2005, I served the within documents:

**ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES; JURY TRIAL DEMANDED**

[X] I sent such document from facsimile machine 415-591-1400. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 415-591-1400 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelop(s) addressed to the parties listed below.

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, addressed as set forth below.

[ ] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[ ] by sending it via Overnight mail.

Harley S. Tropin
Kenneth R. Hartmann
Gail A. McQuilkin
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
Fax: 305-372-3508

Kevin C. Kaplan
David J. Zack
Burlington, Weil, Schwiep, Kaplan & Blonsky, P.A.
2699 South Bayshore Drive, Penthouse
Miami, Florida 33133
Fax: 305-858-5261

Adam T. Rabin
Dimond Kaplan & Rothstein, P.A.
525 S. Flagler Drive, Trump Plaza - Suite 200
West Palm Beach, Florida 33401
Fax: 561-671-1951

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on October 25, 2005, at San Francisco, California.

Theresa Impang-Lozada

SF:115530.1