FILED by ELECTRONIC

Nov 14 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80387 CIV RYSKAMP/VITUNIC

STEVEN A. SILVERS, an individual,

    Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

    Defendant.

_____/

GOOGLE INC., a Delaware corporation

    Counterclaimant,

v.

STEVEN A. SILVERS, an individual;
STELOR PRODUCTIONS, INC., a Delaware
Corporation; STELOR PRODUCTIONS, LLC, a
Delaware limited liability company,

    Counterdefendants.

_____/

**STELOR'S NOTICE OF FILING AMENDED CROSS-CLAIM
AND REQUEST TO DENY PENDING MOTION TO DISMISS AS MOOT**

    STELOR PRODUCTIONS, LLC, f/k/a STELOR PRODUCTIONS, INC. ("Stelor"), by and through its undersigned attorneys, hereby provides notice of its filing an amended cross-claim against Steven A. Silvers ("Silvers"), and accordingly requests that Silvers' pending Motion to Dismiss (DE #22) be denied as moot:

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.
OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BWSKB.COM WWW.BWSKB.COM

1 of 8

dockets.Justia.com   47pa

Case No. 05-80387 CIV RYSKAMP/VITUNIC

I.

**STELOR'S AMENDED CROSS-CLAIM MOOTS THE MOTION TO DISMISS**

Stelor is filing herewith its Answer, Affirmative Defenses, Counterclaim against Google, Inc. and Amended Cross-Claim against Silvers. Since Silvers has not yet answered, but only moved to dismiss, Stelor may properly amend the Cross-Claim pursuant to Rule 15(a), Fed. R. Civ. P. *See Brewer-Giorgio v. Producers Video, Inc.,* 216 F.3d 1281, 1284 (11th Cir. 2000) ("A party has the right to amend a pleading without leave of the court so long as they do so before a responsive pleading is served. For the purposes of this Rule, the term 'responsive pleading' does not include such filings as a motion to dismiss"); *Fortner v. Thomas,* 983 F.2d 1024, 1032 (11th Cir. 1993) (same).

In light of the amendment, the Motion to Dismiss is moot, and should be denied. *See Turner v. Knight,* 192 F.Supp.2d 391, 397 (D. Md. 2002) (denying as moot the defendants' motions to dismiss the original complaint on the basis that the amended complaint superseded the original complaint).

II.

**THE AMENDMENT FURTHER ESTABLISHES JURISDICTION
OVER THE CROSS-CLAIM**

If Silvers wishes to renew his Motion to Dismiss in light of the amendment, he may do so. His argument, however, becomes even more untenable in light of the amendment.

A.   **The Cross-Claim Is Intrinsic to Stelor's Own Federal Claims.**

Thus, Stelor has now filed its own trademark infringement claims against Google, Inc. This Court has original, federal question jurisdiction over that action, pursuant to 15 U.S.C. §

2

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.
OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM   WWW.BWSKB.COM

Case No. 05-80387 CIV RYSKAMP/VITUNIC

1121 (Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (trademark and unfair competition), as well as supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Stelor has the right to bring these claims pursuant to the License Agreement (Exhibit "A" to the Amended Cross-Claim). That Agreement grants to Stelor "the exclusive (even as to LICENSOR), worldwide, sub licensable right and license" with respect to all of the "Googles" intellectual property and trademarks. Agreement ¶ 1(A). The Agreement also expressly grants to Stelor "all right, power and interest to seek, obtain and maintain all Intellectual Property Rights associated with the Licensed Intellectual Property and Licensed Trademarks", as well as "an irrevocable power of attorney to act for and on LICENSOR's behalf". Agreement ¶ VIII(A). And, eliminating any conceivable doubt as to the scope of Stelor's rights, Article IX of the Agreement titled "INFRINGEMENTS", gives Stelor "[d]uring the Term of this Agreement" "the *sole* right, in its discretion and at its expense, to take any and all actions against third persons to protect the Intellectual Property Rights licensed in this Agreement." (Emphasis added).

Incredibly, however, Silvers suggests in his Reply to Stelor's Memorandum in Opposition to Motion to Dismiss Cross-Claim that Stelor "misrepresents what rights it would have if it were still a licensee". Yet, Silvers conveniently neglects to quote any of the above provisions of the License Agreement. Obviously, the Agreements' express provisions clearly demonstrate who is the "misrepresenting" party here.

Coupled with these allegations in the Counterclaim against Google, Inc., Stelor's Amended Cross-Claim also seeks a judicial declaration of its rights under the License Agreement. That issue is now squarely before this Court, both in connection with Silvers' claims as Plaintiff, with Google Inc.'s claims as counterclaim plaintiff, and with Stelor's own

3

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

claims against Google Inc. and Silvers. Clearly, the Court will need to address that issue in connection with this action.

In addition, the Amended Cross-Claim includes a count invoking the Court's federal question jurisdiction under the Lanham Act. Thus, Stelor seeks a declaratory judgment that its continued use of the Googles trademarks do *not* constitute infringement under the Lanham Act. This count properly establishes this Court's subject matter jurisdiction. *See Household Bank v. JFS Group,* 320 F.3d 1249, 1251 (11th Cir. 2003) ("federal-question jurisdiction exists in a declaratory judgment action if the plaintiff has alleged facts in a well-pleaded complaint which demonstrate that the defendant could file a coercive action arising under federal law"); *Cardoons, L.C. v. Major League Baseball Players,* 95 f.3d 959, 965 (10th Cir. 1996).

Nor could Silvers legitimately contend that these issues – so closely related to the pending federal trademark claims against Google Inc. – should be decided in a state court case filed by Silvers *after* his receiving notice of the Cross-Claim. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 26 (1983) ("the presence of federal-law issues must always be a major consideration weighing against surrender" of federal jurisdiction.); *Verizon Communication, Inc. v. Inverizon International, Inc.* 295 F.3d 870, 874 (8th Cir. 2002) (district court abused discretion in staying federal action seeking declaration of non-infringement under Lanham Act, where pending state court action raised only state law issues).

**B.     Silvers Mischaracterizes the Scope of Stelor's Remedies.**

Finally, Silvers' flatly mischaracterizes the scope of Stelor's remedies for Silvers' wrongful termination of the License Agreement. First, as set forth above, Stelor undeniably has the right to pursue this trademark action against Google Inc. under the License Agreement.

4

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

4 of 8

Second, Silvers simply misstates the law in contending that, if Stelor prevails on its wrongful termination claim, the license agreement somehow still remains void and terminated, with Stelor's remedy limited to money damages. As the Court succinctly held in *Computer Currents Publishing Corp. v. Jaye Communications, Inc.,* 968 F. Supp. 684, 687 (N.D. Ga. 1997), in rejecting the identical argument by a trademark licensor, "[u]nfortunately, this is a misstatement of the law."

That decision was expressly approved by the Eleventh Circuit in *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1307-08 (11th Cir. 1998), which Silvers ignores. In fact, the *Burger King* decisions frequently cited by Silvers were effectively overruled by the Eleventh Circuit's decision in *Robertson. Id.* at 1308. Adopting the Third Circuit's analysis in *S&R Corp. v. Jiffy Lube Int'l, Inc.,* 968 F.2d 371 (3d Cir. 1992), *Robertson* held that, before a franchisor could enjoin an allegedly terminated franchisee from continuing to use the trademarks, the franchisee had to show the termination was proper. Absent such a showing by the franchisor, the franchisee's rights to use the trademarks continue.

Silvers' argument also ignores the ruling in *Ron Matusalem & Matusa, Inc. v. Ron Matusalem, Inc.,* 872 F.2d 1547, 1550, 1553 (11th Cir. 1989), where the Eleventh Circuit expressly approved a trial court's decision (issued by Judge Ryskamp following a lengthy bench trial) that a termination of a sub-franchise agreement including trademarks was unwarranted, and that the franchise "is still in existence and . . . should be strictly enforced." Indeed, as the Eleventh Circuit emphasized, Judge Ryskamp had properly recognized that "termination of a franchise is a drastic remedy" and that such franchise rights "should not be set aside lightly".

5

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

Clearly, the Court in this case has the authority to determine that Silvers' termination was wrongful and that the License remains in existence.

In fact, none of the decisions cited by Silvers – including the *Burger King* cases – supports Silvers' misstatement of the law that the License Agreement ends, even if Silvers' termination was wrongful. Rather, the established rule is as follows:

> Under basic contract principles, when one party to a contract feels that the other contracting party has breached its agreement, the non-breaching party may either stop performance and assume the contract is avoided, or continue its performance and sue for damages.

*Jiffy Lube,* 968 F.2d at 376. Of course, if the non-breaching party does choose the first option – stopping its performance and assuming the contract is avoided – then its remedy would be limited to money damages. On the other hand, if – as Stelor has done here – the non-breaching party continues to perform under the contract, the party clearly preserves the right to continue to use the trademark should the termination prove to be wrongful. *See Matusa,* 872 F.2d at 1550, 1553.[1]

Even the *Burger King* cases on which Silvers relies confirm this rule. Thus, the *Jiffy Lube* decision quotes the following language from *Burger King v. Austin,* Bus. Fran. Guide (CCH) ¶ 9788 at 22,069 (S.D. Fla. Dec. 26, 1990) (also cited with approval in Silvers' Opposition at 13):

> ***In order to have preserved their right to recover for the alleged breaches and to continue to use the [Plaintiff's] trademark, Defendants should have continued to pay royalties, advertising expenses and rent.***

---

[1] Silvers even mischaracterizes *McCarthy on Trademarks and Unfair Competition,* which quotes with approval the above holding from *Jiffy Lube.*

6

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BWSKB.COM   WWW.BWSKB.COM

6 of 8

*See also Burger King Corp. v. Hinton, Inc.,* 203 F. Supp. 2d 1357, 1365 (S.D. Fla. 2002) (quoting same language); *Burger King v. Majeed,* 805 F. Supp. 994, 1004 (S.D. Fla. 1991) (same); *Burger King Corp. v. Hall,* 770 F. Supp. 633, 639 (S.D. Fla. 1991) (same); *In re Tampa Checkmate Food Servs. Inc. v. Checkers Drive-In Restaurants,* 221 B.R. 541, 545-46 (M.D. Fla. Bankr. 1998) (adopting rule and distinguishing *Burger King* cases). Thus, if pending judicial resolution of such a dispute, the licensee continues to perform its obligations under the agreement at issue – such as paying royalties – the licensee preserves its rights under the agreement if the termination is ultimately held to be wrongful.[2]

By continuing to perform its obligations under the License Agreement – notwithstanding Silvers' bogus termination – Stelor has fully preserved its rights as licensee, including the right to continued use of the Googles trademarks upon a judicial determination of wrongful termination by Silvers. Stelor's rights as licensee, moreover, expressly include the right for Stelor – and not Silvers – to pursue this trademark infringement claim against Google Inc.

## V.

## **CONCLUSION**

For the foregoing reasons, Silvers' Motion to Dismiss – which is unfounded – should be denied as moot.

---

[2] As one commentator put it, "[n]either a franchisor nor a franchisee can play the role of judge and jury in connection with contract defaults. A franchisor needs to strictly abide by the franchise agreement, and any applicable franchise statute, including providing the franchisee a mandated right to cure, if the franchisor expects to be able to enjoin the terminated franchisee from continuing to use the trademark." H. Bruno, *Is Proper Termination Necessary to Obtain a Trademark Injunction?,* 21-SPG Franchise L.J. 204, 207 (2002). The franchisor's simply declaring the agreement to be terminated does not make it so.

7

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.
OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM   WWW.BWSKB.COM

7 of 8

Case No. 05-80387 CIV RYSKAMP/VITUNIC

                RESPECTFULLY SUBMITTED,

                BURLINGTON, WEIL, SCHWIEP,
                   KAPLAN & BLONSKY, P.A.
                Attorneys for Stelor Productions, LLC f/k/a
                   Stelor Production, Inc. and Steven A. Esrig
                2699 South Bayshore Drive, Penthouse
                Miami, Florida 33133
                Tel: 305-858-2900
                Fax: 305-858-5261
                Email:  kkaplan@bwskb.com

                By: /s/ Kevin C. Kaplan
                     Kevin C. Kaplan
                     Florida Bar No. 933848
                     David J. Zack
                     Florida Bar No. 641685

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was served electronically and via U.S. mail on this 14th day of November, 2005 upon the following:

| | |
|---|---|
| Adam T. Rabin, Esq. | Kenneth R. Hartmann, Esq. |
| DIMOND, KAPLAN & | Gail M. McQuilkin, Esq. |
|    ROTHSTEIN, P.A. | KOZYAK TROPIN & |
| Trump Plaza |    THROCKMORTON, P.A. |
| 525 S. Flagler Drive, Suite 200 | 2525 Ponce de Leon Blvd., 9th Floor |
| West Palm Beach, Florida 33401 | Coral Gables, Florida 33134 |
| | |
| Jan Douglas Atlas | Andrew P. Bridges |
| ADORNO & YOSS LLP | WINSTON & STRAWN LLP |
| 350 East Las Olas Boulevard | 101 California Street, Suite 3900 |
| Suite 1700 | San Francisco, California 94111 |
| Fort Lauderdale, Flroida  33301 | |

                     /s/ Kevin C. Kaplan
                     Kevin C. Kaplan

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM