Nov 14 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80387 CIV RYSKAMP/VITUNIC

STEVEN A. SILVERS, an individual,

    Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

    Defendant.

_____/

GOOGLE INC., a Delaware corporation

    Counterclaimant,

v.

STEVEN A. SILVERS, an individual;
STELOR PRODUCTIONS, INC., a Delaware
Corporation; STELOR PRODUCTIONS, LLC, a
Delaware limited liability company,

    Counterdefendants.

_____/

## STELOR'S OPPOSITION TO GOOGLE INC'S MOTION TO BIFURCATE

Counterdefendant/Crossplaintiff, STELOR PRODUCTIONS, L.L.C., f/k/a STELOR PRODUCTIONS, INC. ("Stelor"), by and through its undersigned attorneys, hereby opposes on the following grounds Defendant GOOGLE INC'S ("Google Inc.") Motion to Bifurcate:

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.
OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

Dockets.Justia.com
48pa

Case No. 05-80387 CIV RYSKAMP/VITUNIC

## I.

## PARTIAL ADOPTION OF AND JOINDER IN SILVERS' OPPOSITION

As properly argued by Plaintiff Silvers in sections A and B of his Opposition (DE #43) (pp. 6-12), Google Inc.'s motion to bifurcate should be denied.[1] The trademark at issue has incontestable status under 15 U.S.C. § 1065. Even if Google Inc.'s allegations relating to the assignment were somehow construed as an abandonment defense – which would be unfounded as a matter of state law in any event, *see* Opposition at 8 n.2 – the request for bifurcation would remain unfounded. As Silvers' clearly argues, moreover, Google Inc. cannot conceivably demonstrate the compelling and exceptional circumstances required to justify bifurcation. *See* Opposition at 9 (citing *Kos Pharmaceuticals, Inc. v. Barr Laboratories, Inc.,* 218 F.R.D. 387, 390-91 (S.D.N.Y. 2003)). There is no basis for Google Inc.'s unprecedented request to litigate first an isolated affirmative defense.

Accordingly, Stelor joins in and adopts those arguments, and opposes the Motion for Bifurcation.

---

[1] Stelor does not adopt or join in Silvers' argument in section C of his Opposition, or his characterization of his rights vis-à-vis Stelor in other sections of the Opposition or the accompanying Appendix (DE #41). As Stelor contends in its Cross-Claim (an amended version of which is being filed herewith), Stelor – and not Silvers – has the exclusive right to pursue this trademark infringement action against Google Inc. This Court has jurisdiction over the Cross-Claim, and this issue must necessarilty be decided in this action. By adopting in part certain of Silvers' arguments in order to expedite these proceedings and minimize duplicative papers, Stelor in no way waives its claims or rights – all of which are expressly reserved – or in any way adopts, joins in, or concedes any suggestion by Silvers inconsistent with Stelor's claims and positions.

2

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

Case No. 05-80387 CIV RYSKAMP/VITUNIC

## II.

## THE PENDING CROSS-CLAIM DOES NOT SUPPORT BIFURCATION

Nor does Stelor's pending cross-claim against Silvers in any way support bifurcation. As detailed in Stelor's Opposition to Silvers' Motion to Dismiss Cross-Claim (DE #31), the fundamental issue raised by the Cross-Claim (an amended version of which is being filed herewith) is that Stelor, and not Silvers, has exclusive rights to use (including enforcing and protecting) the "Googles" property, pursuant to the License Agreement which remains in full force and effect.[2] Thus, if the License Agreement remains in effect (as Stelor contends), then Stelor has the exclusive right to pursue this action based on the terms of the License Agreement.

This issue, however, in no way supports the bifurcation requested by Google Inc. Google Inc.'s request is to bifurcate an isolated affirmative defense, however; not to separate out the threshold issue of Stelor's right to pursue this action, as opposed to Silvers, which is throughout the pleadings, as well as in the Cross-Claim

Similarly misplaced is Silvers' suggestion that, even if Stelor prevails on its wrongful termination claim, the license agreement somehow remains void and terminated, with Stelor's remedy limited to money damages. As the Court succinctly held in *Computer Currents Publishing Corp. v. Jaye Communications, Inc.,* 968 F. Supp. 684, 687 (N.D. Ga. 1997), in rejecting the identical argument by a trademark licensor, "[u]nfortunately, this is a misstatement of the law."

---

[2] As Article XI(A) of the License expressly provides, "During the Term of this Agreement and any and all option/renewal periods, LICENSEE [i.e., Stelor] shall have the ***sole right*** in its discretion and at its expense, to take any and all actions against third persons to protect the Intellectual Property Rights licensed in this Agreement." (Emphasis added.)

3

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

That decision was expressly approved by the Eleventh Circuit in *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1307-08 (11th Cir. 1998), which Silvers ignores. In fact, the *Burger King* decisions cited by Silvers were effectively overruled by the Eleventh Circuit's decision in *Robertson. Id.* at 1308. Adopting the Third Circuit's analysis in *S&R Corp. v. Jiffy Lube Int'l, Inc.,* 968 F.2d 371 (3d Cir. 1992), *Robertson* held that, even before a franchisor could enjoin an allegedly terminated franchisee from continuing to use the trademarks, the franchisee had to show the termination was proper. Absent such a showing by a franchisor, the franchisee's rights continue.

Silvers' argument also ignores the ruling in *Ron Matusalem & Matusa, Inc. v. Ron Matusalem, Inc.,* 872 F.2d 1547, 1550, 1553 (11th Cir. 1989), where the Eleventh Circuit expressly approved a trial court's decision (issued by Judge Ryskamp following a lengthy bench trial) that a termination of a sub-franchise agreement including trademark rights was unwarranted, and that the franchise "is still in existence and . . . should be strictly enforced." Indeed, as the Eleventh Circuit emphasized, Judge Ryskamp had properly recognized that "termination of a franchise is a drastic remedy" and that such franchise rights "should not be set aside lightly". Clearly, the Court in this case has the authority to determine that Silvers' termination was wrongful and that the License remains in existence.[3]

---

[3] As one commentator put it, "[n]either a franchisor nor a franchisee can play the role of judge and jury in connection with contract defaults. A franchisor needs to strictly abide by the franchise agreement, and any applicable franchise statute, including providing the franchisee a mandated right to cure, if the franchisor expects to be able to enjoin the terminated franchisee from continuing to use the trademark." H. Bruno, *Is Proper Termination Necessary to Obtain a Trademark Injunction?,* 21-SPG Franchise L.J. 204, 207 (2002). The franchisor's simply declaring the agreement to be terminated does not make it so.

4

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

4 of 6

Case No. 05-80387 CIV RYSKAMP/VITUNIC

By continuing to perform its obligations under the License Agreement – notwithstanding Silvers' bogus termination – Stelor has fully preserved its rights as licensee, including the right to continued use of the Googles trademarks upon a judicial determination of wrongful termination by Silvers. *See Jiffy Lube,* 968 F.2d at 376 ("Under basic contract principles, when one party to a contract feels that the other contracting party has breached its agreement, the non-breaching party may either stop performance and assume the contract is avoided, or continue its performance and sue for damages."); *see McCarthy On Trademarks and Unfair Competition,* § 25:31, at 25-66 (4th Ed. 2003) (quoting *Jiffy Lube* with approval). Stelor's rights as licensee, moreover, expressly include the right for it – and not Silvers – to pursue this trademark infringement claim against Google Inc.

## CONCLUSION

For the foregoing reasons, Google Inc's Motion to Bifurcate is unfounded and should be denied.

RESPECTFULLY SUBMITTED,

BURLINGTON, WEIL, SCHWIEP,
 KAPLAN & BLONSKY, P.A.
Attorneys for Stelor Productions, LLC
2699 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261
Email:  kkaplan@bwskb.com

By: /s/ Kevin C. Kaplan
 Kevin C. Kaplan
 Florida Bar No. 933848
 David J. Zack
 Florida Bar No. 641685

5

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM   WWW.BWSKB.COM

5 of 6

Case No. 05-80387 CIV RYSKAMP/VITUNIC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was served electronically and via U.S. mail on this ___ day of November, 2005 upon the following:

| | |
|---|---|
| Adam T. Rabin, Esq.<br>DIMOND, KAPLAN &<br>   ROTHSTEIN, P.A.<br>Trump Plaza<br>525 S. Flagler Drive, Suite 200<br>West Palm Beach, Florida 33401 | Kenneth R. Hartmann, Esq.<br>Gail M. McQuilkin, Esq.<br>KOZYAK TROPIN &<br>   THROCKMORTON, P.A.<br>2525 Ponce de Leon Blvd., 9th Floor<br>Coral Gables, Florida 33134 |
| Jan Douglas Atlas<br>ADORNO & YOSS LLP<br>350 East Las Olas Boulevard<br>Suite 1700<br>Fort Lauderdale, Florida  33301 | Andrew P. Bridges<br>WINSTON & STRAWN LLP<br>101 California Street, Suite 3900<br>San Francisco, California 94111 |

      /s/ Kevin C. Kaplan
      Kevin C. Kaplan

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM   WWW.BWSKB.COM