FILED by SW D.C.

Jan 12 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Palm Beach Division

STEVEN A. SILVERS, an individual,

    Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

    Defendant.
_____/

GOOGLE INC., a Delaware corporation,

    Counterclaimant,

v.

STEVEN A. SILVERS, an individual; STELOR
PRODUCTIONS, INC., a Delaware corporation;
STELOR PRODUCTIONS, LLC.; a business
entity of unknown form; and STEVEN ESRIG,
an individual,

    Counterdefendants.
_____/

CASE NO. 05-80387-CIV-RYSKAMP
Magistrate Judge Vitunac

## SILVERS' REPLY IN SUPPORT OF
## MOTION TO DISMISS AMENDED CROSS-CLAIM

Stelor contends that Silvers, by moving to dismiss Stelor's cross-claim, seeks to avoid a determination as to whether the Silvers/Stelor license was properly terminated. To the contrary, Silvers has filed a lawsuit in state court (where it belongs) addressing this very issue, along with other post-termination issues. The state court recently rebuffed Stelor's effort to prevent that case from going forward, ruling that the license termination case shall proceed there. *See* Order Denying Stelor's Motion to Dismiss dated December 21, 2005, attached as Exhibit "A." So, Stelor now has a forum (the correct one) for its state law contract claims and the license

1

termination issues can be now resolved without being encumbered by or interfering with the vastly different issues in this case - - whether Google infringes Silvers' trademark and vice-versa.

Stelor's effort to paint its state law claim as a "federal" claim over which this Court has original jurisdiction is misplaced.[1] The Silvers/Stelor dispute is a core contract dispute, and does not involve Lanham Act issues or create federal jurisdiction. The fact that the subject of the contract over which there is a dispute involves trademarks does not convert a contract claim into a "federal" claim under the Lanham Act. *See, International Armor & Limousine Co. v. Maloney Coachbuilders, Inc.*, 272 F.3d 912, 914-15 (7th Cir. 2001) (no federal jurisdiction because trademark issues derivative of core contract claim); *Postal Instant Press v. Clark*, 741 F.2d 256, 257 (9th Cir. 1984) (contract claim which incidentally involves federal trademark statute does not support federal question jurisdiction). Stelor's argument, Opp. Memo at pp. 6-7, that its cross-claim should be viewed in the same league as a "coercive action arising under the federal law" is a red herring. Stelor already filed a coercive action based on the license termination, and Judge Hurley already ruled there is no jurisdiction in this Court to hear the claim.[2]

In a similar vein, Stelor tries to inject itself into the main action - - the dispute between Silvers and Google - - by matter of factly claiming only Stelor may enforce Silvers' trademark. Not only does this argument ignore reality, it perverts the terms of the license. The license is over, and Stelor has no rights to use Silvers' mark, much less to enforce it. (As explained in prior memoranda, Stelor's remedy if the license was improperly terminated is to recover damages, not a decree requiring Silvers to specifically perform under the terminated license.) Once Silvers terminated the license, all rights that had been licensed to Stelor reverted to Silvers.

---

[1] Silvers is not seeking to dismiss Stelor's federal counter-claims against Google, thus the nature of those claims begs the question as to whether jurisdiction exists for Stelor's amended cross-claim against Silvers.

[2] Judge Hurley, prior to dismissing the case for lack of subject matter jurisdiction, also denied Stelor's request for an injunction to reinstate the license.

2

License Agreement, ¶X. Thus, any right Stelor previously had to enforce the mark has vanished, which is only fitting since it failed to meet its obligations under the license.

Stelor's claim that it, and only it, has standing to hold Google accountable for infringement and unfair competition rewrites the statutes asserted in the core case. Section 32(1) of the Lanham Act (infringement of a registered mark) expressly gives standing to the "registrant," i.e. Silvers. Section 43(a) of the Lanham Act (unfair competition) provides standing to "any person who believes he . . . is likely to be damaged" by the unfair competition. As the owner of the federally registered "Googles" mark, Silvers has standing to bring claims under both of these statutes.

It is hornbook law that, upon termination, the former licensee's rights are extinguished. As put by Professor McCarthy:

> Once a license contract is terminated, there is no doubt the ex-licensee has no authorization or consent to continue use of the mark. After the license has ended, the ex-licensee must stop use of the mark. Continued use by an ex-licensee of the licensor's mark constitutes a fraud on the public, since they are led to think that the ex-licensee is still connected with the licensor.

*McCarthy on Trademarks*, ¶25:30, (4th Ed. 2003). The principle prohibiting use of the mark after termination is equally applicable to enforcing the mark. Even Stelor admits its standing can only be based on an operative license, not a terminated license (Opp. Memo at 9). And the Licensee Agreement provision cited by Stelor is itself limited to when the license is operative: **"During the term of this Agreement** . . . Licensee shall have the sole right . . . to take any and all actions against third parties to protect the Intellectual Property Rights licensed in this Agreement." License Agreement, ¶XI(A) (emphasis supplied).

Even if the license was reinstated, Silvers would clearly be entitled to enforce his own trademark. The provisions of the terminated license are permeated by the fact that Silvers expressly retained all ownership rights of the mark. *See* License Agreement, Whereas clause

3

("[Silvers] is the sole and exclusive owner of the GOOGLES trademarks"); ¶V ("[Silvers] owns the exclusive rights in and to the . . . Licensed Trademarks . . ."); ¶VIII, B ("[Silvers] shall retain all rights, title and interest in and to the Licensed Intellectual Properties. [Silvers] owns the exclusive rights to the Licensed Intellectual Properties."). As the sole owner, Silvers has the right to enforce the mark. To the extent the license contains ambiguities as to enforcement issues, the agreement must be construed in favor of Silvers, since Stelor drafted the license. Thus, while Silvers authorized Stelor to initiate trademark registrations while the license was in effect (¶VIII, A), he never relinquished ownership rights of those rights, which inherently attach to ownership, such as the enforcement of his mark as to infringers. Prior to the termination, Stelor would have had standing to enforce the mark, based on the license, but that does not lend support to Stelor's position - - that Silvers would not have standing. Stelor's cited cases reflecting licensee standing do not hold that an owner, like Silvers, lacks standing. Indeed, the opposite is true. *See* Paradise *Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003) (patent owner as of time suit filed has standing). Indeed, *Paradise Creations* cuts against Stelor's claimed standing, as Stelor had been terminated and thus had no rights to enforce Silvers' mark when it filed its counter-claim and cross-claim. Ironically, Google, the Defendant in the case Silvers filed to enforce his mark, has not raised lack of standing as a defense.

While Stelor is free to ignore reality, pretend the license is still operative and contend Silvers is prohibited for enforcing his own mark, its delusional position should not be accepted at face value by the Court. Stelor seeks to discard well-established trademark concepts by, after failing to meet its obligations under the license and being terminated, blithely insisting it should be treated as the *de-facto* owner of Silvers' mark. Such a result, aside from giving Stelor greater rights than it enjoyed while the license was in effect, turns trademark law upside down by

denying the trademark owner his essential right to protect his mark, decide who uses the mark and how it is used.

Finally, using the shotgun approach, Stelor asserts a variety of points it contends support jurisdiction over its state law contract claims; we address these points in shotgun fashion below:

- Silvers "waived" any objection to supplemental jurisdiction. Silvers cannot waive subject matter jurisdiction, by contract or otherwise.[3] And, the core agreement underlying the termination dispute deems jurisdiction and venue appropriate in any Florida court, including state court. License Agreement, ¶XVI(B).

- Silvers' "preposterous" statement of the law as to remedies for termination: while this is an issue the state court will decide, Florida law (which governs the termination issue) is clear that Stelor's remedy is confined to damages.[4] Stelor also ignores the terms of the License Agreement, which limits Stelor's remedy to damages. Moreover, the Lanham Act cases cited by Stelor are not determinative as to remedies; they involved the flip side of Silvers/Stelor termination dispute: there, the trademark owner sued the ex-licensee to enjoin the ex-licensee's use of the mark. There is no such claim in this case. Significantly, in those cases, the trademark owner, in seeking preliminary injunctive relief, had a high hurdle. As to Stelor's claim for injunctive relief to "undo" the termination, Stelor bears this burden and must rebut the presumption, espoused in the Lanham Act cases, against allowing post-termination use of a licensed mark.

## CONCLUSION

Stelor's amended cross-claim should be dismissed.

---

[3] Silvers has objected to subject matter jurisdiction in all three cases filed by Stelor, at the onset of each case.

[4] This is because Stelor has no irreparable harm as a matter of law (or based on the facts, as Judge Hurley found).

5

|  |  |
|---|---|
|  | Respectfully submitted, |
| Adam T. Rabin (FL Bar #985635)<br>DIMOND KAPLAN & ROTHSTEIN, P.A.<br>525 South Flagler Drive, Suite 200<br>West Palm Beach, FL 33401<br>Telephone: (561) 671-2110 | KOZYAK TROPIN & THROCKMORTON, P.A.<br>Counsel for Defendant<br>2525 Ponce de Leon, 9th Floor<br>Coral Gables, Florida 33134<br>Telephone: (305) 372-1800<br><br>By: _____<br>Kenneth R. Hartmann<br>Florida Bar No. 664286<br>Gail A. McQuilkin<br>Florida Bar No. 969338 |

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by E-mail and U.S. mail on this 12th day of January, 2006 upon:

Jan Douglas Atlas
Adorno & Yoss, LLP
350 East Las Olas Blvd., Suite 1700
Fort Lauderdale, FL 33301-4217
E-mail: jatlas@adorno.com

Andrew P. Bridges
Winston & Strawn, LLP
101 California Street, Suite 3900
San Francisco, CA 94111
E-mail: abridges@winston.com

Kevin C. Kaplan, Daniel F. Blonsky and
  David Zack
Burlington Weil Schwiep Kaplan & Blonsky, PA
2699 S. Bayshore Drive, Penthouse A
Miami, FL 33133
E-mail: kkaplan@bwskb.com

By: _____

3339/102/261584.1

6

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

STEVEN A. SILVERS,
    Plaintiff,
v.

CASE NO. 05-18033

STELOR PRODUCTIONS, LLC,
a Delaware limited liability company, and
STEVEN A. ESRIG, an individual
    Defendants,

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Pending before the Court is Defendant Stelor Production, LLC's Motion To Dismiss. Having considered the Motion, Memoranda of Law, the submissions and applicable law, together with the oral arguments of counsel for both parties, the Court hereby denies Defendant's Motion to Dismiss.

Plaintiff Steven A. Silvers ("Silvers") Silvers filed this action against Stelor Productions, LLC ("Stelor") seeking a declaration that a License Agreement with Stelor has been terminated, and seeking to enjoin Stelor from continuing to represent itself as Silvers' licensee. Stelor moved to dismiss the action on the grounds of improper venue, and the pendency of a federal court action between the parties. Here, the contract sued upon provides in Article XVII that Silvers may bring this action in any court within the State of Florida, and that the parties waive all defenses to venue:

> All disputes under this Agreement shall be resolved by the courts of the State of Florida including the United States District Court for Florida and the parties all consent to the jurisdiction of such courts, agree to accept service of process by mail, and hereby waive any jurisdictional or venue defenses otherwise available to it.

By the terms of the agreement sued upon, Silvers has the right to bring this action in any

1

court within the State of Florida, including Miami-Dade County. Therefore, venue is appropriate here. Moreover, although Stelor relies on Florida's venue statute to support its motion to dismiss, that statute is inapplicable because Stelor is a non-resident defendant:

> 47.011. Where action may be begun. – Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to action against nonresidents.

Stelor also cites to a Settlement Agreement between the parties that has language requiring the parties to access the federal district court for enforcement of that agreement. But Silvers has not sued on the Settlement Agreement. Although Silvers' Complaint has factual allegations regarding the fact that the parties at one time entered into a Settlement Agreement, the contract sued upon in this case is the License Agreement. Thus, the Settlement Agreement does not control where this action may be brought.

While the Court recognizes that there is a pending federal court action filed by Stelor involving the same breach of contract claims, that claim was filed subsequent to this action, and the district court has not exercised supplemental jurisdiction over Stelor's claims. The Florida Supreme Court has long held that where state and federal courts may have concurrent jurisdiction, the court where the jurisdiction first attaches retains it exclusively and will be left to determine the controversy and to fully perform and exhaust its jurisdiction and to decide every issue of question properly arising in the case. *Wade v. Clower,* 114 So.548 (Fla. 1927). This holding is still widely cited for the rule that the first filed action cannot be dismissed or stayed due to a second filed action. *See Sunshine State Service v. Dove Investments*, 468 So.2d 281 (Fla. 5th DCA 1985); *Cypress Gardens Condo v. Mieli*, 804 So.2d 407 (Fla. 4th DCA 2001). Therefore, because this action is the first-filed it must proceed. And, even if the federal court were to exercise supplemental jurisdiction over Stelor's claim at most there would be concurrent jurisdiction, and Silvers would still have the right to have this Court determine this controversy.

2

DONE AND ORDERED in Chambers at Miami, Miami-Dade County, Florida, this \_\_\_\_\_ day of December, 2005.

DEC 2 1 2005

Judge Stuart M. Simons

---

Honorable Stuart M. Simons
Circuit Court Judge

C: Counsel of Record