UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

Case No. 05-80387-CIV-RYSKAMP/VITUNAC

STEVEN A. SILVERS, an individual,

  Plaintiff,

v.

GOOGLE, INC., a Delaware corporation,

  Defendant.
_____/

GOOGLE, INC., a Delaware corporation,

  Counter-Claimant,

v.

STEVEN A. SILVERS, an individual;
STELOR PRODUCTIONS, INC., a
Delaware corporation; STELOR
PRODUCTIONS, LLC, a business entity of
unknown form; and STEVEN ESRIG, an
individual,

  Counter-Defendants.
_____/

STELOR PRODUCTIONS, LLC; STELOR
PRODUCTIONS, INC.; and STEVEN
ESRIG,

  Cross-Plaintiffs,

v.

STEVEN A. SILVERS,

  Cross-Defendants.
_____/



## SCHEDULING ORDER

THIS CAUSE comes before the Court upon the parties' Local Rule 16.1(B) Joint Scheduling Report



on Phase One [DE 74], filed on March 22, 2006. The Court has considered the scheduling report, and the pertinent portions of the record, and being otherwise fully advised, it is

ORDERED AND ADJUDGED, pursuant to Local Rule 16.1(b)(7), that:

1. No pretrial conference shall be held in this action, unless the parties so request or the Court determines, *sua sponte*, that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

2. Counsel shall meet at least ONE MONTH prior to the beginning of the trial calendar to confer on the preparation of a pretrial stipulation.

3. The original and one copy of a joint pretrial stipulation shall be filed on or before the date set forth in the attached Notice of Trial and shall conform to Local Rule 16.1(e). The Court will not allow unilateral pretrial stipulations.

4. In cases tried before a jury, each party shall file the original and one copy of the proposed jury instructions at least ONE WEEK prior to the beginning of the trial calendar. Each jury instruction shall be typed on a separate sheet and must be supported by citation of authority. In preparing their requested jury instructions, the parties shall utilize as a guide the *Pattern Jury Instructions* for civil cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein.

5. In cases tried before the Court, each party shall file the original and one copy of the proposed findings of fact and conclusions of law at least ONE WEEK prior to the beginning of the trial calendar. Proposed conclusions of law shall be supported by citations of authority.

6. All exhibits must be pre-marked. The plaintiff and defendant shall both mark their exhibits numerically. A typewritten exhibit list setting forth the number, and description of each exhibit shall be submitted at the time of trial. The parties shall submit said exhibit list on Form AO 187, which is available from the Clerk's office.

7.  A motion for continuance shall not stay the requirement for the filing of a pretrial stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least twenty (20) days prior to the date on which the trial calendar is scheduled to commence.

8.  Non-compliance with any provision of this order may subject the offending party to sanctions or dismissal. It is the duty of all counsel to enforce the timetable set forth herein in order to insure an expeditious resolution of this cause.

9.  The following timetable shall govern the pretrial procedure in this case. This schedule shall not be modified absent compelling circumstances.

| Date | Action |
| --- | --- |
| April 28, 2006 | Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| June 30, 2006 | Plaintiff, Steven A. Silvers (hereinafter "Silvers") and Counter-Defendants Stelor Productions, Inc. and Stelor Productions, LLC (collectively "Stelor") and Steven Esrig ("Esrig") shall furnish all opposing counsel with a written list containing the names and addresses of all _expert_ witnesses intended to be called at trial and only those _expert_ witnesses listed shall be permitted to testify. Within the 14 day period following this disclosure, Silvers and Stelor shall make their experts available for deposition. The experts' depositions may be conducted without further order from the Court. |
| June 30, 2006 | Silvers, Stelor and Esrig shall complete all non-expert discovery. |
| July 15, 2006 | Silvers, Stelor and Esrig shall disclose any rebuttal experts. |
| July 31, 2006 | Defendant, Google, Inc. ("Google") shall furnish opposing counsel with a written list containing the names and addresses of all _expert_ witnesses intended to be called at trial and only those _expert_ witnesses listed shall be permitted to testify. Within the 14 day period following this disclosure, Google shall make its experts available for deposition. The experts' depositions may be conducted without further order from the Court. |
| July 31, 2006 | Google shall complete all non-expert discovery. |
| July 31, 2006 | Silvers, Stelor and Esrig shall complete all expert discovery. |
| August 22, 2006 | Google shall disclose any rebuttal experts. |
| September 15, 2006 | Google shall complete all expert discovery. |

August 14, 2006        Silvers, Stelor and Esrig shall file all dispositive pretrial motions and memoranda of law.

September 29, 2006     Google shall file all dispositive pretrial motions and memoranda of law.

This case is assigned to the __Standard__ track.

This is a __Jury__ trial.

10. Trial, calendar call and the pretrial stipulation due date will be set by separate notice.

11. If this case is settled, counsel are directed to inform the Court promptly by calling chambers and submitting an appropriate order for dismissal, within ten (10) days of notification of settlement to the Court, pursuant to Fed. R. Civ. P. 41(a)(1).

12. The parties shall be bound by all additional representations made in their Joint Scheduling Report **[DE 74]**.

13. The West Palm Beach Division of the Southern District has instituted a pilot fax-back program whereby all Orders of the Court will be faxed back to attorneys and will not be mailed. Therefore, the parties shall no longer send envelopes with their motions and proposed Orders. Instead, the parties shall include, on the proposed Order, the name and address of the attorney to whom a copy of the Order should be provided.

Dated this __4__ day of __Apr__, 2006.

KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided to:
All counsel of record