FILED by SW D.C.
ELECTRONIC

Apr 6 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Palm Beach Division

STEVEN A. SILVERS, an individual,
    Plaintiff,
v.

CASE NO. 05-80387-CIV

GOOGLE INC., a Delaware corporation,
    Defendant.

(Ryskamp/Vitunac)

---

GOOGLE INC., a Delaware corporation,
    Counterclaimant,
v.

STEVEN A. SILVERS, an individual; STELOR
PRODUCTIONS, INC., a Delaware corporation;
STELOR PRODUCTIONS, LLC; a business
entity of unknown form; and STEVEN ESRIG,
an individual,

    Counterdefendants.

---

STELOR PRODUCTIONS, LLC; STELOR
PRODUCTIONS, INC.; and STEVEN ESRIG,

    Cross-Plaintiffs,
v.

STEVEN A. SILVERS,

    Cross-Defendant.

---

### SILVERS' ANSWER AND AFFIRMATIVE DEFNSES TO AMENDED CROSSCLAIM

Plaintiff, Counterdefendant and Cross-Defendant, Steven A. Silvers ("Silvers"), hereby responds to the amended crossclaim against Silvers filed by Stelor Productions, LLC and states, with respect to each corresponding paragraph, as follows:

    1.    Admit.

    2.    Admit.

1

3. Admit.

4. Admit this purports to be an action as alleged.

5. Admit as to federal claims against Google, Inc.; deny as to state law claims against Silvers, jurisdiction based on 28 U.S.C. §2201.

6. Admit.

7. Deny that Stelor's use is senior to Silvers' use; lack knowledge as to what Stelor means by predecessors; admit Silvers established the domain name and website in 1997.

8. Admit that Silvers has used the "googles.com" domain name as alleged; deny that Stelor has or had any right to use the domain name, except as permitted by Silvers.

9. Deny.

10. Admit the License Agreement speaks for itself; deny Stelor has any rights under the License Agreement due to its termination.

11. Admit the Settlement Agreement speaks for itself; deny the remaining allegations.

12. Deny.

13. Deny.

14. Admit.

15. Deny Stelor is Silvers' licensee, admit the remaining allegations.

16. Lack knowledge or information sufficient to respond as to Stelor's belief, therefore deny.

17. Deny.

18. Admit Silvers sent the April 17, 2005 termination letter, and that the letter speaks for itself; deny the remaining allegations.

19. Admit Stelor responded by letter April 29, 2005; deny the remaining allegations.

2

20. Admit Silvers sent the May 2, 2005 letter, which speaks for itself; deny the remaining allegations.

21. Deny.

22. Deny.

23. Deny.

24. Deny.

25. Admit.

26. Deny.

27. Deny.

28. Lack knowledge or information sufficient to respond as to Stelor's belief; deny the remaining allegations.

29. Admit this purports to be an action as alleged.

30. Admit Silvers considered suing Stelor for infringement; further state Silvers has instead sued to enforce the post-termination provisions of the License Agreement.

31. Lack knowledge or information sufficient to respond, and therefore deny the remaining allegations.

32. Deny.

33. Admit

34. DKI

35. Admit Stelor failed to comply with the Settlement Agreement and that the License Agreement is terminated; deny the remaining allegations.

36. Lack knowledge or information sufficient to respond as to Stelor's belief; deny the remaining allegations.

37. Deny.

3

38. Lack knowledge or information sufficient to respond, therefore deny.

39-60. These allegations do not relate to claims asserted against Silvers and therefore no response is required.

61. Silvers adopts and restates his responses to paragraphs 1 through 29 above.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

67. Admit this purports to be a claim as alleged.

68. Admit.

69. Admit.

70. Lack knowledge or information sufficient to respond as to Stelor's belief, therefore deny.

71. Admit the counterclaim filed by Google, Inc. speaks for itself; deny the remaining allegations.

72. Deny.

73. Deny.

74. Silvers denies any allegations not specifically admitted above.

### AFFIRMATIVE DEFENSES

1. The court lacks subject matter jurisdiction over Stelor's crossclaim.

4

2.  Stelor is estopped from bringing its warranty claim, in that Stelor and Stelor's agent committed the acts which underly Google, Inc.'s contention that the "Googles" trademark is invalid.

3.  Stelor fails to state a claim for injunctive relief.

4.  Any damages to which Stelor may be entitled are limited by the provisions of the License Agreement, ¶XIII.

5.  Stelor is not entitled to equitable relief due to its unclean hands.

**WHEREFORE,** Silvers requests that judgment be entered in his favor and against Stelor on Stelor's crossclaim, that he recover his attorneys' fees pursuant to contract, and such further relief as the Court deem proper.

Respectfully submitted,

Adam T. Rabin  (FL Bar #985635)
DIMOND KAPLAN & ROTHSTEIN, P.A.
525 South Flagler Drive, Suite 200
West Palm Beach, FL  33401
Telephone: (561) 671-2110

KOZYAK TROPIN & THROCKMORTON, P.A.
Counsel for Silvers
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800

By: _____
Kenneth R. Hartmann
Florida Bar No. 664286
Gail A. McQuilkin
Florida Bar No. 969338

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by e-mail and U.S. mail on this 6TH day of April, 2006 upon:

Jan Douglas Atlas
Adorno & Yoss, LLP
350 East Las Olas Blvd., Suite 1700
Fort Lauderdale, FL 33301-4217
E-mail: jatlas@adorno.com

Andrew P. Bridges
Winston & Strawn, LLP
101 California Street, Suite 3900
San Francisco, CA 94111
E-mail: abridges@winston.com

Kevin C. Kaplan, Daniel F. Blonsky and
  David Zack
Burlington Weil Schwiep Kaplan & Blonsky, PA
2699 S. Bayshore Drive, Penthouse A
Miami, FL 33133
E-mail: kkaplan@bwskb.com

By: _____

3339/102/264231.1