FILED by CJK D.C.
ELECTRONIC

Jul 7 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Palm Beach DIVISION

STEVEN A. SILVERS, an individual,

    Plaintiffs,

v.

GOOGLE INC., a Delaware corporation,

    Defendant.

CASE NO. 05-80387-CIV
(Ryskamp/Vitunac)

_____

GOOGLES INC., a Delaware corporation,

    Counterclaimant,

v.

STEVEN A. SILVERS, an individual; STELOR
PRODUCTIONS, INC., a Delaware corporation;
STELOR PRODUCTIONS, LLC; a business
Entity of unknown form; and STEVEN ESRIG,
An individual,

    Counterdefendants.

_____

### SILVERS' MOTION TO COMPEL PRIVILEGE LOG FROM GOOGLE, INC.

Plaintiff/Cross-Defendant, Steven A. Silvers ("Silvers"), requests that this Court order Defendant/Counter-Plaintiff, Google, Inc. ("Google") to comply with its discovery obligationS by producing a log of documents withheld from discovery on grounds of privilege, work-product and "contractual obligations." As grounds, Silvers states as follows:

1. By Order dated February 6, 2006, this Court bifurcated trial and discovery, with an initial phase limited to "ownership" issues. This came as a result of Google's request, based on Google's defenses to Silvers' infringement claims: (i) that Silvers' abandoned his mark; or (ii) that Silvers taking an assignment of the mark from his own (dissolved) corporation was a nullity, invalidating of the registration for the mark.

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 | Phone 305.372.1800 | Fax 305.372.3508 | kttlaw.com

1 of 8

dj/92
Dockets.Justia.com

2. Silvers propounded a request for production seeking a single category of documents: "All documents that support your allegation(s) that Silvers has no ownership rights in his trademarks."

3. Google has not produced a single document in response to Silvers' request.[1] And Google's response (attached as Exhibit "A") claims that documents are being withheld on the basis of attorney-client privilege, work-product and contractual obligations. Google's counsel has indicated some of the withheld documents may be produced later, if Google decides to use them at trial.

4. Google must provide a list of these privileged documents, which are responsive to Silvers' discovery, but withheld from production. Rule 26(a)(5), Fed. R. Civ. P.; Local Rule 26.1(G)(3)(b).

5. Silvers' counsel has conferred with Google's counsel, requesting the required log, to no avail.

**WHEREFORE**, Silvers requests this Court require Google, Inc. to provide a log of documents withheld on claims of privilege, work-product and/or contractual obligation.

## CERTIFICATION

Undersigned counsel certifies, pursuant to Local Rule 26.1(I), that we have conferred in good faith with counsel for Google in an effort to resolve this issue without court action.

---

[1] Google's counsel have verified that its response consists of documents previously attached to its pleadings and interrogatory answers.

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 | Phone 305.372.1800 | Fax 305.372.3508 | kttlaw.com

2 of 8

Respectfully submitted,

| | |
|---|---|
| DIMOND, KAPLAN & ROTHSTEIN, P.A.<br>525 South Flagler Drive<br>Trump Plaza, Suite 200<br>West Palm Beach, FL 33401<br>Phone: (561) 671-2110<br>Fax: (561) 671-1951<br>Adam T. Rabin, Esq. | KOZYAK TROPIN & THROCKMORTON, P.A.<br>Counsel for Plaintiffs<br>2525 Ponce de Leon<br>9th Floor<br>Coral Gables, Florida 33134<br>Telephone: (305) 372-1800<br><br>By: _____<br>Kenneth R. Hartmann<br>Florida Bar No. 664286<br>Gail A. McQuilkin<br>Florida Bar No. 969338 |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by E-mail and U.S. mail on this 7th day of July, 2006 upon:

| | |
|---|---|
| Jan Douglas Atlas, Esq.<br>Adorno & Yoss, LLP<br>350 East Las Olas Blvd., Suite 1700<br>Fort Lauderdale, FL 33301-4217<br>E-mail: jatlas@adorno.com | Andrew P. Bridges, Esq.<br>Winston & Strawn, LLP<br>101 California Street, Suite 3900<br>San Francisco, CA 94111<br>E-mail: abridges@winston.com |
| Kevin C. Kaplan, Esq.<br>Burlington Weil Schwiep Kaplan & Blonsky, PA<br>2699 S. Bayshore Drive, Penthouse A<br>Miami, FL 33133<br>E-mail: kkaplan@bwskb.com | Johanna Calabria, Esq.<br>Perkins Coie, LLP<br>180 Townsend Street, 3rd Floor<br>San Francisco, CA 94107<br>E-mail: jcalabria@perkinscoie.com |

By: _____
Kenneth R. Hartmann

3339/102/266913.1 (word.doc)

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 | Phone 305.372.1800 | Fax 305.372.3508 | kttlaw.com

3 of 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 05-80387-CIV Ryskamp/Vitunac

STEVEN A. SILVERS, an individual,
    Plaintiff,

v.

GOOGLE INC., a Delaware corporation,
    Defendant,
_____/

GOOGLE INC., a Delaware corporation,
    Counterclaimant,

v.

STEVEN A. SILVERS, an individual;
STELOR PRODUCTIONS, INC., a Delaware
corporation; STELOR PRODUCTIONS, LLC;
a business entity of unknown form; and
STEVEN ESRIG, an individual,

    Counterdefendants,
_____/

### DEFENDANT-COUNTERCLAIMANT GOOGLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

PROPOUNDING PARTY:    Plaintiff-Counter Defendant Steven A. Silvers

RESPONDING PARTY:    Defendant-Counterclaimant Google Inc.

SET NUMBER:    Two



DEFENDANT-COUNTERCL... OBJECTIONS AND RESPONSES
TO PLAINTIFF'S SECO... ...CTION OF DOCUMENTS

EXHIBIT "A"

03/20/2006 MON 14:25 [TX/RX NO 5214] @002

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant-counterclaimant Google Inc. ("Google" or "Defendant") hereby objects and responds to Plaintiff's Second Request For Production of Documents dated February 14, 2006 as follows:

## GENERAL OBJECTIONS

1. Google expressly incorporates the following General Objections as if set forth fully in response to the request for documents contained in Plaintiff's Second Set of Document Requests.

2. Google objects to the request as unduly burdensome and oppressive to the extent that it purports to require Google to inquire of Google's employees other than those employees that would reasonably be expected to have responsive information and to the extent it calls for documents that cannot readily be identified by Google on the basis of information in its possession, custody, or control. Google's response is based upon (1) a reasonable search, given the time allotted to respond to the requests for documents, of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Google's employees and/or representatives who could reasonably be expected to possess responsive information.

3. Google objects to the request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product privilege and/or any other applicable privilege. Such information will not be disclosed. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.

4. Google objects to the request to the extent that it purports to require Google to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party. Google will not provide such information without either the consent of the relevant third party or a court order compelling production.

-1-
DEFENDANT-COUNTERCLAIMANT GOOGLE INC.'S OBJECTIONS AND RESPONSES
TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

5. Google generally objects to the request to the extent that it seeks information protected by a constitutional right of privacy or applicable privacy law.

6. Google objects to the request to the extent it calls for the production of information of a non-public, confidential, or proprietary nature, including trade secrets and/or commercial, financial or other information that has not been disseminated publicly, or any other matter protected by any commercial information or similar privilege. Such information will not be produced before the entry of an appropriate protective order.

7. Google objects generally to the request to the extent that it seeks information not reasonably related to the claims or defenses in this matter.

8. Google objects to the request to the extent that it purports to impose any requirement or discovery obligation on Google other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

9. Google objects to the definition of "GOOGLE" "YOU" and "YOUR" as overly broad to the extent it seeks information from other entities that is outside Google's possession, custody or control.

10. Google objects to paragraph 1 of Plaintiff's instructions to the extent it imposes obligations not created by the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 1:**

All documents that support your allegation(s) that Silvers has no ownership rights in his trademarks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to its General Objections, Google objects to this request as seeking documents that are protected by the attorney-client privilege and/or the work product privilege in that the request calls for attorney evaluation and mental impressions regarding Google's "support" for the issues in the first phase of litigation in this case. Google objects that Plaintiff has the burden to

2
DEFENDANT-COUNTERCLAIMANT GOOGLE INC.'S OBJECTIONS AND RESPONSES
TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

prove valid ownership rights in the alleged trademarks and that discovery is incomplete. To the extent that this request seeks documents that will be used as exhibits at trial, Google will disclose these documents in accordance with federal rules and the rules of this Court. Google further objects to this request as overly broad, vague, and unduly burdensome in seeking all documents that "support" Google's position regarding issues in the first phase of this case.

Without waiving, and subject to, its General Objections and specific objections, Google responds that it has already provided documents responsive to this request. Google may supplement the document production at appropriate intervals by producing non-privileged documents in response to this request to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search and to the extent such documents have not already been produced to Plaintiff.

Dated: March 17, 2006

By: *Andrew P. Bridges*
Andrew P. Bridges
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, California 94111
Phone: (415) 591-1000
Fax: (415) 591-1400
Attorneys for Defendant and Counterclaimant
GOOGLE INC.

3
DEFENDANT-COUNTERCLAIMANT GOOGLE INC.'S OBJECTIONS AND RESPONSES
TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS
SF:127121.1

03/20/2006 MON 14:25 [TX/RX NO 5214] ☒005

7 of 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Palm Beach Division

STEVEN A. SILVERS, an individual,
    Plaintiff,
v.

CASE NO. 05-80387-CIV

GOOGLE INC., a Delaware corporation,
    Defendant.

(Ryskamp/Vitunac)

GOOGLE INC., a Delaware corporation,
    Counterclaimant,
v.

STEVEN A. SILVERS, an individual; STELOR
PRODUCTIONS, INC., a Delaware corporation;
STELOR PRODUCTIONS, LLC; a business
entity of unknown form; and STEVEN ESRIG,
an individual,
    Counterdefendants.

## ORDER GRANTING SILVERS' MOTION TO COMPEL
## PRIVILEGE LOG FROM GOOGLE, INC.

**THIS CAUSE** having came on before the Court on Steven Silvers' motion to compel privilege log from Google, Inc., and the Court having considered same, it is

**ORDERED** that said motion to compel privilege log from Google, Inc. is **GRANTED**. Google shall produce a privilege log with the elements required by Local Rule 26.1(G) on or before July ____, 2006.

**DONE and ORDERED** in Chambers in Palm Beach County, Florida, this ____ day of _____, 2006.

                                                                        UNITED STATES DISTRICT COURT JUDGE

Copies furnished to:

All Counsel of Record
3339/102/266915.1