UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  05-80387-CIV (Ryskamp/Vitunac)

STEVEN A. SILVERS, an individual,

        Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

        Defendant.



FILED by _____ D.C.

JUL 1 0 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

GOOGLE INC., a Delaware corporation,

        Counterclaimant,

v.

STEVEN A. SILVERS, an individual; STELOR
PRODUCTIONS, INC., a Delaware
corporation; STELOR PRODUCTIONS, LLC,
a business entity of unknown form; and
STEVEN ESRIG, an individual,

        Counter-Defendants.

## DEFENDANT/COUNTERCLAIMANT GOOGLE INC.'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS RESPONSIVE TO GOOGLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO STEVEN A. SILVERS

### I.    INTRODUCTION

Shortly after Steven A. Silvers ("Silvers") filed this trademark infringement action alleging "reverse confusion" against Google Inc. ("Google"), the Court determined that this case was appropriate for bifurcation of discovery and trial. Consequently, the threshold issue to be addressed during Phase I of the litigation is the extent of Silvers' ownership rights, if any, in the

marks he claims have been infringed.

Following the Court's bifurcation Order, Google served Silvers with discovery requests aimed at the issue of Silvers' purported ownership in the marks.  Several of Google's Requests for Production encompass communications between Silvers and Counter-Defendant Stelor Productions LLC ("Stelor"), Silvers' exclusive world-wide licensee since June 2002.[1]  To date, Silvers has not produced a single email communication between him and Stelor, despite Silvers' counsel's representation that documents evidencing communications between Silvers and Stelor are "voluminous."  Instead, Silvers has taken the position that no emails are relevant to Phase I of the litigation because although some of the communications "relate to use of the mark" (given that Stelor was the exclusive licensee of the mark), none of the communications relate to "**not** using the mark", i.e. abandonment.  In other words, Silvers would place the impossible burden upon Google of proving a negative without the benefit of any evidence whatsoever showing **any** use of the mark.  Accordingly, Google respectfully requests that Silvers be compelled to produce all email communications between him and any Stelor representative or employee relating to the marks.  Additionally, Google requests this Court to compel Silvers to make himself available for a deposition following production of these documents.

## II.    PROCEDURAL BACKGROUND

1.    On or about October 5, 2005, Google filed a motion to bifurcate the discovery and trial of this case.  [DE #23]  In its motion, Google argued that the purported assignment of

---

[1]    On or about September 9, 2005, Stelor filed a Cross-Claim against Silvers (which was later amended) and a Counterclaim against Google.  [DE #14, 49]  Stelor's Cross-Claim against Silvers follows an earlier dispute filed in state court between Silvers and Stelor over which party has the right to take action against third parties to protect the intellectual property rights purportedly licensed under Stelor and Silvers' agreement.  [DE #49 at 12-20.]  Silvers moved to dismiss Stelor's Amended Cross-Claim on the ground that the facts and issues raised by Stelor's contract claims are not sufficiently related to the facts and  issues of the original trademark infringement claim brought by Silvers against Google, such that the Court should decline to exercise supplemental jurisdiction over them.  [DE # 51]  The Court denied Silvers' motion on February 27, 2006.  [DE #71].

{SNT/213526.0001/N0615068_1}

trademark rights from The Googles Children's Workshop, Inc. ("GCW")—the owner of the federally registered trademark for the GOOGLES AND DESIGN mark—to Silvers was a nullity because: (1) GCW was dissolved with no assets at the time of the purported assignment, and a bare "assignment in gross" is invalid under trademark law; and (2) an assignment by a former officer (Silvers, who served as President) of a corporation after the dissolution of the corporation is ineffective as a matter of law. *Id.* Google also argued that Silvers cannot show that either he or GCW continuously used the Googles trademarks, as required to maintain the registration. As such, Silvers does not have enforceable rights in the GOOGLES trademarks that predate Google's adoption and use of the GOOGLE trademark. *Id.* Google also argued that Stelor's Amended Cross-Claim against Silvers supports bifurcation. *Id.*

2.    On February 6, 2006, the Court granted Google's motion and ordered this case to be bifurcated for discovery and trial (the "Bifurcation Order"). [DE # 68] Phase I of the litigation, therefore, will resolve the threshold issue of the extent and scope of rights, if any held by Silvers.

3.    Additionally, on February 27, 2006, the Court denied Silvers' Motion to Dismiss Stelor's Amended Cross-Claim ("Order Denying Motion to Dismiss AmendedCross-Claim"). [DE # 71] The Court determined that, since it had already bifurcated the discovery and trial in this case, "the contact issues raised in the Cross-Claim can be efficiently resolved with the ownership issues ruing the first phase of this litigation." [DE #71 at 10].

4.    Following the Court's Orders, on March 16, 2006, Google served its First Set of Document Requests to Steven A. Silvers ("RFPs") which targeted discovery relevant to Phase I of the litigation. A true and correct copy of Google, Inc.'s First Set of Document Requests to Steven A. Silvers is attached hereto as Exhibit A.

Case No. 05-80387-CIV (Ryskamp/Vitunac)

5.    On May 30, 2006, Silvers served his written Response to Google, Inc.'s First Request for Production of Documents, a true and correct copy of which is attached hereto as Exhibit B.

6.    On or about June 12, 2006, Silvers produced approximately 1350 pages of documents in response to Google's RFPs, claiming that this production, as well as the attachments to the pleadings filed with the court, completed his production of documents responsive to Phase I of the litigation. Notably, Silvers' production did not include a single e-mail between Silvers and Stelor.

7.    On June 29 and 30, 2006, Google and Silvers met and conferred to discuss Silvers' responses to Google's discovery requests. During the meet and confer, Silvers' counsel indicated that Silvers had voluminous emails with Stelor, and suggested that Google narrow the request. Google suggested the production be limited to communications between Stelor and Silvers related to the marks at issue. On July 6, 2006, Silvers refused to produce any email communications between Stelor and Silvers, stating that such emails "are voluminous and burdensome to review" and that although "some of the email could be said to 'relate to use of the mark,' [given Stelor's role as the exclusive licensee,] "none of the email relate[s] to not using the mark, ie abandonment..." and therefore none of the email is responsive. A true and correct copy of the email communication from Silvers' counsel is attached hereto as Exhibit C.

8.    The instant Motion to Compel addresses Requests No. 54, 55 and 79.

9.    This Motion is filed in good faith and not for purposes of delay. In addition, the undersigned certifies that a good faith attempt to resolve these issues has been made prior to filing the instant Motion.

## III.    ARGUMENT

### A.    Standard on a Motion to Compel.

It is well established that the purpose of Federal Rule of Civil Procedure 34 is to force a full disclosure of documents and is intended to go far in making information known by one party available to the other party. *Hickman v. Taylor*, 329 U.S. 495 (1947). Additionally, a request for discovery should be considered relevant if there is any possibility that information sought may be relevant to the subject matter of the action. *Marker v. Union Fidelity Life Insurance Co.*, 125 F.R.D. 121 (N.D.N.C. 1989). The initial inquiry to be taken in measuring the propriety of a wide ranging discovery request is whether the material sought is relevant to any of the legal and factual issues being contested by the parties. *Smith v. F.D.C.*, 403 F. Supp. 1000 (D. Del. 1975). Evasive or incomplete discovery responses "are treated as failures to disclose or respond." Fed. R. Civ. P. 37, Advisory Committee Notes on 1993 Amendments.

### B.    Specific RFPs At Issue.

Pursuant to Local Rule 26.1(H)(2), the foregoing are the Requests that were objected to and/or not complied with by Silvers:

### RFP. 54

All documents evidencing your use of the MARKS in connection with the conduct of business operations.

### Silvers' Response

Silvers objects as vague and overbroad. Notwithstanding this objection, Silvers will produce documents in his possession, if any, responsive to this request.

### RFP No. 55

All documents evidencing use of the MARKS by Stelor Productions in connection with

ADORNO & YOSS LLP

350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

the conduct of business operations.

**Silvers' Response**

Silvers objects as vague and overbroad.  Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence.

**RFP No. 79**

All documents concerning communications between you and Steven Esrig, Stelor Productions, Inc. or Stelor Productions, LLC (or their attorneys or representatives).

**Silvers' Response**

Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable.  Silvers further objects to the extent documents responsive to this request are protected by work product and attorney-client privilege.

> **C.    Communications Between Stelor And Silvers, Including Email Communications, Are Relevant To Phase I Of The Litigation And Should Be Produced.**

Based upon Stelor's relationship with Silvers as the exclusive world-wide licensee of the mark, most, if not all communications between Silvers and Stelor will be relevant to Phase I of the litigation, namely the scope and extent of Silvers' rights, if any, in the mark, and the contract issues between Silvers and Stelor as to who has the right to enforce the purported intellectual property rights as to third parties. *See* Bifurcation Order at 8-9; Order Denying Motion to Dismiss Amended Cross-Claim at 10.  As the Court noted in its Bifurcation Order, "[o]wnership requires proof of 'both appropriation and use in trade; and []ownership of a mark and the

exclusive right to a mark belongs to the one who first uses the mark on goods placed on the market." (citations omitted). Bifurcation Order at 8-9. *See also* McCarthy on Trademarks and Unfair Competition, § 17:9 at 17-11 (Thompson/West 2005) ("It is actual usage of a symbol as a 'trademark' in the sale of goods which creates and builds up rights in a mark. Therefore, lack of actual usage of a symbol as a 'trademark' can result in a loss of legal rights. This loss is known as 'abandonment.' Trademark rights may be abandoned through a period of non-use, from which an inference of intent not to resume use can be made.").

Indeed, if the purpose of Stelor's and Silvers' relationship was purportedly to use and promote the Googles mark, Google should be permitted to examine the communications that transpired between Stelor and Silvers regarding the use of the mark. Otherwise Google will be foreclosed from showing at trial that the mark was not in sufficient use to support any trademark rights. Moreover, any emails that are relevant to the dispute between Silvers and Stelor also fall within the scope of Phase I of the litigation per the Court's Order Denying Motion to Dismiss Amended Cross-Claim. Accordingly, these emails should be produced.

None of Silvers' objections excuse his obligation to provide these communications. In his written objections, Silvers contends that the information sought is irrelevant to the issue of Silvers' ownership rights in his trademarks, and that his mark is incontestable. This argument is without merit. In the Bifurcation Order, the Court noted:

> Silvers and Stelor contend that there is no issue as to ownership because Silvers' trademark registration of the Googles marks 'has incontestable status, which is conclusive evidence of ownership and validity for purposes of proving infringement." (citing Plaintiff's opposition). "However, 'registration of a trademark confers only procedural advantages and does not enlarge the registrant's rights, for ownership of the trademark rests on adoption and use, not on registration." (citations omitted)

Bifurcation Order at 9.

Case No.  05-80387-CIV (Ryskamp/Vitunac)

Silvers' objections that any privilege attached to these emails is misplaced.  Silvers and

Stelor obviously had no attorney-client relationship.  Furthermore, no work product privilege can

attach to documents unless there is anticipated litigation, which would be a suspect circumstance

in this case.  In any event, no privilege log has been produced identifying any privileged

communications between Stelor and Silvers or any work product.  Nor is Silvers' untimely

burdensomeness objection valid.

## IV.    CONCLUSION

Wherefore Google Inc. respectfully requests that this Court enter and Order granting the

instant Motion to Compel, together with such other and further relief as this Court deems just

and proper.

Case No. 05-80387-CIV (Ryskamp/Vitunac)

Respectfully submitted,

By: _____

Jan Douglas Atlas
Florida Bar No.: 226246
jatlas@adorno.com
Samantha Tesser Haimo
Florida Bar No. 0148016
stesser@adorno.com
ADORNO & YOSS LLP
350 East Las Olas Boulevard
Suite 1700
Fort Lauderdale, Florida 33301
Phone: (954) 763-1200
Fax:    (954) 766-7800

Andrew P. Bridges[2]
California Bar No. 122761
abridges@winston.com
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, California 94111
Phone: (415) 591-1000
Fax:    (415) 591-1400

Johanna Calabria
California Bar No. 226222
jcalabria@perkinscoie.com
**PERKINS COIE LLP**
180 Townsend Street, 3rd Floor
San Francisco, CA  94107
Telephone:  (415) 344-7000
Facsimile:  (415) 344-7050

---

[2] A Stipulation for Substitution of Counsel is currently pending whereby Andrew P. Bridges and the law firm of Winston and Strawn LLP will be replaced by the law firm of Perkins Coie LLP.

{SNT/213526.0001/N0615068_1}

**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

Case No.  05-80387-CIV (Ryskamp/Vitunac)

Ramsey M. Al-Salam
Washington Bar. No. 18822
ralsalam@perkinscoie.com
William C. Rava
Washington Bar No. 29948
wrava@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue
Suite 4800
Seattle, WA  98101-3099
Telephone:  (206) 359-6338
Facsimile:  (206) 359-7338

Attorneys for Defendant/Counterclaimant
Google, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by e-mail and mail on the addressee(s) listed on the attached schedule on this _____ day of July, 2006.

Samantha Tesser Haimo

{SNT/213526.0001/N0615068_1}

10

**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

Case No.  05-80387-CIV (Ryskamp/Vitunac)

## SERVICE LIST

| | |
|---|---|
| Harley S. Tropin, Esq.<br>hst@kttlaw.com<br>Kenneth R. Hartmann, Esq.<br>krh@kttlaw.com<br>Gail A. McQuilkin, Esq.<br>gam@kttlaw.com<br>**KOZYAK, TROPIN, THROCKMORTON, P.A.**<br>2525 Ponce de Leon, 9th Floor<br>Miami, FL 33134<br>Telephone:  (305) 372-1800<br>Facsimile:  (305) 372-3508<br><br>Adam T. Rabin, Esq.<br>arabin@dkrpa.com<br>**DIMOND, KAPLAN & ROTHSTEIN, P.A.**<br>525 South Flagler Drive<br>Trump Plaza, Suite 200<br>West Palm Beach, FL 33401<br>Telephone:  (561) 671-1920<br>Facsimile:  (561) 671-1951<br><br>Kevin C. Kaplan, Esq.<br>kkaplan@bwskb.com<br>**BURLINGTON, WEIL, SCHWIEP,**<br>**KAPLAN & BLONSKY, P.A.**<br>2699 South Bayshore Drive<br>Miami, FL 33133<br>Telephone:  (305) 858-2900<br>Facsimile:  (305) 858-5261 | Ramsey M. Al-Salam, Esq.<br>Washington Bar. No. 18822<br>ralsalam@perkinscoie.com<br>William C. Rava, Esq.<br>Washington Bar No. 29948<br>wrava@perkinscoie.com<br>**PERKINS COIE LLP**<br>1201 Third Avenue<br>Suite 4800<br>Seattle, WA  98101-3099<br>Telephone:  (206) 359-6338<br>Facsimile:  - (206) 359-7338<br><br>Johanna Calabria, Esq.<br>California Bar No. 226222<br>jcalabria@perkinscoie.com<br>**PERKINS COIE LLP**<br>180 Townsend Street, 3rd Floor<br>San Francisco, CA  94107<br>Telephone:  (415) 344-7000<br>Facsimile:  (415) 344-7050 |

**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### PALM BEACH DIVISION

Case No. 05-80387-CIV (Ryskamp/Vitunac)

STEVEN A. SILVERS, an individual,

        Plaintiff,

vs.

GOOGLE INC., a Delaware corporation,

        Defendant.

---

GOOGLE INC., a Delaware corporation,

        Counterclaimant,

vs.

STEVEN A. SILVERS, an individual;
STELOR PRODUCTIONS, INC., a Delaware
corporation; STELOR PRODUCTIONS, LLC,
a business entity of unknown form; and
STEVEN ESRIG, an individual,

        Counter-defendants.

---

### GOOGLE INC.'S FIRST SET OF DOCUMENT REQUESTS TO STEVEN A. SILVERS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant and Counterclaimant

Google Inc. requests that you produce for inspection and copying the documents and things listed

below on April 25, 2006 at the offices of Adorno & Yoss LLP, 2525 Ponce de Leon Boulevard,

Suite 400, Miami, Florida 33134 or at another location mutually agreed upon by both parties.

For the purpose of this request for production of documents and things, the following

definitions and instructions shall apply.

**EXHIBIT**

*A*

## **INSTRUCTIONS**

1.    If you contend that any information, document, or thing otherwise called for by any request

is excluded from production or discovery, answer so much of the discovery request as is not

subject to the claimed objection and, for each document or thing:

    a.    State whether the item shall not be produced because:

        1)    It is claimed to be privileged; or

        2)    It once existed but can no longer be located; or

        3)    It has been lost; or

        4)    It has been destroyed; and

    b.    If, under a claim of privilege, any documents or things are not produced, you must

state for each document:

        1)    the type and title of the document or thing; and

        2)    the general subject matter of the content of the document or description of the

thing; and

        3)    the date of its creation and/or revision; and

        4)    the identity of the document's author(s), addressee(s), and recipient(s); and

        5)    the nature of the privilege being claimed; and

        6)    in detail, all facts upon which you base your claim of privilege.

2.    In producing these documents and things, you are requested to identify and produce for

inspection and copying not only those documents and things in your custody, but all

documents and things in the custody of your attorneys, consultants, agents, other

representatives, and other persons or entities subject to your control.

3.   You are to produce the original and all copies of each requested document and thing, as well as the file in which they are kept, including all copies which bear any additional file stamps, marginal notes, or other additional markings or writings that do not appear on the original.

4.   Complete production is to be made on the date and at the time indicated above. The inspection and copying will begin at that time and will continue from day to day thereafter until completed.

5.   You have a duty to supplement your responses from now until the time of hearing or trial, as provided by Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

1.   The terms "you" or "your" refer to plaintiff and counter-defendant Steven A. Silvers and includes any persons or entities controlled by or acting on behalf of you, including without limitation The Googles Children's Workshop, Inc. and all past and present licensees, agents, attorneys, predecessors, subsidiaries, parent companies, or affiliated companies and their agents, officers, directors, employees, representatives and attorneys.

2.   The term "Google" refers to Defendant and Counterclaimant Google Inc. as well as its officers, directors, employees, and authorized representatives.

3.   The term "amended complaint" refers to the first amended complaint in this action.

4.   The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34 and its interpretation by the courts, including originals, copies, drafts or other productions of any written, graphic or otherwise recorded matter, however produced or reproduced, whether inscribed by hand, by computer or by mechanical, electronic, or photographic means.

5.   The term "concerning" means relating to, referring to, describing, reflecting, evidencing or constituting.

3

6.    The terms "all" and "each" shall be construed to include all and each.

7.    The term "and" shall be construed to include "or" and vice versa and shall be the logical equivalent of "and/or."

8.    The term "amended complaint" refers to the first amended complaint filed in this action.

9.    The use of the singular form of any word also includes the plural and vice versa.

10.    The term MARKS refers to the GOOGLES and GOOGLES AND DESIGN marks as well as any other marks incorporating the letter string "GOOGLES" allegedly owned by you.

11.    The term "Stelor Productions" refers to counter-defendants Stelor Productions, Inc. and Stelor Productions, LLC, as well as their officers, directors, employees, and authorized representatives.

## DOCUMENTS AND THINGS REQUESTED

1.    All documents referring to, relating to, evidencing, or reflecting the fact or your belief that, as of March 25, 2003 (or at any time between January 1 and March 25, 2003) The Googles Children's Workshop, Inc. was located at P.O. Box 60210, Potomac, Maryland 20859.

2.    All documents referring to, relating to, evidencing, or reflecting the fact or your belief that, as of March 25, 2003 (or at any time between January 1 and March 25, 2003) The Googles Children's Workshop, Inc. was doing business at P.O. Box 60210, Potomac, Maryland 20859.

3.    All documents concerning communications referring to, relating to, evidencing, or reflecting the fact or your belief that, as of March 25, 2003 (or at any time between January 1 and March 25, 2003) The Googles Children's Workshop, Inc. was doing business at P.O. Box 60210, Potomac, Maryland 20859.

4

4.    All documents referring to, relating to, evidencing, or reflecting the fact or your belief that, as of March 25, 2003 ( or at any time between January 1 and March 25, 2003) The Googles Children's Workshop, Inc. was doing business.

5.    All documents referring to, relating to, evidencing, or reflecting the fact or your belief that, as of March 25, 2003 (or at any time between January 1 and March 25, 2003) The Googles Children's Workshop, Inc. was the owner of Registration No. 2,087,590 dated August 12, 1997, as shown by the records in the United States Patent and Trademark Office.

6.    All documents referring or relating to, evidencing, reflecting, constituting, or comprising communications concerning The Googles Children's Workshop, Inc.

7.    All documents concerning the formation, incorporation, management, operations, transactions, revenues, and assets of The Googles Children's Workshop, Inc.

8.    All documents referring or relating to, evidencing, reflecting, constituting, or comprising communications with Michael Silvers concerning the MARKS, The Googles Children's Workshop, Inc. or any allegations contained in the amended complaint or counterclaims.

9.    All documents concerning meetings of directors or officers of The Googles Children's Workshop, Inc., including but not limited to meeting minutes.

10.    All documents concerning the dissolution of The Googles Children's Workshop, Inc..

11.    The complete tax and accounting books and full corporate earnings reports of The Googles Children's Workshop, Inc. for each year of its existence, including assets, revenues, costs, and profits reported to national or state tax authorities.

12.    Documents sufficient to identify all directors, officers, and employees of The Googles Children's Workshop, Inc. and their most recent available addresses and telephone numbers.

13.    All documents concerning The Googles Children's Workshop, Inc. not requested in the specific requests above.

14.    All documents concerning trademark research, investigations, and searches relating to the MARKS.

15.    All documents concerning applications to register the MARKS with the United States Patent and Trademark Office, any registrations issued as a result thereof, and any efforts to secure or maintain registrations or to secure "incontestable" status.

16.    All documents referring or relating to, evidencing, reflecting, constituting, or comprising communications concerning applications to register the MARKS, any registrations of them, or any efforts to secure or maintain registrations or to secure "incontestable" status.

17.    All documents referring or relating to, evidencing, reflecting, constituting, or comprising communications between you and anyone else regarding the MARKS, or products or services bearing or otherwise associated with the MARKS, in connection with declarations filed with the United States Patent and Trademark Office.

18.    All documents filed or sent on behalf of you to the United States Patent and Trademark Office.

19.    All documents filed or sent on behalf of Stelor Productions, Inc. or Stelor Productions LLC to the United States Patent and Trademark Office.

20.    All documents referring or relating to, evidencing, or reflecting the fact or your belief that, as of March 25, 2003 (or at any time between January 1 and March 25, 2003) the mark described in Registration No. 2,087,590 dated August 12, 1997 in the United States Patent and Trademark Office was still in use by The Googles Children's Workshop or by a licensee of The Googles Children's Workshop on or in connection with the goods identified in the Certificate of Registration.

21.    All documents referring or relating to, evidencing, or reflecting the fact or your belief that, as of March 25, 2003 (or at any time between January 1 and March 25, 2003) the mark

6

described in Registration No. 2,087,590 dated August 12, 1997 in the United States Patent and Trademark Office had been in continuous use for more than five (5) years from June 1996, subsequent to the date of the registration, through to March 25, 2003, on or in connection with the goods identified in the Certificate of Registration.

22.    All documents referring or relating to, reflecting, evidencing, constituting, or comprising your personal knowledge, information, belief, inquiries, and investigations regarding the facts alleged in declarations filed with the United States Patent and Trademark Office regarding Registration No. 2,087,590 dated August 12, 1997 and its underlying application; Application Serial No. 76/591,386 dated May 7, 2004; and Application Serial No. 78/420,234 dated May 17, 2004.

23.    All documents constituting or comprising drafts of declarations, or drafts of portions of declarations on your behalf for filing with the United States Patent and Trademark Office regarding Registration No. 2,087,590 dated August 12, 1997 and its underlying application; Application Serial No. 76/591,386 dated May 7, 2004; and Application Serial No. 78/420,234 dated May 17, 2004.

24.    All documents referring or relating to, evidencing, reflecting, constituting, or comprising communications between you and anyone else regarding the facts alleged in the declarations filed with the United States Patent and Trademark Office regarding Registration No. 2,087,590 dated August 12, 1997 and its underlying application; Application Serial No. 76/591,386 dated May 7, 2004; and Application Serial No. 78/420,234 dated May 17, 2004.

25.    All documents concerning your intent to use the mark GOOGLES EDUTAINMENT at the time you filed with the United States Patent and Trademark Office the declaration executed by Ira C. Edell regarding application serial no. 76/591,386.

26.    All documents referring or relating to, evidencing, reflecting, constituting, or comprising

your knowledge of the intent of any related company or licensee to use the mark GOOGLES

EDUTAINMENT at the time you filed with the United States Patent and Trademark Office

the declaration executed by Ira C. Edell regarding application serial no. 76/591,386.

27.    All documents referring or relating to, reflecting, evidencing, constituting, or comprising

your personal knowledge, information, belief, inquiries, and investigations regarding the

facts alleged in the declaration executed by Ira C. Edell filed with the United States Patent

and Trademark Office regarding application serial no. 76/591,386.

28.    All documents concerning your intent to use the mark GOOGLES at the time you filed with

the United States Patent and Trademark Office the declaration executed by Laurence Hefter

regarding application serial no. 78/420,234.

29.    All documents referring or relating to, evidencing, reflecting, constituting, or comprising

your knowledge of the intent of any related company or licensee to use the mark GOOGLES

at the time you filed with the United States Patent and Trademark Office the declaration

executed by Laurence Hefter regarding application serial no. 78/420,234.

30.    All documents referring or relating to, reflecting, evidencing, constituting, or comprising

your personal knowledge, information, belief, inquiries, and investigations regarding the

facts alleged in the declaration executed by Laurence Hefter filed with the United States

Patent and Trademark Office regarding application serial no. 78/420,234.

31.    All documents evidencing the appointment of Ira C. Edell or other attorneys with the firm of

Edell, Shapiro & Finnan, LLC, as the attorneys to file a declaration and to transact all

business in connection with Registration No. 2,087,590 and Application Serial No.

76/591,386 in the United States Patent and Trademark Office.

32. All documents concerning communications constituting or evidencing the appointment of Ira C. Edell or other attorneys with the firm of Edell, Shapiro & Finnan, LLC, as the attorneys to file a declaration and to transact all business in connection with Registration No. 2,087,590 and Application Serial No. 76/591,386 in the United States Patent and Trademark Office.

33. All documents evidencing the appointment of Laurence Hefter or other attorneys with the firm of Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P. as the attorneys to file a declaration and to transact all business in connection with Application Serial No. 78/420,234.

34. All documents concerning communications constituting or evidencing the appointment of Laurence Hefter or other attorneys with the firm of Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P. as the attorneys to file a declaration and to transact all business in connection with Application Serial No. 78/420,234.

35. All documents concerning any domain name registrations you filed or your efforts to secure domain names.

36. All documents referring or relating to, evidencing, reflecting, constituting, or comprising communications concerning any domain name registrations you filed or your efforts to secure domain names.

37. All documents concerning the conceptualization, design, creation, launch, publication, or modification of Web sites designed for you, established by you, or used in connection with the MARKS.

38. All documents referring or relating to, evidencing, reflecting, constituting, or comprising communications concerning Web sites designed for you, established by you, or used in connection with the MARKS.

39. All documents concerning the Web site stelor.com or plans to develop the Web site.

40.    All documents referring or relating to, evidencing, reflecting, constituting, or comprising communications concerning the development of the Web site stelor.com or plans to develop the Web site.

41.    All documents concerning the Web site googles.com or plans to develop the Web site.

42.    All documents referring or relating to, evidencing, reflecting, constituting, or comprising communications concerning the development of the Web site googles.com or plans to develop the Web site.

43.    All documents concerning a Googles Web site or plans to develop a Googles Web site.

44.    All documents referring or relating to, evidencing, reflecting, constituting, or comprising communications concerning a Googles Web site or plans to develop a Googles Web site.

45.    All documents concerning a Gootopia Web site or plans to develop a Gootopia Web site.

46.    All documents referring or relating to, evidencing, reflecting, constituting, or comprising communications concerning a Gootopia Web site or plans to develop a Gootopia Web site.

47.    All financial statements showing expenditures on advertising and marketing activities concerning the MARKS or products or services bearing or otherwise associated with the MARKS.

48.    All documents concerning advertising, marketing, and promotion of the MARKS or any products or services bearing or otherwise associated with the MARKS.

49.    All documents referring or relating to, evidencing, reflecting, constituting, or comprising communications concerning advertising, marketing, and promotion of the MARKS or any products or services bearing or otherwise associated with the MARKS.

50.    All documents concerning the manufacture, distribution, sale, or offer of sale of any service or product bearing or otherwise associated with the MARKS.

51.  All documents referring or relating to, evidencing, reflecting, constituting, or comprising communications concerning the manufacture, distribution, or sale of any service or product bearing or otherwise associated with the MARKS.

52.  All documents concerning assignments or licenses of the MARKS or other agreements concerning the MARKS, including all documents concerning the decision to enter into the assignments, licenses, or agreements.

53.  All documents referring or relating to, evidencing, reflecting, constituting, or comprising communications concerning assignments or licenses of the MARKS or other agreements concerning the MARKS.

54.  All documents evidencing your use of the MARKS in connection with the conduct of business operations.

55.  All documents evidencing use of the MARKS by Stelor Productions in connection with the conduct of business operations.

56.  All documents referring or relating to, evidencing, reflecting, constituting, or comprising business plans concerning the MARKS or products or services bearing or otherwise associated with the MARKS, including but not limited to the business plans of Steven A. Silvers; Stelor Productions, Inc.; Stelor Productions, LLC; The Googles Children's Workshop, Inc.; The Aurora Collection, Inc.; and Goo Investments LLC.

57.  All documents referring or relating to, evidencing, reflecting, constituting, or comprising communications concerning business plans concerning the MARKS or products or services bearing or otherwise associated with the MARKS, including but not limited to the business plans of Steven A. Silvers; Stelor Productions, Inc.; Stelor Productions, LLC; The Googles Children's Workshop, Inc.; The Aurora Collection, Inc.; and Goo Investments LLC.

58. Documents sufficient to show your revenues, costs, and profits related to use and license of the MARKS by product or service, including by SKU (stock keeping unit).

59. All documents concerning projection of sales, revenue, or profits for any products or services bearing or otherwise associated with the MARKS.

60. All documents that refer directly or indirectly to Google Inc. and that discuss, reflect, evidence, or concern the rights you claim in this dispute.

61. All documents referring or relating to, evidencing, reflecting, constituting, or comprising communications concerning Google Inc. and that discuss, reflect, evidence, or concern the rights you claim in this dispute

62. All documents concerning communications between you and Google Inc.

63. Documents sufficient to identify the names, all known addresses, and all known telephone numbers of actual or potential investors in Stelor Productions, Inc.; Stelor Productions, LLC; The Googles Children's Workshop, Inc.; The Aurora Collection, Inc.; Goo Investments LLC; or other businesses that have developed, marketed or delivered products or services that bear or are otherwise associated with the MARKS.

64. All documents concerning actual, proposed, or potential investors in, or an actual or potential investment in, the MARKS, products or services that bear or are otherwise associated with the MARKS, or businesses associated with the MARKS, including but not limited to business plans, valuation of intellectual property assets, valuation of potential litigation, or valuation of potential settlement of litigation.

65. All documents referring or relating to, evidencing, reflecting, constituting, or comprising communications concerning actual, proposed, or potential investors in, or an actual or potential investment in, the MARKS, products or services that bear or are otherwise associated with the MARKS, or businesses associated with the MARKS, including but not

limited to communications concerning business plans, valuation of intellectual property assets, valuation of potential litigation, or valuation of potential settlement of litigation.

66.  All documents concerning an actual, proposed, or potential investment in Stelor Productions, Inc. or any entity that has or had a direct or indirect ownership interest in Stelor Productions, Inc., including but not limited to documents concerning promotions or offers of investment.

67.  All documents referring or relating to, evidencing, reflecting, constituting, or comprising communications concerning an actual, proposed, or potential investment in Stelor Productions, Inc. or any entity that has or had a direct or indirect ownership interest in Stelor Productions, Inc., including but not limited to communications concerning promotions or offers of investment.

68.  All documents concerning an actual, proposed, or potential investment in Stelor Productions, LLC or any entity that has or had a direct or indirect ownership interest in Stelor Productions, LLC., including but not limited to documents concerning promotions or offers of investment.

69.  All documents referring or relating to, evidencing, reflecting, constituting, or comprising communications concerning an actual, proposed, or potential investment in Stelor Productions, LLC or any entity that has or had a direct or indirect ownership interest in Stelor Productions, LLC, including but not limited to communications concerning promotions or offers of investment.

70.  All documents concerning financial interests of any person or entity in any domain name disputes, trademark opposition or cancellation proceedings, or litigation to which Google Inc. is or has been a party.

71.  All documents concerning financial transactions between you and any party claiming an interest in the MARKS or any party to domain name disputes, trademark opposition or cancellation proceedings, or litigation to which Google Inc. is or has been a party.

72.   All documents concerning the business experience, business background, reputation, and criminal background (if any) of you, Steven Esrig, or of other officers or management personnel of The Googles Children's Workshop, Inc.; Stelor Productions, Inc.; Stelor Productions, LLC; or The Aurora Collection.

73.   All documents concerning your plans to develop or enforce rights in the MARKS.

74.   All documents referring or relating to, evidencing, reflecting, constituting, or comprising communications concerning your plans to develop or enforce rights in the MARKS.

75.   All documents concerning communications to persons or entities other than Google in which you have made allegations (against any person or entity) of trademark infringement of the MARKS.

76.   All documents filed in court or served in litigation to which you, Stelor Productions, Inc. or Stelor Productions, LLC is a party that concerns or may affect the rights to the MARKS or to enforce the MARKS.

77.   All documents concerning litigation between you and Steven Esrig, Stelor Productions, Inc. or Stelor Productions, LLC, including but not limited to all documents filed with a court or served in litigation.

78.   All documents referring or relating to, evidencing, reflecting, constituting, or comprising communications concerning litigation between you and Steven Esrig, Stelor Productions, Inc. or Stelor Productions, LLC.

79.   All documents concerning communications between you and Steven Esrig, Stelor Productions, Inc. or Stelor Productions, LLC (or their attorneys or representatives).

80.   All documents concerning The Aurora Collection including, but not limited to, agreements between you and The Aurora Collection.

14

81.    All documents referring or relating to, evidencing, reflecting, constituting, or comprising communications with The Aurora Collection.

82.    All documents reflecting or evidencing the fact alleged in paragraph 27 of the amended complaint that "Silvers intended to develop 'googles.com' into a highly interactive children's Website to promote and sell children's books, merchandise, and related goods and services."

83.    All documents reflecting or evidencing the fact alleged in paragraph 30 of the amended complaint that "[f]rom 2000 - 2001, the 'Googles' continued to develop on the Web."

84.    All documents reflecting or evidencing the fact alleged in paragraph 48 of the amended complaint that "[f]rom 1999-2002 Silvers and Aurora continued to develop the 'Googles' concept with new music, adventures, and improved interactive Website."

85.    All documents reflecting or evidencing the fact alleged in paragraph 50 of the amended complaint that Stelor Productions "has continued to promote and develop the 'Googles' trademark, Website, and related intellectual property."

86.    All documents concerning the location, possession, and maintenance of the other documents requested in this set of document requests.


Dated: March 16, 2006

*Andrew P. Bridges*
Andrew P. Bridges
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, California 94111
Phone: (415) 591-1000
Fax: (415) 591-1400
Attorneys for Defendant and
Counterclaimant GOOGLE INC.

15

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111-5894. On March 16, 2006, I served the within documents:

## GOOGLE INC.'S FIRST SET OF DOCUMENT REQUESTS TO STEVEN A. SILVERS

☒ I sent such document from facsimile machine 415-591-1400. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 415-591-1400 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelop(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by sending it via Overnight mail.

Harley S. Tropin
Kenneth R. Hartmann
Gail A. McQuilkin
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
Fax: 305-372-3508

Kevin C. Kaplan
David J. Zack
Burlington, Weil, Schwiep, Kaplan & Blonsky, P.A.
2699 South Bayshore Drive, Penthouse
Miami, Florida 33133
Fax: 305-858-5261

Adam T. Rabin
Dimond Kaplan & Rothstein, P.A.
525 S. Flagler Drive, Trump Plaza - Suite 200
West Palm Beach, Florida 33401
Fax: 561-671-1951

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on March 16, 2006, at San Francisco, California.

Theresa Inapang-Lozada

SF:115530.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Palm Beach Division

STEVEN A. SILVERS, an individual,
     Plaintiff,

v.                                    CASE NO. 05-80387-CIV

GOOGLE INC., a Delaware corporation,         (Ryskamp/Vitunac)
     Defendant.
_____

GOOGLE INC., a Delaware corporation,
     Counterclaimant,

v.

STEVEN A. SILVERS, an individual; STELOR
PRODUCTIONS, INC., a Delaware corporation;
STELOR PRODUCTIONS, LLC; a business
entity of unknown form; and STEVEN ESRIG,
an individual,
     Counterdefendants.
_____

## SILVERS' RESPONSE TO GOOGLE, INC.'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, Steven A. Silvers, hereby responds to Google, Inc.'s First Request for Production of Documents and, as to each corresponding request, states as follows:

1.     Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable. Silvers further objects in that it mischaracterizes his "belief." Notwithstanding this objection, Silvers will produce documents in his possession, if any, responsive to this request.

2.     Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable.

**EXHIBIT**

*B*

1

Silvers further objects in that it mischaracterizes his "belief." Notwithstanding this objection, Silvers will produce documents in his possession, if any, responsive to this request.

3.      Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable. Silvers further objects in that it mischaracterizes his "belief." Notwithstanding this objection, Silvers will produce documents in his possession, if any, responsive to this request.

4.      Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable. Silvers further objects in that it mischaracterizes his "belief." Notwithstanding this objection, Silvers will produce documents in his possession, if any, responsive to this request.

5.      Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable. Silvers further objects in that it mischaracterizes his "belief." Notwithstanding this objection, Silvers will produce documents in his possession, if any, responsive to this request.

6.      Silvers objects to this request on the grounds that it is overly broad and unduly burdensome. The request is unqualified and seeks "all" documents "referring," "relating," "evidencing," "reflecting," "constituting," or "comprising" communications. Furthermore, this request seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable. Notwithstanding this objection, Silvers will produce documents in his possession, if any, responsive to this request.

7.      Silvers objects to this request on the grounds that it is overly broad and unduly burdensome.  The request is unqualified and seeks "all" documents "concerning" a vast array of topics relating to a corporation.  Furthermore, this request seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence.  Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable. Notwithstanding this objection, Silvers will produce documents in his possession, if any, responsive to this request.

8.      Silvers objects to this request on the grounds that it is overly broad and unduly burdensome.  The request is unqualified and seeks "all" documents regarding any allegations contained in the amended complaint or counterclaims.  Silvers has not filed a counterclaim.

9.      Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence.  Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable. Notwithstanding this objection, Silvers will produce documents in his possession, if any, responsive to this request.

10.      The documents responsive to this request are already in the possession of Google, Inc.  Notwithstanding this objection, Silvers will produce documents in his possession, if any, responsive to this request.

11.      Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence.  Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable. Notwithstanding this objection, Silvers will produce documents in his possession, if any, responsive to this request.

3

12.     Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable. Notwithstanding this objection, Silvers will produce documents in his possession, if any, responsive to this request.

13.     Silvers objects to this request on the grounds that it is overly broad and vague because it asks for "all documents not requested." Furthermore, Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable.

14.     Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable. Silvers objects to producing documents "concerning" searches and investigations, to the extent they are protected by attorney-client privilege. Notwithstanding and without waiving this objection, Silvers will produce any search reports.

15.     Silvers objects to this request because it requires production of documents that are not within Silvers' possession or under his control. Further, Silvers objects to this request because it requires the production of documents that are just as easily obtainable by Google from the United States Patent and Trademark Office, as they are from Silvers. The request constitutes an improper attempt by Google to shift to Silvers the labor, cost and responsibility for obtaining documents. Notwithstanding these objections, Silvers will produce responsive documents that are in his possession.

4

16.     Silvers objects to this request because it requires production of documents that are not within Silvers' possession or under his control. Further, Silvers objects to this request because it requires the production of documents that are just as easily obtainable by Google from the United States Patent and Trademark Office, as they are form Silvers. The request constitutes an improper attempt by Google to shift to Silvers the labor, cost and responsibility for obtaining documents. Notwithstanding these objections, Silvers will produce responsive documents that are in his possession.

17.     Silvers objects to this request on the grounds that it is overly broad and unduly burdensome. The request is unqualified and seeks "all" documents "referring," "relating," "evidencing," "reflecting," "constituting," or "comprising" "communications" between Silvers and "anyone else" regarding the MARKS, or "products" or "services."    Furthermore, Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable.

18.     Silvers objects to this request because it requires the production of documents that are just as easily obtainable by Google from the United States Patent and Trademark Office, as they are form Silvers. The request constitutes an improper attempt by Google to shift to Silvers the labor, cost and responsibility for obtaining documents. Furthermore, Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable. Notwithstanding these objections, Silvers will produce responsive documents that are in his possession.

19.     Silvers objects to this request because it requires production of documents that are not within Silvers' possession or under his control. Further, Silvers objects to this request

because it requires the production of documents that are just as easily obtainable by Google from the United States Patent and Trademark Office, as they are form Silvers. The request constitutes an improper attempt by Google to shift to Silvers the labor, cost and responsibility for obtaining documents. Furthermore, Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable.

20.     Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable. Silvers further objects in that it mischaracterizes his "belief." Notwithstanding this objection, Silvers will produce documents in his possession, if any, responsive to this request.

21.     Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable. Notwithstanding this objection, Silvers will produce documents in his possession, if any, responsive to this request.

22.     Silvers objects to this request on the grounds that it is overly broad and unduly burdensome. The request is unqualified and seeks "all" documents "referring," "relating," "evidencing," "reflecting," "constituting," or "comprising" Silvers' "personal knowledge," "beliefs," "inquiries," and "investigations." Silvers also objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Pursuant to 15 U.S.C. § 1115, Silvers' trademark no.

2,087,590 is incontestable.  As to Applications Serial No. 76/591,386 and 78/420,234 Silvers has no responsive documents.

23.     Silvers also objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence.  Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable.  As to Applications Serial No. 76/591,386 and 78/420,234 Silvers has no responsive documents.

24.     Silvers objects to this request on the grounds that it is overly broad and unduly burdensome.  The request is unqualified and seeks "all" documents "referring," "relating," "evidencing," "reflecting," "constituting," or "comprising" "communications" between Silvers and "anyone else." Silvers also objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence.  Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable. As to Applications Serial No. 76/591,386 and 78/420,234 Silvers' has no responsive documents.

25.     Silvers has no responsive documents in his possession.

26.     Silvers objects to this request on the grounds that it is overly broad unduly burdensome and implies Silvers filed personally the declaration.   Notwithstanding this objection, Silvers has no responsive documents.

27.     Silvers objects to this request on the grounds that it is overly broad and unduly burdensome.  The request is unqualified and seeks "all" documents "referring," "relating," "evidencing," "reflecting," "constituting," or "comprising" Silvers' "knowledge," information," "belief," "inquiries," and "investigations."  Nothwithstanding this objection, Silvers has no responsive documents.

28.     Silvers has no responsive documents.

29.    Silvers objects to this request on the grounds that it is overly broad and unduly burdensome. The request is unqualified and seeks "all" documents "referring," "relating," "evidencing," "reflecting," "constituting," or "comprising" Silvers' "knowledge." Nothwithstanding this objection, Silvers has no responsive documents.

30.    Silvers objects to this request on the grounds that it is overly broad and unduly burdensome. The request is unqualified and seeks "all" documents "referring," "relating," "evidencing," "reflecting," "constituting," or "comprising" Silvers' "knowledge," information," "belief," "inquiries," and "investigations." Nothwithstanding this objection, Silvers has no responsive documents.

31.    Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable. Silvers also objects because this request seeks documents protected by the attorney-client privilege that cannot be disclosed. As to Applications Serial No. 76/591,386, Silvers has no responsive documents.

32.    Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable. Silvers also objects because this request seeks documents protected by the attorney-client privilege that cannot be disclosed. As to Applications Serial No. 76/591,386, Silvers has no responsive documents.

33.    Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Silvers also objects because this request seeks documents protected by the attorney-

8

client privilege that cannot be disclosed. Notwithstanding this objection, Silvers has no responsive documents.

34.    Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Silvers also objects because this request seeks documents protected by the attorney-client privilege that cannot be disclosed. Notwithstanding this objection, Silvers has no responsive documents.

35.    Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Silvers' also objects to this request because it is overly broad. The request seeks "all" documents "concerning" "any" "domain name registrations." Further, Silvers objects to this request because it requires the production of documents that are just as easily obtainable by Google from domain name registrar online databases. The request constitutes an improper attempt by Google to shift to Silvers the labor, cost and responsibility for obtaining documents.

36.    Silvers objects to this request on the grounds that it is overly broad and unduly burdensome. The request is unqualified and seeks "all" documents "referring," "relating," "evidencing," "reflecting," "constituting," or "comprising" Silvers' "communication." Silvers also objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence.

37.    Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Notwithstanding this objection, Silvers will produce documents in his possession, if any, responsive to this request.

9

38.    Silvers objects to this request because it is overbroad, seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence.

39.    Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence.

40.    Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence.

41.    Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence.

42.    Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence.

43.    Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence.

44.    Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence.

45.    Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence.

2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 | Phone 305.372.1800 | Fax 305.372.3508 | kttlaw.com

evidence. Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable. Notwithstanding this objection, Silvers will produce documents in his possession, if any, responsive to this request.

85.     Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable. Notwithstanding this objection, Silvers will produce documents in his possession, if any, responsive to this request.

86.     Silvers objects to this request because it seeks information that is not relevant to the issue of Silvers' ownership rights in his trademarks, and is not likely to lead to admissible evidence. Pursuant to 15 U.S.C. § 1115, Silvers' trademark no. 2,087,590 is incontestable. Notwithstanding this objection, Silvers will produce documents in his possession, if any, responsive to this request.

Respectfully submitted this 30th day of May, 2006.


Adam T. Rabin  (Fla. Bar #985635)
DIMOND KAPLAN & ROTHSTEIN, P.A.
525 S. Flagler Drive, Trump Plaza, Suite 200
West Palm Beach, Florida  33401
T: 561-671-2110

By:_____

Kenneth R. Hartmann  (Fla. Bar #664286)
Gail A. McQuilkin  (Fla. Bar #969338)
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
T: 305-372-1800

17

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished

by E-mail and U.S. mail on this 30th day of May, 2006 upon:

Jan Douglas Atlas, Esq.                          Andrew P. Bridges, Esq.
Adorno & Yoss, LLP                              Winston & Strawn, LLP
350 East Las Olas Blvd., Suite 1700           101 California Street, Suite 3900
Fort Lauderdale, FL 33301-4217                San Francisco, CA 94111
E-mail: jatlas@adorno.com                       E-mail: abridges@winston.com

Kevin C. Kaplan, Esq.
Burlington Weil Schwiep Kaplan & Blonsky, PA
2699 S. Bayshore Drive, Penthouse A
Miami, FL 33133
E-mail: kkaplan@bwskb.com

By: _____

Kenneth R. Hartmann

3339/102/265339.1

## Samantha Tesser - Silvers v. Google

| | |
|---|---|
| **From:** | "Calabria, Johanna (Perkins Coie)" <jcalabria@perkinscoie.com> |
| **To:** | <stesser@adorno.com> |
| **Date:** | 7/7/2006 3:04 PM |
| **Subject:** | Silvers v. Google |

-----Original Message-----
**From:** Calabria, Johanna (Perkins Coie)
**Sent:** Thursday, July 06, 2006 2:39 PM
**To:** 'KENNETH R HARTMANN'
**Cc:** GAIL A MCQUILKIN; Rava, William C. (Perkins Coie); Al-Salam, Ramsey M. (Perkins Coie); 'stesser@adorno.com'
**Subject:** RE: Silvers v. Google

Ken,

Thanks for your email.  As for the email communications, your logic makes no sense.  Use of the mark and "not" use of the mark is essentially the same thing.  I don't know how you measure "not" use without measuring use.  In addition, it seems more burdensome to review emails that are unlikely to be categorized by subjects of this litigation rather than to send us all of the emails, which are by definition relevant.

It is your burden to produce documents that are responsive to Phase I, which means that if there are emails that relate to abandonment or to the GCW assignment, you should have produced them to us already.  We should not have to bargain with you to receive documents that you are under an obligation to produce.  Unfortunately we will have to let the court resolve this one, which is most certainly not our practice or preference.

Regarding the Aurora and Stelor documents, please deliver them to our local counsel's office tomorrow for copying.  Do you have a general sense of volume?

Thanks,

Johanna


Johanna Calabria
Perkins Coie LLP
180 Townsend Street, 3rd floor
San Francisco, CA  94107
(415) 344-7124/tel
(415) 344-7050/fax
(415) 722-2992/mobile
jcalabria@perkinscoie.com



**EXHIBIT**
_C_

-----Original Message-----
**From:** KENNETH R HARTMANN [mailto:KRH@kttlaw.com]
**Sent:** Thursday, July 06, 2006 2:34 PM
**To:** Calabria, Johanna (Perkins Coie)
**Cc:** GAIL A MCQUILKIN
**Subject:** Re: Silvers v. Google

johanna:

silvers retained some, not all of his email with stelor. your email implied he has a complete
record of very emal, which is not the case. sorry if you misunderstood.

these emails are voluminous and burdensome to review. some ofthe email could be said to
"relate to use of the mark," given that stelor's job as sole licensee. none of the email relate
to **not** using the mark, ie abandonment, or the assignment from gcw. since these are the
only issues in play based on your motion to bifurcate, none of the email fall within the
proper scope of phase I discovery.

in an effort to be liberal in responding to discovery (our preference as well as our practice),
we offered to have client review them provided you would narrow the scope of your
request. you chose not to. end of story.

as to the aurora and stelor docs, we will make them available for review in our office 7/11, or
deliver them for copying to your local counsel (coral gables main office) tomorrow.

Kenneth R. Hartmann, Esq.
Kozyak Tropin & Throckmorton, PA
2525 Ponce de Leon, 9th Floor
Miami, FL 33134
(305) 372-1800 office
(305) 372-3508 fax
krh@kttlaw.com

>>> "Calabria, Johanna (Perkins Coie)" <jcalabria@perkinscoie.com> 07/05/06 4:59 PM
>>>

Dear Gail and Ken:

I am writing to follow up on our meet and confer of June 29 as well as our subsequent
conversations regarding Silvers' production of documents.

I understand that you will be making an additional production on Mr. Silvers' behalf,
consisting of documents related to Aurora (what Aurora was doing with regard to the marks,
what it wanted to do, etc.).

I also understand that you will agree to produce documents concerning Stelor, so long as we
agree to an attorneys eyes only designation for the time being. We agree that while a
protective order applicable to these documents is being negotiated, we will hold the
documents "attorneys eyes only" and will allow you reasonable time to seek a protective
order if we disagree about any particular designation. Under those terms, please produce
these documents.

Lastly, I was informed that Mr. Silvers has retained his email communications with Stelor, and that he is willing to review these emails and produce communications responsive to Phase I of the litigation, so long as we narrow the scope of the request. Given the fact that Stelor's and Silvers' business relationship was based solely upon Stelor's purported attempt to commercialize the mark, we believe that any and all communications between Stelor and Silvers are relevant to Phase I of the litigation. Please indicate whether you are willing to produce all such communications by end of day tomorrow.

As you know, Mr. Silvers' deposition is scheduled for Tuesday, July 11th. (Please note that the deposition notice we sent last week noticed a July 11, not July 12 deposition.) Please produce the documents prior to Mr. Silvers' deposition (by no later than end of day tomorrow), or we will reserve the right to continue the deposition until after Mr. Silvers' document production is complete. Please contact me with any questions or concerns.

Regards,

Johanna


Johanna Calabria
Perkins Coie LLP
180 Townsend Street, 3rd floor
San Francisco, CA 94107
(415) 344-7124/tel
(415) 344-7050/fax
(415) 722-2992/mobile
jcalabria@perkinscoie.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.