FILED by DJ D.C.
ELECTRONIC

Jul 14 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Palm Beach DIVISION

STEVEN A. SILVERS, an individual,

    Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

    Defendant.

CASE NO. 05-80387-CIV
(Ryskamp/Vitunac)

GOOGLE INC., a Delaware corporation,

    Counterclaimant,

v.

STEVEN A. SILVERS, an individual; STELOR
PRODUCTIONS, INC., a Delaware corporation;
STELOR PRODUCTIONS, LLC; a business
Entity of unknown form; and STEVEN ESRIG,
an individual,

    Counterdefendants.

## SILVERS' MEMORANDUM IN OPPOSITION
## TO GOOGLE INC.'S MOTION TO COMPEL PRODUCTION

Plaintiff/Cross-Defendant, Steven A. Silvers ("Silvers"), hereby responds to the motion to compel production of documents filed by Defendant/Counter-Plaintiff, Google, Inc. ("Google"). Of the three requests Google raises, Silvers has produced all documents responsive to two of the requests. The third request is overbroad and beyond the scope of permissible discovery. Google's motion should therefore be denied.

After persuading this Court to limit discovery and conduct a bifurcated jury trial on two of its defenses, Google propounded a request for production seeking 86 categories of documents

---

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 | Phone 305.372.1800 | Fax 305.372.3508 | kttlaw.com

Dockets.Justia.com

covering a range of subjects far beyond the distinct issues involved in Phase I. Those issues relate to Silvers' ownership of his mark and center on: (i) whether Silvers' abandoned his mark; and/or (ii) whether the assignment of the "Googles" trademark registration to Silvers by his company, Googles Children's Workshop, and subsequent filings with the U.S.P.T.O. served to nullify Silvers' federal registration for the mark.

In response, after working through his initial objections, Silvers produced voluminous documents touching on his use and intent to use the mark, his licensees, his marketing and sales of goods bearing the mark, etc. Indeed, Silvers has, notwithstanding his objections, produced every document in his possession responsive to Request Nos. 54, and 55. But Silvers has drawn the line as to Request No. 79, which is overbroad and far beyond the scope of Phase I discovery.

Request No. 79 seeks all documents concerning "communications" between Silvers and Stelor, his former licensee, and Esrig, and Stelor's principal. While Silvers produced his contracts with Stelor, his email that is arguably responsive to such a broad request does not relate to the subjects at issue in Phase I. Rather, the email between Silvers and Stelor/Esrig focuses on their differences of opinion about Stelor's compliance with Silvers' license and other agreements between Silvers and Stelor. Given the sensitivity of these documents - - which are none of Google's business - - and the implication they have for the trial of Stelor's cross-claim in Phase II, Silvers should not be required to produce these emails to Google. Not every communication between "parties" is automatically discoverable, and this is especially so where the scope of discovery has been purposely limited by the court.

We note that Silvers asked Google to narrow the scope of Request No. 79. Google refused. Ironically, Google now seeks to have the Court dispense with the limits on discovery Google requested.

## CONCLUSION

The motion to compel should be denied.

Respectfully submitted,

| | |
|---|---|
| DIMOND, KAPLAN & ROTHSTEIN, P.A.<br>525 South Flagler Drive<br>Trump Plaza, Suite 200<br>West Palm Beach, FL 33401<br>Phone: (561) 671-2110<br>Fax: (561) 671-1951<br>Adam T. Rabin, Esq. | KOZYAK TROPIN & THROCKMORTON, P.A.<br>Counsel for Plaintiffs<br>2525 Ponce de Leon<br>9th Floor<br>Coral Gables, Florida 33134<br>Telephone: (305) 372-1800<br><br>By: _____<br>Kenneth R. Hartmann<br>Florida Bar No. 664286<br>Gail A. McQuilkin<br>Florida Bar No. 969338 |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by E-mail and U.S. mail on this 14th day of July, 2006 upon:

Jan Douglas Atlas, Esq.
Adorno & Yoss, LLP
350 East Las Olas Blvd., Suite 1700
Fort Lauderdale, FL 33301-4217
E-mail: jatlas@adorno.com

Kevin C. Kaplan, Esq.
Burlington Weil Schwiep Kaplan & Blonsky, PA
2699 S. Bayshore Drive, Penthouse A
Miami, FL 33133
E-mail: kkaplan@bwskb.com

Ramsay M. Al-Salam, Esq.
Perkins Coie, LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101
E-mail: ralsalam@perkinscoie.com

Andrew P. Bridges, Esq.
Winston & Strawn, LLP
101 California Street, Suite 3900
San Francisco, CA 94111
E-mail: abridges@winston.com

Johanna Calabria, Esq.
Perkins Coie, LLP
180 Townsend Street, 3rd Floor
San Francisco, CA 94107
E-mail: jcalabria@perkinscoie.com

By: _____
Kenneth R. Hartman

3339/102/267135.1 (word.doc)