UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-80387-CIV (Ryskamp/Vitunac)

STEVEN A. SILVERS, an individual,

    Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

    Defendant.

---

GOOGLE INC., a Delaware corporation,

    Counterclaimant,

v.

STEVEN A. SILVERS, an individual; STELOR PRODUCTIONS, INC., a Delaware corporation; STELOR PRODUCTIONS, LLC, a business entity of unknown form; and STEVEN ESRIG, an individual,

    Counter-Defendants.

### DEFENDANT/COUNTERCLAIMANT GOOGLE INC.'S OPPOSITION TO SILVERS' MOTION TO COMPEL PRIVILEGE LOG

Defendant/Counterclaimant Google Inc. ("Google") hereby responds to the Motion to Compel a Privilege Log (the "Motion") filed by Plaintiff/Cross-Defendant Steven A. Silvers ("Silvers"). Silvers' Motion should be denied because there are no privileged documents subject to a motion to compel, a fact acknowledged by Silvers' counsel prior to the filing of this Motion.

Under the local rules of the Southern District of Florida, a party must prepare a privilege log for all documents and oral communications withheld on the basis of a claim of privilege or



Case No. 05-80387-CIV (Ryskamp/Vitunac)

work product protection except "written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action." Local Rule 26.1(G)(3)(c). Google has no responsive documents and no oral communications which fall outside the exception in Local Rule 26.1(G)(3)(c).

Google anticipates that its Phase I trial exhibits will be primarily, if not entirely comprised of discovery provided by Silvers and the other Counterdefendants in this case. However, Google is under no obligation at the present time to disclose its mental impressions as to which of those exhibits supports its case. This position is consistent with Google's response to Silvers' Request for Production No. 1—seeking all documents in support of Google's allegations that Silvers has no ownership rights in his trademark—that such a request calls for privileged attorney evaluation and mental impressions regarding Google's "support" for the issues in the first phase of litigation in this case. *See* Silvers' Motion, Ex. A. Google will disclose its trial exhibits at the appropriate time in accordance with the Federal Rules and the Rules of this Court.

Silvers' Motion comes as a surprise. During a June 30, 2006, meet and confer on the subject of the privilege log, the parties agreed that privileged documents or communications generated after the date the lawsuit was filed need not be logged. Google indicated that it was unaware of any privileged documents in its possession outside of this exception, and would confirm this fact. Without any further communication or attempted communication on the subject, Silvers filed this Motion.

## CONCLUSION

Wherefore Defendant/Counterclaimant Google Inc. respectfully requests that this Court deny Silvers' Motion to Compel, together with such other and further relief as this Court deems just and proper.

Case No. 05-80387-CIV (Ryskamp/Vitunac)

Respectfully submitted,

By: _____
Jan Douglas Atlas
Florida Bar No.: 226246
jatlas@adorno.com
Samantha Tesser Haimo
Florida Bar No.: 0148016
stesser@adorno.com
ADORNO & YOSS LLP
350 East Las Olas Boulevard
Suite 1700
Fort Lauderdale, Florida 33301
Phone: (954) 763-1200
Fax:    (954) 766-7800

Johanna Calabria
California Bar No.: 226222
jcalabria@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, California 94111
Phone: (415) 344-7000
Fax:    (415) 344-7050

Attorneys for Defendant/Counterclaimant
Google Inc.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email and mail on the addressee(s) listed on the attached schedule on this 24th day of July, 2006.

_____
Samantha Tesser Haimo

Case No. 05-80387-CIV (Ryskamp/Vitunac)

## SERVICE LIST

| | |
|---|---|
| Harley S. Tropin, Esq.<br>hst@kttlaw.com<br>Kenneth R. Hartmann, Esq.<br>krh@kttlaw.com<br>Gail A. McQuilkin, Esq.<br>gam@kttlaw.com<br>**KOZYAK, TROPIN, THROCKMORTON, P.A.**<br>2525 Ponce de Leon, 9th Floor<br>Miami, FL 33134<br>Telephone: (305) 372-1800<br>Facsimile: (305) 372-3508<br><br>Adam T. Rabin, Esq.<br>arabin@dkrpa.com<br>**DIMOND, KAPLAN & ROTHSTEIN, P.A.**<br>525 South Flagler Drive<br>Trump Plaza, Suite 200<br>West Palm Beach, FL 33401<br>Telephone: (561) 671-1920<br>Facsimile: (561) 671-1951<br><br>Kevin C. Kaplan, Esq.<br>kkaplan@bwskb.com<br>**BURLINGTON, WEIL, SCHWIEP, KAPLAN & BLONSKY, P.A.**<br>2699 South Bayshore Drive<br>Miami, FL 33133<br>Telephone: (305) 858-2900<br>Facsimile: (305) 858-5261 | Steven A. Silvers<br>8983 Okeechobee Blvd.<br>Suite 202 – PMB 203<br>West Palm Beach, Florida 33411<br>Email: gewrue@hotmail.com<br>Telephone: (954) 445-6788<br>Facsimile: (561) 784-9959<br><br>Ramsey M. Al-Salam, Esq.<br>Washington Bar. No. 18822<br>ralsalam@perkinscoie.com<br>William C. Rava, Esq.<br>Washington Bar No. 29948<br>wrava@perkinscoie.com<br>**PERKINS COIE LLP**<br>1201 Third Avenue<br>Suite 4800<br>Seattle, WA 98101-3099<br>Telephone: (206) 359-6338<br>Facsimile: - (206) 359-7338 |