UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

Case No. 05-80387-CIV-RYSKAMP/VITUNAC

STEVEN A. SILVERS, an individual,

Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

Defendant.

_______________________________/

FILED by JW D.C.
SEP 11 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B

**ORDER GRANTING GOOGLE INC.'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS RESPONSIVE TO GOOGLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO STEVEN A. SILVERS**

THIS CAUSE comes before the Court upon Defendant Google Inc.'s Motion to Compel the Production of Documents Responsive to Google Inc.'s First Set of Requests for Production to Steven A. Silvers **[DE 98]**, filed on July 10, 2006. Silvers filed his Response **[DE 100]** on July 15, 2006 and Google filed its Reply **[DE 104]** on July 26, 2006. This matter is now ripe for review.

## I. INTRODUCTION

This is an action for alleged "reverse confusion" trademark infringement. *See* First Am. Compl. **[DE 10]**.[1] This Court entered an Order **[DE 68]** on February 6, 2006 bifurcating this litigation into two parts. The first phase of litigation is currently underway and is restricted to determining trademark ownership; specifically, whether Silvers owns any of the trademarks that he claims have been infringed. If the second phase of litigation commences, the question will be whether Google infringed a valid trademark.

Google now moves this Court to compel Silvers to produce documents in response to Google's First Set of Production Requests. (Motion at 2). Specifically, Google argues that Silvers has failed to

[1]A more detailed account of the facts are discussed in this Court's Order Granting Motion to Bifurcate Discovery and Trial **[DE 68]** as well as the Order Denying Silvers' Motion to Dismiss Amended Cross-Claim **[DE 71]**.

118/RB

adequately respond to requests numbered 54, 55, and 79 by failing to provide e-mail communications between Silvers and Stelor (the Counter-Defendant). (Motion at 2, 4).

Google served its First Set of Document Requests to Steven A. Silvers to which Silvers responded on May 30, 2006. (Motion at 3-4). On June 12, 2006, Silvers produced the requested documents, but failed to include any e-mails between Silvers and Stelor. (Motion at 4). Google and Silvers spoke and Silvers suggested that there were too many e-mails between Silvers and Stelor to produce and requested that Google narrow the request. (Motion at 4). Google did so and requested only those e-mails where the contested trademarks were discussed. (Motion at 4). On July 6, 2006, Silvers wrote to Google and refused to produce any of the e-mails because they are not responsive. He wrote that the e-mails are "voluminous and burdensome to review" and that although "some of the email could be said to 'relate to the use of the mark, none of the email relate[s] to not using the mark, ie abandonment ..." (Motion at 4).

Request number 54 asked Silvers to produce "[a]ll documents evidencing your use of the MARKS in connection with the conduct of business operations." (Motion at 5). Silvers responded that the request was vague and overbroad but stated that he would produce the documents anyway. (Motion at 5). Request number 55 asked Silvers to produce "[a]ll documents evidencing use of the MARKS by Stelor Productions in connection with the conduct of business operations." (Motion at 5-6). Silvers responded that the request was vague, overbroad, and irrelevant. (Motion at 6). Request number 79 asked Silvers to produce "[a]ll documents concerning communications between you and Steven Esrig, Stelor Productions, Inc. Or Stelor Productions, LLC (or their attorneys or representatives)." (Motion at 6). Silvers responded that the request was irrelevant and privileged. (Motion at 6).

Google made two arguments to support its Motion. The first was to argue that the scope of Phase I litigation was to determine ownership of the trademarks as well as the contract issues between Silvers and Stelor as to who may enforce the rights as to third parties. (Motion at 6-7). Second, Google argued that it Silvers should be required to produce the e-mails because "the purpose of Stelor's and Slivers' relationship

was purportedly to use and promote the Googles mark[.]" (Motion at 7). If those documents were withheld, Google may not be able to show that the mark was abandoned. (Motion at 7).

Silvers responded that it has already produced all of the documents responsive to both request numbers 54 and 55. (Response at 2). He will not, however, produce e-mails in response to request number 79 because "the email between Silvers and Stelor/Esrig focuses on their differences of opinion about Stelor's compliance with Silvers' license and other agreements between Silvers and Stelor." (Response at 2). He argues that these documents are sensitive and are relevant to the Cross-Claim between Stelor and Silvers in Phase II of this litigation. (Response at 2). In other words, Silvers disagrees that the scope of Phase I litigation includes a determination on the contract issues between Silvers and Stelor.

In its Reply, Google again argued that Phase I of the litigation includes resolving the extent and scope of Silvers' rights and the contract issues raised in the Cross-Claim. (Reply 3). Google further contends that the requested documents are relevant because (1) disputes regarding Stelor's compliance with the Silvers' license are relevant to the whether Silvers abandoned the trademark and (2) the requested communications are relevant to determine Silvers' intent to use the trademark for a commercial purpose. (Reply at 3-4). Finally, Google argues that Silvers has failed to show any undue burden in producing the documents. (Reply at 4).

**II. DISCUSSION**

Motions to compel discovery are committed to the sound discretion of the trial court. *See Comm. Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter... that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Further, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* When discovery appears relevant on its face, the party resisting the discovery has the burden to establish facts justifying its objections by

demonstrating that the requested discovery: (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1); or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Scott v. Leavenworth Unified School Dist. No.* 453, 190 F.R.D. 583, 585 (D. Kan.1999).

As an initial matter, this Court notes that it is unclear what remains in dispute. The original motion requested an Order to Compel for request numbers 54, 55, and 79. Silvers response, however, states that it has already provided all documents in its possession in regards to request numbers 54 and 55. (Response at 1). Google never specifically confirms that contention, although they do cite to e-mail correspondence between Silvers and Stelor. (Reply at 4). Thus, this Court has no choice but to rule on the motion as written, even though Silvers may have already complied in part.

The core of the discovery dispute centers around a misunderstanding of this Court's Order to Bifurcate and this Court's subsequent Order on Silver's Motion to Dismiss Stelor's Cross-Claim **[DE 71]** filed on February 27, 2006. As stated above, the Bifurcation Order ruled that Phase I litigation will determine ownership of the trademarks. In the Order regarding the Motion to Dismiss, this Court ruled that "[t]he contract issues raised in the Cross-Claim, which primarily deal with the ownership of the trademarks, are relatively straightforward and need to be addressed before the Court can reach the trademark infringement claims ... the contract issues raised in the Cross-Claim can be efficiently resolved with the ownership issues during the first phase of this litigation." (Motion to Dismiss at 10). Thus, the Order on Silvers' Motion to Dismiss is an example of one type of discovery that is included in Phase I of the litigation based on this Court's Bifurcation Order. The Order on the Motion to Dismiss does not change, enlarge, or restrict the Bifurcation Order. Therefore, Silvers' argument, that the requested documents should be

protected from discovery because they are not relevant in that those documents focus on compliance with the license as well as other agreements, is incorrect. As this Court specifically stated in the Order on Silvers' Motion to Dismiss, the contract issues involved in the Cross-Claim are relevant to Phase I of this litigation.

**III. CONCLUSION**

The court having reviewed the Motion and otherwise being advised in the premises it is hereby,

ORDERED and ADJUDGED that this Motion **[DE 92]** is hereby GRANTED. Accordingly, Slivers is ORDERED to serve responses to the subject discovery requests within twenty days of the date of this Order.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 11th day of September, 2006.

HON. KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of record