Case 9:05-cv-80387-KLR   Document 119   Entered on FLSD Docket 09/12/2006   Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

Case No. 05-80387-CIV-RYSKAMP/VITUNAC

STEVEN A. SILVERS, an individual,

    Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

    Defendant.

_____/



FILED by _____ D.C.

SEP 1 1 2006

CLARENCE MADDOX
CLERK U.S DIST. CT.
S.D. OF FLA. - W.P.B

## ORDER DENYING SILVERS' MOTION FOR PROTECTIVE ORDER

THIS CAUSE comes before the Court upon Silvers' Motion for Protective Order **[DE 102]**, filed on July 18, 2006. Stelor filed its Notice of Non-opposition to Silvers' Motion **[DE 106]** on August 3, 2006 and Google filed its Opposition to the Motion **[DE 108]** on August 4, 2006. This matter is now ripe for review.

In the Motion, Silvers requested that this Court issue a protective order limiting the scope of an upcoming deposition noticed by Stelor. Silvers also requested clarification as to the scope of the deposition. (Motion at 1). Silvers argued that its contract issues with Stelor are, "with one exception, completely independent of the ownership issues slated for Phase I." (Motion at 2). Silvers agrees that any inquiry regarding ownership and warranty issues are appropriate for Phase I litigation, but that discovery "into the core of [the] dispute over Silvers' termination of Stelor as licensee" is not relevant.

Stelor then submitted its Notice of Non-opposition and stated that it did not object to the protective order sought by Silvers. Google filed its Opposition to the Motion and argued that the contract claims between Silvers and Stelor should be tried in Phase I.

119/123

The core of the discovery dispute centers around a misunderstanding of this Court's Order to Bifurcate and this Court's subsequent Order on Silver's Motion to Dismiss Stelor's Cross-Claim [DE 71] filed on February 27, 2006. As stated above, the Bifurcation Order ruled that Phase I litigation will determine ownership of the trademarks. In the Order regarding the Motion to Dismiss, this Court ruled that "[t]he contract issues raised in the Cross-Claim, which primarily deal with the ownership of the trademarks, are relatively straightforward and need to be addressed before the Court can reach the trademark infringement claims ... the contract issues raised in the Cross-Claim can be efficiently resolved with the ownership issues during the first phase of this litigation." (Motion to Dismiss at 10). Thus, the Order on Silvers' Motion to Dismiss is an example of one type of discovery that is included in Phase I of the litigation based on this Court's Bifurcation Order. The Order on the Motion to Dismiss does not change, enlarge, or restrict the Bifurcation Order. Therefore, Silvers' argument, that the scope of the deposition should be limited because the contract issues between Silvers and Stelor are not relevant to Phase I litigation, is incorrect. As this Court specifically stated in the Order on Silvers' Motion to Dismiss, the contract issues involved in the Cross-Claim are relevant to Phase I of this litigation.

The court having reviewed the Motion and otherwise being advised in the premises it is hereby,

ORDERED and ADJUDGED that this Motion [DE 102] is hereby DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 11th day of September, 2006.

HON. KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of record