UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

STEVEN A SILVERS, an individual,

Plaintiff,

v.

GOOGLE, INC.,

Defendant.

GOOGLE, INC.,

Counterclaimant,

v.

STEVEN A. SILVERS, an individual, STELOR PRODUCTIONS, INC., a Delaware corporation; STELOR PRODUCTIONS, LLC, a Delaware limited liability company,

Counterdefendants.

NO. 05-80387 CIV
RYSKAMP/VITUNAC

FILED by [handwritten initials] D.C.
SEP 15 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**STIPULATED PROTECTIVE ORDER**

[DE 116]

1. This Protective Order governs the designation, disclosure and use of confidential and attorneys' eyes only information by the parties in the above-identified action. This Protective Order shall govern until modified or superseded by a further order of this Court.

2. In this Protective Order the terms "Confidential" or "Attorneys' Eyes Only" information shall mean information so designated by a party in compliance with this Protective Order. Information so designated may be all or part of a document or thing, testimony, interrogatory, answer, admission or other form of evidence or discovery.

3. (a) Any party may designate as "Confidential information," any information or thing used by it in or pertaining to its business which is not generally known and which the designating party would not normally make publicly available and has a legitimate interest in limiting the disclosure of, such as, without limitation, information relating to product design or manufacturing techniques, processing information, formulae, research and development information, customer lists, or sales, cost or pricing information (actual or projected).

(b) Any party may designate as "Attorneys Eyes Only" information, especially sensitive Confidential information, as defined in 3(a) above, which, for example and without limitation, relates to financial information, customer information, sales information, non-public patent applications and related communications, product pricing, future pricing, marketing strategies, strategic planning information, agreements with third parties, information concerning development activities for products, and technical information for products.

4. A party may designate material as Confidential information or Attorneys Eyes Only information at the time it produces the material or thereafter.

5. Confidential information or "Attorneys' Eyes Only" information shall be designated during discovery by the following procedure:

(a) When a document to be produced for inspection contains Confidential information or Attorneys' Eyes Only information, the producing party shall so notify the inspecting party. A document produced for inspection for which such notice been given shall be inspected only by persons identified in paragraph 8 (for Confidential information), or paragraph 9 (for Attorneys' Eyes Only information) of this Agreement.

(b) When an inspecting party requests a copy of a document, the producing party shall designate the copy as containing Confidential information or Attorneys Eyes Only information by marking, according to the provisions of paragraph 6, each page of the copy that is or contains such information. If the first page of a multi-page document

is designated, it shall be presumed that the entire document is subject to the designated level of confidentiality.

(c) When deposition testimony is or contains Confidential information or Attorneys Eyes Only information, any attorney of record present may designate that testimony as containing Confidential information or Attorneys Eyes Only information by notifying others present on the record of the deposition. The deposition reporter shall then so mark each page of the transcript that reports designated testimony. Alternatively, any party may, designate by page and line or exhibit description those portions of the transcript or exhibits which contain Confidential information or Attorneys Eyes Only information.

(d) When responses to interrogatories or requests to admit contain Confidential information or Attorneys Eyes Only information, the responding party shall mark the cover page and each succeeding page of its response that contains Confidential information or Attorneys Eyes Only information pursuant to paragraph 6.

(e) Any Confidential information or Attorneys Eyes Only information documents produced prior to the entry of this Protective Order, which were not so marked or were erroneously marked shall be marked in accordance with this Protective.

6. Confidential information or Attorneys Eyes Only information shall be marked pursuant to paragraph 5 of this Protective Order by the placement of an appropriate stamp, sticker or other indicia of substantially the following form:

**CONFIDENTIAL INFORMATION**
**or**
**ATTORNEYS' EYES ONLY INFORMATION**

7. Any Confidential information or Attorneys Eyes Only information, or any document incorporating such information, that is filed or lodged with the Court shall be marked on the first page, sealed, and delivered to the Clerk of the Court, and shall not be available for public inspection. The envelope used to seal such information or document

shall carry the appropriate notation:

**CONFIDENTIAL INFORMATION**
The contents of this envelope are subject to a Protective Order.
United States District Court for the Southern District of Florida
Palm Beach Division
*Steven A. Silvers v. Google, Inc. v. Steven Silvers,*

*Stelor Productions, Inc., Stelor Productions, LLC, and Steven Esrig*
Civil Action No. 05-80387-CIV (Ryskamp/Vitunac)

or

**ATTORNEYS' EYES ONLY INFORMATION**
The contents of this envelope are subject to a Protective Order.
United States District Court for the Southern District of Florida
Palm Beach Division
*Steven A. Silvers v. Google, Inc. v. Steven Silvers,*
*Stelor Productions, Inc., Stelor Productions, LLC, and Steven Esrig*
Civil Action No. 05-80387-CIV (Ryskamp/Vitunac)

The Clerk shall maintain such information or document under seal subject to further order of the Court. A copy of all material filed or lodged with the Court under seal, redacted to remove all Confidential information, shall be placed in the public court file. Any interested member of the public may challenge the filing under seal and, in the event of such a challenge, the party challenging confidentiality shall have the burden of persuasion.

8. Confidential information may be disclosed only to persons in the following categories who have the actual need to review Confidential information:

(a) Outside attorneys working for a law firm with an appearance for a party in this action;

(b) No more than three (3) employees of a party to this action, provided that, before any Confidential information is disclosed to any such employee, counsel desiring to disclose Confidential information to such employees shall first obtain

a signed undertaking in the form of Appendix A hereto from each such employee and forward a copy to counsel for the designating party and other counsel of record.

(c) any non-attorney support staff who is employed by a law firm and is working directly for an attorney authorized to review Confidential information pursuant to sub-paragraph 8(a) above;

(d) any non-attorney support staff who is employed as a regular employee by an in-house legal department and is working directly for an attorney authorized to review Confidential information pursuant to sub-paragraph 8(b) above;

(e) independent (outside) expert(s) or consultant(s) who has been qualified to have access to Confidential information as provided in paragraph 10 of this Protective Order;

(f) support staff working directly for independent (outside) expert(s) or consultant(s) qualified to have access to Confidential information as provided in paragraph 10 of this Protective Order;

(g) any personnel of the Court and court reporters/videographers retained to record and/or transcribe testimony in this action;

(h) any employee of the party that produced the Confidential information to the extent the employee has authority to access such information;

(i) personnel of photocopy firms or graphics firms engaged by a party; and/or

(j) a former employee or former consultant of the party that produced the Confidential information or Attorneys Eyes Only information who authored, received or was shown the Information during his or her employment by the Party. This paragraph will not prevent the disclosure, during a deposition, of a document containing Confidential information or Attorneys Eyes Only information to a deponent who was an employee of the disclosing party when the document containing the Confidential information or Attorneys Eyes Only information was created. Such deponent may be

shown such document during the course of his or her deposition for the limited purpose of determining whether that document was received by or shown to that deponent during his or her employment by the party. If the former employee recognizes the document, he or she may be subject to further examination regarding that document;

9. Attorneys Eyes Only information may be shown to the persons identified above in paragraph 8, except that Attorneys Eyes Only information may not be shown or disclosed to any employee of the party receiving the Attorneys Eyes Only information as described in paragraph8(b) or 8(d), other than Catherine Lacavera and Rose Hagan of Google, Inc., and their assistants, so long as they are employed by Google as in-house counsel not involved in competitive decision making.

10. Any party may qualify outside experts or consultants, for access to Confidential information or Attorneys Eyes Only information, subject to paragraphs 8 and 9 above. An expert or consultant shall be qualified for access to such information as follows:

(a) The party seeking to have an expert or consultant qualified for access shall provide counsel of record for each party with a statement indicating whether the proposed access is to Confidential information or Attorneys Eyes Only information, a curriculum vitae for that expert or consultant, and a copy of an acknowledgment form, shown as Appendix A to this Protective Order, that has been completed and signed by that expert or consultant.

(b) The other parties shall have seven (7) business days after receipt of the curriculum vitae and acknowledgment form pursuant to subparagraph (a) above in which to deliver to the party seeking to qualify the expert any written objection to the disclosure of Confidential information or Attorneys Eyes Only information to said expert or consultant. If the parties are unable to resolve the objection informally, any party may move the court for an appropriate order. No Confidential information or Attorneys Eyes Only information shall be disclosed to an expert or consultant, in the absence of written

authorization by the party producing such information, until the expiration of the seven-business-day period for the opposing party to make an objection, or if such objection is made, until the resolution of the objection, whether formally or informally.

(c) When a corporation or other organization is engaged as an expert or consultant by a party or its counsel of record, the corporation or organization may become qualified to review Confidential information or Attorneys Eyes Only information under this Protective Order only upon the qualification of each person within such organization or corporation who has access to the Confidential information or Attorneys Eyes Only information.

11. A party may disclose Confidential information or Attorneys Eyes Only information in a Court proceeding upon consent of the designating party or permission of the Court.

12. Notwithstanding the restrictions of this paragraph, an attorney qualified to receive Confidential information or Attorneys Eyes Only information under this Protective Order shall not be precluded (except as set forth in paragraph 9(b) above) from rendering legal advice to or discussing with his or her client the merits of any issue in this litigation, as long as the specific substance or content of Confidential information or Confidential Attorneys Eyes Only information is not revealed to a person not qualified to receive such Confidential information or Attorneys Eyes Only information under the terms of this Protective Order.

13. All Confidential information or Attorneys Eyes Only information shall be used solely in preparation for trial and/or appeal of the above-identified action. These materials shall not be used or disclosed at any other time or for any other purpose whatsoever. Notwithstanding the above or the remainder of this Protective Order, any party may use Confidential information or Attorneys Eyes Only information as a basis for asserting claims or defenses in the lawsuit, provided that the Confidential information or

Attorneys Eyes Only information is not disclosed in a publicly available pleading or otherwise disclosed to the public.

14. It shall be the duty and responsibility of counsel of record to ensure that documents and things containing Confidential information or Attorneys Eyes Only information subject to counsel's control shall at all times be kept in a safe and secure fashion to ensure that such information is not disclosed to or made accessible to persons other than those specifically authorized to review Confidential information or Attorneys Eyes Only information under this Protective Order. Confidential information or Attorneys Eyes Only information of the producing party shall not be kept on any of the premises of the receiving party. Counsel of record shall be directly responsible to the court for fulfilling these responsibilities.

15. The inadvertent or unintended disclosure by a party of privileged, Confidential information or Attorneys Eyes Only information, including but not limited to an inadvertent failure to designate as privileged, Confidential information or Attorneys Eyes Only information shall not be deemed a waiver in whole or in part of a subsequent claim of privilege or protection under this Protective Order, either as to the specific information disclosed or as to any other information, provided that the inadvertent or unintended disclosure is promptly identified by the disclosing party and notice of the claim of privilege or protection is given to the other parties. A party receiving notice of a changed designation or claim of privilege shall take reasonable steps to comply with such designation, including the retrieval of documents that have been distributed in a manner inconsistent with the new designation.

16. A party shall not be obligated to challenge the propriety of any designation of Confidential information or Attorneys Eyes Only information at the time of designation, and a failure to do so shall not preclude a subsequent challenge to the designation. If a party objects to any designation of such information the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot

be resolved informally, any party may seek appropriate relief from the Court. The burden of showing entitlement to a designation of Confidential information or Attorneys Eyes Only information shall be on the designating party. Pending resolution of an objection, the designated material shall be treated as Confidential information or Attorneys Eyes Only information in accordance with the designation.

17. Within forty-five (45) days after the termination of this action including all appeals thereof, the originals and all copies of any Confidential information or Attorneys Eyes Only information shall be destroyed or given to the party that produced such information, or to its attorney, except that a copy of all court filings, discovery responses and court and deposition transcripts (including exhibits) may be retained in the files of outside counsel for the parties. Similarly, correspondence, electronic drafts, written discovery responses, expert reports and attorney notes containing such information may be retained by outside counsel. Any information so retained shall be maintained pursuant to this Protective Order, and by retaining the information, that outside counsel agrees to the continuing jurisdiction of the Court for purposes of enforcing this Protective Order.

18. Counsel of record for each party shall maintain the original signed acknowledgments provided in Paragraph 8(b). Counsel of record responsible for retention of outside consultants or experts shall maintain the original signed acknowledgements provided in Paragraph 10.

19. If any party is required to respond to a government or court order, subpoena, or any request for discovery in litigation that requests, describes or encompasses information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"" by someone other than that party, the party receiving the demand will provide written notice to the designating party at least fourteen (14) days prior to the anticipated disclosure. If any such subpoena, order or discovery request requires compliance in less than fourteen (14) days, the Party receiving the subpoena, court order or discovery

request shall promptly notify the other party of the anticipated disclosure. Absent an order from the appropriate court or tribunal or agreement from the producing entity, the person or party receiving the aforesaid request for information or compulsory process shall not produce in response thereto and shall thereafter do so only insofar as the court or tribunal so orders.

20. If any designated material is disclosed to any person other than as authorized by this Protective Order, the party learning of the disclosure will immediately bring all pertinent facts relating to such disclosure to the attention of the designating party. The party learning of the disclosure will make every reasonable effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part, and will also make every reasonable effort to prevent further use and disclosure on the part of the unauthorized recipient of such information or material.

21. Upon final termination of this action, whether by settlement, dismissal or other disposition, the provisions of this Protective Order shall continue to be binding upon all persons or entities who are subject to the terms hereof, and the court shall retain jurisdiction for enforcement of this Protective Order.

22. Third parties who are requested to produce documents or things or provide testimony in this action may avail themselves of the provisions of the Protective Order and designate documents, things or testimony containing Confidential information or Attorneys Eyes Only information in accordance with the provisions of this Protective Order.

23. Any party may apply to the Court for additional protection or disclosure beyond the terms of this Protective Order with respect to Confidential information or Attorneys Eyes Only information, as that party may consider appropriate, including such information that it may have relating to third parties to this action. Similarly, any party may apply to the Court for relief from the provisions of this Protective Order at any time.

24. Nothing in this Protective Order shall be deemed to be, or construed as, an admission that any Confidential information or Attorneys Eyes Only information is relevant or otherwise admissible in evidence, and the parties expressly reserve all objections as to the admissibility of any Confidential information or Attorneys Eyes Only information at trial.

25. The restrictions and obligations set forth herein relating to Confidential information or Attorneys Eyes Only information shall not apply to any information which (i) is already public knowledge, (ii) becomes public knowledge other than as a result of disclosure by a receiving party, or (iii) has come or shall come into the receiving party's legitimate possession independently of the producing party. The party seeking to use information designated as Confidential information or Attorneys Eyes Only information shall have the burden of proving that it is entitled to the use of such information.

SO STIPULATED: Date: August 22, 2006

| | |
|---|---|
| BURLINGTON, SCHWIEP, KAPLAN & BLONSKY, P.A.<br>Attorneys for Stelor Productions, LLC<br>2699 South Bayshore Drive, Penthouse<br>Miami, Florida 33133<br>Tel: 305-858-2900<br>Fax: 305-858-5261<br>Email: kkaplan@bskblaw.com<br><br>By: /s/ David J. Zack<br>Kevin C. Kaplan<br>Florida Bar No. 933848<br>David J. Zack<br>Florida Bar No. 641685 | Ramsey Al-Salam, Esq.<br>William C. Rava, Esq.<br>PERKINS, COIE LLP<br>Suite 4800<br>1201 Third Avenue<br>Seattle, Washington 98101-3099<br><br>Johanna Calabria<br>Perkins Coie LLP<br>Suite 2400<br>Four Embarcadero Center<br>San Francisco, CA 94111<br>E-mail: jcalabria@perkinscole.com<br><br>By:/s/ Johanna Calabria<br>Admitted *Pro Hac Vice* |
| Steven A. Silvers, *pro se*<br>Suite 202 – PMB 203<br>8983 Okeechobee Boulevard<br>West Palm Beach, Florida 33411<br>Tel: 954-4445-6788<br>Fax: 561-784-9959<br>E-mail: gewrue@hotmail.com<br><br>By: /s/ Steven A. Silvers | |

APPROVED AND SO ORDERED [DE 116]

Dated: 9-15-06

HONORABLE KENNETH L. RYSKAMP

## SERVICE LIST

| | |
|---|---|
| Kevin C. Kaplan, Esq.<br>David J. Zack, Esq.<br>kkaplan@bskblaw.com<br>**BURLINGTON, SCHWIEP, KAPLAN & BLONSKY, P.A.**<br>2699 South Bayshore Drive<br>Miami, FL 33133<br>Telephone: (305) 858-2900<br>Facsimile: (305) 858-5261<br><br>Jan Douglas Atlas, Esq.<br>Florida Bar No. 226246<br>jda@adorno.com<br>Samantha Tesser Haimo, Esq.<br>Florida Bar No. 0148016<br>stesser@adorno.com<br>**ADORNO & YOSS LLP**<br>Suite 1700<br>350 East Las Olas Boulevard<br>Fort Lauderdale, FL 33301<br>Telephone : (954) 763-1200<br>Facsimile: (954) 766-7800<br><br>Steven A. Silvers<br>Suite 202 – PMB 203<br>8983 Okeechobee Boulevard<br>West Palm Beach, Florida 33411<br>Tel: 954-4445-6788<br>Fax: 561-784-9959<br>E-mail: gewrue@hotmail.com | Ramsey M. Al-Salam, Esq.<br>Washington Bar. No. 18822<br>ralsalam@perkinscoie.com<br>William C. Rava, Esq.<br>Washington Bar No. 29948<br>wrava@perkinscoie.com<br>**PERKINS COIE LLP**<br>1201 Third Avenue<br>Suite 4800<br>Seattle, WA 98101-3099<br>Telephone: (206) 359-6338<br>Facsimile: (206) 359-7338<br><br>Johanna Calabria, Esq.<br>California Bar No. 226222<br>jcalabria@perkinscoie.com<br>**PERKINS COIE LLP**<br>Four Embarcadero Center, Suite 2400<br>San Francisco, CA 94111<br>(415) 344-7124/tel<br>(415) 344-7050/fax<br>(415) 722-2992/mobile<br>jcalabria@perkinscoie.com |