UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80387 CIV RYSKAMP/VITUNAC

STEVEN A. SILVERS, an individual,

    Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

    Defendant.
_____/

GOOGLE INC., a Delaware corporation,

    Counterclaimant,

v.

STEVEN A. SILVERS, an individual;
STELOR PRODUCTIONS, INC., a Delaware
Corporation; STELOR PRODUCTIONS, LLC, a
Delaware limited liability company, and
STEVEN ESRIG, an individual,

    Counterdefendants.
_____/

**STELOR PRODUCTIONS, LLC AND STEVEN ESRIG'S MOTION TO STRIKE
SECTION IV OF GOOGLE INC.'S MOTION FOR SUMMARY JUDGMENT
AS TO MONETARY RELIEF AND REQUEST FOR SANCTIONS,
AND IN THE ALTERNATIVE, (1) TO VACATE BIFURCATION ORDER AND
PERMIT FULL DISCOVERY; AND (2) FOR A CONTINUANCE
<u>PURSUANT TO FED. R. CIV. P. 56(F) AND S.D. FLA. LR 7.6</u>**

Stelor Productions, LLC and Steven Esrig, by and through undersigned counsel, hereby

move on the following grounds to Strike Section IV of Google Inc.'s Motion for Summary

BURLINGTON • SCHWIEP • KAPLAN & BLONSKY, P.A.
OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: info@bskblaw.com   WWW.BSKBLAW.COM

Dockets.Justia.com

Judgment as to Monetary Relief; or, in the alternative, (1) to vacate the Court's Bifurcation Order and permit full discovery, and (2) for a continuance:

## INTRODUCTION

Google refuses to play by the rules set by this Court at Google's own request. Google moved to bifurcate the trial, deferring liability and damages issues *and all related discovery* until a second phase of the case. The Court accepted Google's position, and granted the motion.

Incredibly, however, in clear disregard of this Court's order granting Google's motion, Google now asks this Court to decide on summary judgment during Phase I the very liability and damages issues it succeeded in eliminating from Phase I of the case. Google's position is extraordinarily prejudicial to Stelor, highly unfair, and in blatant disregard of the existing orders. Notwithstanding Stelor's requests that Google withdraw its motion, moreover, Google has refused to do so.

Accordingly Section IV of Google's Summary Judgment Motion, which addresses the monetary damages issue, should be stricken, and Stelor should be awarded sanctions for having to file this motion to enforce the Court's Bifurcation Order. Alternatively, the Bifurcation Order should be vacated, Stelor permitted to conduct full discovery, and a continuance of the summary judgment motion granted.

## ARGUMENT

**I.  GOOGLE'S REQUEST TO FILE A SEPARATE MOTION ON MONETARY DAMAGES WAS ALREADY DENIED**

Google already sought leave of court to file a separate summary judgment motion as to "monetary relief" [DE#135]. Stelor opposed that motion as being outside the scope of the Bifurcation Order [DE#136], and the Court denied Google's request [DE#156].

2

BURLINGTON • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM   WWW.BSKBLAW.COM

Google, nevertheless, has now combined its separate motion as to monetary relief into its motion regarding the Phase I issue of validity of the GOOGLES Mark, and refiled a single motion (although weeks after the dispositive motion cut-off). That late-filed combined motion, insofar as it incorporates the argument as to monetary relief, is an improper attempt to circumvent the Court's October 24th Order. Accordingly, for this reason as well as the reasons set forth below, Section IV of the Motion should be stricken.

## II. GOOGLE'S MOTION IS BARRED BY THE BIFURCATION ORDER

### A. Google Requested And Was Granted Bifurcation.

At the outset of this action, Google filed a Motion to Bifurcate [DE#23]. Claiming that a "preliminary issue" existed regarding the validity of Mr. Silvers' federal registration of the GOOGLES AND DESIGN trademark, Google asked to Court to bifurcate the case "to separate the preliminary issue . . . , from the trademark infringement and other liability issues in [the] claims and counterclaims." Motion at 7. Google also requested that the Court "stay discovery as to the trademark infringement claims and counterclaims in order to carry out the goals and purpose of Rule 42(b)." *Id.* Google explained that:

> Discovery on trademark infringement and other liability and relief issues is often time-consuming and expensive, and sometimes contentious. Neither the parties nor the Court should expend resources addressing these issues pending a determination of the [phase I issues]. . . . Furthermore, entering a stay of discovery as to the liability and relief issues would allow the parties to engage in focused, specific discovery aimed solely at determining the parties' respective trademark rights.

*Id.* at 7-8.

The Court accepted Google's position, and granted the Motion by Order dated February 6, 2006 ("Bifurcation Order") [DE#68]. As the Bifurcation Order made clear, the Phase I issues

3

BURLINGTON • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM   WWW.BSKBLAW.COM

included: "the purported assignment of trademark rights from GCW to Silvers," whether or not Silvers could "show that either he or [Google's Children's Workshop] continuously used Google's trademarks," and the crossclaim between Silvers and Stelor. *Id*. at 5 & 6. The Court explicitly *excluded* the issues of liability and damages from Phase I: "[i]n this case the question of ownership involves different factual and legal determinations, compared to the infringement and damages issue." *Id.* at 8. The Court also ruled there was no prejudice to the parties due to bifurcation because "the preliminary issue of ownership is relatively less complicated (and should require a shorter discovery period) than the infringement and damages issues." *Id*. at 11. On November 3, 2006, the Court issued an Order limiting the scope of the Phase I trial to the whether Stelor and Silvers may enforce rights as to third parties. [DE#175]

  **B.** **<u>Stelor Complied With The Bifurcation Order.</u>**

Stelor complied with the terms of the Order, refrained from conducting discovery on the "liability and relief issues" and focused its efforts on developing its case to prove the validity of the GOOGLES registration. In addition, Stelor worked with counsel for Google to define exactly the set of issues involved in Phase I, and the related scope of discovery. As the parties agreed, the critical issue was whether the Googles registration was valid, or whether Google could demonstrate pursuant to 15 U.S.C. §§ 1064(3)(5) & 1115(b)(1) that a fraud had been committed sufficient to invalidate the registration, or that the mark had subsequently been abandoned. *See* Kaplan Declaration, filed herewith, ¶¶ 2-3.

Discovery proceeded limited to those issues. Google vigorously adhered to that limitation in responding to discovery requests. In addition, given the limitations of the Phase I issues and Google's representation that it would not be calling any Google representatives to

4

BURLINGTON · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM    WWW.BSKBLAW.COM

testify at trial, depositions of Google representatives were deferred until Phase II.  *See* Kaplan Decl. ¶ 3.

### C.  Google's Deliberate Disregard Of The Bifurcation Order Is Extraordinarily Prejudicial To Stelor.

Having succeeded in bifurcating the litigation, and limiting discovery and trial in Phase I to the validity of the GOOGLES registration – with "the liability/relief" issues to be considered in Phase II (DE#23 at 15) – Google now unfairly changes position and attempts to bring an improper summary judgment motion as to "monetary relief."  Google's conduct flatly contradicts its own Motion to Bifurcate and violates the Court's Bifurcation Order.

Google's disregard of the Phase I limits, moreover, is extraordinarily prejudicial to Stelor.  Stelor has prepared its case and conducted discovery on the narrow Phase I issues.  As set forth above, Google advised that it had no discoverable information on the Phase I issues and that it would not call any representative to testify at the Phase I trial.  Accordingly, discovery was limited to production of information by Silvers and Stelor, with Stelor producing in excess of 10,000 pages of documents; and depositions of Mr. Silvers, Stelor's representatives, and the attorney for Stelor who had handled the filing of a Combined Declaration under Sections 8 and 15 of the Lanham Act related to the GOOGLES Mark.

Stelor did not conduct discovery on the issue of confusion; nor did Stelor conduct discovery on damages.  These are undeniably at the core of the issues to be addressed in Phase II of the trial.  Discovery into both sets of issues would have involved extensive written discovery requests to Google, Inc.; depositions of Google representatives; and extensive third-party discovery as well.

Clearly, the issue of infringement is complex and not appropriate for decision on a

5

BURLINGTON • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM   WWW.BSKBLAW.COM

summary judgment motion without discovery. Infringement, as this Court has already explained, "requires proof that the alleged infringer's 'actual practice is likely to produce confusion in the minds of consumers about the origin of the goods or services in question.' *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.,* 543 U.S. 111, 117 (2004)." Order at 9. The evaluation of the "proof", moreover, requires a fact-dependent analysis of seven different facts, "used for determining the likelihood of confusion: (1) the type of mark; (2) the similarity of the two marks; (3) the similarity of the goods; (4) the identity of customers and similarity of retail outlets, sometimes called the similarity of trade channels; (5) the similarity of advertising; (6) the intent, that is, good or bad faith, of the alleged infringer; and (7) evidence of actual confusion, if any. *See Carnival Brand Seafood Co. v. Carnival Brands, Inc.,* 187 F.3d 1307, 1311-12 (11th Cir. 1999)." Order at 9-10.

Google, in essence, asks the Court to grant summary judgment based on Google's cursory and unsupported characterization of the facts, without allowing Stelor an opportunity to conduct discovery. That is clearly improper, and should not be permitted. Stelor must be afforded a *full* opportunity to conduct discovery and present its proof relative to all of these factors. Google's characterization of the proof, prior to discovery, is not controlling.

The cursory argument in Google's motion that Plaintiffs cannot show any actual confusion merely highlights the factual issues about which discovery must be conducted. For example, Google claims that potential confusion between the google.com website and the googles.com website is not actionable because the two businesses do not compete. Of course, whether or not the businesses compete is at the heart of the Phase II issues. And, Google's one-sentence claim that there is no competition clearly is not determinative. Stelor must be permitted

6

BURLINGTON • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM    WWW.BSKBLAW.COM

an opportunity to conduct discovery into the scope and nature of Google's business, and to present that evidence to the Court, before summary judgment can be entertained on this issue.

Google's attempted characterization of the beliefs of internet users who land on the parties' respective web site is also not sufficient for entry of summary judgment. Stelor needs to conduct full discovery on that issue as well – including discovery from Google of internal information it may have from web site users confused about the two sites – before Google can legitimately ask this Court to declare no actual confusion exists.[1]

Google also improperly argues that Stelor has no claim to Google's profits. Under established Eleventh Circuit authority, an accounting of Defendant's profits is an element of damages in a trademark claim. *See* 15 USC § 1117(a); *Burger King Corp. v. Mason*, 855 F. 2d 779, 781 (11th Cir. 1988). In prematurely arguing against that here, Google ignores the split in authority about whether a showing of willfulness is even required for an award of the Defendant's profits. *See, e.g.*, *Roulo v. Russ Berrie & Co.*, 886 F.2d 931 (7th Cir. 1989) ("Other than general equitable considerations, there is no express requirement that the parties be in direct competition or that the infringer willfully infringe the trade dress to justify an award of profits.")

Second, even assuming a showing of bad faith is required, it already appears that Google knew of, and disregarded, the GOOGLES Mark when Google applied to register its google mark. *See* Kaplan Decl., Exs. G (testimony of Google's trademark counsel that she conducted a trademark search revealing prior commercial uses of the word Google and discussed these results with Google's founders and outside counsel, who authorized using the Google name anyway)

---

[1] In fact, confusion did occur as demonstrated by, among other things, emails received by Stelor by confused users of the googles.com website. *See* Kaplan Decl., Ex. F. Stelor has not had the opportunity to obtain discovery on email received by Google, as well as other potential evidence demonstrating confusion.

BURLINGTON • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM   WWW.BSKBLAW.COM

and H (Google's trademark search documents showing the Googles trademark). Google's summary assertions that it had no purpose to cause confusion; has not used its trademark for "the purposes of creating confusion"; and did not adopt "its trademark in bad faith" are inconsistent with that evidence. Unless and until those characterizations are tested through discovery, with a full and fair opportunity afforded to Stelor to develop its evidence on these issues, summary judgment is not appropriate.

This is **exactly** the situation that the Ninth Circuit addressed in reversing a summary judgment dismissing a reverse confusion claim and remanding the case for trial, in *Dreamwerks Production Group, Inc. v. SKG Studio,* 142 F.3d 1127 (9th Cir. 1998). There, a small Florida company that held conventions with a Star Trek theme brought a reverse confusion claim against the major Hollywood film studio, DreamWorks. The Florida company had a senior trademark in its name, Dreamwerks. As Judge Kozinski explained,

> While it is somewhat unusual for a famous mark to defend its very existence against a much lesser known mark, Dream Works is in no different a position than any other new company which must ensure that its proposed mark will not infringe on the rights of existing trademark holders. Counsel for Dream Works conducted a diligent search and discovered the Dreamwerks mark, yet failed to make accommodations or select a different mark.

That analysis applies directly here, where Google too was aware of the GOOGLES mark, but nevertheless failed to make an accommodation or select a different mark. Just like Dream Works, Google must face the consequences, including allowing Stelor a full opportunity to conduct discovery and to proceed with its claim for monetary relief.

The Court, therefore, should strike Section IV of Google's Motion for Summary Judgment as to Monetary Relief.

8

BURLINGTON • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM    WWW.BSKBLAW.COM

### III. ALTERNATIVE ARGUMENT TO VACATE BIFURCATION ORDER, PERMIT FULL DISCOVERY, AND GRANT A CONTINUANCE

In the alternative, if Section IV is not stricken, the Court should grant a continuance so that Stelor can properly address the issue of monetary relief. By raising the issue of monetary relief now during Phase I, Google has eviscerated the purpose of the Bifurcation Order. Stelor, Silvers and the Court now must address the complicated damages issue, and the judicial economy benefits heralded by Google no longer exist. Stelor must be permitted discovery to defend the Summary Judgment Motion.

Rule 56(f), Fed. R. Civ. P., states that "should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as it just." Southern District of Florida Local Rule 7.6 states that "upon written notice served and filed at the earliest practical date prior to the trial, pretrial conference or other hearing, and supported by affidavits setting forth a full showing of good cause, a continuance may be granted by the court."

Stelor files herewith the Declaration of Kevin Kaplan setting forth good cause under Rule 56(f) and Local Rule 7.6. As stated in the Kaplan Declaration, Stelor relied on the Bifurcation Order in preparing its case and in taking discovery in the case. (Kaplan Decl. ¶ 2.) Furthermore, Google's attorney confirmed its understanding of the scope issues to be addressed in Phase I, and those issues excluded damages. (*See* Kaplan Decl., Ex. A.) Stelor justifiably relied on the Court's Bifurcation Order and the representations of Google's counsel in preparing its case and taking discovery. If, notwithstanding the clear limitations in the Order, Google is to be permitted

9

BURLINGTON • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM   WWW.BSKBLAW.COM

to address Phase II issues during summary judgment in Phase I, then Stelor needs an opportunity to conduct discovery in order fairly to oppose the Motion.

Accordingly, in the event Section IV of the Motion is not stricken, Stelor requests that the Bifurcation Order be vacated, that Stelor be permitted to conduct full discovery, and that the summary judgment be continued pending completion of that discovery.

## IV. REQUEST FOR SANCTIONS.

Google's improper effort to raise Phase II issues now is also requiring Stelor to expend resources that should be devoted to addressing the Phase I issues legitimately raised (although unfounded) by Google in its Motion. Google is attempting to distract Stelor and this Court, by requiring Stelor to address Google's specious, untimely, unsupported and ineffective arguments as to monetary relief. Google's disregard of the Bifurcation Order has also required Stelor to expend resources filing this motion with the Court.

Stelor attempted in good faith to resolve this issue with Google, requesting that the motion be withdrawn, but Google refused to do so. Thus, upon receiving Google Inc.'s original Motion for Summary Judgment as to Monetary Relief, counsel for Stelor immediately wrote to and called counsel for Google, requesting that the Motion be withdrawn pursuant to Google's representations and the Bifurcation Order. *See* Kaplan Declaration ¶ 5 and Exhibits B through E. Stelor's counsel made numerous attempts to discuss the issue with Google's counsel by phone and by e-mail, but Google intentionally refused to give a definite answer as to whether it would withdraw the Summary Judgment Motion. On October 25, 2006, Google's counsel finally advised that it did not agree to withdraw the Motion. *See* Kaplan Declaration Ex. D. On

10

BURLINGTON • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM   WWW.BSKBLAW.COM

October 26, 2006, Google's counsel informed Stelor that it intended to file a unified motion including both the trademark invalidity and the monetary relief arguments. *Id.*, Ex. E.

For this reason as well, Stelor respectfully requests that sanctions be assessed against Google pursuant to Rule 16(f), Fed. R. Civ. P. and 28 U.SC. § 1927, as well as this Court's inherent authority.

## CONCLUSION

WHEREFORE, Section IV of Google's Summary Judgment Motion, which addresses monetary damages issue clearly outside the scope of Phase I, should be stricken, and Stelor should be awarded sanctions for having to file this motion to enforce the Court's Bifurcation Order. Alternatively, the Bifurcation Order should be vacated, Stelor permitted to conduct full discovery, and a continuance of the summary judgment motion granted.

Respectfully submitted,

s/Kevin C. Kaplan - Florida Bar No. 933848
   David J. Zack - Florida Bar No. 641685
Email:  kkaplan@bskblaw.com
          dzack@bskblaw.com
BURLINGTON, SCHWIEP, KAPLAN &
   BLONSKY, P.A.
Office in the Grove, Penthouse A
2699 South Bayshore Drive
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261
Counsel for STELOR PRODUCTIONS,
   LLC and STEVEN ESRIG

BURLINGTON • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM    WWW.BSKBLAW.COM

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Kevin C. Kaplan

12

BURLINGTON • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM   WWW.BSKBLAW.COM

## SERVICE LIST

### STEVEN A. SILVERS, Plaintiff, v. GOOGLE INC.
### CASE NO. 05-80387 CIV RYSKAMP/VITUNAC
### UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

Robert H. Cooper, Esq.
robert@rcooperpa.com
ROBERT COOPER, P.A.
Concorde Centre II, Suite 704
2999 N.E. 191 Street
Aventura, Florida 33180
Tel: 305-792-4343
Fax: 305-792-0200
Attorney for Plaintiff Steven A. Silvers
Method of Service: Email and U.S. Mail

Ramsey Al-Salam, Esq.
RAlsalam@perkinscoie.com
William C. Rava, Esq.
PERKINS COIE LLP
Suite 4800
1201 Third Avenue
Seattle, Washington 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000
Attorneys for Defendant Google Inc.
Method of Service: Email and U.S. Mail

Jan Douglas Atlas, Esq.
jatlas@adorno.com
ADORNO & YOSS LLP
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Tel: 954-763-1200
Fax. 954-766-7800
Attorneys for Defendant Google Inc.
Method of Service: CM/ECF

Johanna Calabria, Esq.
PERKINS COIE LLP
Suite 2400
Four Embarcadero Center
San Francisco, CA 94111
Tel: 415-344-7050
Fax: 415-344-7124
E-mail: jcalabria@perkinscoie.com
Attorneys for Defendant Google Inc.
Method of Service: Email and U.S. Mail

BURLINGTON • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: info@bskblaw.com   WWW.BSKBLAW.COM