UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80387 CIV RYSKAMP/VITUNAC

STEVEN A. SILVERS, an individual,

    Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

    Defendant.
_____/

GOOGLE INC., a Delaware corporation,

    Counterclaimant,

v.

STEVEN A. SILVERS, an individual;
STELOR PRODUCTIONS, INC., a Delaware
Corporation; STELOR PRODUCTIONS, LLC, a
Delaware limited liability company, and
STEVEN ESRIG, an individual,

    Counterdefendants.
_____/

## DECLARATION OF KEVIN C. KAPLAN

I, Kevin C. Kaplan, hereby declare as follows:

1. I am a shareholder with the firm of Burlington, Schwiep, Kaplan & Blonsky, P.A., counsel of record for the plaintiff in this matter. I submit this Declaration in support of Declaration in support of Stelor and Steven Esrig's Motion to Strike Section IV of Google Inc.s Motion for Summary Judgment as to Monetary Relief and Request for Sanctions, and in the

BURLINGTON · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM   WWW.BSKBLAW.COM

Alternative, (1) to Vacate Bifurcation Order and Permit Full Discovery; and (2) for a Continuance Pursuant to Fed. R. Civ. P. 56(F) and S.D. Fla. LR 7.6.

2. Stelor relied on and complied with the Court's Bifurcation Order. Google's Motion to Bifurcate and the Bifurcation Order made clear that issues of liability and relief, including damages, were excluded from Phase I of the litigation. Accordingly, in compliance with that Order, Stelor refrained from taking discovery on liability and damages issues that the Court had excluded from consideration on Phase I of the litigation.

3. Furthermore, Stelor coordinated with Google's counsel to confirm Google's position on the scope of Phase I, which excluded any mention of damages. A true and correct copy of emails among counsel dated August 14, 2006 through August 22, 2006 is attached hereto as Exhibit A. In addition, Google's counsel represented that they would not be calling any Google representative at the Phase I trial. Accordingly, all depositions of Google were deferred until Phase II.

4. When Google's counsel advised that they intended to file a summary judgment motion related to damages, we immediately advised them of our concern that the issues raised by such a motion would be outside the scope of the Phase I issues.

5. Upon our receipt of the Motion for Summary Judgment as to Monetary Damages, we again advised Google of our position that the Motion was improper, and asked Google's counsel to withdraw the Motion for Summary Judgment as to Monetary Relief in light of the Bifurcation Order. Attached as Exhibit B is a true and correct copy of an October 18, 2006 letter from David Zack to Ramsey Al-Salam. Attached as Exhibit C is a true and correct copy of an October 23, 2006 email from Kevin Kaplan to Ramsey Al-Salam.

6. On October 25, 2006, Google's counsel informed me that Google did not intend to withdraw the summary judgment motion as to monetary relief. Attached hereto as Exhibit D is a true and correct copy of an October 25, 2006 email exchange among counsel.

7. Finally, on October 26, 2006, Google's counsel informed us that Google intended to file a unified summary judgment motion presenting both the trademark registration and the monetary relief argument, hopefully by the next day. Attached hereto as Exhibit E is a true and correct copy of an October 26, 2006 email exchange among counsel.

8. Google filed and served its revised Summary Judgment Motion at the end of the day on October 27, 2006. The revised motion raises issues as to damages and confusion between the Googles and Google marks. *See* Google's Motion for Summary Judgment of October 27, 2006 at 20.

9. Stelor clearly requires an opportunity to conduct discovery on liability and damages issues prior to the Court's resolution of Google's summary judgment arguments related to damages. Stelor firmly believes that, through discovery, it can demonstrate the factual basis for its claim for monetary relief against Google, including Google's bad faith in infringing the Googles mark. That discovery will consist of requests for Google documentation, including financial documentation, and depositions of Google representatives (and potentially others) with knowledge related to Google's revenues, costs and profits generally, as well as in relevant areas of its business. The discovery will show Google's profits for purposes of establishing that portion of Stelor's damages, Google's improper competition with and infringement of the Googles mark and Google's bad faith.

3

10. Indeed, Stelor already has information clearly establishing Google's knowledge of, and total disregard for, the Googles mark prior to Google's application to register its own mark. That Google would proceed with its application to register its own mark under such circumstances is itself indicative of bad faith.

11. Attached as Exhibit G are true and correct copies of selected pages of the deposition testimony of Rose Hagen of Google, Inc. taken in Xtraplus Corp. v. Google, Inc., No. C01-20425 JF (PVT) (N.D. Cal.). Attached as Exhibit H is a true and correct copy of notes on Google Inc.'s trademark search.

12. Google's attempt to inject into Phase I, through a summary judgment motion filed months after the close of discovery, issues that are so clearly outside the scope of that Phase, as defined by Google's own Motion to Bifurcate and the Court's Bifurcation Order, is overwhelmingly prejudicial to Stelor. Unless and until Stelor has an opportunity to develop its position by conducting necessary discovery, Stelor cannot properly oppose the issues raised by Google. The prejudice to Stelor will be insurmountable, unless the motion as to monetary damages is stricken.

13. Attached hereto at exhibit F are true and correct copies of emails received by Stelor, documenting the confusion of those using the googles.com website.

I declare under penalties of perjury that the foregoing is true and correct. Dated this 3rd day of November, 2006.

*[signature]*
Kevin C. Kaplan

4

BURLINGTON · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM   WWW.BSKBLAW.COM