UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL DIVISION

CASE NO. 05-80387-CIV-RYSKAMP/VITUNAC

Steven A. Silvers, an individual
    Plaintiff

v.

Google Inc., a Delaware corporation
    Defendant
_____

**Silvers Declaration in Opposition to Stelor's Motion for Summary Judgment**

1. As a result of Stelor's continued allegations that my previous terminations were ineffective, on August 27th, 2006 I again put Stelor on notice that it was in breach of the license agreement and I identified the numerous than existing breaches of the license agreement.

2. I did not intend this to be a waiver of my position in this action that the agreement was already terminated. However, Stelor has taken the position that it is continuing to perform its obligations under the license agreement despite my purported termination.

3. Stelor therefore had 60 days from August 27, 2006 to cure those breaches.

4. Stelor did not cure all of those breaches within 60 days of August 27, 2006. I will explain in detail below.

5. With regard to the false advertising in paragraph 2, Stelor changed Grammy award winning to "award winning". To the best of my knowledge, it never won an award and this is still false advertising. I was also never provided with copies of this advertisement in advance for my review in further breach of the license agreement.

6. With regard to paragraph 3, Stelor did nothing to cure the Troodles from Troo issues due to the similarity and potential confusion with the licensed trademark Googles from Goo.

7. With regard to paragraph 4, in the 60 days following the notice letter, Stelor did nothing to commercialize the characters of the Googles family known as GooBoo, GooRoo and Goolala. Although Stelor filed applications for each of them, they failed to commercialize any of them and thus failed during the 60 days to obtain trademarks for any of them.

8. With regard to paragraph 5, Stelor during the 60 day period (not to mention since June 2002) continued to fail to reasonable commercialize any of the licensed intellectual property other than music downloads on I-tunes, which according to Stelor has generated $2.00 in income. As a result, Stelor had jeopardized the ability of Silvers to file a Section 8\15 affidavit to protect the trademark status in international class code 028 (plush toys).

9. I have had numerous health issues and I was very concerned that I would be financially able to continue paying for my health insurance which at the time of settlement agreement had increased to just under a $1,000.00 a month. I directly informed Steven Esrig at the time of my need to insure that my health insurance premiums would be paid.

I swear under penalties of perjury that the above facts are true and correct and based upon my personal knowledge.



s/  Steven Silvers
Steven Silvers.



                                                  Robert H. Cooper P.A.
                                                  2999 N.E. 191 St. Suite 704
                                                  Miami, Fl. 33180
                                                  305-792-4343 (direct extension)
                                                  305-792-0200 (fax)
                                                  robert@rcooperpa.com
                                                  Fl. Bar No. 0650323


                                                  __/s Robert Cooper
                                                  Robert H. Cooper
                                                  for the Firm.