UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80387 CIV RYSKAMP/VITUNAC

STEVEN A. SILVERS, an individual,

    Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

    Defendant.
_____/

GOOGLE INC., a Delaware corporation,

    Counterclaimant,

v.

STEVEN A. SILVERS, an individual;
STELOR PRODUCTIONS, INC., a Delaware
Corporation; STELOR PRODUCTIONS, LLC, a
Delaware limited liability company, and
STEVEN ESRIG, an individual,

    Counterdefendants.
_____/

### STELOR PRODUCTIONS, LLC'S [1] OPPOSITION TO SILVERS' MOTION TO BE EXCUSED FROM FILING A "STATE IN A DISPUTED FACTS" [SIC] AND [2] CROSS MOTION BY STELOR TO DEEM <u>AS ADMITTED STELOR'S STATEMENT OF FACTS</u>

Stelor Productions, LLC hereby opposes Silvers' Motion for Relief from the obligation to file a statement of material facts in opposition to Stelor's Motion for Summary Judgment. Stelor also cross-moves for an Order deeming the facts set forth in Stelor's statement of material facts to be admitted.

BURLINGTON · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: info@bskblaw.com  www.bskblaw.com

Dockets.Justia.com

## INTRODUCTION

Although Silvers has obtained multiple enlargements of time for the filing of his opposition to Stelor's Summary Judgment, he still fails to comply with the express requirement of the Local Rules to file "a single concise statement of the materials facts as to which it is contended that there exists a genuine issue to be tried." S.D. Fla. Local Rules, Rule 7.5.B. Rather than filing the required statement – designed to ensure that the opposing party clearly frames what he contends the factual issues to be -- Silvers seeks either to be excused entirely from this requirement, or to be afforded yet another enlargement of time (15 more days) to submit it. Either request would clearly prejudice Stelor.

Relieving Silvers from the modest obligation to provide a statement forces Stelor to play a guessing a game about which of the facts set forth in Stelor's Concise Statement are contested, and what (if anything) in the record creates the factual dispute. Allowing Silvers additional time, on the other hand, imposes an unfair burden on Stelor in preparing its reply memorandum within the required time.

Accordingly, Stelor requests that Silvers' motion be denied, and the facts set forth in Stelor's Statement be deemed admitted pursuant to Local Rule 7.5.D. Alternatively, Silvers should be ordered immediately to file the required statement, and Stelor afforded a corresponding enlargement of time to serve its Reply.

2

BURLINGTON • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM   WWW.BSKBLAW.COM

**ARGUMENT**

A.  **SILVERS HAS VIOLATED THE EXPRESS REQUIREMENTS OF LOCAL RULE 7.5**

The requirements in the Local Rules for filing a concise statement of material facts are straightforward and express: a party opposing a motion for summary judgment must file "a single concise statement of the materials facts as to which it is contended that there exists a genuine issue to be tried." Local Rule 7.5.B. The opposition statement of material facts "shall … [b]e supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the court." Local Rule 7.5.C.

The purpose of this Local Rule is to require the non-movant squarely and expressly to present the facts he claims to be disputed for trial. "Judges are not obliged to scour the record looking for a factual dispute without assistance from the parties." Judge William W. Schwarzer, FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 14:102.2 at 14-27 (Rutter Group 2005). This requirement of preparing a statement of material fact is not a "mere formality," and as the courts have emphasized, the failure to prepare a statement is "fatal." *See Waldridge v. American Hoechst Corp.*, 24 F. 3d 918, 924 (7th Cir. 1994). "The modest demand that the opposing party specify the facts in controversy is entirely compatible with Rule 56." Schwarzer at § 14:102.2; *see also*, *Huey v. United Parcel Service, Inc.*, 165 F. 3d 1084, 1085 (7th Cir. 1999) (upholding trial court's acceptance of the movant's presentation of the facts following the plaintiff's failure to comply with local rule requiring the non-movant to identify disputed facts).

Thus, by failing to provide the statement, Silvers, who is represented by counsel, seeks to impose on Stelor – as well as this Court – the unfair burden of searching Silvers' summary

3

BURLINGTON • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM   WWW.BSKBLAW.COM

judgment opposition for material issues of fact for trial. Silvers' refusal to prepare the statement is clearly designed to prejudice Stelor by foreclosing it from addressing allegedly disputed facts on reply.

**B.   STELOR'S STATEMENT OF FACTS SHOULD BE DEEMED ADMITTED AND SUMMARY JUDGMENT ENTERED AGAINST SILVERS.**

The Local Rules specify the remedy for Silvers' refusal to provide the required statement of disputed facts:

> All material facts set forth in the movant's statement filed and supported as required by Local Rule 7.5.C **will be deemed admitted** unless controverted by the opposing party's statement, provided that the court finds that the movant's statement is supported by evidence in the record.

Local Rule 7.5.D (emphasis added). Applying this Rule here, the Court should deem admitted the facts set forth in Stelor's well-supported statement of facts. *See Moore v. Miami-Dade County*, No. 02-33421-Civ-Gold, 2005 WL 3273722, at *4 n. 3 (S.D. Fla. Sept. 30, 2006) ("Plaintiffs did not file a statement of material facts, pursuant to Local Rule 7.5B. Thus, Plaintiffs did not controvert Defendants' statement of facts, and pursuant to Local Rule 7.5 D, Defendants' statement of material facts is deemed admitted."); *Sharp v. General Motors Acceptance*, No. 1:04-CV-2692-WSD, 2005 WL 3455850, at *1 (N.D. Ga. Dec. 16, 2005) (holding that the defendant's statement of material facts would be deemed admitted due to the plaintiff's failure to dispute the defendant's statement in the manner required by local rule).

Silvers' failure to meet his obligations as required by the Local Rules, therefore, should result in the entry of summary judgment against him. *See* Schwarzer § 14:102.4 ("summary

4

BURLINGTON • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: info@bskblaw.com   www.bskblaw.com

judgment may be upheld on the basis of uncontroverted assertions and the moving party's 'statement of undisputed facts.'")

The Court should also reject Silvers' claim that the Memorandum in Opposition clearly sets forth the disputed facts.  Silvers asserts in opposition to the summary judgment motion that "Stelor not only incorrectly states that many of the facts are undisputed which are in fact disputed, but Stelor fails to mention the numerous facts in its motion or in its statement of material facts which are material to the issues before this Court in summary judgment." (D.E. 193 at 1.)  Yet, Silvers blatantly ignores his obligation to specify which of the facts set forth in Stelor's Statement – in separately numbered paragraphs – are disputed, with a corresponding citation to the portion of the record Silvers claims creates the dispute.  This is exactly the situation the Local Rule is designed to prevent.  "[J]udges need not paw over the files without assistance from the parties."  *Huey*, 165 F.3d at 1085.  Nor should Stelor be sandbagged by unidentified disputed facts to which it cannot reply.  *Waldridge*, 24 F. 3d at 923 (rules requiring a statement of material fact "benefit the parties themselves by requiring their opponents to clarify exactly what they dispute and on what evidence they rely.")

**C.    ALLOWING SILVERS MORE TIME UNFAIRLY PREJUDICES STELOR.**

Silvers also requests that "in the event this Court will not excuse Sivlers [sic] from the requirements of filing a separate statement of undisputed facts, Silvers requests fifteen days to file such a statement." (D.E. 194 ¶ 4.)  Allowing Silvers yet another enlargement, however, would unduly burden Stelor.  Under Local Rule 7.1, Stelor has five days to serve its reply.  If the Court were to grant Silvers another 15 days to provide a statement of undisputed facts, Stelor

5

BURLINGTON • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM   WWW.BSKBLAW.COM

will not be able to address those supposed facts in its reply. Even a shorter enlargement would place Stelor at a great disadvantage due to the short timeframe for it to reply.

Nor does Silvers begin to give good cause for his failure timely to provide a statement of material facts. His first excuse is that counsel has only recently appeared in the action. Yet, this Court has already accommodated Silvers' new counsel with two enlargements of time to respond to the summary judgment motion, totaling thirty-six days. (DE 157 and 190.) Counsel, moreover, has been involved in this case since at least October 10, 2006, when he appeared at Mr. Silvers' deposition. Silvers and his lawyer have had ample time to serve the opposition papers required by the Local Rules.

## CONCLUSION

Enough is enough. Notwithstanding two extensions of time, Silvers still cannot or will not delineate what facts he purportedly disputes. Under the Local Rule, the consequence is clear: Silvers' refusal to comply with this obligation means that he is unable to identify any disputed facts to contradict Stelor's statement of undisputed fact. Silvers should be deemed to have admitted Stelor's statement of facts, and summary judgment should be entered against him.

WHEREFORE, Stelor respectfully requests that this Court deny Silvers' motion, deem Stelor's statement of undisputed facts as admitted under Local Rule 7.5.D, and enter summary judgment in favor of Stelor. In the event Silvers is to be afforded yet another enlargement of time to comply with the Court's rules, Stelor requests a corresponding enlargement to serve its reply.

6

BURLINGTON • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: info@bskblaw.com   www.bskblaw.com

Respectfully submitted,

s/Kevin C. Kaplan - Florida Bar No. 933848
   David J. Zack - Florida Bar No. 641685
Email:  kkaplan@bskblaw.com
            dzack@bskblaw.com
BURLINGTON, SCHWIEP, KAPLAN &
   BLONSKY, P.A.
Office in the Grove, Penthouse A
2699 South Bayshore Drive
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261
Counsel for STELOR PRODUCTIONS,
   LLC and STEVEN ESRIG

CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Kevin C. Kaplan

BURLINGTON • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM    WWW.BSKBLAW.COM

## SERVICE LIST

### STEVEN A. SILVERS, Plaintiff, v. GOOGLE INC.
### CASE NO. 05-80387 CIV RYSKAMP/VITUNAC
### UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

Robert H. Cooper, Esq.
robert@rcooperpa.com
ROBERT COOPER, P.A.
Concorde Centre II, Suite 704
2999 N.E. 191 Street
Aventura, Florida 33180
Tel: 305-792-4343
Fax: 305-792-0200
*Attorney for Plaintiff Steven A. Silvers*
Method of Service: CM/ECF

Ramsey Al-Salam, Esq.
RAlsalam@perkinscoie.com
William C. Rava, Esq.
PERKINS COIE LLP
Suite 4800
1201 Third Avenue
Seattle, Washington 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000
*Attorneys for Defendant Google Inc.*
Method of Service: U.S. Mail and Email

Johanna Calabria, Esq.
PERKINS COIE LLP
Suite 2400
Four Embarcadero Center
San Francisco, CA 94111
Tel: 415-344-7050
Fax: 415-344-7124
E-mail: jcalabria@perkinscoie.com
*Attorneys for Defendant Google Inc.*
Method of Service: U.S. Mail and Email

Jan Douglas Atlas, Esq.
jatlas@adorno.com
ADORNO & YOSS LLP
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Tel: 954-763-1200
Fax. 954-766-7800
Attorneys for Defendant Google Inc.
Method of Service: CM/ECF

BURLINGTON • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM   WWW.BSKBLAW.COM