# Exhibit 3

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by Stelor Productions, Inc. ("Stelor") and Steven A. Silvers ("Silvers"). Stelor and Silvers are collectively referred to herein as "the Parties."

WHEREAS, Stelor brought a complaint in the United States District Court for the Southern District of Florida (Case No. 04-80954-CIV-HURLEY) against Silvers alleging breach of, (1) the License, Distribution and Manufacturing Agreement; and (2) the Letter Agreement;

WHEREAS, Silvers brought a counter-complaint against Stelor alleging breach of, (1) the License, Distribution and Manufacturing Agreement; and (2) the Letter Agreement;

WHEREAS, Silvers on January 13, 2005 sent a notice of termination of the Licensing, Distribution and Manufacturing Agreement to Stelor;

WHEREAS, Stelor has invested substantial time, effort, and money in developing a business involving the GOOGLES IP and fully intends to continue developing and commercializing such business, including sub-licensing some or all of the GOOGLES IP;

WHEREAS, the Parties intend that full performance by each Party of its obligations under this agreement cures the breaches alleged against each by the other Party, and

WHEREAS, the Parties wish to resolve all of the foregoing disputes to their mutual satisfaction.

//

//

SILVERS /s/                                    1                                    STELOR_____

THEREFORE, the Parties hereby agree as follows:

1. <u>Domain Name Administration:</u>

   a. Silvers shall give Stelor, as the administrative contact for the GOOGLES IP domain names, the right to control the DNS records and make changes to the administrative contact information for all GOOGLES IP domain names, and shall advise the domain name registrar known as godaddy.com to this effect. Silvers will provide proof that Stelor has such rights no later than February 15, 2005. Silvers shall cooperate with any other request from Stelor regarding necessary administrative issues relating to the domain names, and all communications by Silvers, relating to domain names, shall be through Kozyak Tropin and Throckmorton ("KTT").

   b. KTT will create and control a domain name renewal database to ensure timely renewal of domain names owned by Silvers, and will communicate with Stelor's counsel regarding any deadlines or other administrative issues.

2. <u>Pending and Future Actions Relating to the GOOGLES IP:</u> Silvers will cooperate with Stelor and Stelor's counsel in all respects in pending and future trademark and domain name dispute proceedings filed by Stelor, including but without limitation, providing any and all documents and other evidence needed to support Stelor's position.

3. <u>The License, Distribution and Manufacturing Agreement:</u> Silvers withdraws his notice of termination of the License Agreement, and reaffirms his obligations under

SILVERS _____   2   STELOR _____

THEREFORE, the Parties hereby agree as follows:

1. <u>Domain Name Administration:</u>

   a. Silvers shall give Stelor, as the administrative contact for these domain names, the right to control the DNS records and make changes to the administrative contact information for all GOOGLES IP domain names, and shall advise the domain name registrar known as godaddy.com to this effect. Silvers will provide proof that Stelor has such rights no later than February 15, 2005. Silvers shall cooperate with any other request from Stelor regarding necessary administrative issues relating to the domain names, and all communications by Silvers, relating to domain names, shall be through Kozyak Tropin and Throckmorton ("KTT").

   b. KTT will create and control a domain name renewal database to ensure timely renewal of domain names owned by Silvers, and will communicate with Stelor's counsel regarding any deadlines or other administrative issues.

2. <u>Pending and Future Actions Relating to the GOOGLES IP:</u> Silvers will cooperate with Stelor and Stelor's counsel in all respects in pending and future trademark and domain name dispute proceedings filed by Stelor, including but without limitation, providing any and all documents and other evidence needed to support Stelor's position.

3. <u>The License, Distribution and Manufacturing Agreement:</u> Silvers withdraws his notice of termination of the License Agreement, and reaffirms his obligations under

SILVERS _/s/_                      2                      STELOR_____

the License Agreement.

4. <u>Post-Settlement Communications:</u>   Silvers shall communicate with Stelor solely through KTT.

5. <u>USPTO Correspondent of Record:</u>   Silvers shall change the correspondent on all GOOGLES IP trademark applications and registrations to the name of Stelor's counsel no later than February 15, 2005, and shall not change the correspondent in the future as long as the Licensing, Manufacturing and Distribution Agreement is in effect. Stelor's counsel shall copy KTT with all correspondence to and from the USPTO

6. <u>Sale or Assignment of the GOOGLES IP:</u> KTT and Stelor's counsel shall include each other in any and all negotiations and discussions with Google Inc. that relate to resolving the pending trademark and domain name disputes or the sale or assignment of the GOOGLES IP.

7. <u>Domain Name Renewal Expenses:</u>   Stelor agrees to reimburse Silvers for documented expenses incurred to date in renewing GOOGLES IP domain names. Future GOOGLES IP domain name renewal expenses will be reimbursed by Stelor. All requests for reimbursement will be submitted by KTT to Stelor, and all payments by Stelor will be sent to Silvers through KTT.

8. <u>Options Acknowledgement:</u> Stelor agrees that it will confirm in writing that no additional options have been granted that would obligate it to provide such options under the now expired Letter Agreement.

9. <u>LLC Acknowledgement:</u> The Parties acknowledge that Stelor Inc., a Delaware "C" Corporation, is in the process of converting to a Delaware LLC. Any options granted

SILVERS _/s/_                        3                        STELOR_____

to Silvers from the Stelor Inc. "C" Corporation will be converted to a like amount of unit interests under the LLC.

10. <u>Royalty Advances:</u>

   a. For as long as the Licensing, Distribution and Manufacturing Agreement is in effect, Stelor shall advance Silvers $60,000 a year against future royalties. The advance will be made in equal monthly installments payable on the first of each month beginning February 1, 2005.

   b. For as long as the Licensing, Distribution and Manufacturing Agreement is in effect, Stelor will provide Silvers with an additional monthly advance on expected future royalties equivalent to that amount required by Silvers to maintain his insurance coverage through the Aurora Collection, Inc. (or other insurance or medical provider of Silvers' choosing), as long as such coverage is offered. Such advance will not exceed $1,000 per month.

   c. Stelor will reimburse Silvers for insurance premiums through the expiration of the "Letter Agreement," not to exceed $4,000. Such reimbursements will be provided to Silvers within 15 days of Stelor receiving evidence of paid premiums.

11. <u>Recoupment and Termination of Royalty Advances:</u>   Royalties advanced under this Agreement will be recaptured by Stelor once royalty payments exceed the amount specified in paragraph 8. Such deductions will not exceed 20% of any given royalty payment.

12. <u>Royalty Statements:</u>   Stelor shall confirm in writing that no royalty payments are outstanding, and thus no royalty statements are due.

SILVERS _/s/_                4                STELOR _____

13. <u>Trademark Registrations:</u>  Stelor shall provide to Silvers through KTT proof that all applications and registrations for trademarks and domain names with the "GOO" prefix or identified as Googles IP in the License Agreement filed by or on behalf of Stelor show Silvers as the owner.

14. <u>Audit:</u>  Stelor shall cooperate in the audit of the books and records of Stelor by Aronson and Company onsite at Stelor Productions as per section IV of the Licensing, Distribution and Manufacturing Agreement. Any information obtained by the auditor will be restricted to KTT, on an "attorneys' eyes only" basis and the identity of any licensee, sub-licensee, vendor, or any other third-party shall remain confidential.

15. <u>Licensed Products Samples:</u>  Stelor shall provide Silvers through KTT samples of any Licensed Product that is being offered for sale.

16. <u>USPTO Correspondence:</u>  Stelor's counsel shall keep KTT advised as to the status of any pending or future trademark or domain name disputes filed by Stelor against Google Inc. by copying KTT on all pleadings and correspondence, and by giving notice to KTT of any other trademark or domain name disputes filed against Google Inc.

17. <u>Reservation of Jurisdiction:</u>  The Parties agree to submit to the exclusive continuing jurisdiction of the United States District Court, Southern District of Florida, for enforcement of all provisions of this Agreement. In the event that a dispute arises concerning the obligations of any Party under this Agreement, the Parties agree to submit any such dispute to this court for resolution. The successful or prevailing party (as determined by the Court) shall be entitled to recover its reasonable attorneys'

SILVERS _____    5    STELOR _____

fees and other costs incurred in that litigation from the unsuccessful or non-prevailing party in addition to any other relief to which the prevailing party might be entitled.

18. <u>Injunctive Relief:</u> The Parties hereby agree that there is no adequate remedy of law in the event that either party negotiates or settles the disputes with Google Inc. without the other party. In the event that either party attempts to negotiate with Google Inc. without the other party's participation, that shall be a breach of this Agreement, and such breach will create irreparable harm, and that injunctive relief will be necessary to maintain the rights of the non-breaching party. Accordingly, each party agrees to such injunctive relief.

19. <u>Joint Settlement Negotiations with Google Inc.:</u>

    a. In view of the current existence of litigation and proceedings in the TTAB, jointly referred to as "Litigation", the parties recognize the need to resolve this Litigation reasonably such that Stelor can continue to develop and promote its business.

    b. Due to the present status of development of Stelor's business, any event that causes Stelor to delay offering its web-based service to the public will cause severe injury to Stelor. Silvers therefore agrees that, in the event of a settlement with Google Inc., he will not object to Stelor's continued use of the googles.com domain to transition to a new domain name. The length of time of such transition will be at Stelor's sole discretion.

    c. In the event of a monetary, stock, or similar settlement with Google Inc., Such sale will include a complete sale or assignment of the GOOGLES IP, The proceeds from that settlement shall be divided as follows:

SILVERS _/s/_    6    STELOR_____

Silvers shall receive 70% of the first $30 million; 50% of the next $20 million; 30% of the next $30 million; 20% of the next $20 million; 10% of the next $20 million and 5% of any amount over $120 million, with the remainder in each case going to Stelor Silver's total share of the proceeds shall not exceed $50 Million in any event.

d. Nothing in this provision creates an affirmative action by either party to enter any settlement with Google Inc., or to sell or assign the GOOGLES IP to Google Inc. Silvers understands and agrees that he cannot sell or assign the GOOGLES IP to Google Inc. without obtaining Stelor's written approval. Both parties agree that they will negotiate in good faith.

20. <u>Confidentiality and Disposition of this Action:</u>

a. The settlement shall not be provided to the court unless necessary to enforce rights, and then under seal. A Joint Stipulated motion to withdraw actions shall be filed no later than Friday, January 28, 2005. The fact that a settlement has been reached and all terms and obligations shall be confidential except to the extent necessary to advise Google Inc. that the parties have resolved all differences.

b. The complaint and counterclaim shall be dismissed without prejudice.

21. <u>Exclusive Authority/No Assignment:</u>

a. Stelor and Silvers represent and warrant that no other person or entity has or had any interest in the Claims, demands, obligations, or causes of action

SILVERS _/s/_   7   STELOR_____

released as part of this Agreement, that they have the sole right and exclusive authority to execute this Agreement and receive the considerations specified herein, and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the Claims, demands, obligations, or causes of action released as part of this Agreement.

b. The signatories to this Agreement each warrant that they have the power to bind the person or entity on whose behalf they signed, and will hold harmless any party to this Agreement for any attorney fees, costs, expenses, or damages incurred or paid as a result of finding that such person or entity lacks such authority, or does not have sole right to the Claims that are the subject of this Agreement, or that any such Claim has been assigned.

22. <u>Voluntary Agreement</u>: Stelor and Silvers each represent that the Agreement is freely and voluntarily entered into, with the independent advice of each party's attorneys and they have not been induced to execute this Agreement by reason of the disclosure or non-disclosure of any fact or representation not set forth in this Agreement.

23. <u>Non-disparagement</u>: Each Party, on behalf of itself, its officers, directors, attorneys, agents, and employees, agrees not to make or publish, either orally or in writing, any disparaging statements concerning the other Party or its current and former officers, directors, attorneys, agents, shareholders, or employees.

24. <u>Entire Agreement</u>: This Agreement constitutes the entire agreement between the parties and supersedes all prior and contemporaneous contracts, agreements, promises

SILVERS _[signature]_                8                STELOR_____

and understandings, with the exception of the License, Distribution and Manufacturing Agreement as well as the Letter Agreement previously entered into by the parties. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by Stelor and Silvers. No representations, circumstances or conditions existing before the Agreement shall be used in any way by any party to the Agreement to modify the Agreement.

25. <u>Joint Preparation</u>: Stelor and Silvers declare that they have read this Agreement, and know and understand its contents, and they each comprehend and agree to all its terms, conditions, and meanings and their significance; all signatories and their counsel have cooperated in the drafting and preparation of this Agreement, and this Agreement therefore shall not be construed against any signatory. The Agreement shall not be construed against any of them based upon any claim of unequal sophistication or bargaining power.

26. <u>Governing Law</u>: This Agreement shall be deemed to be made under, shall be construed in accordance with, and shall be governed by the laws of the State of Florida.

27. <u>Duplicate Originals</u>: This Agreement may be executed in duplicate originals, each of which is equally admissible in evidence in an action to enforce this Agreement, and each original shall fully bind each party who has executed it.

28. <u>Facsimile Signatures</u>: The signatures required for the execution of this Agreement may be transmitted by facsimile, and any such signature shall be deemed a duplicate original, and may be admitted in evidence and shall fully bind the party and person making such signature.

SILVERS _/s/_              9              STELOR_____

29. <u>Effective Date</u>:  The Effective Date of this agreement shall be the date on which all Parties have signed this Agreement.

30. <u>Each Party Agrees to operate in good faith as to the terms of this agreement.</u>

[Signature Page Follows]

SILVERS /s/

10

STELOR _____

THE FOREGOING IS AGREED TO BY:

DATED: January ___, 2005         Stelor Productions, Inc.

                                 By: _____

                                 Its: _____

DATED: January 28th, 2005        Steven A. Silvers

                                 By: /s/ Steven A. Silvers

APPROVED AS TO FORM AND CONTENT:

DATED: January 28, 2005          Summers Rubinstein, P.C.

                                 By: /s/ Yano L. Rubinstein

                                 Yano L. Rubinstein, Esq.

                                 Attorneys for Stelor Productions, Inc.

DATED: January 28, 2005          Kozyak, Tropin & Throckmorton, P.A.

                                 By: /s/ Gail McQuilkin

                                 Gail McQuilkin, Esq.

                                 Attorneys for Steven A. Silvers

SILVERS _____                  11                    STELOR _____