Page 2


In addition, Mr. Silvers is requesting that a number of samples of all Licensed Products manufactured, or in production be produced during this audit.

You, or your counsel, should schedule and coordinate the audit through us by providing us with a date and location.

Very truly yours,

Gail A. McQuilkin

c:      Steven Silvers
        Kenneth R. Hartmann, Esq.

/245617.1

GAIL A MCQUILKIN - Googles

**From:**     GAIL A MCQUILKIN
**To:**       kkaplan@bwskb.com
**Date:**     3/2/2005 4:42:32 PM
**Subject:**  Googles

Kevin -

Here are the issues we need to resolve under the settlement agreement:

1. Silvers is owed two checks for $5000 each for Feb and March. The checks going forward need to be to me by the 1st of the month.

2. Attached is the chart showing payments made by Silvers on his insurance premiums during the life of the consulting agreement. The only two payments Stelor is **not** to reimburse him for are Dec 2004 and Jan 2005. Under the settlement he is to be reimbursed staring Feb. 1. He is now owed for March 2005 too. By my calculation the total it comes to $5,141.96.

3. Health insurance termination. This is very critical to Silvers so that he can continue with health care coverage. Silvers is trying to convert to an individual plan through NHP, Aurora's insurance company. That will reduce the premiums by a couple hundred dollars a month. But to do that Aurora needs to **send to Neighborhood Health Partnership on Aurora official letter head, addressed to "Premium Services" informing them that April 1, 2005, Aurora will no longer be offering health insurance benefits to "ANY" of their employees, and that they have informed Steven A. Silvers of this event and that he has 63 days within which to secure a non-group conversion policy.** This really needs to get done asap for everyone's benefit.

4. Silvers is owed for domain name registration renewals. He submitted the receipts for these to Stelor already for $318.00.

5. Options. Under the consulting agreement Silvers was entitled to 1,000 options for Stelor stock under Stelor stock option plan, and another 1,000 if anyone's available options increase. Before the settlement, Stelor sent Silvers an option agreement that provided only for 1000 options that would vest over time. As part of the settlement Stelor was to provide written confirmation that no additional options have been granted.

6. Stelor needs to confirm in writing that no royalty payments to Silvers are outstanding and thus no royalty statements are due.

7. Audit. We need a date for the auditor to go to Stelor. As we discussed, the sooner the better, and we can work on how we will use him to benefit our negotiations with Inc.

8. Stelor needs to provide us with samples of all products they are offering for sale.

9. Stelor needs to provide proof that all trademark applications and registrations and domain names with the "GOO" prefix or identified as Googles IP in the License Agreement show Silvers as the owner.

One of the things Silvers needed to do was to change the correspondent on all trademark registrations to Larry Hefter. We did that and I have informed Larry of that.

Yano and I discussed the issue of the domain name password. Under the agreement Silvers agreed to give Stelor as the Admin contact the ability to control the DNS records (to select and change the server). We learned form Godaddy that it cannot do that so it is impossible to do. Yano and I agreed that if Stelor needs to change the server for the domain name, they will call me and I will have the records changed and that will satisfy this.

REDACTED

GAIL A MCQUILKIN - Googles

**REDACTED**

Talk to you soon.

Gail A. McQuilkin, Esq.
Kozyak Tropin & Throckmorton, PA
2525 Ponce de Leon
Coral Gables, FL 33134
(305) 372-1800 office
(305) 372-3508 fax
gam@kttlaw.com

GAIL A MCQUILKIN - Googles

| | |
|---|---|
| **From:** | "Kevin C. Kaplan" <kkaplan@bwskb.com> |
| **To:** | <GAM@kttlaw.com> |
| **Date:** | 3/5/2005 10:17:04 AM |
| **Subject:** | Googles |

Gail,

I have the following information in response to your recent email.

1. I understand you received the checks.

2. Stelor finds the chart confusing. Please just provide us with receipts or proof of the actual payments, and Stelor will provide the reimbursement.

3. Stelor is just trying to work through the pending issues with Aurora, and is committed to taking care of this issue expeditiously. Please allow Stelor a few more days to do so.

4. Stelor has no record of receiving the receipts. Please provide us with copies, and Stelor will provide the reimbursement.

5. Stelor will confirm in writing that no one's available options have increased.

6. Stelor will provide written confirmation.

7. Stelor will provide a date prior to March 15, 2005.

8. There are no such samples, as Stelor is not yet offering any product for sale.

9. Stelor will provide proof regarding the applications, registrations and names.

10. By the same token, Stelor requires proof that Silvers changed the correspondent information. As of my last conversation with Larry Hefter, he was unaware that had been done. Please provide us with this proof as soon as possible.

## REDACTED

Kevin

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Kevin C. Kaplan, Esq.
Burlington, Weil, Schwiep,
   Kaplan & Blonsky, PA
2699 S. Bayshore Drive, Penthouse
Miami, Florida 33133
Tel: (305) 858-2900
Fax: (305) 858-5261
kkaplan@bwskb.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

GAIL A MCQUILKIN - Googles

CONFIDENTIALITY NOTE: This electronic message transmission contains information from the law firm of Aragon, Burlington, Weil, Schwiep, Kaplan & Blonsky, PA, which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, please immediately delete this e-mail and be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

-----Original Message-----
From: GAIL A MCQUILKIN [mailto:GAM@kttlaw.com]
Sent: Wednesday, March 02, 2005 4:43 PM
To: Kevin C. Kaplan
Subject: Googles

Kevin -

   Here are the issues we need to resolve under the settlement agreement:

1. Silvers is owed two checks for $5000 each for Feb and March. The checks going forward need to be to me by the 1st of the month.

2. Attached is the chart showing payments made by Silvers on his insurance premiums during the life of the consulting agreement. The only two payments Stelor is not to reimburse him for are Dec 2004 and Jan 2005. Under the settlement he is to be reimbursed staring Feb. 1. He is now owed for March 2005 too. By my calculation the total it comes to $5,141.96.

3. Health insurance termination. This is very critical to Silvers so that he can continue with health care coverage. Silvers is trying to convert to an individual plan through NHP, Aurora's insurance company. That will reduce the premiums by a couple hundred dollars a month. But to do that Aurora needs to send to Neighborhood Health Partnership on Aurora official letter head, addressed to "Premium Services" informing them that April 1, 2005, Aurora will no longer be offering health insurance benefits to "ANY" of their employees, and that they have informed Steven A. Silvers of this event and that he has 63 days within which to secure a non-group conversion policy. This really needs to get done asap for everyone's benefit.

4. Silvers is owed for domain name registration renewals. He submitted the receipts for these to Stelor already for $318.00.

5. Options. Under the consulting agreement Silvers was entitled to 1,000 options for Stelor stock under Stelor stock option plan, and another 1,000 if anyone's available options increase. Before the settlement, Stelor sent Silvers an option agreement that provided only for 1000 options that would vest over time. As part of the settlement Stelor was to provide written confirmation that no additional options have been granted.

6. Stelor needs to confirm in writing that no royalty payments to Silvers are outstanding and thus no royalty statements are due.

GAIL A MCQUILKIN - Googles

7. Audit. We need a date for the auditor to go to Stelor. As we discussed, the sooner the better, and we can work on how we will use him to benefit our negotiations with Inc.

8. Stelor needs to provide us with samples of all products they are offering for sale.

9. Stelor needs to provide proof that all trademark applications and registrations and domain names with the "GOO" prefix or identified as Googles IP in the License Agreement show Silvers as the owner.

One of the things Silvers needed to do was to change the correspondent on all trademark registrations to Larry Hefter. We did that and I have informed Larry of that.

Yano and I discussed the issue of the domain name password. Under the agreement Silvers agreed to give Stelor as the Admin contact the ability to control the DNS records (to select and change the server). We learned form Godaddy that it cannot do that so it is impossible to do. Yano and I agreed that if Stelor needs to change the server for the domain name, they will call me and I will have the records changed and that will satisfy this.

**REDACTED**

Talk to you soon.

Gail A. McQuilkin, Esq.
Kozyak Tropin & Throckmorton, PA
2525 Ponce de Leon
Coral Gables, FL 33134
(305) 372-1800 office
(305) 372-3508 fax
gam@kttlaw.com

## GAIL A MCQUILKIN - Re: Googles

| | |
|---|---|
| **From:** | GAIL A MCQUILKIN |
| **To:** | Kevin C. Kaplan |
| **Date:** | 3/5/2005 11:12 AM |
| **Subject:** | Re: Googles |

Kevin -

REDACTED

1. I understand you received the checks. **Yes we did.**

2. Stelor finds the chart confusing. Please just provide us with receipts or proof of the actual payments, and Stelor will provide the reimbursement. **There is nothing in the least bit confusing about the chart. Stelor has three days to get us the check. FYI - putting aside the amounts paid thru Nov that Silvers is to be reimbursed for, the settlement was signed in Jan and Stelor was to provide us up front payment for Feb (which they did not) and March (which they did not).**

3. Stelor is just trying to work through the pending issues with Aurora, and is committed to taking care of this issue expeditiously. Please allow Stelor a few more days to do so. **They have three days.**

4. Stelor has no record of receiving the receipts. Please provide us with copies, and Stelor will provide the reimbursement. **He has provided these three times already. They have three days to pay.**

5. Stelor will confirm in writing that no one's available options have increased. **Make it under oath, notarized, under penalty of perjury.**

6. Stelor will provide written confirmation. **Make it under oath, notarized and under penalty of perjury.**

7. Stelor will provide a date prior to March 15, 2005. **Three days to give us a date.**

8. There are no such samples, as Stelor is not yet offering any product for sale. **Make it under oath, notarized, and under penalty of perjury.**

9. Stelor will provide proof regarding the applications, registrations and names. **They have three days**

10. By the same token, Stelor requires proof that Silvers changed the correspondent information. As of my last conversation with Larry Hefter, he was unaware that had been done. Please provide us with this proof as soon as possible. **There is nothing in the agreement that obligates us to do this, and everything was changed electronically so there is nothing to provide. Stelor knows how to go online to the USPTO office to view the changes. It will take all of ten minutes to do this. I talked to Larry and showed him the e-mail I had sent him, and he knows about the changes.**

REDACTED

REDACTED

Gail A. McQuilkin, Esq.
Kozyak Tropin & Throckmorton, PA
2525 Ponce de Leon
Coral Gables, FL 33134
(305) 372-1800 office
(305) 372-3508 fax
gam@kttlaw.com

>>> "Kevin C. Kaplan" <kkaplan@bwskb.com> 3/5/2005 10:15:01 AM >>>
Gail,

I have the following information in response to your recent email.

1. I understand you received the checks.

2. Stelor finds the chart confusing. Please just provide us with
receipts or proof of the actual payments, and Stelor will provide the
reimbursement.

3. Stelor is just trying to work through the pending issues with
Aurora, and is committed to taking care of this issue expeditiously.
Please allow Stelor a few more days to do so.

4. Stelor has no record of receiving the receipts. Please provide us
with copies, and Stelor will provide the reimbursement.

5. Stelor will confirm in writing that no one's available options have
increased.

6. Stelor will provide written confirmation.

7. Stelor will provide a date prior to March 15, 2005.

8. There are no such samples, as Stelor is not yet offering any product
for sale.

9. Stelor will provide proof regarding the applications, registrations
and names.

10. By the same token, Stelor requires proof that Silvers changed the
correspondent information. As of my last conversation with Larry
Hefter, he was unaware that had been done. Please provide us with this
proof as soon as possible.

I appreciate your view on providing information to Bridges. I will get
back to you on that quickly.

Kevin

*******************************************
Kevin C. Kaplan, Esq.
Burlington, Weil, Schwiep,

Kaplan & Blonsky, PA
2699 S. Bayshore Drive, Penthouse
Miami, Florida 33133
Tel: (305) 858-2900
Fax: (305) 858-5261
kkaplan@bwskb.com

*******************************************
CONFIDENTIALITY NOTE: This electronic message transmission contains
information from the law firm of Aragon, Burlington, Weil, Schwiep,
Kaplan & Blonsky, PA, which may be confidential or privileged. The
information is intended to be for the use of the individual or entity
named above. If you are not the intended recipient, please immediately
delete this e-mail and be aware that any disclosure, copying,
distribution or use of the contents of this information is prohibited.

-----Original Message-----
From: GAIL A MCQUILKIN [mailto:GAM@kttlaw.com]
Sent: Wednesday, March 02, 2005 4:43 PM
To: Kevin C. Kaplan
Subject: Googles

Kevin -

    Here are the issues we need to resolve under the settlement
agreement:

1.  Silvers is owed two checks for $5000 each for Feb and March. The
checks going forward need to be to me by the 1st of the month.

2.  Attached is the chart showing payments made by Silvers on his
insurance premiums during the life of the consulting agreement. The
only two payments Stelor is not to reimburse him for are Dec 2004 and
Jan 2005. Under the settlement he is to be reimbursed staring Feb. 1.
He is now owed for March 2005 too. By my calculation the total it comes
to $5,141.96.

3.  Health insurance termination. This is very critical to Silvers so
that he can continue with health care coverage. Silvers is trying to
convert to an individual plan through NHP, Aurora's insurance company.
That will reduce the premiums by a couple hundred dollars a month. But
to do that Aurora needs to send to Neighborhood Health Partnership on
Aurora official letter head, addressed to "Premium Services" informing
them that April 1, 2005, Aurora will no longer be offering health
insurance benefits to "ANY" of their employees, and that they have
informed Steven A. Silvers of this event and that he has 63 days within
which to secure a non-group conversion policy. This really needs to get
done asap for everyone's benefit.

4.  Silvers is owed  for domain name registration renewals. He
submitted the receipts for these to Stelor already for $318.00.

5.  Options. Under the consulting agreement Silvers was entitled to
1,000 options for Stelor stock under Stelor stock option plan, and

another 1,000 if anyone's available options increase. Before the settlement, Stelor sent Silvers an option agreement that provided only for 1000 options that would vest over time. As part of the settlement Stelor was to provide written confirmation that no additional options have been granted.

6. Stelor needs to confirm in writing that no royalty payments to Silvers are outstanding and thus no royalty statements are due.

7. Audit. We need a date for the auditor to go to Stelor. As we discussed, the sooner the better, and we can work on how we will use him to benefit our negotiations with Inc.

8. Stelor needs to provide us with samples of all products they are offering for sale.

9. Stelor needs to provide proof that all trademark applications and registrations and domain names with the "GOO" prefix or identified as Googles IP in the License Agreement show Silvers as the owner.

One of the things Silvers needed to do was to change the correspondent on all trademark registrations to Larry Hefter. We did that and I have informed Larry of that.

Yano and I discussed the issue of the domain name password. Under the agreement Silvers agreed to give Stelor as the Admin contact the ability to control the DNS records (to select and change the server). We learned form Godaddy that it cannot do that so it is impossible to do. Yano and I agreed that if Stelor needs to change the server for the domain name, they will call me and I will have the records changed and that will satisfy this.

**REDACTED**

Talk to you soon.

Gail A. McQuilkin, Esq.
Kozyak Tropin & Throckmorton, PA
2525 Ponce de Leon
Coral Gables, FL 33134
(305) 372-1800 office
(305) 372-3508 fax
gam@kttlaw.com

## GAIL A MCQUILKIN - dates for audit

**From:**    GAIL A MCQUILKIN
**To:**      kkaplan@bwskb.com
**Date:**    3/22/2005 11:55 AM
**Subject:** dates for audit

Kevin -

   We need to set up the date for the auditor to go to Stelor. These are they dates they have open. Let me know today which dates works best. Otherwise I will just select one. Thanks.

Thursday March 31st, Friday April 1st, or Monday April 4th.

Gail A. McQuilkin, Esq.
Kozyak Tropin & Throckmorton, PA
2525 Ponce de Leon
Coral Gables, FL 33134
(305) 372-1800 office
(305) 372-3508 fax
gam@kttlaw.com

## GAIL A MCQUILKIN - RE: dates for audit

| | |
|---|---|
| **From:** | "Kevin C. Kaplan" <kkaplan@bwskb.com> |
| **To:** | "GAIL A MCQUILKIN" <GAM@kttlaw.com> |
| **Date:** | 3/23/2005 9:24 AM |
| **Subject:** | RE: dates for audit |

Gail,

Can you send me over the documents confirming the scope of your proposed audit.   Is there an engagement letter or other correspondence?  We'll call you at 11 today.

Kevin

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Kevin C. Kaplan, Esq.

Aragon, Burlington, Weil

  Schwiep, Kaplan & Blonsky, PA

2699 S. Bayshore Drive, Penthouse

Miami, Florida 33133

Tel:  (305) 858-2900

Fax: (305) 858-5261

kkaplan@abwlaw.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTE:  This electronic message transmission contains information from the law firm of Burlington, Weil, Schwiep, Kaplan & Blonsky, PA, which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, please immediately delete this e-mail and be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

**From:** GAIL A MCQUILKIN [mailto:GAM@kttlaw.com]
**Sent:** Tuesday, March 22, 2005 11:55 AM

**To:** Kevin C. Kaplan
**Subject:** dates for audit

Kevin -

   We need to set up the date for the auditor to go to Stelor.  These are they dates they have open.  Let me know today which dates works best.  Otherwise I will just select one.  Thanks.

Thursday March 31st, Friday April 1st , or Monday April 4th.

Gail A. McQuilkin, Esq.
Kozyak Tropin & Throckmorton, PA
2525 Ponce de Leon
Coral Gables, FL 33134
(305) 372-1800 office
(305) 372-3508 fax
gam@kttlaw.com

## GAIL A MCQUILKIN - RE: dates for audit

| | |
|---|---|
| **From:** | GAIL A MCQUILKIN |
| **To:** | Kevin Kaplan |
| **Date:** | 3/23/2005 9:47 AM |
| **Subject:** | RE: dates for audit |

The scope of the audit based on Silvers' rights under the license agreement is : "Stelor's books and records and all other dcouments and material in the possession of or under the control of Stelor with respect to the subject matter of the License Agreement." I think that just about covers everything that Stelor has relating to the Googles project. FYI - based on our settlement, the results of the audit are for attorney eyes only.

REDACTED

Gail A. McQuilkin, Esq.
Kozyak Tropin & Throckmorton, PA
2525 Ponce de Leon
Coral Gables, FL 33134
(305) 372-1800 office
(305) 372-3508 fax
gam@kttlaw.com

>>> "Kevin C. Kaplan" <kkaplan@bwskb.com> 03/23/05 9:22 AM >>>

Gail,


Can you send me over the documents confirming the scope of your proposed audit. Is there an engagement letter or other correspondence? We'll call you at 11 today.



Kevin



*******************************************

Kevin C. Kaplan, Esq.

Aragon, Burlington, Weil

  Schwiep, Kaplan & Blonsky, PA

2699 S. Bayshore Drive, Penthouse

Miami, Florida 33133

Tel· (305) 858-2900

Fax: (305) 858-5261

## GAIL A MCQUILKIN - audit

| | |
|---|---|
| **From:** | GAIL A MCQUILKIN |
| **To:** | kkaplan@bwskb.com |
| **Date:** | 4/22/2005 1:34 PM |
| **Subject:** | audit |

Kevin -

   The auditor is preparing a letter that will outline the documents and records he will need available at Stelor to do the audit. He needs to schedule the date for his visit. Please give me a date in the next two weeks, other than April 28th and 29th which are not good for him, for the visit. Thanks.

Gail.

Gail A. McQuilkin, Esq.
Kozyak Tropin & Throckmorton, PA
2525 Ponce de Leon
Coral Gables, FL 33134
(305) 372-1800 office
(305) 372-3508 fax
gam@kttlaw.com

## GAIL A MCQUILKIN - RE: audit

| | |
|---|---|
| **From:** | GAIL A MCQUILKIN |
| **To:** | Kevin Kaplan |
| **Date:** | 4/22/2005 4:20 PM |
| **Subject:** | RE: audit |

I'd have to clear off some appointments but it may be possible.  What about the audit dates?

Gail A. McQuilkin, Esq.
Kozyak Tropin & Throckmorton, PA
2525 Ponce de Leon
Coral Gables, FL 33134
(305) 372-1800 office
(305) 372-3508 fax
gam@kttlaw.com

>>> "Kevin C. Kaplan" <kkaplan@bwskb.com> 04/22/05 2:21 PM >>>

I have received several fedex boxes of information from Stelor addressing the questions you have raised in preparation of the complaint.  Are you available Monday afternoon to come over and look?


*********************************************

Kevin C. Kaplan, Esq.

Burlington, Weil, Schwiep,

   Kaplan & Blonsky, PA

2699 S. Bayshore Drive, Penthouse

Miami, Florida 33133

Tel:  (305) 858-2900

Fax: (305) 858-5261

kkaplan@bwskb.com



*************************************

CONFIDENTIALITY NOTE:  This electronic message transmission contains information from the law firm of Burlington, Weil, Schwiep, Kaplan & Blonsky, PA, which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, please immediately delete this e-mail and be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

**From:** GAIL A MCQUILKIN [mailto:GAM@kttlaw.com]
**Sent:** Friday, April 22, 2005 1:35 PM
**To:** Kevin C. Kaplan
**Subject:** audit

Kevin -

  The auditor is preparing a letter that will outline the documents and records he will need available at Stelor to do the audit.  He needs to schedule the date for his visit.  Please give me a date in the next two weeks, other than April 28th and 29th which are not good for him, for the visit.  Thanks.

Gail.

Gail A. McQuilkin, Esq.
Kozyak Tropin & Throckmorton, PA
2525 Ponce de Leon
Coral Gables, FL 33134
(305) 372-1800 office
(305) 372-3508 fax
gam@kttlaw.com

## GAIL A MCQUILKIN - RE: audit

| | |
|---|---|
| **From:** | "Kevin C. Kaplan" <kkaplan@bwskb.com> |
| **To:** | "GAIL A MCQUILKIN" <GAM@kttlaw.com> |
| **Date:** | 4/22/2005 5:27 PM |
| **Subject:** | RE: audit |

I've forwarded it on to Steve, but haven't heard back yet. He may come down Monday too.

*******************************************

Kevin C. Kaplan, Esq.

Burlington, Weil, Schwiep,

  Kaplan & Blonsky, PA

2699 S. Bayshore Drive, Penthouse

Miami, Florida 33133

Tel: (305) 858-2900

Fax: (305) 858-5261

kkaplan@bwskb.com

*******************************************

CONFIDENTIALITY NOTE: This electronic message transmission contains information from the law firm of Burlington, Weil, Schwiep, Kaplan & Blonsky, PA, which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, please immediately delete this e-mail and be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

**From:** GAIL A MCQUILKIN [mailto:GAM@kttlaw.com]
**Sent:** Friday, April 22, 2005 4:21 PM
**To:** Kevin C. Kaplan
**Subject:** RE: audit

I'd have to clear off some appointments but it may be possible. What about the audit dates?

Gail A. McQuilkin, Esq.
Kozyak Tropin & Throckmorton, PA

2525 Ponce de Leon
Coral Gables, FL 33134
(305) 372-1800 office
(305) 372-3508 fax
gam@kttlaw.com

>>> "Kevin C. Kaplan" <kkaplan@bwskb.com> 04/22/05 2:21 PM >>>

I have received several fedex boxes of information from Stelor addressing the questions you have raised in preparation of the complaint. Are you available Monday afternoon to come over and look?


*****************************************

Kevin C. Kaplan, Esq.

Burlington, Weil, Schwiep,

  Kaplan & Blonsky, PA

2699 S. Bayshore Drive, Penthouse

Miami, Florida 33133

Tel: (305) 858-2900

Fax: (305) 858-5261

kkaplan@bwskb.com


*****************************************

CONFIDENTIALITY NOTE: This electronic message transmission contains information from the law firm of Burlington, Weil, Schwiep, Kaplan & Blonsky, PA, which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, please immediately delete this e-mail and be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

From: GAIL A MCQUILKIN [mailto:GAM@kttlaw.com]
Sent: Friday, April 22, 2005 1:35 PM
To: Kevin C. Kaplan
Subject: audit


Kevin -

  The auditor is preparing a letter that will outline the documents and records he will need available at Stelor to do the audit. He needs to schedule the date for his visit. Please give me a date in the next two weeks, other than April 28th and 29th which are not good for him, for the visit. Thanks.

Gail.

Gail A. McQuilkin, Esq.
Kozyak Tropin & Throckmorton, PA
2525 Ponce de Leon
Coral Gables, FL 33134
(305) 372-1800 office
(305) 372-3508 fax
gam@kttlaw.com

# GAIL A MCQUILKIN - Re: Inc

**From:**    GAIL A MCQUILKIN
**To:**    Kevin Kaplan
**Date:**    4/25/2005 9:43 AM
**Subject:**    Re: Inc

Kevin -

No, I cannot be there tomorrow. Please let me know what is in the boxes so I can at least determine if it is relevant. I need the date for the audit. Thanks.

Gail.

Gail A. McQuilkin, Esq.
Kozyak Tropin & Throckmorton, PA
2525 Ponce de Leon
Coral Gables, FL 33134
(305) 372-1800 office
(305) 372-3508 fax
gam@kttlaw.com

>>> "Kevin C. Kaplan" <kkaplan@bwskb.com> 04/25/05 9:21 AM >>>
Gail,

Steve plans to be in Miami tomorrow. Can you meet at our office at 2:00 p.m.? Please confirm. We will have the Stelor information for your review. We expect you will have a draft of the complaint for our review.

In terms of schedule, I am leaving town on Friday for vacation. Stelor and I plan to have the complaint filed (or ready to be filed) before I leave. Please help us with that goal by circulating your draft.

*******************************************
Kevin C. Kaplan, Esq.
Burlington, Weil, Schwiep,
  Kaplan & Blonsky, PA
2699 S. Bayshore Drive, Penthouse
Miami, Florida 33133
Tel: (305) 858-2900
Fax: (305) 858-5261
kkaplan@bwskb.com

*******************************************

CONFIDENTIALITY NOTE: This electronic message transmission contains information from the law firm of Burlington, Weil, Schwiep, Kaplan & Blonsky, PA, which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, please immediately delete this e-mail and be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

# EXHIBIT "G"

LAW OFFICES
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 PONCE DE LEON • 9TH FLOOR
CORAL GABLES, FLORIDA 33134-6037

TELEPHONE (305) 372-1800
TELECOPIER (305) 372-3508

Via Federal Express
AWB#7927-7747-7745

November 12, 2004

Steven A. Esrig
Stelor Productions, Inc.
14701 Mockingbird Drive
Darnestown, Maryland 20874

    Re:    Silvers/Stelor License Agreement

Dear Mr. Esrig:

    We represent Steven Silvers, Licensor under that License, Distribution and Manufacturing Agreement dated June 1, 2002 ("Agreement"). Pursuant to paragraph IX-A of the Agreement, this serves as notice that Stelor has breached the Agreement and that Mr. Silvers will exercise his right to terminate the Agreement unless Stelor cures the following breaches within 60 days:

    a.    Failure to pay royalties under paragraph III (A);

    b.    Failure to provide a written certified royalty statement under paragraph III (C);

    c.    Failure to provide a list of all sub licenses under paragraph III (C);

    d.    Failure to use commercially reasonable efforts to promote, market, sell and distribute the Licensed Products under paragraph V (B)(iii);

    e.    Failure to accommodate Licensor's request to audit the books and records of Stelor made under paragraph IV (A) and (C);

    f.    Failure to provide samples of all Licensed Products you intend to manufacture and sell, and all promotional and advertising materials associated with those products under paragraph VI (C);

    g.    Failure to include appropriate legal notices with the Licensed Products under paragraph VI(A);

    h.    Failure to maintain the requisite level of quality for the Licensed Products under paragraph VI (B);

Page 2

     i.    Failure to maintain Licensor's Intellectual Property Rights, namely failure to maintain the domain names googlegame.com, googlesgames.com, and googlegame.com, under paragraph VIII;

     j.    Failure to register Licensor's Intellectual Property Rights in the name of Licensor, and instead registering copyrights and trademarks in Stelor's name;

     k.    Failure to oppose trademark applications for the name Googles, and the domain name registration googles.org, and otherwise protect the Licensed Intellectual Property; and

     l.    Unlawful use of the limited power of attorney granted under the Agreement, namely retaining counsel for Mr. Silvers without his knowledge or consent, filing an action in the name of Mr. Silvers to dispute Google, Inc.'s right to use the domain name google.com, and filing an answer in the name of Mr. Silvers in Cancellation Proceeding 92043737.

This also serves as notice under the Letter Agreement dated June 1, 2002, that Stelor has breached the Letter Agreement by its:

     a.  Failure to pay Mr. Silvers consultancy fees and expenses;

     b.  Failure to provide Mr. Silvers with an agreement granting him stock options for 1,000 shares of Stelor's stock;

     c.  Making unauthorized statements and representations on behalf of Mr. Silvers; and

     d.  Attempting to transfer, release and waive Mr. Silvers right, title, and interest in his intellectual property.

Pursuant to paragraph 1 of the Letter Agreement, Mr. Silvers will exercise his right to terminate the License, Distribution and Manufacturing Agreement unless Stelor cures these breaches within 30 days.

Very truly yours,

Gail A. McQuilkin

c:    Steven A. Silvers
      Laurence Hefter

f245015.1

# EXHIBIT "H"

LAW OFFICES

KOZYAK TROPIN & THROCKMORTON, P.A.

2525 PONCE DE LEON • 9TH FLOOR

CORAL GABLES, FLORIDA 33134-6037

GAIL A. MCQUILKIN
DIRECT DIAL (305) 377-0655
gam@kttlaw.com

TELEPHONE (305) 372-1800
TELECOPIER (305) 372-3508

Via Federal Express
AWB# 7914-4506-9106

January 13, 2005

Steven A. Esrig
Stelor Productions, Inc.
14701 Mockingbird Drive
Darnestown, Maryland 20874

Re:    Silvers/Stelor License Agreement

Dear Mr. Esrig:

As you know we represent Steven Silvers, Licensor under the License, Distribution and Manufacturing Agreement dated June 1, 2002 ("License Agreement"), and party to the Letter Agreement dated June 1, 2002 ("Letter Agreement"). On November 12, 2004 we served notice on Stelor that it was in breach of several material provisions of both the License Agreement and Letter Agreement, a copy of which is attached.

Pursuant to paragraph 1(c) of the Letter Agreement, and paragraph IX-A of the License Agreement, this serves as notice that Mr. Silvers is exercising his option to terminate the License Agreement for Stelor's failure to cure its breach of the Letter Agreement within thirty (30) days, and breach of the License Agreement within sixty (60) days.

Pursuant to paragraph X of the License Agreement, Stelor must immediately provide Mr. Silvers with a complete schedule of all inventory of Licensed Products on hand or on order. Stelor has six (6) months to continue to sell this inventory in accordance with the License Agreement. So long as Stelor is actively selling its inventory of Licensed Products, it may continue the use of the Licensed Intellectual Property associated with the inventory for this period. Outside the scope of its efforts to sell its inventory of Licensed Products, Stelor must immediately cease use of the Licensed Intellectual Property, including names, trademarks, signs, advertising and anything else that might make it appear that it is still handling the articles and products of Mr. Silver. Further, Stelor must return to Mr. Silvers all material relating to the Licensed Intellectual Property and inform its sub-licensees of the termination of the License Agreement.

Because the License Agreement is terminated, Stelor may not proceed to represent the interests of Mr. Silvers in TTAB Opposition Proceeding No. 91161251, TTAB Cancellation Proceeding No. 92043496, the domain dispute against Google pending before the National

Steven A. Esrig
Page 2

Arbitration Forum, or participate in TTAB Cancellation Proceeding No. 92043737. And, because the License Agreement is terminated, the action pending in federal district court is now moot. Thus, we will file the appropriate notices in these proceedings.

Our client regrets that this relationship did not work out, and would like very much to keep the relationship amicable throughout the six month inventory sell-off period.

Sincerely,

Gail A. McQuillkin

c:    Steven A. Silvers
      Laurence Hefter
      Yano A. Rubinstein
      William Borchard

1242587.1

# EXHIBIT "I"

LAW OFFICES

# KOZYAK TROPIN & THROCKMORTON, P.A.

2525 PONCE DE LEON • 9TH FLOOR

CORAL GABLES, FLORIDA 33134-6037

GAIL A. MCQUILKIN
DIRECT DIAL (305) 377-0656
gam@kttlaw.com

TELEPHONE (305) 372-1800
TELECOPIER (305) 372-3508

Via Federal Express
AWB# 7929-0844-8480

April 27, 2005

Steven A. Esrig
Stelor Productions, Inc.
14701 Mockingbird Drive
Darnestown, Maryland 20874

Re:    Silvers/Stelor License Agreement

Dear Mr. Esrig:

On November 12, 2004, we served notice on Stelor that it was in breach of several material provisions of both the License Agreement and Letter Agreement, a copy of which is attached. Because Stelor did not cure those breaches, on January 13, 2005 we served on Stelor a notice of termination of the License Agreement, a copy of which is attached.

On January 28, 2005, Stelor and Silvers entered into a Settlement Agreement in which Silvers agreed to withdraw his notice of termination provided Stelor perform its obligations under the Settlement Agreement. Stelor, however, has:

- failed to provide Silvers with unit interests in Stelor LLC under paragraph 9;

- failed to pay Silvers monthly installments on royalty advances on the first of every month under paragraph 10 (a);

- failed to pay on April 1, 2005 the monthly advance on royalties required by Silver to maintain his insurance coverage through the Aurora Collection under paragraph 10 (b);

- failed to cooperate in the audit of the books and records of Stelor under paragraph 14; and

- failed to provide Silvers samples of Licensed Products that are being offered for sale under paragraph 15.

Furthermore, although Stelor has provided a written statement that it is not offering any

Page 2

Furthermore, although Stelor has provided a written statement that it is not offering any products for sale, and no royalties due, that statement has proven to be false.

Stelor continues to be in breach of the License Agreement as outlined in our letter of November 12, 2004. This is to provide notice to you that due to Stelor's failure to perform its obligations under the Settlement Agreement, and failure to cure the breaches under the License Agreement, Silvers is reinstating his notice of termination of the License Agreement effective immediately.

Pursuant to paragraph X of the License Agreement, Stelor must immediately provide Silvers with a complete schedule of all inventory of Licensed Products on hand or on order. Stelor has six (6) months to continue to sell this Inventory, if any, in accordance with the License Agreement. So long as Stelor is actively selling its inventory of Licensed Products, it may continue the use of the Licensed Intellectual Property associated with the inventory for this period. Outside the scope of its efforts to sell its inventory of Licensed Products, Stelor must immediately cease use of the Licensed Intellectual Property, including names, trademarks, signs, advertising, web site, and anything else that might make it appear that it is still handling the articles and products relating to the Googles IP. Further, Stelor must return to Silvers all material relating to the Licensed Intellectual Property and inform its sub-licensees and those selling Googles related merchandise of the termination of the License Agreement.

Because the License Agreement is now terminated, Stelor may not represent Silvers' interest in any legal proceeding or action.

Sincerely,

Gail A. McQuilkin

c:    Steven A. Silvers
      Laurence Hefter
      Kevin Kaplan

251939.1

LAW OFFICES

KOZYAK TROPIN & THROCKMORTON, P.A.

2525 PONCE DE LEON • 9TH FLOOR

CORAL GABLES, FLORIDA 33134-6037

TELEPHONE (305) 372-1800
TELECOPIER (305) 372-3508

Via Federal Express
AWB#7927-7747-7745

November 12, 2004

Steven A. Esrig
Stelor Productions, Inc.
14701 Mockingbird Drive
Darnestown, Maryland 20874

     Re:    Silvers/Stelor License Agreement

Dear Mr. Esrig:

     We represent Steven Silvers, Licensor under that License, Distribution and Manufacturing Agreement dated June 1, 2002 ("Agreement"). Pursuant to paragraph IX-A of the Agreement, this serves as notice that Stelor has breached the Agreement and that Mr. Silvers will exercise his right to terminate the Agreement unless Stelor cures the following breaches within 60 days:

     a.    Failure to pay royalties under paragraph III (A);

     b.    Failure to provide a written certified royalty statement under paragraph III (C);

     c.    Failure to provide a list of all sub licenses under paragraph III (C);

     d.    Failure to use commercially reasonable efforts to promote, market, sell and distribute the Licensed Products under paragraph V (B)(iii);

     e.    Failure to accommodate Licensor's request to audit the books and records of Stelor made under paragraph IV (A) and (C);

     f.    Failure to provide samples of all Licensed Products you intend to manufacture and sell, and all promotional and advertising materials associated with those products under paragraph VI (C);

     g.    Failure to include appropriate legal notices with the Licensed Products under paragraph VI(A);

     h.    Failure to maintain the requisite level of quality for the Licensed Products under paragraph VI (B);

Page 2

i.    Failure to maintain Licensor's Intellectual Property Rights, namely failure to maintain the domain names googlegame.com, googlesgames.com, and googlegame.com, under paragraph VIII;

j.    Failure to register Licensor's Intellectual Property Rights in the name of Licensor, and instead registering copyrights and trademarks in Stelor's name;

k.    Failure to oppose trademark applications for the name Googles, and the domain name registration googles.org, and otherwise protect the Licensed Intellectual Property; and

l.    Unlawful use of the limited power of attorney granted under the Agreement, namely retaining counsel for Mr. Silvers without his knowledge or consent, filing an action in the name of Mr. Silvers to dispute Google, Inc.'s right to use the domain name google.com, and filing an answer in the name of Mr. Silvers in Cancellation Proceeding 92043737.

This also serves as notice under the Letter Agreement dated June 1, 2002, that Stelor has breached the Letter Agreement by its:

a.    Failure to pay Mr. Silvers consultancy fees and expenses;

b.    Failure to provide Mr. Silvers with an agreement granting him stock options for 1,000 shares of Stelor's stock;

c.    Making unauthorized statements and representations on behalf of Mr. Silvers; and

d.    Attempting to transfer, release and waive Mr. Silvers right, title, and interest in his intellectual property.

Pursuant to paragraph 1 of the Letter Agreement, Mr. Silvers will exercise his right to terminate the License, Distribution and Manufacturing Agreement unless Stelor cures these breaches within 30 days.

Very truly yours,

Gail A. McQuilkin

c:    Steven A. Silvers
      Laurence Hefter

n45615.1

LAW OFFICES

KOZYAK TROPIN & THROCKMORTON, P.A.

2525 PONCE DE LEON • 9TH FLOOR

CORAL GABLES, FLORIDA 33134-6037

GAIL A. MCQUILKIN
DIRECT DIAL (305) 377-0656
gam@kttlaw.com

TELEPHONE (305) 372-1800
TELECOPIER (305) 372-3508

Via Federal Express
AWB# 7914-4506-9106

January 13, 2005

Steven A. Esrig
Stelor Productions, Inc.
14701 Mockingbird Drive
Darnestown, Maryland 20874

      Re:    Silvers/Stelor License Agreement

Dear Mr. Esrig:

      As you know we represent Steven Silvers, Licensor under the License, Distribution and Manufacturing Agreement dated June 1, 2002 ("License Agreement"), and party to the Letter Agreement dated June 1, 2002 ("Letter Agreement"). On November 12, 2004 we served notice on Stelor that it was in breach of several material provisions of both the License Agreement and Letter Agreement, a copy of which is attached.

      Pursuant to paragraph 1(c) of the Letter Agreement, and paragraph IX-A of the License Agreement, this serves as notice that Mr. Silvers is exercising his option to terminate the License Agreement for Stelor's failure to cure its breach of the Letter Agreement within thirty (30) days, and breach of the License Agreement within sixty (60) days.

      Pursuant to paragraph X of the License Agreement, Stelor must immediately provide Mr. Silvers with a complete schedule of all inventory of Licensed Products on hand or on order. Stelor has six (6) months to continue to sell this Inventory in accordance with the License Agreement. So long as Stelor is actively selling its inventory of Licensed Products, it may continue the use of the Licensed Intellectual Property associated with the inventory for this period. Outside the scope of its efforts to sell its inventory of Licensed Products, Stelor must immediately cease use of the Licensed Intellectual Property, including names, trademarks, signs, advertising and anything else that might make it appear that it is still handling the articles and products of Mr. Silver. Further, Stelor must return to Mr. Silvers all material relating to the Licensed Intellectual Property and inform its sub-licensees of the termination of the License Agreement.

      Because the License Agreement is terminated, Stelor may not proceed to represent the interests of Mr. Silvers in TTAB Opposition Proceeding No. 91161251, TTAB Cancellation Proceeding No. 92043496, the domain dispute against Google pending before the National

Steven A. Esrig
Page 2


Arbitration Forum, or participate in TTAB Cancellation Proceeding No. 92043737. And, because the License Agreement is terminated, the action pending in federal district court is now moot. Thus, we will file the appropriate notices in these proceedings.

Our client regrets that this relationship did not work out, and would like very much to keep the relationship amicable throughout the six month inventory sell-off period.

Sincerely,

Gail A. McQuilkin

c:     Steven A. Silvers
       Laurence Hefter
       Yano A. Rubinstein
       William Borchard

/248387.1

# EXHIBIT "J"

BURLINGTON · WEIL · SCHWIEP · KAPLAN ⊗ BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: DBLONSKY@BWSKB.COM  WWW.BWSKB.COM

April 29, 2005

**VIA FACSIMILE AND U.S. MAIL**

Gail A. McQuilkin, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon Blvd.
9th Floor
Coral Gables, Florida 33134

          Re:    Silvers/Stelor

Dear Gail:

       I write in response to your letter dated April 27, 2005 to Steven Esrig of Stelor
Productions purporting to terminate the License Agreement. It is the position of Stelor that the
License Agreement and the Settlement Agreement remain enforceable and binding documents
and that the purported grounds for termination are all invalid and improper. We will respond to
each of those grounds in turn.

       First, Stelor has only recently converted to an LLC and Mr. Silvers has been provided an
option letter for unit interests, to which he has not responded.

       Second, monthly installments on royalty advancements have been paid. Indeed, enclosed
are copies of royalty advancement checks for April and May that we are prepared to release upon
withdrawal of the notice of termination.

       Third, monthly advances on royalties to maintain insurance coverage have also been paid.
Enclosed are checks for April and May that we are prepared to release upon withdrawal of the
notice of termination. It must be noted, however, that, despite demand, Mr. Silvers has never
confirmed the amount of insurance to be paid. As a show of good faith, Stelor has nonetheless
paid the maximum each month, but such confirmation must be provided forthwith.

       Fourth, Stelor has cooperated in the audit of the books and records. In fact, just a week
ago, on April 22, 2005, you sent an email to Kevin Kaplan stating that "[t]he auditor is preparing
a letter that will outline the documents and records he will need available at Stelor to do the
audit." We have received no such letter. Whenever Stelor receives such a letter, it will
cooperate.

       Fifth, samples of licensed products have been collected and are available to Mr. Silvers
pursuant to the agreement, provided that the notice of termination is withdrawn and it is
understood that the agreements remain in place.

Gail A. McQuilkin, Esq.
April 29, 2005
Page 2

Finally, no royalties are owed to your client and the advances paid far exceed royalties that have been accumulated. A royalty statement is enclosed reflecting full payment of any amounts due. To the extent that there are any concerns, they can be raised with us. However, there is simply no basis for termination. Instead, the continuing failure of Mr. Silvers to meet his obligations under paragraph 2 of the Settlement Agreement, which has been the subject of prior correspondence, is a breach that he needs to be cured immediately.

Mr. Silvers is obliged to honor the License Agreement and the Settlement Agreement. We hereby demand receipt of written notice by Noon on Monday, May 2, 2005 that the notice of termination has been withdrawn and that Mr. Silvers agrees to abide by his contractual agreements. We also demand written assurance that Mr. Silvers will make no efforts to interfere in any manner with the business of Stelor. Furthermore, Mr. Silvers needs to agree to the submission to the federal court of a consent decree confirming the enforceability of the agreements and the rights that have been conveyed to Stelor. Failing receipt of such notice and assurances, Stelor will initiate an action seeking to enforce the agreements through declaratory and injunctive relief.

All rights and remedies are reserved. Govern yourselves accordingly.

Sincerely,

Daniel Blonsky

DFB:gr
Enclosures
cc: Client (w/ encls.)
    Kevin C. Kaplan, Esq. (w/ encls.)

04/29/2005  15:45    3058585261

BURLINGTON WEIL

PAGE  04

2751

STELOR PRODUCTIONS, INC.
PO BOX 8000
GAITHERSBURG, MD 20885

CITIBANK, F.S.B.
WASHINGTON, DC 20036-0967
7-218-520

04/28/05

'TO THE
DER OF    Silvers Entertainment Group

$ **5,000.00

Five Thousand and 00/100************************************************************    DOLLARS

Silvers Ent. Group
8983 Okeechobee Blvd
PMB 203 Suite 202
West Palm Beach, FL 33411

MO    Advance Against Royalty April 05

⑈002751⑈ ⑊052002166⑊    ⑈175974051⑈

LOR PRODUCTIONS, INC.                                        04/28/05    2751
    Silvers Entertainment Group                                      5,000.00
04/28/05                            Bill #roymay

Citibank Checkin  Advance Against Royalty April 05                    5,000.00



04/29/2005  15:45    3058585261                    BURLINGTON WEIL                          PAGE  05

2752

**STELOR PRODUCTIONS, INC.**
PO BOX 5000
GAITHERSBURG, MD 20883

CITIBANK, F.S.B.
WASHINGTON, DC 20036-0957
7-216-520

04/28/05

TO THE
ORDER OF ___ Silvers Entertainment Group                                    $ **5,000.00

Five Thousand and 00/100************************************************************* DOLLARS

Silvers Ent. Group
8983 Okeechobee Blvd
PMB 203 Suite 202
West Palm Beach, FL 33411

MO  Advance Against Royalty May 05

⑈002752⑈ ⑆052002166⑆    ⑈175974⑈

⑆LOR PRODUCTIONS, INC.
    Silvers Entertainment Group                              04/28/05        2752
04/28/05                        Bill #royapril                              5,000.00

Citibank Checkin  Advance Against Royalty May 05                                      5,000.00





**STELOR PRODUCTIONS, INC.**
PO BOX 8000
GAITHERSBURG, MD 20883

CITIBANK, F.S.B.
WASHINGTON, DC 20038-0967
7-216-520

2753

04/28/05

TO THE
ORDER OF____ Silvers Entertainment Group                                        $ **1,000.00

One Thousand and 00/100**************************************************************** DOLLARS

Silvers Ent. Group
8983 Okeechobee Blvd
PMB 203 Suite 202
West Palm Beach, FL 33411

MD    Royalty/insurance advance, Apr '05

⑈002753⑈ ⑆052002166⑆    ⑈175974051⑈

---

..OR PRODUCTIONS, INC.
  Silvers Entertainment Group                                04/28/05        2753
04/28/05                         Bill #052005                              1,000.00


Citibank Checkin  Royalty/insurance advance, Apr '05                        1,000.00





04/29/2005  15:45    3058585261                    BURLINGTON WEIL                    PAGE  07

                                                                                      2755

**STELOR PRODUCTIONS, INC.**
PO BOX 8000
GAITHERSBURG, MD 20883

                                          CITIBANK, F.S.B.
                                          WASHINGTON, DC 20036-0967
                                          7-216-520                      04/28/05

Y TO THE
DER OF    Silvers Entertainment Group                                $ **1,000.00

One Thousand and 00/100****************************************************** DOLLARS

      Silvers Ent. Group
      8983 Okeechobee Blvd
      PMB 203 Suite 202
      West Palm Beach, FL 33411

MO    Royalty/insurance advance May '05

          ⑈002755⑈ ⑈052002166⑈  ⑈17597405⑈

---

LOR PRODUCTIONS, INC.
      Silvers Entertainment Group                      04/28/05            2755
04/28/05                        Bill #042005                          1,000.00

Citibank Checkin  Royalty/insurance advance May '05                        1,000.00

BURLINGTON WEIL

04/29/2005  15:45    3058585261

## Royalty Statement
### Silvers Entertainment Group
### January 1, 2005 – March 31, 2005

| Transaction | Net Revenue | Royalty Rate | Royalty Amount | Pre-paid Royalty Balance |
|---|---|---|---|---|
| February advance against royalties | | | $5,000 | $5,000 |
| February advance against royalties for insurance premiums | | | $1,000 | $6,000 |
| Net revenue from licensed properties (iTunes) | $47.35 | 6% | $2.84 | $5,997.16 |
| Net revenue from derivative properties (iTunes) | $1.47 | 3% | $0.04 | $5,997.12 |
| March advance against royalties | | | $5,000 | $10,997.12 |
| March advance against royalties for insurance premiums | | | $1,000 | $11,997.12 |

# EXHIBIT "K"

*ACORD* **CERTIFICATE OF LIABILITY INSURANCE**

| | | CSR TF STELO-1 | DATE (MM/DD/YYYY) 04/28/05 |
|---|---|---|---|

| PRODUCER | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. | |
|---|---|---|
| M  Insurance Exchange, Inc. 75  Rockville Pike, #1A Rockville MD 20852 Phone:301-279-5500   Fax:301-424-2829 | | |
| | INSURERS AFFORDING COVERAGE | NAIC # |
| INSURED | INSURER A:  Hartford Fire Insurance Co. | |
| Stelor Productions Greg Langsford 14701 Mockingbird Drive Darnestown MD 20874 | INSURER B: | |
| | INSURER C: | |
| | INSURER D: | |
| | INSURER E: | |

**COVERAGES**

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | X  X | **GENERAL LIABILITY** X  COMMERCIAL GENERAL LIABILITY     CLAIMS MADE  X  OCCUR | 42SBABW8494 | 04/25/05 | 04/25/06 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $300000 |
| | | | | | | MED EXP (Any one person) | $10,000 |
| | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER:  POLICY X  PRO-JECT    LOC | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| A | | **AUTOMOBILE LIABILITY**   ANY AUTO   ALL OWNED AUTOS   SCHEDULED AUTOS X  HIRED AUTOS X  NON-OWNED AUTOS | 42SBABW8494 | 04/25/05 | 04/25/06 | COMBINED SINGLE LIMIT (Ea accident) | $1,000,000 |
| | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY**   ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | | OTHER THAN  EA ACC AUTO ONLY:       AGG | $ |
| A | | **EXCESS/UMBRELLA LIABILITY**   OCCUR    CLAIMS MADE     DEDUCTIBLE X  RETENTION   $10,000 | 42SBABW8494 | 04/25/05 | 04/25/06 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | | | | | | $ |
| | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? If yes, describe under SPECIAL PROVISIONS below | | | | WC STATU-TORY LIMITS    OTH-ER | |
| | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| | | **OTHER** | | | | | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS
Certificate holder is additional insured as respects operations by the insured.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| STESTEV Steven A. Silvers PMB 203 8983 Okeechobee Blvd., Ste 202 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL  10  DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. AUTHORIZED REPRESENTATIVE |