# Exhibit
# 17

Dockets.Justia.com



BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: DBLONSKY@BWSKB.COM   WWW.BWSKB.COM

June 24, 2005

**VIA E-MAIL**

Gail A. McQuilkin, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon Blvd.
9th Floor
Coral Gables, Florida 33134

     Re:    <u>Silvers/Stelor</u>

Dear Gail:

    I write in response to your letter dated June 21, 2005. First, please be advised that the letter was apparently not emailed to me until 2:48 p.m. on Wednesday, June 22, 2005. A copy of the email I received is attached.

    With respect to the substance of your letter, we take issue with your attempt to misconstrue our letter of June 21st as confirmation "that Stelor did not perform". Stelor has fully performed its obligations under the Agreements, and our letter in no way states otherwise. Indeed, as a fair reading of our June 21st letter and its enclosures demonstrates, it was sent as part of Stelor's efforts to continue to comply with the Agreements, notwithstanding Mr. Silvers' ongoing disregard for those Agreements. Stelor's efforts in continuing to comply do not mean that Stelor previously failed to comply.

    To the extent your letter suggests that Stelor has cured some, "but not all of [its] breaches", please advise immediately in writing what breaches you contend remain uncured. Stelor is unaware of and disputes that any breaches exists, but Stelor will continue to make every reasonable effort to ensure that all obligations under the Agreements are discharged.

    With respect to the $1000 payment pursuant to paragraph 10(b) of the Settlement Agreement, your reading of the provision ignores the plain language of the paragraph. The payment is to be "equivalent to that amount required by Silvers to maintain his insurance coverage". Unlike paragraph 10(a), paragraph 10(b) includes no time provision for the payment. Paragraph 10(c), though, expressly provides that the payments for such insurance "will be provided to Silvers within 15 days of Stelor receiving evidence of paid premiums." That language does not allow Silvers simply to decide how much he wants, but instead requires him to provide evidence of paid premiums. The requirement is not difficult to satisfy. Silvers need only forward a cancelled check or a statement or invoice for the insurance premium. Rather than attempting to re-write the Agreement, Silvers should simply comply.

Gail A. McQuilkin, Esq.
June 24, 2005
Page 2


With respect to the audit, you were the one who expressly committed to providing us a letter listing the information needed for the audit. In doing so, you clearly recognized that some advance indication of the required information was appropriate, and you committed to providing it. We are simply asking you to stand by your commitment. If you are now changing your position, and want to proceed with an audit without any advance assembly of information, then say so. In fact, what your letter really says – coupled with the inconsistent positions you have taken on the audit in the past (asking that it be scheduled, then deferring it, then advising that a letter would be provided itemizing the required documents, and then terminating the agreement for failing to provide dates before the time frame you yourself suggested) – is that Silvers has no intention of proceeding with an audit, and probably never intended to in the past. Silvers is simply trying to set Stelor up, misdirecting Stelor as to what Silvers intends to do, requiring Stelor to take action not required by the Agreements, and then purporting to terminate the Agreements claiming Stelor failed to perform.

Stelor's obligation under the Settlement Agreement was and is to cooperate with Silvers with respect to the audit, which we have been trying to do. Again, we provided you the date of Monday, June 27, 2005 to conduct that audit. Clearly, Silvers has a corresponding obligation to cooperate as well. And, providing an advance indication of what information will be required – in order to ensure that the audit will be efficient and avoid unnecessary disruption to Stelor's operations – is a basic component of that cooperation. Providing a clear response to our proposed date is also an obvious element of cooperation. It is now Friday, June 24, 2005, and you have not bothered to confirm whether or not you plan to perform the audit on the 27th, or whether you propose a different date. We assume, based on your letter, that Silvers does not plan to proceed with the audit on the 27th. If our assumption is wrong, please advise me immediately in writing.

With respect to the options, your letter ignores the option letter Stelor sent to Silvers on December 10, 2004. Again, Stelor has no record of receiving Silvers' executed copy of that letter. If Silvers contends he sent it, then please provide us with a copy of the executed letter. If Silvers did not send it, then please have Silvers execute the letter now, and deliver it to us. If Silvers is unwilling to execute the letter and does not want the options, then please confirm that in writing. Clearly, however, Silvers cannot simply continue to ignore the letter and his failure to respond, while claiming that Stelor somehow breached an obligation to provide options.

Finally, I spoke to your partner Ken Hartmann about the prior request to schedule a Rule 26 conference on Friday, June 10, 2005. I told him I was unavailable as my wife and I were going to Islamorada for our wedding anniversary. I told him I would be happy to schedule a conference the following week, at your convenience. I never heard back, at least until your letter of June 21st, where your failure to follow up with a date has been translated into my "stone cold silence." I propose that we schedule the conference on June 29 or 30th. Please confirm which date you prefer.

Gail A. McQuilkin, Esq.
June 24, 2005
Page 3

In addition, we attach hereto documents pertaining to the prosecution of GOO-formative trademark applications, and other proceedings related to Stelor's efforts to protect the intellectual property.

Finally, we attach a supplemental royalty statement for the first quarter of 2005. It confirms the information on the statement we previously provided, and provides some additional information about units sold, countries of sale, and invoice amounts. With respect to your suggestion that Stelor was required to provide royalty statements for the last two quarters of 2004, paragraph 12 of the Settlement Agreement expressly provides that, once Stelor confirms in writing as it has done, that no royalty payments are outstanding, no royalty statements are due. Nevertheless, although Stelor is obviously not required to do so, we enclose statements for the last two quarters of 2004, confirming there have been no sales.

Of course, this letter does not and is in no way intended to constitute a waiver of any of Stelor's rights and remedies, all of which are expressly reserved.

Sincerely,

Kevin C. Kaplan

KCK/map

Response to Office Action

**Elizabeth Buckley – Received your Response to Office Action Form for 76592805**

| | |
|---|---|
| **From:** | <TEAS@uspto.gov> |
| **To:** | <docketing@finnegan.com> |
| **Date:** | 6/3/2005 10:47 AM |
| **Subject:** | Received your Response to Office Action Form for 76592805 |

We have received your Response to Office Action Form below.
Application serial no. 76592805 has been amended as follows:

**Classification and Listing of Goods/Services**

**Applicant hereby amends the following class of goods/services in the application as follows:**
Current: Class 016 for ALL PRINTED MATTER; NAMELY, PAPER, CARDBOARD AND GOODS MADE FOR THESE MATERIALS, NAMELY, PRINTED MATTER IN THE NATURE OF BOOKS, AND MAGAZINES IN THE FIELD OF COMICS; PICTURE CARDS; STATIONERY; ARTISTS' MATERIALS, NAMELY, PENS, PENCILS, PASTELS, PALLETS, PAINT BRUSHES; TYPEWRITERS AND OFFICE SUPPLIES; STICKERS; PRINTED INSTRUCTIONAL AND TEACHING MATERIAL FOR USE IN TEACHING AND ENTERTAINMENT; GEOGRAPHICAL MAPS, DRAWING BOARDS; PLAYING CARDS; CHILDREN'S AND ADOLESCENTS' MAGAZINES, BOOKS, AND PAMPHLETS; WEB PAGES

Original Filing Basis: 1(b).

Proposed: Class 016 for GOODS MADE FROM PAPER AND CARDBOARD, NAMELY, PRINTED MATTER IN THE NATURE OF BOOKS AND MAGAZINES FOR CHILDREN; PICTURE CARDS, STATIONERY, ARTISTS' MATERIALS, NAMELY, PENS, PENCILS, PASTELS, PALLETS, AND PAINT BRUSHES; STICKERS, PRINTED INSTRUCTIONAL AND TEACHING MATERIAL IN THE FIELDS OF MATH, GEOGRAPHY, SPELLING, AND READING; ENTERTAINMENT; GEOGRAPHICAL MAPS, DRAWING BOARDS, CHILDREN'S AND ADOLESCENTS' MAGAZINES, BOOKS, AND PAMPHLETS; CREATION AND PROVISION OF WEB PAGES DIRECTED TO CHILDREN AND PARENTS

**Additional Statements**
The mark is presented in standard characters without claim to any particular font style, size, or color.

**Response Signature**

Signature: /Laurence R. Hefter/    Date: 06/03/2005
Signatory's Name: Laurence R. Hefter
Signatory's Position: Attorney

============TEAS XML RESPONSE============

PTO Form (Rev 4/2000)
OMB Control #0651-.... (Exp. 04/30/2006)

# Response to Office Action

## To the Commissioner for Trademarks:

Application serial no. **76592805** is amended as follows:

### Classification and Listing of Goods/Services

**Applicant hereby amends the following class of goods/services in the application as follows:**

Current: Class 016 for ALL PRINTED MATTER; NAMELY, PAPER, CARDBOARD AND GOODS MADE FOR THESE MATERIALS, NAMELY, PRINTED MATTER IN THE NATURE OF BOOKS, AND MAGAZINES IN THE FIELD OF COMICS; PICTURE CARDS; STATIONERY; ARTISTS' MATERIALS, NAMELY, PENS, PENCILS, PASTELS, PALLETS, PAINT BRUSHES; TYPEWRITERS AND OFFICE SUPPLIES; STICKERS; PRINTED INSTRUCTIONAL AND TEACHING MATERIAL FOR USE IN TEACHING AND ENTERTAINMENT; GEOGRAPHICAL MAPS, DRAWING BOARDS; PLAYING CARDS; CHILDREN'S AND ADOLESCENTS' MAGAZINES, BOOKS, AND PAMPHLETS; WEB PAGES

Original Filing Basis: 1(b).

Proposed: Class 016 for GOODS MADE FROM PAPER AND CARDBOARD, NAMELY, PRINTED MATTER IN THE NATURE OF BOOKS AND MAGAZINES FOR CHILDREN; PICTURE CARDS, STATIONERY, ARTISTS' MATERIALS, NAMELY, PENS, PENCILS, PASTELS, PALLETS, AND PAINT BRUSHES; STICKERS, PRINTED INSTRUCTIONAL AND TEACHING MATERIAL IN THE FIELDS OF MATH, GEOGRAPHY, SPELLING, AND READING; ENTERTAINMENT; GEOGRAPHICAL MAPS, DRAWING BOARDS, CHILDREN'S AND ADOLESCENTS' MAGAZINES, BOOKS, AND PAMPHLETS; CREATION AND PROVISION OF WEB PAGES DIRECTED TO CHILDREN AND PARENTS

### Additional Statements

The mark is presented in standard characters without claim to any particular font style, size, or color.

### Response Signature

Signature: /Laurence R. Hefter/   Date: 06/03/2005
Signatory's Name: Laurence R. Hefter
Signatory's Position: Attorney

Go Back

02/09/05  16:42 FAX 571273000░░        PTO LAW OFFICE  102        ☑030

TRADEMARK APPLICATION NO. 76592805 - GOOMAIL - N/A                    Page 1 of 3

| | |
|---|---|
| **To:** | SILVERS, STEVEN A. (gewrue@hotmail.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 76592805 - GOOMAIL - N/A |
| **Sent:** | 12/8/04 2:34:02 PM |
| **Sent As:** | ECOM102@USPTO.GOV |
| **Attachments:** | |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 76/592805

**APPLICANT:**        SILVERS, STEVEN A.

**CORRESPONDENT ADDRESS:**
Steven A. Silvers
Silvers Entertainment Group, Inc.
8983 Okeechobee Blvd. Ste. 202, PMB 203
West Palm Beach FL 33411

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK:**        GOOMAIL

**CORRESPONDENT'S REFERENCE/DOCKET NO:**   N/A

**CORRESPONDENT EMAIL ADDRESS:**
gewrue@hotmail.com

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

## OFFICE ACTION

**TO AVOID ABANDONMENT, WE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF OUR MAILING OR E-MAILING DATE.**

Serial Number 76/592805

The assigned trademark examining attorney has reviewed the referenced application and has determined the following.

**Search Results**
The Office records have been searched and no similar registered or pending mark has been found that would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d), TMEP §704.02.

However, the applicant must address the following issues:

**Standard Character Claim**

TRADEMARK APPLICATION NO. 76592805 - GOOMAIL - N/A                    Page 2 of 3

Applicant must submit the following standard character claim: "The mark is presented in standard characters without claim to any particular font style, size, or color." 37 C.F.R. §2.52(a).

**Claim of Prior Registrations**
The applicant's claim of ownership of prior registrations (listed by serial number in the application) cannot be printed on any registration which may issue from this application because the registrations are either unrelated to this application or have been abandoned. TMEP §812.

**Identification and Classification of Goods**
The wording "All printed matter, namely, paper, cardboard and goods made for these materials, namely" in the identification of goods is confusing and awkwardly worded. It is unclear if the applicant provides "paper" and "cardboard" as goods. The applicant should rewrite this initial phrase and make it clear regarding the goods provided by the applicant.

The wording "office supplies" in the identification of goods is unacceptable as indefinite because the applicant must state the supplies by their common commercial names. The applicant may amend this wording to "office supplies, namely, staplers", in International Class 16, if accurate. TMEP §1402.01.

The wording "printed instructional and teaching material for use in teaching and entertainment" in the identification of goods is unacceptable as indefinite because the applicant must state an area of use for the materials. The applicant may amend this wording to "Printed instructional and teaching materials for use in the field of [insert field of use, i.e. math] for use in teaching and entertainment", in International Class 16, if accurate. TMEP §1402.01.

The wording "web pages" in the identification of goods is unacceptable as indefinite, the applicant must be more specific about this item. The applicant may amend this wording to "Creation and provision of web pages to and for third parties", in International Class 42, "Design of web pages", in International Class 42, if accurate. TMEP §1402.01.

The applicant has classified the goods listed as "playing cards" incorrectly. The applicant must amend the application to classify the goods in International Class 028. 37 C.F.R. §§2.32(a)(7) and 2.85; TMEP §§1401.02(a) and 1401.03(b).

Please note that, while an application may be amended to clarify or limit the identification, additions to the identification are not permitted. 37 C.F.R. §2.71(a); TMEP §1402.06. Therefore, the applicant may not amend to include any goods or services that are not within the scope of the goods and services recited in the present identification.

For assistance with identifying goods and/or services in trademark applications, please see the online searchable *Manual of Acceptable Identification of Goods and Services* at http://www.uspto.gov/web/offices/tac/doc/gsmanual

**Possible Additional Fees Required**
If applicant prosecutes this application as a combined, or multiple-class application, then applicant must comply with each of the following for those goods and/or services based on an intent to use the mark in commerce under Trademark Act Section 1(b):

    (1) Applicant must list the goods and/or services by international class with the classes listed in ascending numerical order. TMEP § 1403.01; and

Applicant must submit a filing fee for each international class of goods and/or services not covered by

02/09/05  16:43 FAX 5712730●●          PTO LAW OFFICE  102          ●          ☑032

TRADEMARK APPLICATION NO. 76592805 - GOOMAIL - N/A                    Page 3 of 3

the fee already paid. 37 C.F.R. §2.86(a)(2); TMEP §§810.01 and 1403.01.


## NOTICE: TRADEMARK OPERATION RELOCATION

The Trademark Operation has relocated to Alexandria, Virginia. Effective October 4, 2004, all Trademark-related paper mail (except documents sent to the Assignment Services Division for recordation, certain documents filed under the Madrid Protocol, and requests for copies of trademark documents) must be sent to:

    **Commissioner for Trademarks**
    P.O. Box 1451
    Alexandria, VA  22313-1451

Applicants, attorneys and other Trademark customers are strongly encouraged to correspond with the USPTO online via the Trademark Electronic Application System (TEAS), at http://www.uspto.gov/teas/index.html.

    /Ernest Shosho/
    Trademark Attorney
    Law Office 102
    571-272-9705


**How to respond to this Office Action:**

You may respond formally using the Office's Trademark Electronic Application System (TEAS) Response to Office Action form (visit http://eteas.uspto.gov/V2.0/oa242/WIZARD.htm and follow the instructions therein, but you must wait until at least 72 hours after receipt if the office action issued via e-mail). PLEASE NOTE: Responses to Office Actions on applications filed under the Madrid Protocol (Section 66(a)) CANNOT currently be filed via TEAS.

To respond formally via regular mail, your response should be sent to the mailing Return Address listed above and include the serial number, law office and examining attorney's name on the upper right corner of each page of your response.

To check the status of your application at any time, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov/.

For general and other useful information about trademarks, you are encouraged to visit the Office's web site at http://www.uspto.gov/main/trademarks.htm

FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY.

LRH/EAB

20

## PLEASE ACKNOWLEDGE RECEIPT OF THE FOLLOWING:

Applicant:      Steven A. Silvers
Serial No.:     76/591,394
Filing Date:    May 7, 2004
Mark:           GOOLALA

-----------------------------------------------------------------------

1.   Response to Office Action Dated December 13, 2004

-----------------------------------------------------------------------

Date:  June 8, 2005

Attorney Docket:  9519.0012

LRH/eab  MD  624

OIPE
JUN 0 8 2005
PATENT & TRADEMARK OFFICE
JC08

Due Date:  June 13, 2005

Attorney Docket:  09519.0012

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:         Steven A. Silvers
Serial Number:     76/591,394
Filing Date:        May 7, 2004
Mark:             GOOLALA

Examining Atty:    Michele Lynn Swain, Esq.
Law Office:       116

Commissioner for Trademarks
P.O. Box 1451
Alexandria, Virginia 22313-1451

## RESPONSE TO OFFICE ACTION

Applicant submits the following amendments and remarks in response to the

Office Action dated December 13, 2004.

## AMENDMENTS

Applicant requests that the following statement be inserted in the application:

> The mark is presented in standard characters without claim
> to any particular font, style, size, or color.

Applicant also requests that the name of the Applicant be amended to read,

"Steven A. Silvers, A Citizen of the United States of America."

## REMARKS

Applicant notes that a search of the PTO records found no similar registered or

pending mark which would bar registration of this mark.  Therefore, as Applicant has

responded to the outstanding issues raised by the Examining Attorney, Applicant

respectfully requests that this application be approved for publication.

Respectfully submitted,

Steven A. Silvers

Dated:  June 8, 2005

By: Laurence R. Hefter
Attorney for Applicant

Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone:  202-408-4000
Facsimile:  202-408-4400

TRADEMARK APPLICATION NO. 76591394 - GOOLALA - N/A                    Page 1 of 2

---

Document Description: **Offc Action Outgoing**
   Mail / Create Date: **13-Dec-2004**

---

| **To:** | SILVERS, STEVEN A. (gewrue@hotmail.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 76591394 - GOOLALA - N/A |
| **Sent:** | 12/13/2004 12:43:39 PM |
| **Sent As:** | ECOM116@USPTO.GOV |
| **Attachments:** | |

---

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 76/591394

**APPLICANT:**       SILVERS, STEVEN A.

**CORRESPONDENT ADDRESS:**
   Steven A. Silvers
   Silvers Entertainment Group, Inc.
   8983 Okeechobee Blvd. Ste. 202, PMB 203
   West Palm Beach FL 33411

**MARK:**    GOOLALA

**CORRESPONDENT'S REFERENCE/DOCKET NO:** N/A

**CORRESPONDENT EMAIL ADDRESS:**
   gewrue@hotmail.com

**\*76591394\***

RETURN ADDRESS:
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

## OFFICE ACTION

**TO AVOID ABANDONMENT, WE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF OUR MAILING OR E-MAILING DATE.**

Serial Number 76/591394

The assigned examining attorney has reviewed the referenced application and determined the following.

<u>Search Results</u>
The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d).  TMEP section 1105.01.

TRADEMARK APPLICATION NO. 76591394 - GOOLALA - N/A

Entity Type Omitted
The applicant must indicate what type of entity is applying, for example, an individual, partnership, corporation or joint venture. 37 C.F.R. Section 2.32(a)(3); TMEP section 802.03.

Standard Character Claim
Applicant must submit the following standard character claim: "The mark is presented in standard characters without claim to any particular font style, size, or color." 37 C.F.R. §2.52(a).

Claim of Pending Applications
Applicant's claim of ownership of pending applications will not be printed on any registration which may issue from this application because only claims of ownership of pertinent live registrations are printed. If the claimed pending applications register before this application, then applicant may claim ownership of them by registration numbers. 37 C.F.R. §2.36; TMEP §812.

**NOTICE: TRADEMARK OPERATION RELOCATION**

The Trademark Operation has relocated to Alexandria, Virginia. Effective October 4, 2004, all Trademark-related paper mail (except documents sent to the Assignment Services Division for recordation, certain documents filed under the Madrid Protocol, and requests for copies of trademark documents) must be sent to:

> **Commissioner for Trademarks**
> **P.O. Box 1451**
> **Alexandria, VA 22313-1451**

Applicants, attorneys and other Trademark customers are strongly encouraged to correspond with the USPTO online via the Trademark Electronic Application System (TEAS), at http://www.uspto.gov/teas/index.html.

> /mls/
> Michele-Lynn Swain
> Examining Attorney, LO 116
> PH(571) 272-9232
> FX(571) 273-9116

**How to respond to this Office Action:**

You may respond formally using the Office's Trademark Electronic Application System (TEAS) Response to Office Action form (visit http://eteas.uspto.gov/V2.0/oa242/WIZARD.htm and follow the instructions therein, but you must wait until at least 72 hours after receipt if the office action issued via e-mail). PLEASE NOTE: Responses to Office Actions on applications filed under the Madrid Protocol (Section 66(a)) **CANNOT** currently be filed via TEAS.

To respond formally via regular mail, your response should be sent to the mailing Return Address listed above and include the serial number, law office and examining attorney's name on the upper right corner of each page of your response.

To check the status of your application at any time, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov/

TRADEMARK APPLICATION NO. 76591394 - GOOLALA - N/A                                    Page 3 of 3

For general and other useful information about trademarks, you are encouraged to visit the Office's web site at **http://www.uspto.gov/main/trademarks.htm**

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY.**

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document using the file download icon to the upper right. [required PDF viewer] FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- *Call the Trademark Assistance Center at 571.272.9250 for help on trademark matters.*
- *Send questions about USPTO programs to the USPTO Contact Center (UCC).*
- *If you have technical difficulties or problems with this application, please e-mail them to Electronic Business Support Electronic Applications or call 1 800-786-9199.*

*LRH/EAB*

*18*

## PLEASE ACKNOWLEDGE RECEIPT OF THE FOLLOWING:

Applicant:    Steven A. Silvers
Serial No.:   76/591,393
Filing Date:  May 7, 2004
Mark:         GOOTER
-----------------------------------------------------------------------

1.    Response to Office Action Dated December 13, 2004
-----------------------------------------------------------------------

Date:  June 8, 2005

Attorney Docket:  9519.001

LRH/eab  MD  624

JUN 0 8 2005
PATENT & TRADEMARK OFFICE

Due Date:  June 13, 2005

Attorney Docket: 09519.0013

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:       Steven A. Silvers
Serial Number:   76/591,393
Filing Date:     May 7, 2004
Mark:            GOOTER

Examining Atty:  Michele Lynn Swain, Esq.
Law Office:      116

Commissioner for Trademarks
P.O. Box 1451
Alexandria, Virginia 22313-1451

### RESPONSE TO OFFICE ACTION

Applicant submits the following amendments and remarks in response to the

Office Action dated December 13, 2004.

### AMENDMENT

Applicant requests that the following statement be inserted in the application:

> The mark is presented in standard characters without claim
> to any particular font, style, size, or color.

Applicant also requests that the name of the Applicant be amended to read,

"Steven A. Silvers, A Citizen of the United States of America."

### REMARKS

Applicant notes that a search of the PTO records found no similar registered or

pending mark which would bar registration of this mark.  Therefore, as Applicant has

Serial No. 76/591,393

responded to the outstanding issues raised by the Examining Attorney, Applicant

respectfully requests that this application be approved for publication.

Respectfully submitted,

Steven A. Silvers

Dated: June 8, 2005

By: _____

Laurence R. Hefter
Attorney for Applicant

Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: 202-408-4000
Facsimile: 202-408-4400

- 2 -