Silvers v. Google, Inc.                                                                 Doc. 200 Att. 5
Case 9:05-cv-80387-KLR    Document 200-6    Entered on FLSD Docket 11/29/2006    Page 1 of 16

Page 3 of 6

goods in its entirety because of the nature and extent of the amendment. 37 C.F.R. §2.74(b).

*Class 9*
- The applicant must indicate that the "television programs featuring music and animation" are on-going, e.g., on-going television programs featuring music and animation. Furthermore, the applicant has classified these services incorrectly. The applicant must amend the application to classify the services in International Class 41. 37 C.F.R. §§2.32(a)(7) and 2.85; TMEP §§1401.02(a) and 1401.03(b).
- The wording "video games" is unacceptable as indefinite because the specific nature of the games is not clear and may contain goods classified in more than one class, e.g., video game machines for use with televisions in Class 9; video game discs in Class 9; stand alone video game machines in Class 28.

*Class 16*
- The wording "decorations" is unacceptable as indefinite because the specific types of decorations is not clear and may include goods classified in more than one class, e.g., paper party decorations in Class 16; gift package decorations made of plastic in Class 20; ornamental bows of textile for decoration in Class 26; edible cake decorations in Class 30.
- The applicant must indicate the field of the "printed instructional and teaching material for use in teaching and entertainment," because the materials by nature would be used for the function of teaching, e.g., printed instructional and teaching materials for use in the field of teacher's education and entertainment.
- The applicant has classified "playing cards" incorrectly. The applicant must amend the application to classify the services in International Class 28. 37 C.F.R. §§2.32(a)(7) and 2.85; TMEP §§1401.02(a) and 1401.03(b).
- The applicant must indicate the material composition of "table cloths and napkins" because the goods may be classified in different classes depending upon the material composition, e.g., paper table cloths and napkins in Class 16; textile table cloths and napkins in Class 24.
- The applicant has classified "hats" incorrectly. The applicant must amend the application to classify these goods in International Class 25. 37 C.F.R. §§2.32(a)(7) and 2.85; TMEP §§1401.02(a) and 1401.03(b). The applicant may also amend the identification to "paper party hats" to remain in Class 16 if this identification is an accurate description of the actual goods.
- The applicant must indicate the material composition of "banners" because the goods may be classified in different classes depending upon the material composition, e.g., paper banners in Class 16; plastic banners in Class 20; cloth banners in Class 24.
- The applicant must indicate that the "party bags" are made of paper and/or plastic to remain in Class 16.
- The applicant must indicate the subject matter of the "pamphlets," e.g., pamphlets in the field of real estate sales.
- The wording "web pages" is unacceptable as indefinite because the specific nature of the services is not clear and may include many services classified in more than one class, e.g., marketing services, namely providing informational web pages designed to generate sales traffic via hyperlinks to other web sites in Class 35; creation and provision of web pages to and for third parties in Class 42; Providing customized on-line web pages featuring user-defined information, which includes search engines and on-line web links to other web sites in Class 42.

*Class 25*
- The applicant must indicate that the "costumes" are Halloween or masquerade costumes.

*Class 28*
- The applicant must specify the type of "science games, e.g., science board games.
- The wording "electronic games" is unacceptable as indefinite because the specific nature of the games is not clear and may contain goods classified in more than one class, e.g., electronic game programs in Class 9; arcade-type electronic video games in Class 28.
- The applicant must indicate the specific type of "computer game equipment," e.g., computer game equipment containing memory devices namely, discs; computer game equipment, namely, joysticks. Furthermore, the applicant has classified these goods incorrectly. The applicant must amend the application to classify the goods

    in International Class 9. 37 C.F.R. §§2.32(a)(7) and 2.85; TMEP §§1401.02(a) and 1401.03(b).
- The applicant must list the specific types of "electronic toys" by common commercial name, e.g., electronic toy building blocks that light up as a night light, electronic action toys.

*Class 38*
- The recitation of services is acceptable and made of record.

*Class 41*
- The wording "entertainment services, namely developing audio and visual programs and materials for children" and "services, namely developing audio and visual programs and materials for children" is unacceptable as indefinite because the specific nature of the "audio and visual programs" is not clear, the type of materials is not clear and the applicant must indicate that the services are for others, e.g., developing educational materials of others for children; developing radio and television programs of others for children.

The applicant must amend the identification to specify the common commercial name of the goods. If there is no common commercial name, the applicant must describe the product and its intended uses. TMEP §1402.01. The applicant may adopt the following identification, if accurate. TMEP §1402.01.

Class 9:     Audio and video recordings featuring music and animation; video games, **namely, [indicate the specific nature of the goods that would be properly classified in Class 9]**; cellular telephones, computers; computer peripherals; **computer game equipment, namely, [indicate the goods by common commercial name]**.

Class 16:     All printed matter, namely, paper, cardboard and goods made from these materials, namely, stickers; decalcomanias; **paper party** decorations; printed instructional and teaching materials for use **in the field of [indicate the specific field and/or subject matter]**; trading cards; children's magazines, books, activity books, coloring books; stationery; gift wrapping paper; **paper** table cloths and napkins; **paper party** hats; **paper** banners, calendars, greeting cards, paper party decorations, **paper and plastic** party bags; pamphlets **in the field of [specify the subject matter]**.

Class 24:     Textile table cloths and napkins; cloth banners.

Class 25:     Clothing, namely shorts, shirts, T-shirts, blouses, jackets, pants, socks, underwear, pajamas, nightgowns, dresses, skirts, ties, belts, bathing suits, hats, Halloween and masquerade costumes.

Class 28:     Toys, namely plush toys; games and playthings, namely, board games; card games; dolls; science **board** games; **arcade-type electronic video** games; and electronic toys, **namely, [list the goods by common commercial name]; playing cards.**

Class 38:     Telecommunications services, namely, electronic transmission of data, images and documents via computer terminals; electronic mail services; and facsimile transmission.

Class 41:     Developing **educational** materials **of others** for children; developing **radio and television** programs **of others** for children; animated television series; **on-going television programs featuring music and animation.**

Class 42:     Providing customized on-line web pages featuring user-defined information, which includes search engines and on-line web links to other web sites.

- In addition, the examining attorney strongly recommends that the applicant consult *The Acceptable Identification of Goods and Services Manual*, available on-line at http://tess2.uspto.gov/netahtml/tidm.html . As set forth in the TMEP, this manual "sets out acceptable language for identifying goods and services of various types." TMEP § 1402.04.

Please note that, while an application may be amended to clarify or limit the identification, additions to the identification are not permitted. 37 C.F.R. §2.71(a); TMEP §1402.06. Therefore, the applicant may not amend to include any goods that are not within the scope of goods set forth in the present identification.

### Multi-Class Application

If applicant prosecutes this application as a combined, or multiple-class application, then applicant must comply with each of the following for those goods and/or services based on an intent to use the mark in commerce under Trademark Act Section 1(b):

(1) Applicant must list the goods and/or services by international class with the classes listed in ascending numerical order, as shown above. TMEP § 1403.01; and

(2) Applicant must submit a filing fee for each international class of goods and/or services not covered by the fee already paid (current fee information should be confirmed at http://www.uspto.gov). 37 C.F.R. §2.86(a)(2); TMEP §§810 and 1403.01.

The filing fee for adding classes to an application is as follows:

(1) $325 per class, when the fees are submitted with a response filed online via the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html; and

(2) $375 per class, when the fees are submitted with a paper response.

37 C.F.R. §§2.6(a)(i) and (ii); TMEP §810.

### Information for the Applicant

No set form is required for response to this Office action. The applicant must respond to each point raised. The applicant should simply set forth the required changes or statements and request that the Office enter them. The applicant must sign the response.

In all correspondence to the Patent and Trademark Office, the applicant should list the name and law office of the examining attorney, the serial number of this application, the mailing date of this Office action.

**PLEASE NOTE:** Submission of duplicate papers is discouraged because it delays processing. Unless specifically requested to do so by the Office, parties should not mail follow up copies of documents transmitted by fax. TMEP 702.04(e); *Cf. ITC Entertainment Group Ltd. V. Nintendo of America Inc.* 45 USPQ2d 2021 (TTAB 1998).

### NOTICE: FEE CHANGE

Effective January 31, 2005 and pursuant to the Consolidated Appropriations Act, 2005, Pub. L. 108-447, the following are the fees that will be charged for filing a trademark application:

(1) $325 per international class if filed electronically using the Trademark Electronic Application System (TEAS); or

(2) $375 per international class if filed on paper

- These fees will be charged not only when a new application is filed, but also when payments are made to add classes to an existing application. If such payments are submitted with a TEAS response, the fee will be $325 per class, and if such payments are made with a paper response, the fee will be $375 per class.

The new fee requirements will apply to any fees filed on or after January 31, 2005.

**NOTICE: TRADEMARK OPERATION RELOCATION**

The Trademark Operation has relocated to Alexandria, Virginia. Effective October 4, 2004, all Trademark-related paper mail (except documents sent to the Assignment Services Division for recordation, certain documents filed under the Madrid Protocol, and requests for copies of trademark documents) must be sent to:

**Commissioner for Trademarks**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

Applicants, attorneys and other Trademark customers are strongly encouraged to correspond with the USPTO online via the Trademark Electronic Application System (TEAS), at http://www.uspto.gov/teas/index.html.

If the applicant has any questions or needs assistance in responding to this Office action, please telephone the assigned examining attorney.

/Kelly F. Boulton/
Trademark Attorney
Law Office 102
571-272-9247

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE: You may respond formally using the Office's Trademark Electronic Application System (TEAS) Response to Office Action form (visit http://www.uspto.gov/teas/index.html and follow the instructions, but if the Office Action issued via email you must wait 72 hours after receipt of the Office Action to respond via TEAS).
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address above and include the serial number, law office number and examining attorney's name in your response.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be v and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

Elizabeth Buckley - TRADEMARK APPLICATION NO. 78513300 - GOOTROPOLIS - 09519.0042

From: "ECom102" <OLDecom102@uspto.gov>
To: <docketing@finnegan.com>
Date: 6/16/2005 8:43 AM
Subject: TRADEMARK APPLICATION NO. 78513300 - GOOTROPOLIS -

### UNITED STATES PATENT AND TRADEMARK OFFICE

SERIAL NO: 78/513300

APPLICANT: Steven A. Silvers

**\*78513300\***

CORRESPONDENT ADDRESS:
LAURENCE R. HEFTER
FINNEGAN HENDERSON FARABOW GARRETT ET AL
1300 I ST NW
WASHINGTON DC 20005

RETURN ADDRESS:
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

MARK: GOOTROPOLIS

CORRESPONDENT'S REFERENCE/DOCKET NO: 09519.0042

CORRESPONDENT EMAIL ADDRESS:
docketing@finnegan.com

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

### OFFICE ACTION

**RESPONSE TIME LIMIT**: TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

Serial Number 78/513300

The assigned examining attorney has reviewed the above-referenced application and determined the following.

#### No Conflicting Marks Noted
The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d). 15 U.S.C. § 1052(d); TMEP § 1207.01 *et seq.*

#### Informalities
Although the examining attorney has not refused registration on any substantive basis, the applicant must respond to the following informalities.

**Signed Declaration Required**
The application must be signed, and verified or supported by a declaration under 37 C.F.R. §2.20. 37 C.F.R. §2.33. No signed verification or declaration was provided. Therefore, the applicant must provide a signed verification or signed declaration attesting to the facts set forth in the application.

If the application is based on use in commerce under Trademark Act Section 1(a), 15 U.S.C. §1051(a), *the verified statement must include an allegation that the mark is in use in commerce and was in use in commerce on or in connection with the goods or services listed in the application as of the application filing date.* 37 C.F.R. §2.34(a)(1)(i); TMEP §§804.02, 806.01(a) and 901.

If the application is based on Trademark Act Section 1(b) or 44, 15 U.S.C. §1051(b) or 1126, *the verified statement must include an allegation that the applicant had a bona fide intention to use the mark in commerce on or in connection with the goods or services listed in the application as of the application filing date.* 37 C.F.R. §§2.34(a)(2)(i), 2.34(a)(3)(i) and 2.34(a)(4)(ii); TMEP §§804.02, 806.01(b), 806.01(c), 806.01(d) and 1101.

Applicant must submit a written statement attesting to the facts set forth in the application, and confirming that applicant had a bona fide intention to use the mark in commerce on or in connection with the goods or services listed in the application as of the application filing date. This statement must be dated and signed by a person authorized to sign under 37 C.F.R. §2.33(a), and verified with a notarized affidavit or signed declaration under 37 C.F.R. §2.20. 15 U.S.C. §1051(b)(3)(B); 37 C.F.R. §§2.34(a)(2)(i), (a)(3)(i) and (a)(4)(ii); TMEP §§804.02, 806.01(b), 806.01(c), 806.01(d) and 1101. No signed verification was provided with the application.

To satisfy this requirement, applicant may add the following declaration paragraph at the end of its response, properly signed and dated:

> The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements and the like may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. §1051(b), 1126(d) or 1126(e), he/she believes applicant to be entitled to use such mark in commerce; **that the applicant had a bona fide intention to use the mark in commerce on or in connection with the goods or services listed in the application as of the application filing date**; that the facts set forth in the application are true and correct; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

_____
(Signature)

_____
(Print or Type Name and Position)

_____
(Date)

**Identification and Classification of Goods and Services**
The identification of goods and services is unacceptable as indefinite. Applicant must rewrite the identification of

goods in its entirety because of the nature and extent of the amendment. 37 C.F.R. §2.74(b).

*Class 9*
- The applicant must indicate that the "television programs featuring music and animation" are on-going, e.g., on-going television programs featuring music and animation. Furthermore, the applicant has classified these services incorrectly. The applicant must amend the application to classify the services in International Class 41. 37 C.F.R. §§2.32(a)(7) and 2.85; TMEP §§1401.02(a) and 1401.03(b).
- The wording "video games" is unacceptable as indefinite because the specific nature of the games is not clear and may contain goods classified in more than one class, e.g., video game machines for use with televisions in Class 9; video game discs in Class 9; stand alone video game machines in Class 28.

*Class 16*
- The wording "decorations" is unacceptable as indefinite because the specific types of decorations is not clear and may include goods classified in more than one class, e.g., paper party decorations in Class 16; gift package decorations made of plastic in Class 20; ornamental bows of textile for decoration in Class 26; edible cake decorations in Class 30.
- The applicant must indicate the field of the "printed instructional and teaching material for use in teaching and entertainment," because the materials by nature would be used for the function of teaching, e.g., printed instructional and teaching materials for use in the field of teacher's education and entertainment.
- The applicant has classified "playing cards" incorrectly. The applicant must amend the application to classify the services in International Class 28. 37 C.F.R. §§2.32(a)(7) and 2.85; TMEP §§1401.02(a) and 1401.03(b).
- The applicant must indicate the material composition of "table cloths and napkins" because the goods may be classified in different classes depending upon the material composition, e.g., paper table cloths and napkins in Class 16; textile table cloths and napkins in Class 24.
- The applicant has classified "hats" incorrectly. The applicant must amend the application to classify these goods in International Class 25. 37 C.F.R. §§2.32(a)(7) and 2.85; TMEP §§1401.02(a) and 1401.03(b). The applicant may also amend the identification to "paper party hats" to remain in Class 16 if this identification is an accurate description of the actual goods.
- The applicant must indicate the material composition of "banners" because the goods may be classified in different classes depending upon the material composition, e.g., paper banners in Class 16; plastic banners in Class 20; cloth banners in Class 24.
- The applicant must indicate that the "party bags" are made of paper and/or plastic to remain in Class 16.
- The applicant must indicate the subject matter of the "pamphlets," e.g., pamphlets in the field of real estate sales.
- The wording "web pages" is unacceptable as indefinite because the specific nature of the services is not clear and may include many services classified in more than one class, e.g., marketing services, namely providing informational web pages designed to generate sales traffic via hyperlinks to other web sites in Class 35; creation and provision of web pages to and for third parties in Class 42; Providing customized on-line web pages featuring user-defined information, which includes search engines and on-line web links to other web sites in Class 42.

*Class 25*
- The applicant must indicate that the "costumes" are Halloween or masquerade costumes.

*Class 28*
- The applicant must specify the type of "science games, e.g., science board games.
- The wording "electronic games" is unacceptable as indefinite because the specific nature of the games is not clear and may contain goods classified in more than one class, e.g., electronic game programs in Class 9; arcade-type electronic video games in Class 28.
- The applicant must indicate the specific type of "computer game equipment," e.g., computer game equipment containing memory devices namely, discs; computer game equipment, namely, joysticks. Furthermore, the applicant has classified these goods incorrectly. The applicant must amend the application to classify the goods

in International Class 9. 37 C.F.R. §§2.32(a)(7) and 2.85; TMEP §§1401.02(a) and 1401.03(b).
- The applicant must list the specific types of "electronic toys" by common commercial name, e.g., electronic toy building blocks that light up as a night light, electronic action toys.

*Class 38*
- The recitation of services is acceptable and made of record.

*Class 41*
- The wording "entertainment services, namely developing audio and visual programs and materials for children" and "services, namely developing audio and visual programs and materials for children" is unacceptable as indefinite because the specific nature of the "audio and visual programs" is not clear, the type of materials is not clear and the applicant must indicate that the services are for others, e.g., developing educational materials of others for children; developing radio and television programs of others for children.

The applicant must amend the identification to specify the common commercial name of the goods. If there is no common commercial name, the applicant must describe the product and its intended uses. TMEP §1402.01. The applicant may adopt the following identification, if accurate. TMEP §1402.01.

Class 9: Audio and video recordings featuring music and animation; video games, **namely, [indicate the specific nature of the goods that would be properly classified in Class 9];** cellular telephones, computers; computer peripherals; **computer game equipment, namely, [indicate the goods by common commercial name].**

Class 16: All printed matter, namely, paper, cardboard and goods made from these materials, namely, stickers; decalcomanias; **paper party** decorations; printed instructional and teaching materials for use **in the field of [indicate the specific field and/or subject matter];** trading cards; children's magazines, books, activity books, coloring books; stationery; gift wrapping paper; **paper** table cloths and napkins; **paper party** hats; **paper** banners, calendars, greeting cards, paper party decorations, **paper and plastic** party bags; pamphlets **in the field of [specify the subject matter].**

Class 24: Textile table cloths and napkins; cloth banners.

Class 25: Clothing, namely shorts, shirts, T-shirts, blouses, jackets, pants, socks, underwear, pajamas, nightgowns, dresses, skirts, ties, belts, bathing suits, hats, Halloween and masquerade costumes.

Class 28: Toys, namely plush toys; games and playthings, namely, board games; card games; dolls; science **board** games; **arcade-type electronic video** games; and electronic toys, **namely, [list the goods by common commercial name]; playing cards.**

Class 38: Telecommunications services, namely, electronic transmission of data, images and documents via computer terminals; electronic mail services; and facsimile transmission.

Class 41: Developing **educational** materials **of others** for children; developing **radio and television** programs **of others** for children; animated television series; **on-going television programs featuring music and animation.**

Class 42: Providing customized on-line web pages featuring user-defined information, which includes search engines and on-line web links to other web sites.

⁀ In addition, the examining attorney strongly recommends that the applicant consult *The Acceptable Identification of Goods and Services Manual*, available on-line at http://tess2.uspto.gov/netahtml/tidm.html . As set forth in the TMEP, this manual "sets out acceptable language for identifying goods and services of various types." TMEP § 1402.04.

Please note that, while an application may be amended to clarify or limit the identification, additions to the identification are not permitted. 37 C.F.R. §2.71(a); TMEP §1402.06. Therefore, the applicant may not amend to include any goods that are not within the scope of goods set forth in the present identification.

### Multi-Class Application

If applicant prosecutes this application as a combined, or multiple-class application, then applicant must comply with each of the following for those goods and/or services based on an intent to use the mark in commerce under Trademark Act Section 1(b):

(1) Applicant must list the goods and/or services by international class with the classes listed in ascending numerical order, as shown above. TMEP § 1403.01; and

(2) Applicant must submit a filing fee for each international class of goods and/or services not covered by the fee already paid (current fee information should be confirmed at http://www.uspto.gov). 37 C.F.R. §2.86(a)(2); TMEP §§810 and 1403.01.

The filing fee for adding classes to an application is as follows:

(1) $325 per class, when the fees are submitted with a response filed online via the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html; and

(2) $375 per class, when the fees are submitted with a paper response.

37 C.F.R. §§2.6(a)(i) and (ii); TMEP §810.

### Information for the Applicant

No set form is required for response to this Office action. The applicant must respond to each point raised. The applicant should simply set forth the required changes or statements and request that the Office enter them. The applicant must sign the response.

In all correspondence to the Patent and Trademark Office, the applicant should list the name and law office of the examining attorney, the serial number of this application, the mailing date of this Office action.

**PLEASE NOTE:** Submission of duplicate papers is discouraged because it delays processing. Unless specifically requested to do so by the Office, parties should not mail follow up copies of documents transmitted by fax. TMEP 702.04(e); *Cf. ITC Entertainment Group Ltd. V. Nintendo of America Inc.* 45 USPQ2d 2021 (TTAB 1998).

### NOTICE: FEE CHANGE

Effective January 31, 2005 and pursuant to the Consolidated Appropriations Act, 2005, Pub. L. 108-447, the following are the fees that will be charged for filing a trademark application:

(1) $325 per international class if filed electronically using the Trademark Electronic Application System (TEAS); or

(2) $375 per international class if filed on paper

These fees will be charged not only when a new application is filed, but also when payments are made to add classes to an existing application. If such payments are submitted with a TEAS response, the fee will be $325 per class, and if such payments are made with a paper response, the fee will be $375 per class.

The new fee requirements will apply to any fees filed on or after January 31, 2005.

**NOTICE: TRADEMARK OPERATION RELOCATION**

The Trademark Operation has relocated to Alexandria, Virginia. Effective October 4, 2004, all Trademark-related paper mail (except documents sent to the Assignment Services Division for recordation, certain documents filed under the Madrid Protocol, and requests for copies of trademark documents) must be sent to:

**Commissioner for Trademarks**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

Applicants, attorneys and other Trademark customers are strongly encouraged to correspond with the USPTO online via the Trademark Electronic Application System (TEAS), at http://www.uspto.gov/teas/index.html.

If the applicant has any questions or needs assistance in responding to this Office action, please telephone the assigned examining attorney.

/Kelly F. Boulton/
Trademark Attorney
Law Office 102
571-272-9247

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE: You may respond formally using the Office's Trademark Electronic Application System (TEAS) Response to Office Action form (visit http://www.uspto.gov/teas/index.html and follow the instructions, but if the Office Action issued via email you must wait 72 hours after receipt of the Office Action to respond via TEAS).
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address above and include the serial number, law office number and examining attorney's name in your response.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be v and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

Elizabeth Buckley - TRADEMARK APPLICATION NO. 78513320 - GOOTER - 09519.0043

> From: "ECom102" <OLDecom102@uspto.gov>
> To: <docketing@finnegan.com>
> Date: 6/16/2005 8:43 AM
> Subject: TRADEMARK APPLICATION NO. 78513320 - GOOTER - 09519.0043

## UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| SERIAL NO: | 78/513320 |
| APPLICANT: | Steven A. Silvers |

**\*78513320\***

CORRESPONDENT ADDRESS:
LAURENCE R. HEFTER
FINNEGAN HENDERSON FARABOW GARRETT ET AL
1300 I ST NE
WASHINGTON DC  20005

RETURN ADDRESS:
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

MARK: GOOTER

CORRESPONDENT'S REFERENCE/DOCKET NO: 09519.0043

CORRESPONDENT EMAIL ADDRESS:
docketing@finnegan.com

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

## OFFICE ACTION

**RESPONSE TIME LIMIT**: TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

Serial Number 78/513320

The assigned examining attorney has reviewed the above-referenced application and determined the following.

### No Conflicting Marks Noted
The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d). 15 U.S.C. § 1052(d); TMEP § 1207.01 *et seq*.

### Informalities
Although the examining attorney has not refused registration on any substantive basis, the applicant must respond to the following informalities.

**Signed Declaration Required**
The application must be signed, and verified or supported by a declaration under 37 C.F.R. §2.20. 37 C.F.R. §2.33. No signed verification or declaration was provided. Therefore, the applicant must provide a signed verification or signed declaration attesting to the facts set forth in the application.

If the application is based on use in commerce under Trademark Act Section 1(a), 15 U.S.C. §1051(a), *the verified statement must include an allegation that the mark is in use in commerce and was in use in commerce on or in connection with the goods or services listed in the application as of the application filing date.* 37 C.F.R. §2.34(a)(1)(i); TMEP §§804.02, 806.01(a) and 901.

If the application is based on Trademark Act Section 1(b) or 44, 15 U.S.C. §1051(b) or 1126, *the verified statement must include an allegation that the applicant had a bona fide intention to use the mark in commerce on or in connection with the goods or services listed in the application as of the application filing date.* 37 C.F.R. §§2.34(a)(2)(i), 2.34(a)(3)(i) and 2.34(a)(4)(ii); TMEP §§804.02, 806.01(b), 806.01(c), 806.01(d) and 1101.

Applicant must submit a written statement attesting to the facts set forth in the application, and confirming that applicant had a bona fide intention to use the mark in commerce on or in connection with the goods or services listed in the application as of the application filing date. This statement must be dated and signed by a person authorized to sign under 37 C.F.R. §2.33(a), and verified with a notarized affidavit or signed declaration under 37 C.F.R. §2.20. 15 U.S.C. §1051(b)(3)(B); 37 C.F.R. §§2.34(a)(2)(i), (a)(3)(i) and (a)(4)(ii); TMEP §§804.02, 806.01(b), 806.01(c), 806.01(d) and 1101. No signed verification was provided with the application.

To satisfy this requirement, applicant may add the following declaration paragraph at the end of its response, properly signed and dated:

> The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements and the like may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. §1051(b), 1126(d) or 1126(e), he/she believes applicant to be entitled to use such mark in commerce; **that the applicant had a bona fide intention to use the mark in commerce on or in connection with the goods or services listed in the application as of the application filing date**; that the facts set forth in the application are true and correct; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

_____
(Signature)

_____
(Print or Type Name and Position)

_____
(Date)

**Identification and Classification of Goods and Services**
The identification of goods and services is unacceptable as indefinite. Applicant must rewrite the identification of

goods in its entirety because of the nature and extent of the amendment. 37 C.F.R. §2.74(b).

*Class 9*
- The applicant must indicate that the "television programs featuring music and animation" are on-going, e.g., on-going television programs featuring music and animation. Furthermore, the applicant has classified these services incorrectly. The applicant must amend the application to classify the services in International Class 41. 37 C.F.R. §§2.32(a)(7) and 2.85; TMEP §§1401.02(a) and 1401.03(b).
- The wording "video games" is unacceptable as indefinite because the specific nature of the games is not clear and may contain goods classified in more than one class, e.g., video game machines for use with televisions in Class 9; video game discs in Class 9; stand alone video game machines in Class 28.

*Class 16*
- The wording "decorations" is unacceptable as indefinite because the specific types of decorations is not clear and may include goods classified in more than one class, e.g., paper party decorations in Class 16; gift package decorations made of plastic in Class 20; ornamental bows of textile for decoration in Class 26; edible cake decorations in Class 30.
- The applicant must indicate the field of the "printed instructional and teaching material for use in teaching and entertainment," because the materials by nature would be used for the function of teaching, e.g., printed instructional and teaching materials for use in the field of teacher's education and entertainment.
- The applicant has classified "playing cards" incorrectly. The applicant must amend the application to classify the services in International Class 28. 37 C.F.R. §§2.32(a)(7) and 2.85; TMEP §§1401.02(a) and 1401.03(b).
- The applicant must indicate the material composition of "table cloths and napkins" because the goods may be classified in different classes depending upon the material composition, e.g., paper table cloths and napkins in Class 16; textile table cloths and napkins in Class 24.
- The applicant has classified "hats" incorrectly. The applicant must amend the application to classify these goods in International Class 25. 37 C.F.R. §§2.32(a)(7) and 2.85; TMEP §§1401.02(a) and 1401.03(b). The applicant may also amend the identification to "paper party hats" to remain in Class 16 if this identification is an accurate description of the actual goods.
- The applicant must indicate the material composition of "banners" because the goods may be classified in different classes depending upon the material composition, e.g., paper banners in Class 16; plastic banners in Class 20; cloth banners in Class 24.
- The applicant must indicate that the "party bags" are made of paper and/or plastic to remain in Class 16.
- The applicant must indicate the subject matter of the "pamphlets," e.g., pamphlets in the field of real estate sales.
- The wording "web pages" is unacceptable as indefinite because the specific nature of the services is not clear and may include many services classified in more than one class, e.g., marketing services, namely providing informational web pages designed to generate sales traffic via hyperlinks to other web sites in Class 35; creation and provision of web pages to and for third parties in Class 42; Providing customized on-line web pages featuring user-defined information, which includes search engines and on-line web links to other web sites in Class 42.

*Class 25*
- The applicant must indicate that the "costumes" are Halloween or masquerade costumes.

*Class 28*
- The applicant must specify the type of "science games, e.g., science board games.
- The wording "electronic games" is unacceptable as indefinite because the specific nature of the games is not clear and may contain goods classified in more than one class, e.g., electronic game programs in Class 9; arcade-type electronic video games in Class 28.
- The applicant must indicate the specific type of "computer game equipment," e.g., computer game equipment containing memory devices namely, discs; computer game equipment, namely, joysticks. Furthermore, the applicant has classified these goods incorrectly. The applicant must amend the application to classify the goods

in International Class 9. 37 C.F.R. §§2.32(a)(7) and 2.85; TMEP §§1401.02(a) and 1401.03(b).
- The applicant must list the specific types of "electronic toys" by common commercial name, e.g., electronic toy building blocks that light up as a night light, electronic action toys.

*Class 38*
- The recitation of services is acceptable and made of record.

*Class 41*
- The wording "entertainment services, namely developing audio and visual programs and materials for children" and "services, namely developing audio and visual programs and materials for children" is unacceptable as indefinite because the specific nature of the "audio and visual programs" is not clear, the type of materials is not clear and the applicant must indicate that the services are for others, e.g., developing educational materials of others for children; developing radio and television programs of others for children.

The applicant must amend the identification to specify the common commercial name of the goods. If there is no common commercial name, the applicant must describe the product and its intended uses. TMEP §1402.01. The applicant may adopt the following identification, if accurate. TMEP §1402.01.

Class 9:       Audio and video recordings featuring music and animation; video games, **namely, [indicate the specific nature of the goods that would be properly classified in Class 9]**; cellular telephones, computers; computer peripherals; **computer game equipment, namely, [indicate the goods by common commercial name]**.

Class 16:      All printed matter, namely, paper, cardboard and goods made from these materials, namely, stickers; decalcomanias; **paper party** decorations; printed instructional and teaching materials for use **in the field of [indicate the specific field and/or subject matter]**; trading cards; children's magazines, books, activity books, coloring books; stationery; gift wrapping paper; **paper** table cloths and napkins; **paper party** hats; **paper** banners, calendars, greeting cards, paper party decorations, **paper and plastic** party bags; pamphlets **in the field of [specify the subject matter]**.

Class 24:      Textile table cloths and napkins; cloth banners.

Class 25:      Clothing, namely shorts, shirts, T-shirts, blouses, jackets, pants, socks, underwear, pajamas, nightgowns, dresses, skirts, ties, belts, bathing suits, hats, Halloween and masquerade costumes.

Class 28:      Games and playthings, namely, board games; card games; dolls; science **board** games; **arcade-type electronic video** games; and electronic toys, **namely, [list the goods by common commercial name]**; **playing cards.**

Class 38:      Telecommunications services, namely, electronic transmission of data, images and documents via computer terminals; electronic mail services; and facsimile transmission.

Class 41:      Developing **educational** materials **of others** for children; developing **radio and television** programs **of others** for children; animated television series; **on-going television programs featuring music and animation.**

Class 42:      Providing customized on-line web pages featuring user-defined information, which includes search engines and on-line web links to other web sites.

In addition, the examining attorney strongly recommends that the applicant consult *The Acceptable Identification of Goods and Services Manual*, available on-line at http://tess2.uspto.gov/netahtml/tidm.html . As set forth in the TMEP, this manual "sets out acceptable language for identifying goods and services of various types." TMEP § 1402.04.

Please note that, while an application may be amended to clarify or limit the identification, additions to the identification are not permitted. 37 C.F.R. §2.71(a); TMEP §1402.06. Therefore, the applicant may not amend to include any goods that are not within the scope of goods set forth in the present identification.

**Multi-Class Application**
If applicant prosecutes this application as a combined, or multiple-class application, then applicant must comply with each of the following for those goods and/or services based on an intent to use the mark in commerce under Trademark Act Section 1(b):

(1) Applicant must list the goods and/or services by international class with the classes listed in ascending numerical order, as shown above. TMEP § 1403.01; and

(2) Applicant must submit a filing fee for each international class of goods and/or services not covered by the fee already paid (current fee information should be confirmed at http://www.uspto.gov). 37 C.F.R. §2.86(a)(2); TMEP §§810 and 1403.01.

The filing fee for adding classes to an application is as follows:

(1) $325 per class, when the fees are submitted with a response filed online via the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html; and

(2) $375 per class, when the fees are submitted with a paper response.

37 C.F.R. §§2.6(a)(i) and (ii); TMEP §810.

**Information for the Applicant**
No set form is required for response to this Office action. The applicant must respond to each point raised. The applicant should simply set forth the required changes or statements and request that the Office enter them. The applicant must sign the response.

In all correspondence to the Patent and Trademark Office, the applicant should list the name and law office of the examining attorney, the serial number of this application, the mailing date of this Office action.

**PLEASE NOTE:** Submission of duplicate papers is discouraged because it delays processing. Unless specifically requested to do so by the Office, parties should not mail follow up copies of documents transmitted by fax. TMEP 702.04(e); *Cf. ITC Entertainment Group Ltd. V. Nintendo of America Inc.* 45 USPQ2d 2021 (TTAB 1998).

**NOTICE: FEE CHANGE**

Effective January 31, 2005 and pursuant to the Consolidated Appropriations Act, 2005, Pub. L. 108-447, the following are the fees that will be charged for filing a trademark application:

(1) $325 per international class if filed electronically using the Trademark Electronic Application System (TEAS); or

(2) $375 per international class if filed on paper

Page 6 of

These fees will be charged not only when a new application is filed, but also when payments are made to add classes to an existing application. If such payments are submitted with a TEAS response, the fee will be $325 per class, and if such payments are made with a paper response, the fee will be $375 per class.

The new fee requirements will apply to any fees filed on or after January 31, 2005.

**NOTICE: TRADEMARK OPERATION RELOCATION**

The Trademark Operation has relocated to Alexandria, Virginia. Effective October 4, 2004, all Trademark-related paper mail (except documents sent to the Assignment Services Division for recordation, certain documents filed under the Madrid Protocol, and requests for copies of trademark documents) must be sent to:

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

Applicants, attorneys and other Trademark customers are strongly encouraged to correspond with the USPTO online via the Trademark Electronic Application System (TEAS), at http://www.uspto.gov/teas/index.html.

If the applicant has any questions or needs assistance in responding to this Office action, please telephone the assigned examining attorney.

/Kelly F. Boulton/
Trademark Attorney
Law Office 102
571-272-9247

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- **ONLINE RESPONSE:** You may respond formally using the Office's Trademark Electronic Application System (TEAS) Response to Office Action form (visit http://www.uspto.gov/teas/index.html and follow the instructions, but if the Office Action issued via email you must wait 72 hours after receipt of the Office Action to respond via TEAS).
- **REGULAR MAIL RESPONSE:** To respond by regular mail, your response should be sent to the mailing return address above and include the serial number, law office number and examining attorney's name in your response.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.

Documents%20and%20Settings\buckeye\Local%20Settings\Temp\GW}00001.HTM

6/16/2005