JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

**I. (a) PLAINTIFFS**
STELOR PRODUCTIONS, INC.

**DEFENDANTS**
OOGLES N GOOGLES, KEVIN MENDELL, DANYA MENDELL and X,Y,Z CORPORATIONS

05 MAR 11 PM 3: 29

SOUTHERN INDIANA

**(b)** County of Residence of First Listed Plaintiff  **Delaware**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

*see attachment

Attorneys (If Known)

**1:05-cv-0354-DFH-TAB**

| **II. BASIS OF JURISDICTION** (Place an "X" in One Box Only) | | **III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) | | | |
|---|---|---|---|---|---|
| | | (For Diversity Cases Only) | | | |
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | | PTF DEF | | PTF DEF |
| | | Citizen of This State | ☐ 1 ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 ☐ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 ☐ 3 | Foreign Nation | ☐ 6 ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C.§1114-1117;15 U.S.C.§1125(a) and §1125(c)
Brief description of cause:
Unauthorized trademark infringement & unfair competition.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE                        DOCKET NUMBER

DATE
March 11, 2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #       AMOUNT       APPLYING IFP       JUDGE       MAG. JUDGE

Attachment:

John David Hoover
HOOVER HULL BAKER & HEATH LLP
Attorneys at Law
111 Monument Cir., Ste. 4400
P.O. Box 44989
Indianapolis, IN  46244-0989
Tel: (317) 822-4400
Fax:  (317) 822-0234
Email:  jdhoover@hooverhull.com

AO 85 (modified by USDC IN-SD 6/03)  Notice ~ ent, and Order of Reference — Exercise of Jurisdiction by ~ked States Magistrate Judge

# UNITED STATES DISTRICT COURT

District of _____

|  |  |
|---|---|
| Plaintiff<br>V.<br><br>Defendant | NOTICE, CONSENT, AND ORDER OF REFERENCE —<br>EXERCISE OF JURISDICTION BY A UNITED STATES<br>MAGISTRATE JUDGE<br><br>Case Number:<br>**1:05-cv-0354-DFH-TAB** |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to the assigned United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

| _____ | _____ |
|---|---|
| Date | United States District Judge |

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

STELOR PRODUCTIONS, INC.,          )
a Delaware corporation,            )
                                   )
            Plaintiff,             )
                                   )
      vs.                          )    Case No. _____
                                   )
OOGLES N GOOGLES, an Indiana       )    **1:05-cv-0354-DFH-TAB**
corporation; KEVIN MENDELL, an     )
individual; DANYA MENDELL, an      )
individual; and X, Y, Z CORPORATIONS, )
                                   )
            Defendants,            )

## COMPLAINT FOR: (1) FEDERAL TRADEMARK INFRINGEMENT; (2) UNFAIR COMPETITION; AND (3) DILUTION

Plaintiff, STELOR PRODUCTIONS, INC. ("STELOR"), by its undersigned attorneys, hereby sues Defendants OOGLES N GOOGLES ("OOGLES"), an Indiana Corporation; KEVIN MENDELL, an individual; DANYA MENDELL, an individual; and X, Y, Z CORPORATIONS, and alleges as follows:

### JURISDICTION AND VENUE

1.      STELOR is a corporation organized and existing under the laws of the State of Delaware, and having its principal place of business in Darnestown, Maryland.

2.      Defendant OOGLES, on information and belief, is an Indiana corporation, with its principal place of business in Indianapolis, Indiana.

3.      On information and belief, Defendant KEVIN MENDELL is an individual residing in Indianapolis, Indiana, and is an owner of OOGLES.

4.      On information and belief, Defendant DANYA MENDELL is an individual residing in Indianapolis, Indiana, and is an owner of OOGLES. Defendants DANYA and

KEVIN MENDELL are husband and wife, and will be referred to hereafter collectively as the "MENDELLS".

5.    The MENDELLS directly participated in and were directly responsible for all of Defendants' acts as set forth herein.

6.    On information and belief, Defendants X, Y, Z CORPORATIONS are franchisees of Defendant OOGLES, whose identity and domicile are unknown.

7.    This is a civil action for trademark infringement, unfair competition and dilution arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051-1127, and the applicable common law.

8.    This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1332 (diversity), 28 U.S.C. § 1338 (trademark and unfair competition), and the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.   The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. The parties are citizens of different states.

9.    Venue is proper in this judicial district pursuant to 28 U.S.C. Sections 1391(b) and (c) in that STELOR's controversy arises in this District, where Defendants OOGLES, KEVIN and DANYA MENDELL reside.

**GENERAL ALLEGATIONS**

10.    STELOR is in the business of providing information and goods for children, including over the internet through its web site.[1] STELOR's products are based on four loveable alien creatures called "Googles", first developed in 1991.

---

[1] The Internet is an international network of internetworked computers.  Each computer that is connected to the Internet has a unique Internet Protocol ("IP") number that functions as a kind of Internet address.  As the system has developed over time, individual Domain Names can be

11.     Since then, STELOR and its predecessors have adopted and continuously used in interstate commerce the terms GOOGLES, OGGLE, OOGGLE AND IGGLE as trademarks for goods and services offered, sold and directed to young children. The goods and services included entertainment services, books, videos, interactive web sites, novelties, games and toys.

12.     STELOR is the exclusive worldwide licensee of the following marks and United States trademark registrations:

| Reg. No. | Mark | Goods/Services | Registration Date | First Use |
|---|---|---|---|---|
| 2,087,590 | GOOGLES, (and Design) | children's books | August 12, 1997 | June 1996 |
| 2,496,753 | OGGLE | plush and stuffed toys | October 9, 2001 | Feb. 2001 |
| 2,496,754 | IGGLE | plush and stuffed toys | October 9, 2001 | Feb. 2001 |
| 2,496,755 | OOGGLE | plush and stuffed toys | October 9, 2001 | Feb. 2001 |

13.     These registrations have become incontestable under the provisions of 15 U.S.C. § 1065. The trademarks are valid and subsisting, and have neither been revoked nor canceled.

14.     In addition, Plaintiff on July 18, 1997, registered the internet domain name "googles.com" and on or about that date, started using GOOGLES as a service mark on its safe, predator-free, pornography-free, advertising website for pre-school and young children.

15.     The trademarks, service marks, and domain name identified in paragraphs 11-14 above shall be collectively referred to hereafter as the "GOOGLES Marks".

16.     The GOOGLES Marks have long been advertised and promoted in interstate commerce and have developed and represent valuable good will.

---

registered for use on the internet, which gives the registrant an exclusive right and property interest in the Name.

## Defendants' Infringement

17.    Defendant OOGLES, according to the description contained on its website, is a "children's turnkey party provider." For a fee, it provides "entertainment services, namely, conducting theme parties at various locations of the client's choosing." These services are directed exclusively to young children.

18.    Beginning at some time in the past and continuing until the present, Defendants, with actual or constructive knowledge of the GOOGLES Marks, have advertised, promoted and sold their children's entertainment services under the name "OOGLES-N-GOOGLES". .

19.    The name OOGLES-N-GOOGLES is highly similarly to the GOOGLES Marks, and Defendants use of the name infringes the GOOGLES Marks.

20.    In fact, on information and belief, Defendants have registered the domain name "ooglesngoogles.com", and are advertising their services on that website. The name OOGLES-N-GOOGLES, inclusive of the domain name ooglesngoogles.com, shall be collectively referred to hereafter as the "OOGLES-N-GOOGLES Name".

21.    In addition, KEVIN MENDELL has filed an application to register the mark OOGLES-N-GOOGLES (and Design) with the United States Patent and Trademark Office ("USPTO"). STELOR opposed that application before the USPTO Trademark Trial and Appeal Board ("TTAB") under Opposition No. 91157879.

22.    OOGLES also offers for sale, and has already sold, franchises of its business to various entities around the country. On information and belief, the franchises are also named OOGLES-N-GOOGLES.

23.    Defendants X, Y, Z CORPORATIONS, on information and belief, are franchisees of OOGLES.

4

24.　Defendants have obtained and continue to obtain substantial profits through their course of conduct.

25.　On information and belief, each of the Defendants has at all times knowingly participated with one another to advertise, promote, and sell their children's entertainment services through the OOGLES-N-GOOGLES Name and are, accordingly, jointly and severally liable for all damages from their conduct.

26.　Defendants' OOGLES-N-GOOGLES Name so resembles STELOR's previously used and registered GOOGLES Marks as to be likely to cause confusion, mistake and deception among consumers.

27.　The services Defendants advertise, promote and sell through the use of the infringing OOGLES-N-GOOGLES Name, moreover, are directed to the same class of consumers to which STELOR's goods and services are offered and sold, and are closely related to STELOR's goods and services.

28.　The first use and registration dates of the GOOGLES Marks long precede the Defendants' alleged first use of the OOGLES-N-GOOGLES Name.

29.　Defendants' actions have and will cause STELOR irreparable harm for which money damages and other remedies are inadequate. Unless Defendants are restrained by this Court, Defendants will continue and/or expand the improper activities alleged in this Complaint and otherwise continue to cause great and irreparable damage and injury to STELOR, through *inter alia:*

    a.　Depriving STELOR of its statutory rights to use and control use of its trademarks;

    b.　Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of the infringing services;

c.  Causing the public falsely to associate the GOOGLES Marks with the Defendants or vice versa;

d.  Causing incalculable and irreparable damage to STELOR's goodwill and dilution of the value of its trademarks.

30.  Accordingly, in addition to other relief sought, STELOR is entitled to preliminary and permanent injunctive relief against Defendants and against all persons acting in concert with them.

## I.

## FEDERAL TRADEMARK INFRINGEMENT
(15 U.S.C. § 1114 – 1117; Lanham Act § 32)

STELOR realleges and incorporates by reference the allegations of paragraphs 1 through 30, inclusive, as though fully set forth.

31.  Without STELOR's consent, Defendants have used, in connection with the sale, offering for sale, distribution or advertising of Defendants' services, the OOGLES-N-GOOGLES Name, which infringes the registered GOOGLES Marks.

32.  Because STELOR advertises, markets, distributes, and licenses its services and products under the GOOGLES Marks, these Marks are the means by which STELOR's services and products are distinguished from those of others in the same or related fields.

33.  The infringing names that Defendant has and is continuing to use to offer, advertise, market and distribute its services are likely to cause confusion, mistake, or deception as to their source, origin or authenticity.

34.  Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that their services and infringing names originate with or are authorized by STELOR, to the damage and harm of STELOR and the public.

35.     Upon information and belief, Defendants have used, advertised, marketed and offered for sale their services through the use of the OOGLES-N-GOOGLES Name with the purposes of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the services and of trading upon STELOR's goodwill and reputation.

36.     At a minimum, Defendants acted with willful blindness and in reckless disregard of the registered GOOGLES Marks.

37.     As a result of their wrongful conduct, Defendants are liable to STELOR for trademark infringement. 15 U.S.C. § 1114(1). STELOR has suffered, and will continue to suffer, substantial damages. STELOR is entitled to recover damages, which include any and all profits Defendant has made as a result of his wrongful conduct. 15 U.S.C. § 1117(a).

38.     In addition, because Defendants' infringement of the GOOGLES Marks was willful within the meaning of the Lanham Act, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b). In the alternative, STELOR is entitled to statutory damages.

39.     STELOR is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a), as STELOR has no adequate remedy at law.

40.     STELOR is further entitled to recover its attorneys' fees and costs. 15 U.S.C. § 1117.

## II.

### FEDERAL UNFAIR COMPETITION
(False Designation of Origin and False Description)
(15 U.S.C. § 1125(a); Lanham Act § 43(a))

STELOR realleges and incorporates by reference the allegations of paragraphs 1 through 30, inclusive, as though fully set forth.

7

41.    Because STELOR advertises, markets, distributes, and licenses its services and products under the GOOGLES Marks, these Marks are the means by which STELOR's services and products are distinguished from those of others in the same or related fields.

42.    Defendants' conduct constitutes the use of words, terms, names, symbols or devices tending falsely to describe its infringing products. Defendants' conduct includes the use of the OOGLES-N-GOOGLES Name, which is virtually indistinguishable from the GOOGLES Marks.

43.    Upon information and belief, Defendants have used, advertised, marketed and offered for sale their services through the use of the OOGLES-N-GOOGLES Name with the purposes of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the services and of trading upon STELOR's goodwill and reputation.

44.    Defendants' conduct is likely to cause confusion, mistake or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of the infringing products to the detriment of STELOR and in violation of 15 U.S.C. § 1125(a)(1).

45.    Defendant's wrongful conduct is likely to continue unless restrained and enjoined.

### III.

### FEDERAL DILUTION
### (15 U.S.C. § 1125(c); Lanham Act § 43(a))

STELOR realleges and incorporates by reference the allegations of paragraphs 1 through 30, inclusive, as though fully set forth.

46.    The GOOGLES Marks are distinctive and famous within the meaning of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c) ("Dilution Act").

47.    Defendants' activities as alleged herein constitute dilution of the distinctive quality of the GOOGLES Marks in violation of the Dilution Act.

8

48.     STELOR is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

49.     Upon information and belief, Defendants have used, advertised, marketed and offered for sale their services through the use of the OOGLES-N-GOOGLES Name with the purposes of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the services and of trading upon STELOR's goodwill and reputation.

50.     Because Defendants willfully intended to tread on GOOGLES' reputation or to cause dilution of the GOOGLES Marks, STELOR is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

## IV.

### UNFAIR COMPETITION
### (common law)

STELOR realleges and incorporates by reference the allegations of paragraphs 1 through 30, inclusive, as though fully set forth.

51.     Defendants' use of the OOGLES-N-GOOGLES Name and infringement of the GOOGLES Marks constitutes unlawful and unfair business practices.

52.     Upon information and belief, Defendants have used, advertised, marketed and offered for sale their services through the use of the OOGLES-N-GOOGLES Name with the purposes of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the services and of trading upon STELOR's goodwill and reputation.

53.     As a direct and proximate result of Defendants' misconduct, STELOR has suffered damages.

## PRAYER FOR JUDGMENT

WHEREFORE, STELOR prays that this Court grant it the following relief:

54.    A judgment that the GOOGLES Marks have been infringed by Defendants in violation of Defendants' rights under common law and 15 U.S.C. § 1114.

55.    A judgment that Defendants have competed unfairly with STELOR in violation of STELOR's rights under common law and 15 U.S.C. § 1125(a).

56.    A judgment that Defendants' activities are likely to, or have, diluted the GOOGLES Marks in violation of STELOR's rights under common law and 15 U.S.C. § 1125(c).

57.    A judgment that each of the Defendants, and each of their agents, employees, attorneys, successors, assigns, affiliates and joint venturers, and any person(s) in active concert or participation with any of them, be enjoined and restrained from:

   a.    Advertising, promoting, selling, offering for sale, or distributing any services or products that use any words or symbols that so resemble the GOOGLES Mark – including but not limited to the OOGLES-N-GOOGLES Name and Website – as to be likely to cause confusion, mistake or deception;

   b.    Using any word, term, name, symbol, device or combination thereof which causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendants or their goods with STELOR, with the GOOGLES Mark, or as to the origin of Defendants' goods, or any false designation of origin, false or misleading description or representation of fact;

   c.    Further infringing the rights of STELOR in and to any of its trademarks or otherwise damaging STELOR's goodwill or business reputation;

   d.    Otherwise competing unfairly with STELOR in any manner; and

10

e. Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint.

58.     A judgment requiring Defendants, within thirty (30) days after service of the Judgment demanded herein, be required to file with this Court and serve upon STELOR's counsel a written report under oath setting forth in detail the manner in which they have complied with the Judgment.

59.     A judgment ordering that Defendant hold in trust, as constructive trustees for the benefit of STELOR, its illegal profits obtained from the infringement of STELOR's Marks.

60.     A judgment ordering Defendant to provide STELOR with a full and complete accounting of all amounts due and owing to STELOR as a result of Defendant's illegal activities.

61.     A judgment that STELOR recover from Defendants, jointly and severally, damages in an amount to be proven at trial, including general, special, actual and statutory damages.  Pursuant to 15 U.S.C. § 1117, the amounts should include STELOR's damages and Defendants' profits, trebled pursuant to 15 U.S.C. § 1117(b), or alternatively, enhanced statutory damages pursuant to 15 U.S.C. § 1117(c)(2), for Defendants' willful violations of the GOOGLES Marks, and damages under common law.

62.     A judgment ordering Defendants, jointly and severally, to pay STELOR's reasonable attorneys fees and costs.

63.     A judgment that Defendants be required to pay STELOR punitive damages for their oppression, fraud, malice and intentional misconduct.

64.     A judgment for all such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

11

Dated: March 11, 2005

Respectfully submitted,

_John David Hoover, Attorney No. 7945-49_
HOOVER HULL BAKER & HEATH LLP
Attorneys at Law
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
Tel: (317) 822-4400
Fax: (317) 822-0234
Email: jdhoover@hooverhull.com

Of counsel:

Kevin C. Kaplan, Esq.
Burlington, Weil, Schwiep,
  Kaplan & Blonsky, P.A.
2699 S. Bayshore Drive – PH
Miami, Florida 33133
Tel: (305) 858-2900
Fax: (305) 858-5261
Email: kkaplan@bwskb.com

12

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

STELOR PRODUCTIONS, INC.,           )
a Delaware corporation,             )
                                    )
            Plaintiff,              )
                                    )
      v.                            )     Case Number: 1:05-CV-0354-DFH-TAB
                                    )
OOGLES N GOOGLES, an Indiana        )
corporation; KEVIN MENDELL, an      )
individual; DANYA MENDELL, an       )
individual; and X, Y, Z CORPORATIONS, )
                                    )
            Defendants.             )

## ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

Come now the Defendants, Oogles N Googles, Kevin Mendell, Danya Mendell, and X, Y, and Z

Corporations (collectively referred to as "Oogles N Googles"), by counsel, and responds to Plaintiff's

Complaint for (1) Federal Trademark Infringement; (2) Unfair Competition; and (3) Dilution as follows:

1.    Defendants, Oogles N Googles, are without sufficient information to either admit or deny

the allegations found in Plaintiff's Complaint in Paragraph 1.

2.    Defendants, Oogles N Googles, admit the allegations found in Plaintiff's Complaint in

Paragraph 2.

3.    Defendants, Oogles N Googles, admit that Kevin Mendell is an individual residing in

Indianapolis but denies generally that he is an owner of Oogles, rather he is a shareholder of Oogles, as

alleged in Plaintiff's Complaint in Paragraph 3.

4.    Defendants, Oogles N Googles, admit that Danya Mendell is an individual residing in

Indianapolis but denies generally that he is an owner of Oogles, rather she is a shareholder of Oogles and

is married to Kevin Mendell, as alleged in Plaintiff's Complaint in Paragraph 4.

5.    Defendants, Oogles N Googles, deny the overbroad and general allegations found in Plaintiff's Complaint in Paragraph 5.

6.    Defendants, Oogles N Googles, admit that it has franchisees but denies all other allegations found in Plaintiff's Complaint in Paragraph 6.

7.    Defendants, Oogles N Googles, admit the allegations found in Plaintiff's Complaint in Paragraph 7.

8.    Defendants, Oogles N Googles, admit subject matter jurisdiction and diversity but denies that the amount in controversy exceeds $75,000.00 as found in Plaintiff's Complaint in Paragraph 8.

9.    Defendants, Oogles N Googles, admits the allegations found in Plaintiff's Complaint in Paragraph 9.

10.    Defendants, Oogles N Googles, are without sufficient information to either admit or deny the allegations found in Plaintiff's Complaint in Paragraph 10.

11.    Defendants, Oogles N Googles, are without sufficient information to either admit or deny the allegations found in Plaintiff's Complaint in Paragraph 11.

12.    Defendants, Oogles N Googles, are without sufficient information to either admit or deny the allegations found in Plaintiff's Complaint in Paragraph 12.

13.    Defendants, Oogles N Googles, are without sufficient information to either admit or deny the allegations found in Plaintiff's Complaint in Paragraph 13.

14.    Defendants, Oogles N Googles, are without sufficient information to either admit or deny the allegations found in Plaintiff's Complaint in Paragraph 14.

15.    Defendants, Oogles N Googles, are without sufficient information to either admit or deny the allegations found in Plaintiff's Complaint in Paragraph 15.

2

16.    Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 16.

17.    Defendants, Oogles N Googles, admit that it provides party services but denies that those services are directed exclusively to young children as found in Plaintiff's Complaint in Paragraph 17.

18.    Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 18.

19.    Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 19.

20.    Defendants, Oogles N Googles, admits the existence and ownership of the website "ooglesngoogles.com" but denies the remaining allegations found in Plaintiff's Complaint in Paragraph 20.

21.    Defendants, Oogles N Googles, admit the allegations found in Plaintiff's Complaint in Paragraph 21.

22.    Defendants, Oogles N Googles, admits to having franchisees, but denies the remaining allegations found in Plaintiff's Complaint in Paragraph 22.

23.    Defendants, Oogles N Googles, admits to having franchisees, but denies the remaining allegations found in Plaintiff's Complaint in Paragraph 23.

24.    Defendants, Oogles N Googles, denies the allegations found in Plaintiff's Complaint in Paragraph 24.

25.    Defendants, Oogles N Googles, denies the claims of joint and several liability found in Plaintiff's Complaint in Paragraph 25.

26.    Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in

Paragraph 26.

27.     Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 27.

28.     Defendants, Oogles N Googles, are without sufficient information to either admit or deny the allegations found in Plaintiff's Complaint in Paragraph 28.

29.     Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 29.

30.     Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 30.

31.     Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 31.

32.     Defendants, Oogles N Googles, are without sufficient information to either admit or deny the allegations found in Plaintiff's Complaint in Paragraph 32.

33.     Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 33.

34.     Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 34.

35.     Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 35.

36.     Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 36.

37.     Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in

4

Paragraph 37.

38.    Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 38.

39.    Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 39.

40.    Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 40.

41.    Defendants, Oogles N Googles, are without sufficient information to either admit or deny the allegations found in Plaintiff's Complaint in Paragraph 41.

42.    Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 42.

43.    Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 43.

44.    Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 44.

45.    Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 45.

46.    Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 46.

47.    Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 47.

48.    Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in

Paragraph 48.

49.    Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 49.

50.    Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 50.

51.    Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 51.

52.    Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 52.

53.    Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraph 53.

54.    Defendants, Oogles N Googles, deny the allegations found in Plaintiff's Complaint in Paragraphs 54 through, and including, Paragraph 64 (titled Prayer for Judgment).

WHEREFORE, Defendants, Oogles N Googles, Kevin Mendell, Danya Mendell, and X, Y, and Z Corporations, pray that Plaintiff take nothing by way of their Complaint and for all relief just and proper in the premises.

## AFFIRMATIVE DEFENSES

55.    Plaintiff's Complaint fails to state claims upon which relief can be granted;

56.    Plaintiff's claims are barred because there is no likelihood of confusion;

57.    Plaintiff's claims are barred because there is no false designation or description;

58.    Plaintiff's claims are barred by non-use regarding alleged goods and services;

59.    Plaintiff's claims are barred because Defendants have done nothing to mislead, deceive or

confusing consumers or to generate likelihood of confusion;

    60.    Plaintiff's claims are barred by the doctrine of unclean hands;

    61.    Plaintiff's claims are barred by fair use;

    62.    Plaintiffs' claims are barred by laches and estoppel;

    63.    Plaintiff's claims are barred by the fact that Plaintiff's mark is not famous;

    64.    Plaintiff's claims are barred by the fact that even if famous, Defendant's use of the mark

preceeded such infamy;

    65.    Plaintiff's claims are barred because no dilution has occurred;

    66.    Plaintiff's claims are barred because they have suffered no damages;

    67.    Defendants reserve the right to add additional affirmative defenses relevant to this

litigation or that may arise through the course of this litigation.

## JURY DEMAND

    Defendants pray that all matters triable before a jury be heard as such.

                  COHEN GARELICK & GLAZIER

                  By:  s/ Bryan S. Redding
                      Bryan S. Redding, #18127-49
                      Attorneys for Defendants

Bryan S. Redding
COHEN GARELICK & GLAZIER
8888 Keystone Crossing, Suite 800
Indianapolis, Indiana 46240
(317) 573-8888

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Answer was served upon John David Hoover, Hoover Hull Baker & Heath, LLP, 111 Monument Circle, Suite 4400, Post Office Box 44989, Indianapolis, Indiana 44989 and Kevin C. Kaplan, Burlington, Weil, Schwiep, Kaplan & Blonsky, P.A. 2699 S. Bayshore Drive -PH, Miami, Florida 33133 by depositing a copy of same in the United States Mail, postage prepaid, this __4__ day of May, 2005.

_s/ Bryan S. Redding_
Bryan S. Redding

Bryan S. Redding
COHEN GARELICK & GLAZIER
8888 Keystone Crossing, Suite 800
Indianapolis, Indiana 46240
(317) 573-8888

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STELOR PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-0354- DFH-TAB |
| | ) | |
| OOGLES N GOOGLES, KEVIN MENDELL, | ) | |
| DANYA MENDELL and XYZ | ) | |
| CORPORATIONS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER SETTING INITIAL PRETRIAL CONFERENCE

This case is assigned for an initial pretrial conference before United States Magistrate Judge Tim A. Baker on **June 1, 2005 at 2:30 p.m.** in Room 234, Birch Bayh Federal Building and United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana. The parties are ordered to confer at least 21 days prior to the initial pretrial conference and prepare a proposed Case Management Plan ("CMP"). The CMP shall be in the format set forth in the model CMP found on the Court's website (www.insd.uscourts.gov), shall comply with S.D.Ind.L.R. 16.1(d), and shall address discovery issues as required by Fed. R. Civ. P. 26(f). **The parties shall file the CMP no less than seven days prior to the pretrial conference. Filing of the plan will _not_ automatically vacate the pretrial conference. The conference will remain set unless specifically vacated by the Court, which is unlikely.**

Represented parties shall attend the initial pretrial conference by counsel. Counsel shall appear in person unless they obtain leave to appear at the pretrial conference by telephone. Leave to appear by telephone will be freely granted to counsel who must travel a significant

distance to attend the pretrial conference, such as from out of the division in which the case is pending. Otherwise, counsel generally are expected to appear in person. The parties themselves may attend at their option.

Counsel who attend the conference must have their appearance on file, and must be familiar with and prepared to discuss the facts and legal issues in the case, as well as the scope of damages. Counsel should expect to be asked specific questions concerning the case, and should be prepared to set forth all known facts that support any issue, claim, or defense, including any claim for or defense to damages.

Pursuant to S.D.Ind.L.R. 16.1(h), counsel should also be prepared to fully discuss settlement at the initial pretrial conference (as well as any subsequent conference). Plaintiff's counsel shall appear at the pretrial conference prepared to make a settlement demand if no demand has yet been made. Defendant's counsel shall appear at the pretrial conference prepared to make an offer to any outstanding demand. If no demand has been made, Defendant's counsel shall be prepared to discuss the general parameters of relief responsive to any demand made at the pretrial conference.

The Court encourages counsel to agree on a numbering system for exhibits in discovery that will assign a unique number to each exhibit, so that the same exhibit number can be used at all depositions and at trial. If the parties anticipate seeking a protective order to protect the confidentiality of trade secrets or other confidential information, they shall carefully review the Seventh Circuit's decisions in Baxter International v. Abbott Laboratories, 297 F.3d 544 (7th Cir. 2002), Union Oil Company of California v. Leavell, 220 F.3d 562 (7th Cir. 2000), Citizens First National Bank of Princeton v. Cincinnati Insurance Co., 178 F.3d 943 (7th Cir. 1999), and related cases. Failure to conform any proposed protective order to the limitations and requirements of

these decisions may result in the Court denying the proposed order.

Pursuant to Local Rule 5.6, all documents filed in this matter shall be filed electronically, unless expressly exempted by local rule or an Order of the Court. (Pro se litigants may not file documents electronically.) Accordingly, counsel shall register with the Clerk's office for electronic filing. Counsel need only register one time in the Southern District; it is not necessary to register in every case in which counsel is involved. Information on electronic filing can be found by visiting the Court's website and going to the page entitled *Electronic Case Filing*. For assistance or training in the use of electronic filing, please contact Wendy Carpentier at wendy_carpentier@insd.uscourts.gov or (317) 229-3718.

SO ORDERED this 19th day of April, 2005.

_s/ Tim A. Baker_

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

John David Hoover
HOOVER HULL BAKER & HEATH LLP
jdhoover@hooverhull.com

Bryan S. Redding
COHEN GARELICK & GLAZIER
bredding@cgglawfirm.com

Kevin C. Kaplan
BURLINGTON WEIL SCHWIEP KAPLAN & BLONSKY, PA
2699 S. Bayshore Drive - PH
Miami, FL 33133

### Silver's Entertainment Group Royalty Schedule

Country: All Countries
Period: 1/1/05 to 3/31/05

| Month | Description | Item | Country | Units Sold | Quantity Shipped | Gross Invoice | Amount Billed To Customers | Discounts | Net Billed To Customers | Allowances | Returns | Reportable Sales | Cash Collected | Royalty Rate | Amt. Of Royalty |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Jan-05 | Album | N/A | N/A | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.00 | 0.00 | 6% | 0 |
| Jan-05 | Single | N/A | N/A | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.00 | 0.00 | 6% | 0 |
| Feb-05 | Album | Download | USA | 5 | 5 | $32.50 | 32.50 | 0 | $ 32.50 | $ 8.13 | 0 | $ 24.38 | 24.38 | 6% | 1.46 |
| Feb-05 | Single | Download | USA | 23 | 23 | $14.95 | 14.95 | 0 | $ 14.95 | $ 3.74 | 0 | $ 11.21 | 11.21 | 6% | 0.67 |
| Feb-05 | Single | Download | USA | 3 | 3 | $ 1.95 | 1.95 | 0 | $ 1.95 | $ 0.49 | 0 | $ 1.46 | 1.46 | 3% | 0.04 |
| Feb-05 | Derivative Work | Download | USA | 3 | 3 | $ 6.06 | 6.06 | 0 | $ 6.06 | $ 1.52 | 0 | $ 4.55 | 4.55 | 6% | 0.27 |
| Feb-05 | Single | Download | UK | 7 | 7 | $ 8.75 | 8.75 | 0 | $ 8.75 | $ 2.19 | 0 | $ 6.56 | 6.56 | 6% | 0.39 |
| Feb-05 | Album | Download | EU | 1 | 1 | $ 0.89 | 0.89 | 0 | $ 0.89 | $ 0.22 | 0 | $ 0.67 | 0.67 | 6% | 0.04 |
| Feb-05 | Single | Download | EU | 1 | 1 | | | 0 | | | 0 | | 0.00 | 6% | |
| Mar-05 | Album | N/A | N/A | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.00 | 0.00 | | 0 |
| Mar-05 | Single | N/A | N/A | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.00 | 0.00 | 6% | 0 |
| Total | | | | 40 | 40 | $65.10 | 65.1 | 0 | 65.1 | 16.275 | 0 | 48.83 | 48.83 | | 2.89 |

Advance against royalties    $ 12,000.00
Payment due
Balance of advanced royalties    $ 11,997.11

Stebor Proprietary and Confidential

**Steve Silver's Royalty Schedule**

Country: All Countries
Period: 10/1/04 to 12/31/04

| Month | Item | Description | Stock Number | Units Sold | Quantity Shipped | Gross Invoice | Amount Billed To Customers | Discounts | Net Billed To Customers | Allowances | Returns | Reportable Sales | Cash Collected | Royalty Rate | Amt. Of Royalty |
|-------|------|-------------|--------------|-----------|-----------------|---------------|---------------------------|-----------|------------------------|-----------|---------|-----------------|---------------|--------------|-----------------|
| Oct-04 | | Album | | 0 | 0 | 0 | | 0 | | 0 | 0 | 0.00 | 0.00 | 6% | 0 |
| Oct-04 | | Single | | 0 | 0 | 0 | | 0 | | 0 | 0 | 0.00 | 0.00 | 6% | 0 |
| Nov-04 | | Album | | 0 | 0 | 0 | | 0 | | 0 | 0 | 0.00 | 0.00 | 6% | 0 |
| Nov-04 | | Single | | 0 | 0 | 0 | | 0 | | 0 | 0 | 0.00 | 0.00 | 6% | 0 |
| Dec-04 | | Album | | 0 | 0 | 0 | | 0 | | 0 | 0 | 0.00 | 0.00 | 6% | 0 |
| Dec-04 | | Single | | 0 | 0 | 0 | | 0 | | 0 | 0 | 0.00 | 0.00 | 6% | 0 |
| Total | | | | 0 | 0 | 0 | | 0 | | 0 | 0 | 0.00 | 0.00 | | 0 |
| Nov-04 | Album | | 0 | 0 | 0 | 0 | | 0 | | 0 | 0 | 0.00 | 6% | 0 |
| Dec-04 | Album | | 0 | 0 | 0 | 0 | | 0 | | 0 | 0 | 0.00 | 6% | 0 |
| Total | | | 0 | 0 | 0 | 0 | | 0 | | 0 | 0 | 0.00 | | |

Stelor Proprietary and Confidential

**Steve Silver's Royalty Schedule**

Country: All Countries
Period: 7/1/04 to 9/30/04

| Month | Description | Item | Stock Number | Units Sold | Quantity Shipped | Gross Invoice | Amount Billed To Customers | Discounts | Net Billed To Customers | Allowances | Returns | Reportable Sales | Cash Collected | Royalty Rate | Amt. Of Royalty |
|-------|-------------|--------|--------------|------------|------------------|---------------|----------------------------|-----------|-------------------------|------------|---------|------------------|----------------|--------------|-----------------|
| Jul-04 | Album | album | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.00 | 6% | 0 |
| Jul-04 | Single | single | 2 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.00 | 6% | 0 |
| Aug-04 | Album | album | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.00 | 6% | 0 |
| Aug-04 | Single | single | 2 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.00 | | 0 |
| Sep-04 | Album | album | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.00 | | 0 |
| Sep-04 | Single | single | 2 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.00 | | 0 |
| Total | | | | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.00 | | 0 |

Stelor Proprietary and Confidential