# Exhibit 21

Dockets.Justia.com

9/26/05

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STELOR PRODUCTIONS, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case Number: 1:05-CV-0354-DFH-TAB |
| OOGLES N GOOGLES, an Indiana corporation; KEVIN MENDELL; DANYA MENDELL; MICHELLE COTE; ROB LENDERMAN; STACEY LENDERMAN; BRENDA MURTY; MARGIE THOMAS; ROB SLYTER; ELIZABETH SLYTER; CORINNA SPARKS; CHRISTINE WATERBURRY; LEIGH SUNDLING; and TINA CARTAYA | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Comes now the Defendants, by counsel, and pursuant to Federal Rule of Civil Procedure

12 and 41, submits this brief in support of the motion to dismiss Plaintiff's Amended Complaint:

## I. FACTS

Plaintiff, Stelor Productions, Inc. ("Stelor"), has filed an Amended Complaint in this

matter.  Stelor brings this action based upon trademarks ("Marks") which it was using under a

licensing agreement with Steven A. Silvers ("Silvers").  Amended Complaint, ¶ 21.

The licensing agreement with Stelor was terminated by Silvers on April 27, 2005.

Attached hereto as Exhibit 1 is the Declaration of Gail A. McQuilkin, counsel for Steven A.

Silvers, ¶¶ 6-7.  According to the license agreement upon termination of the agreement "all the

license rights of LICENSEE under this Agreement shall forthwith terminate and immediately

revert to LICENSOR. . . ." Exhibit 1, ¶ 8.

Thereafter on May 5, 2005, Stelor Productions, LLC (not Stelor Productions, Inc.) filed

suit against Silvers in the United States District Court for the Southern District of Florida

alleging improper termination and seeking injunctive relief against Silvers to compel Silvers to

allow Stelor to continue being a licensee.   Exhibit 1, ¶ 10.

On July 5, 2005, the United States District Court issued an order denying the injunctive

relief sought by Stelor holding that Stelor "has not demonstrated any injury it may suffer from

denial of the preliminary injunction cannot be adequately compensated by monetary damages so

as to make equitable interlocutory relief appropriate.  Attached to Exhibit 1 is a true and accurate

copy of the Order, designated Exhibit A (relevant citation from pg. 2 of Exhibit A).

In support of this decision the court cited the cases of *A.L.K. Corp. v. Columbia Pictures*

*Industries, Inc.* 440 F.2d. 761 (3d. Cir. 1971) and *Freeplay Music, Inc. v. Verance Corp.*, 80

Fed.Appx. 137 (2d. Cir. 2003)(unpub).  In both of these cases, licensees that had been terminated

sought preliminary injunctive relief of specific performance of the licensing agreement, to allow

them to continue as licensees during the pendency of the suits.  In both cases, the relief sought

was denied. *Id.*, Exhibit A at pgs. 2-3.  This is the same relief Stelor sought in this Florida

action. *Id.*

In the case brought by Stelor, the Court held that "even if a breach of the licensing

agreement or settlement agreement is ultimately found, the only cognizable injury which [Stelor]

has established is that is may sustain a loss of income . . . . This value is capable of measurement

and can adequately be remedied by monetary damages if [Stelor] is ultimately successful on the

merits of its claim." *Id.,* Exhibit A at pgs. 3-4.

2

Stelor has asserted in the legal actions in Florida that Stelor Productions, **Inc.** no longer

exists, and brought said actions under the name Stelor Productions, LLC.  Exhibit 1, ¶ 10,

Exhibit A of Exhibit 1, pg. 1.

Prior to August 27, 2005, Silvers was unaware that Stelor had filed this action and upon

discovery of this fact, counsel for Silvers immediately contacted defense counsel in this action.

Exhibit 1, ¶ 13, Exhibit C to Exhibit 1.  The present action was apparently not authorized by

Silvers and Silvers would prefer that this matter be dismissed without prejudice.  Exhibit 1, ¶¶

13, 15.

## II.  ARGUMENT

A.    **Stelor no longer has rights to pursue this action**

Stelor brought this action under a licensing agreement that has now been terminated.

Stelor has been denied the relief of specific performance of continuing the licensing agreement.

At this time, Stelor no longer has an interest in which to pursue in this case, i.e. trademark

infringement, as all these rights have reverted to their owner, Silvers.  Thus, Stelor lacks standing

and is also not the real party in interest.

The doctrine of standing requires federal courts to make sure concrete legal issues are

presented by a plaintiff with a particularized injury in fact traceable to the conduct of the

defendant which is likely to be redressed by the relief sought.  *Lujan v. Defenders of Wildlife*,

504 U.S. 555, 559, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).  In the case at hand, Stelor lacks any

right to assert injury to something that they have no legal right to possess, that is the trademarks

owned by Silvers.  Particularly in light of the fact that the owner, Silvers, prefers that this matter

be dismissed without prejudice.  Exhibit 1, ¶ 15.

3

Further, Stelor is not the real party in interest as required by Federal Rule of Civil Procedure 17(A). A "real party in interest" owns or has been transferred the right sought to be enforced. Only someone with legal title to the rights affected by the defendant's conduct could sue at law. The designation of the real party in interest entails identifying the person who possesses the particular right sought to be enforced. *Firestone v. Galbreath*, 976 F.2d 279, 283 (6th Cir.1992). Since Stelor is no longer a licensee, they have no rights to be enforced.

**B.    Stelor Productions, Inc. no longer exists**

This action has been brought in the name of Stelor Productions, Inc. *See* Amended Complaint. The Florida case referenced above was brought in the name of Stelor Productions, LLC. Exhibit 1, ¶ 10, Exhibit A to Exhibit 1, pg. 1. Stelor Productions, LLC, asserted that Stelor Productions, Inc. no longer exists. *Id.*

Thus, to the extent that Stelor Productions, Inc. may have a right to bring this action, if this entity no longer exists, it cannot be a named plaintiff.

WHEREFORE, on either of the basis noted above, Defendants pray that the Court dismiss this matter, without prejudice, and for all other relief just and proper in the premises.

COHEN GARELICK & GLAZIER

By:    s/ Bryan S. Redding
          Bryan S. Redding, #18127-49
          Attorneys for Defendants

4

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

John David Hoover
jdhoover@hooverhull.com
Kevin C. Kaplan
kkaplan@bwskb.com
David John Zack
dzack@bwskb.com

Bryan S. Redding, Esq.
COHEN GARELICK & GLAZIER
8888 Keystone Crossing
Suite 800
Indianapolis, Indiana 46240
(317) 573-8888

## DECLARATION OF GAIL A. MCQUILKIN

I, GAIL A. MCQUILKIN, declare under penalty of perjury that the following is based upon my personal knowledge and is true and correct.

1.    I am a partner and managing shareholder in the firm of Kozyak Tropin & Throckmorton, counsel for defendant, Steven A. Silvers ("Silvers").   I am also counsel for Silvers in the recently dismissed action in the United States District Court for the Southern District of Florida, Stelor Productions, LLC v. Steven A. Silvers, Civil Action No. 05-80393 (the "District Court Action").

2.    I am the attorney who has been primarily involved in the license relationship between Silvers and Stelor Productions relating to the "Googles" trademark and related intellectual property owned by Silvers (collectively "Googles IP."). I am the person with the most personal knowledge of the Silvers' termination of Stelor Productions' license.

3.    Effective June 1, 2002, Silvers entered into a License Agreement with Stelor Productions, Inc. by which he granted Stelor a license to use the Googles IP.

4.    On November 12, 2004, Silvers sent a Notice of Termination, advising Stelor it had sixty (60) days to cure numerous breaches under the License Agreement or face termination as Silvers' licensee.

5.    On January 13, 2005, Silvers terminated the License Agreement for Stelor's failure to cure its numerous breaches.

6.    On January 28, 2005, Silvers and Stelor entered into a confidential Settlement Agreement under which Silvers agreed to withdraw the January 13, 2005 termination letter, but not the Notice of Termination, provided Stelor fully cured the breaches by its performance under the Settlement Agreement.

1

7.    On April 27, 2005 Silvers reinstated his termination because Stelor had not performed its obligations under the Settlement Agreement.

8.    The License Agreement provides, at ¶X(C):

> Upon the expiration or termination of this Agreement, all the license rights of LICENSEE under this Agreement shall forthwith terminate and immediately revert to LICENSOR and LICENSEE, except as detailed above in Section (B) of the "Post Termination Rights" Section, shall immediately discontinue all use of the Licensed Property and the like, at no cost whatsoever to LICENSOR.

9.    Silvers has advised Stelor on numerous occasions that the License Agreement is terminated, and demanded that Stelor comply with the post-termination provisions of the license Agreement.

10.    On May 5, 2005, Stelor Productions LLC (not Stelor Productions, Inc.) filed the District Court Action for wrongful termination seeking injunctive relief to compel Silvers to perform under the License Agreement, and alleging that Stelor Productions, Inc. no longer exits.

11.    On July 5, 2005, in an Order rejecting a Report and Recommendation of the Magistrate Judge, the District Court denied Stelor Productions' request for injunctive relief, holding that because the License Agreement was terminated, Stelor Productions only remedy is a suit for money damages.  Exhibit A.

12.    On August 8, 2005, the District Court dismissed the District Court Action for lack of subject matter jurisdiction because Stelor Productions had not alleged or provided the names and residences of each member of the LLC, but gave leave to amend within ten days.  Exhibit B. No amended complaint was filed.

13.    On August 27, 2005 Silvers learned that Stelor Productions, **Inc.** had filed a trademark infringement action in the Southern District of Indiana (Steve A. Esrig filed a sworn declaration in the District Court Action stating that Stelor Productions, Inc. was converted to Stelor Productions LLC.)  Upon confirming that this action was filed, I immediately sent an

email to Bryan Redding, Esq. informing him that Stelor Productions is not the owner of the Googles IP, and that its license rights had been terminated. Exhibit C.

14.    On September 6, 2005, we filed a Complaint in Florida state court to enjoin Stelor Productions from representing to others that it is Silvers' licensee, or that it is authorized to use the Googles IP. Exhibit D. Attached to the Complaint are true and correct copies of the License Agreement, and correspondence with Stelor Productions, including the final Termination Notice.

15.    Mr. Silvers did not authorize this lawsuit by Stelor Productions, and prefers that the matter be dismissed without prejudice. Mr. Silvers intends to try to resolve the matter with defendant through negotiations, and if the matter is not resolved he will pursue his remedies through the proceeding pending before the Trademark Trial and Appeal Board.

Dated:  September 26, 2005

Gail A. McQuilkin

3339/101/257637.1

2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 | Phone 305.372.1800 | Fax 305.372.3508 | kttlaw.com

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  05-80393-CIV-HURLEY/HOPKINS

STELOR PRODUCTIONS, L.L.C.
        Plaintiff,

v.

STEVEN A. SILVERS,
        Defendant.
_____/

FILED by ___ D.C.

JUL - 5 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

ORDER REJECTING IN PART AND APPROVING IN PART MAGISTRATE'S
REPORT AND RECOMMENDATION ON PLAINTIFF's
MOTION FOR PRELIMINARY INJUNCTION

THIS CAUSE is before the court upon the plaintiff's motion for preliminary injunction [DE# 2]. On May 10, 2005, this matter was referred to a magistrate judge pursuant to 28 U.S.C. §§ 636-39 and Rule 72 of the Federal Rules of Civil Procedure, for a recommended disposition. On June 3, 2005, the magistrate judge filed a report and recommendation upon the motion. [DE# 25].

On June 16, 2005, defendant filed his formal written objections to the Report & Recommendation. [DE# 46] Having reviewed those objections, and made a *de novo* determination with respect to those portions of the magistrate judge's report with respect to which formal written objection has been filed, the court has determined to adopt in part and reject in part the June 2, 2005 Report and Recommendation of the Magistrate Judge.

Discussion

The defendant is the owner of certain intellectual property rights related to an animated children's story named "Googles From The Planet Goo." The plaintiff acquired the right to use

1

and commercialize that intellectual property under a licensing agreement between the parties. In this suit, plaintiff complains that defendant has interfered with its rights under the licensing agreement and a related settlement agreement by interrupting its use of the googles.com website. Defendant, on the other hand, argues that he was justified in terminating the license and redirecting the website due to plaintiff's own breach of the contract and settlement agreement.

As a threshold matter, the court observes that the preliminary injunctive relief sought by plaintiff has in large part already been satisfied by the court's temporary restraining orders partially implementing the injunction recommended by the Magistrate Judge and requiring defendant's cooperation with plaintiff's use of the Googles IP for the duration of plaintiff's product launch at the June 21-24, 2005 international trade show in New York City. [DE# 32, 49] Agreeing with the Magistrate Judge's conclusion that interruption of the unique business opportunity posed by the product launch created the prospect of "irreparable harm," this court granted the extraordinary prejudgment relief requested on a temporary basis. [DE# 32, 49]

However, the court does not find sufficient evidence of "irreparable harm" to justify continuation of preliminary injunctive relief beyond this point. Plaintiff makes generalized allegations of loss of good will, profits and reputation posed by defendant's termination of the parties' licensing agreement, but it has not demonstrated that any injury it may suffer from denial of preliminary injunction cannot be adequately compensated by monetary damages so as to make equitable interlocutory relief appropriate. *See e.g. Freeplay Music Inc. v Verance Corp.,* 80 Fed. Appx. 137 (2d Cir. 2003)(unpub.)(affirming district court's rejection of licensee's request for preliminary injunction that would have left licensing agreement in effect during pendency of litigation).

2

As the Third Circuit explained in *A.L.K. Corp v Columbia Pictures Industries, Inc.*, 440

F.2d 761 (3d Cir. 19710, in spurning a preliminary injunction to compel specific performance of

a movie theater owner's licensing agreement with a distributor for a first run film showing, despite

the acknowledged difficulty of assessing the distinctive value of lost "theater momentum"

precipitated by the licensor's unilateral termination:

> Admittedly, the denial of a preliminary injunction in this case would permit
> Columbia to resolicit bids on 'Husbands' with the resulting possibility that
> plaintiff's asserted rights to the film will be lost. This injury cannot be considered
> 'irreparable,' however, unless plaintiff demonstrates that its legal remedies are
> either inadequate or impracticable. Generally speaking a breach of contract results
> in irreparable injury warranting equitable relief in two types of cases:
>
> 1. Where the subject matter of the contract is of such a special nature, or of such a
> peculiar value, that the damages, when ascertained according to legal rules, would
> not be a just and reasonable substitute for or representative of that subject matter in
> the hands of the party who is entitled to its benefit; or in other words, where the
> damages are inadequate;
>
> 2. Where, from some special and practical features or incidents of the contract
> inhering either in its subject- matter, in its terms, or in the relations of the parties, it
> is impossible to arrive at a legal measure of damages at all, or at least with any
> sufficient degree of certainty, so that no real compensation can be obtained by means
> of an action at law; or in other words, where damages are impracticable.

In A.L.K., the court recognized that all movies are somewhat "unique," but found no

"irreparable harm" associated with the interrupted showing, noting that the theatre owner failed

to show that the film in question would have any effect on its momentum different from that of

other available motion pictures of the same type.

Similarly, in this case, even if a breach of the licensing agreement or settlement agreement

is ultimately found, the only cognizable injury which plaintiff has established is that it may sustain

a loss of income -- the difference between the income which could have been earned by retaining

3

its right to use the Googles related intellectual property, including its access to the googles.com website, and the amount of income that it actually earned during the same period. This value is capable of measurement and can adequately be remedied by monetary damages if plaintiff is ultimately successful on the merits of its claim. Further, as defendant points out, there is nothing which prevents the plaintiff from using another domain name to enable its customers to access its own "Gootopia Website" during the pendency of this lawsuit.

Because the court thus insufficient evidence of "irreparable harm" posed by denial of the interlocutory relief requested, the requested continuation of interlocutory equitable relief shall be denied. It is accordingly **ORDERED** and **ADJUDGED**:

1. The Magistrate Judge's June 3, 2005 Report and Recommendation [DE#~~25~~ 24] is hereby approved in part, to the limited extent that the court adopts the recommendation for a temporary injunction prohibiting defendant's interference with plaintiff's use of the google.com website up through the conclusion of the New York City international trade show on June 24, 2005, and all findings entered in support of that limited injunction, as previously ordered by this court by way of temporary restraining orders entered June 9 and June 22, 2005. [DE# 32, 49].

2. The court otherwise declines to accept the Magistrate Judge's June 3, 2005 Report and Recommendation, and specifically rejects the recommended entry of preliminary injunction compelling the parties' performance of their respective obligations under the subject license and settlement agreement during the pendency of this litigation.

3. Beyond the temporary interlocutory relief previously granted by way of the emergency temporary restraining order entered June 9, 2005 [DE# 32] as extended by order entered June 22, 2005 [DE# 49], the plaintiff's motion for preliminary injunction [DE# 2] is therefore **DENIED.**

4

Case No. 05-80393-CIV-HURLEY
Order on Magistrate  R & R

4.  The defendant's request for oral argument on his objections to the Report & Recommendation filed June 17, 2005 is DENIED as MOOT.  [DE# 45]

5.  The defendant's combined motion to strike declaration of Steven A. Esrig, motion to set aside magistrate judge's report and recommendation, and motion to vacate temporary restraining order filed June 17, 2005 [DE# 39] is DENIED as MOOT.

6.  The defendant's motion to seal Exhibit F contained within his Appendix to Objections to the Magistrate's Report and Recommendation filed June 24, 2005 [DE# 51] is DENIED.

DONE and SIGNED in Chambers at West Palm Beach, Florida this 2⁸⁰ day of June, July

2005.

Daniel T. K. Hurley
United States District Judge

cc.  United States Magistrate Judge James Hopkins
     Kenneth Hartmann, Esq.
     Adam T. Rabin, Esq.
     Kevin Kaplan, Esq.

5

For updated court information, visit unofficial Web site
at http://us.geocities.com/uscts

# Exhibit  B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80393-CIV-HURLEY

STELOR PRODUCTIONS LLC f/k/a
STELOR PRODUCTIONS, INC.
    plaintiff

vs

STEVEN A SILVERS,
    defendant.

_____/



FILED by _____ D.C.

AUG - 8 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**ORDER GRANTING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS**

THIS CAUSE is before the court on the defendant's motion to dismiss for lack of subject

matter jurisdiction [DE# 19] which questions whether the plaintiff, Stelor Productions LLC, a

limited liability company, has adequately established a citizenship diverse from that of the

individual defendant, Steven Silvers, a Florida resident.

A limited liability company is a citizen of each state of which a member is a citizen.

*Rollings Greens MHP, L.P. v Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir.

2004). If any of its members it itself a partnership or LLC, the citizenship of the LLC must be

traced through however many layers of partners or members there may be. *Mutual Assignment and*

*Indemn. Co. v Lind -Waldock & Co., LLC,* 364 F.3d 858, 861 (7th Cir. 2004).

In this case, plaintiff claims that all of its members are citizens of states other than

Florida. In support of this proposition, it relies on the affidavit of Steven Esrig, which contains the

conclusory allegation that none of the LLC's members are citizens of the State of Florida. In

responding to the current motion to dismiss, plaintiff submits an unsworn exhibit which lists the

33 foreign jurisdictions in which its members purportedly reside, without any corresponding data

identifying the individuals or other entities which comprise the membership roster.

Because the record is devoid of evidence from which the citizenship of the members of the plaintiff LLC might be traced, the court concludes that plaintiff has failed to prove --or even meaningfully address -- whether Stelor Productions LLC is a citizen of Florida and thus fails to carry its burden of proving that diversity jurisdiction exists. *See Rollings Greens MHP, L.P. v Comcast SCH Holdings, L.L.C.; Jones v Honeywell Int'l Inc.,* 2005 WL 1669480 *4 n. 2 (M.D. Fla. July 14, 2005); *Marshall Construction L.L.C. v Climastor IV, L.L.C.,* 2005 WL 1364942 (M.D. Ala. June 8, 2005). It is therefore **ORDERED AND ADJUDGED**:

    1. The defendant's motion to dismiss [DE# 19 ] is **GRANTED**.

    2. This order is without prejudice for plaintiff to file, within **TEN (1 0) DAYS** from date of this order, an amended complaint which identifies each member of the plaintiff limited liability company by name and place of citizenship, together with other supplementary evidentiary submissions designed to establish the $75,000.00 jurisdictional threshold of this court. Plaintiff is specifically directed in this regard to supplement the record with evidentiary predicate in support of its assertion that the value of injunctive relief sought exceeds the $75,000.00 jurisdictional threshold of this court. *See Ericcsoon GE Mobile Communications, Inc v Motorola Comm.,* 120 F.3d 216 (11th Cir. 1997).

    **DONE AND ORDERED** in Chambers at West Palm Beach, Florida this _6__ day of August, 2005.

Daniel T. K. Hurley
United States District Judge

cc.
Kevin C. Kaplan, Esq.
Kenneth Hartmann, Esq.
Adam T. Rabin, Esq.

Exhibit  C

From:       GAIL A MCQUILKIN
To:         bredding@cgglawfirm.com
Date:       8/27/2005 7:19:11 PM
Subject:    Googles trademark

Bryan –

   This firm represents Steven Silvers, the owner of the "Ooogles" and "Googles" trademarks.  We just now learned that Stelor Productions, our FORMER licensee, and its attorney Kevin Kaplan, filed an action in Indiana against your client.  As they have no authority or legal right to do this we need to talk.  I am travelling to NYC on Monday and can be reached on my cell phone.  305-215-8414.  Thank you.

Gail A. McQuilkin, Esq.
Kozyak Tropin & Throckmorton, PA
2525 Ponce de Leon
Coral Gables, FL 33134
(305) 372-1800 office
(305) 372-3508 fax
gam@kttlaw.com

# Exhibit  D

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.

                                        8033  CA 03

STEVEN A. SILVERS,

       Plaintiff,

vs.

STELOR PRODUCTIONS, LLC,

       Defendant,

                              /

## COMPLAINT

Plaintiff, Steven A. Silvers, sues Stelor Productions, LLC and alleges:

1. This is an action for declaratory, supplementary and injunctive relief brought pursuant to Florida's Declaratory Judgment Act, Florida Statutes Section 86.011, et seq., and for breach of contract.

2. Silvers is an individual residing in Palm Beach County, Florida with a business address at 8983 Okeechobee Blvd., #202, West Palm Beach, FL 33411.

3. Defendant Stelor Productions, LLC is, upon information and belief, a limited liability company organized under Delaware law, with a place of business at 14701 Mockingbird Drive, Darnestown, Maryland. Defendant is, on information and belief, the successor in interest to Stelor Productions, Inc., a corporation organized under Delaware law. Both entities are referred to here as "Stelor."

4. Silvers is the author of the children's book "GOOGLES and the Planet of Goo" and creator of numerous characters, illustrations and concepts based on the GOOGLES family of characters.

5. Silvers is the owner of 25 "GOOGLES" related trademarks, including "The GOOGLES and Design" mark, and "GOOGLES.com" domain name.

6. Silvers has registered and owns more than 120 domain names related to the GOOGLES concept and characters, including "GOOGLES.com."

7. Silvers also owns numerous copyrights and patents for the characters, illustrations, music and designs encompassed by the GOOGLES concept. The trademarks, copyrights, patents, domain name registrations and related derivative intellectual property are collectively referred to as "GOOGLES Intellectual Property."

8. Effective June 1, 2002, Silvers entered into a License, Distribution and Manufacturing Agreement ("License Agreement") with Stelor by which he granted Stelor a license to use the GOOGLES Intellectual Property, and to manufacture and promote products and services based on the GOOGLES Intellectual Property ("Licensed Products"). Exhibit A.

9. Effective June 1, 2002, Silvers entered into a Consulting Agreement with Stelor which provided, among other things, that Silvers could terminate the License Agreement if Stelor breached the Consulting Agreement's compensation provisions. Exhibit B.

10. On November 12, 2004, Silvers sent a Notice of Termination, advising Stelor it had sixty (60) days to cure numerous breaches under the License Agreement or face termination as Silvers' licensee. Exhibit C. Silvers also invoked Stelor's breaches of the Consulting Agreement as a basis for termination.

11. On January 13, 2005, Silvers terminated the License Agreement for Stelor's failure to cure its numerous breaches. A copy of the termination letter is attached as Exhibit D.

12. On January 28, 2005, Silvers and Stelor entered into a Settlement Agreement under which Silvers agreed to withdraw the January 13, 2005 termination letter, but not the Notice of

2

Termination, provided Stelor fully cured the breaches by its performance under the Settlement Agreement.

13. On April 27, 2005 Silvers reinstated his termination because Stelor had not performed its obligations under the Settlement Agreement. See Exhibit E.

14. The License Agreement provides, at ¶X(C):

> Upon the expiration or termination of this Agreement, all the license rights of LICENSEE under this Agreement shall forthwith terminate and immediately revert to LICENSOR and LICENSEE, except as detailed above in Section (B) of the "Post Termination Rights" Section, shall immediately discontinue all use of the Licensed Property and the like, at no cost whatsoever to LICENSOR.

15. Silvers has advised Stelor on numerous occasions that the License Agreement is terminated, and demanded that Stelor comply with the post-termination provisions of the license Agreement. Copies of Silvers' letters to that effect are attached as Exhibit F.

16. The License Agreement, ¶X, sets out Stelor's rights and obligations upon termination. Stelor is allowed to continue using the GOOGLES Intellectual Property on a limited basis for a limited period, but only if it meets certain requirements. The key requirement for Stelor to use the GOOGLES Intellectual Property post-termination is the submission of an inventory of Licensed Product on hand. License Agreement, ¶X(B).

17. Stelor has failed to provide an inventory of Licensed Products. The 30 day period for Stelor to comply with this requirement expired on May 27, 2005.

18. Stelor has also failed to actively sell Licensed Products post-termination, according to the purported royalty statements Stelor has provided to Silvers.

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 l Phone 305.372.1800 l Fax 305.372.3508 l kttlaw.com

19. Because Stelor has not complied with its post-termination requirements under the License Agreement, it has no right to use the GOOGLES Intellectual Property for any purpose, even for a limited period.

20. Notwithstanding the termination, the reversion of all rights to Silvers, and Stelor's loss of any limited right to use the GOOGLES Intellectual Property, Stelor continues to do. Upon information and belief, Stelor used the GOOGLES Intellectual Property at the Licensing Exhibition in New York City in July, 2005, to promote its own (non-licensed) website services. Stelor's website (stelorproductions.com) continues to feature the GOOGLES trademarks, characters and concept, GOOGLES graphics and illustrations, GOOGLES music, and GOOGLES.com domain name.

21. Stelor' use of the GOOGLES Intellectual Property is without Silvers' authority or consent.

22. Silvers has repeatedly demanded that Stelor cease and desist from its unauthorized use of the GOOGLES Intellectual Property.

23. Stelor has refused to comply with Silvers' demand to cease and desist, and continues to use the GOOGLES Intellectual Property without Silvers' authorization.

24. Silvers has retained the undersigned attorneys and agreed to pay them a reasonable fee.

## COUNT ONE - DECLARATORY RELIEF

25. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 24 as though fully set forth.

26. Up until April 27, 2005, Silvers licensed his GOOGLES Intellectual Property to Stelor, pursuant to the License Agreement. On April 27, 2005, Silvers reinstated his prior termination of the License Agreement.

4

27. Pursuant to the License Agreement, ¶X, upon termination all licensed rights revert to Silvers, and Stelor is required to cease and desist from using the GOOGLES Intellectual Property.

28. Since April 27, 2005, Stelor has disregarded the termination of the License Agreement and continues to hold itself as Silvers' licensee. Stelor continues to use Silvers' GOOGLES Intellectual Property, without Silvers' authority or consent.

29. An actual and ripe controversy exists as to the effect of the termination of the License Agreement and Stelor's rights, or lack thereof, to use the GOOGLES Intellectual Property.

WHEREFORE, Silvers requests that this Court declare the rights of the parties and provide the following relief:

A.    A declaration that the License Agreement is terminated, and that Stelor is no longer a licensee of Silvers.

B.    An order enjoining Stelor from:

1.    Using the GOOGLES Intellectual Property (including but not limited to Silvers' trademarks, domain names, copyrights, patents, and derivatives);

2.    Representing to others that it is Silvers' licensee, or that it is authorized to use or sublicense the GOOGLES Intellectual Property; and

3.    Selling or promoting any Licensed Product.

C.    A full accounting from Stelor of the commercialization of the GOOGLES Intellectual Property during the period the License Agreement was in effect, i.e. June 1, 2002 to April 27, 2005;

D.    Attorneys fees pursuant to contract and Florida Statutes Section 57.105;

E.    Costs; and

F.    Such other relief as the Court deems equitable.

5

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 | Phone 305.372.1800 | Fax 305.372.3508 | kttlaw.com