# Exhibit 25

Dockets.Justia.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 05-80393-CIV-HURLEY/HOPKINS

STELOR PRODUCTIONS, L.L.C.,
    Plaintiff,

v.

STEVEN A. SILVERS,
    Defendant.
_____/



FILED by ___ D.C.

JUL - 5 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### ORDER REJECTING IN PART AND APPROVING IN PART MAGISTRATE'S REPORT AND RECOMMENDATION ON PLAINTIFF's MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** is before the court upon the plaintiff's motion for preliminary injunction [DE# 2]. On May 10, 2005, this matter was referred to a magistrate judge pursuant to 28 U.S.C. §§ 636-39 and Rule 72 of the Federal Rules of Civil Procedure, for a recommended disposition. On June 3, 2005, the magistrate judge filed a report and recommendation upon the motion. [DE# 25].

On June 16, 2005, defendant filed his formal written objections to the Report & Recommendation. [DE# 46] Having reviewed those objections, and made a *de novo* determination with respect to those portions of the magistrate judge's report with respect to which formal written objection has been filed, the court has determined to adopt in part and reject in part the June 2, 2005 Report and Recommendation of the Magistrate Judge.

### Discussion

The defendant is the owner of certain intellectual property rights related to an animated children's story named "Googles From The Planet Goo." The plaintiff acquired the right to use

1



and commercialize that intellectual property under a licensing agreement between the parties. In this suit, plaintiff complains that defendant has interfered with its rights under the licensing agreement and a related settlement agreement by interrupting its use of the googles.com website. Defendant, on the other hand, argues that he was justified in terminating the license and redirecting the website due to plaintiff's own breach of the contract and settlement agreement.

As a threshold matter, the court observes that the preliminary injunctive relief sought by plaintiff has in large part already been satisfied by the court's temporary restraining orders partially implementing the injunction recommended by the Magistrate Judge and requiring defendant's cooperation with plaintiff's use of the Googles IP for the duration of plaintiff's product launch at the June 21-24, 2005 international trade show in New York City. [DE# 32, 49] Agreeing with the Magistrate Judge's conclusion that interruption of the unique business opportunity posed by the product launch created the prospect of "irreparable harm," this court granted the extraordinary prejudgment relief requested on a temporary basis. [DE# 32, 49]

However, the court does not find sufficient evidence of "irreparable harm" to justify continuation of preliminary injunctive relief beyond this point. Plaintiff makes generalized allegations of loss of good will, profits and reputation posed by defendant's termination of the parties' licensing agreement, but it has not demonstrated that any injury it may suffer from denial of preliminary injunction cannot be adequately compensated by monetary damages so as to make equitable interlocutory relief appropriate. *See e.g. Freeplay Music Inc. v Verance Corp.*, 80 Fed. Appx. 137 (2d Cir. 2003)(unpub.)(affirming district court's rejection of licensee's request for preliminary injunction that would have left licensing agreement in effect during pendency of litigation).

2

As the Third Circuit explained in *A.L.K. Corp v Columbia Pictures Industries, Inc.*, 440 F.2d 761 (3d Cir. 19710, in spurning a preliminary injunction to compel specific performance of a movie theater owner's licensing agreement with a distributor for a first run film showing, despite the acknowledged difficulty of assessing the distinctive value of lost "theater momentum" precipitated by the licensor's unilateral termination:

> Admittedly, the denial of a preliminary injunction in this case would permit Columbia to resolicit bids on 'Husbands' with the resulting possibility that plaintiff's asserted rights to the film will be lost. This injury cannot be considered 'irreparable,' however, unless plaintiff demonstrates that its legal remedies are either inadequate or impracticable. Generally speaking a breach of contract results in irreparable injury warranting equitable relief in two types of cases:
>
> 1. Where the subject matter of the contract is of such a special nature, or of such a peculiar value, that the damages, when ascertained according to legal rules, would not be a just and reasonable substitute for or representative of that subject matter in the hands of the party who is entitled to its benefit; or in other words, where the damages are inadequate;
>
> 2. Where, from some special and practical features or incidents of the contract inhering either in its subject- matter, in its terms, or in the relations of the parties, it is impossible to arrive at a legal measure of damages at all, or at least with any sufficient degree of certainty, so that no real compensation can be obtained by means of an action at law; or in other words, where damages are impracticable.

In A.L.K., the court recognized that all movies are somewhat "unique," but found no "irreparable harm" associated with the interrupted showing, noting that the theatre owner failed to show that the film in question would have any effect on its momentum different from that of other available motion pictures of the same type.

Similarly, in this case, even if a breach of the licensing agreement or settlement agreement is ultimately found, the only cognizable injury which plaintiff has established is that it may sustain a loss of income -- the difference between the income which could have been earned by retaining

3

its right to use the Googles related intellectual property, including its access to the googles.com website, and the amount of income that it actually earned during the same period. This value is capable of measurement and can adequately be remedied by monetary damages if plaintiff is ultimately successful on the merits of its claim. Further, as defendant points out, there is nothing which prevents the plaintiff from using another domain name to enable its customers to access its own "Gootopia Website" during the pendency of this lawsuit.

Because the court thus insufficient evidence of "irreparable harm" posed by denial of the interlocutory relief requested, the requested continuation of interlocutory equitable relief shall be denied. It is accordingly **ORDERED** and **ADJUDGED**:

1. The Magistrate Judge's June 3, 2005 Report and Recommendation [DE#24] is hereby approved in part, to the limited extent that the court adopts the recommendation for a temporary injunction prohibiting defendant's interference with plaintiff's use of the google.com website up through the conclusion of the New York City international trade show on June 24, 2005, and all findings entered in support of that limited injunction, as previously ordered by this court by way of temporary restraining orders entered June 9 and June 22, 2005. [DE# 32, 49].

2. The court otherwise declines to accept the Magistrate Judge's June 3, 2005 Report and Recommendation, and specifically rejects the recommended entry of preliminary injunction compelling the parties' performance of their respective obligations under the subject license and settlement agreement during the pendency of this litigation.

3. Beyond the temporary interlocutory relief previously granted by way of the emergency temporary restraining order entered June 9, 2005 [DE# 32] as extended by order entered June 22, 2005 [DE# 49], the plaintiff's motion for preliminary injunction [DE# 2] is therefore **DENIED.**

4

Case No. 05-80393-CIV-HURLEY
Order on Magistrate R & R

4. The defendant's request for oral argument on his objections to the Report & Recommendation filed June 17, 2005 is **DENIED as MOOT**. [DE# 45]

5. The defendant's combined motion to strike declaration of Steven A. Esrig, motion to set aside magistrate judge's report and recommendation, and motion to vacate temporary restraining order filed June 17, 2005 [DE# 39] is **DENIED as MOOT**.

6. The defendant's motion to seal Exhibit F contained within his Appendix to Objections to the Magistrate's Report and Recommendation filed June 24, 2005 [DE# 51] is **DENIED**.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 2nd day of July, 2005.

Daniel T. K. Hurley
United States District Judge

cc. United States Magistrate Judge James Hopkins
Kenneth Hartmann, Esq.
Adam T. Rabin, Esq.
Kevin Kaplan, Esq.