UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL DIVISION

CASE NO. 05-80387-CIV-RYSKAMP/VITUNAC

Steven A. Silvers, an individual,
                Silvers

v.

Google Inc., a Delaware corporation,
                Defendant

---

Google Inc., a Delaware corporation,
                Counterclaimant

v.

Steven A. Silvers, Stelor Productions, Inc.,
and Stelor Productions, LLC

                Counterdefendants.

---

**<u>Motion to Disqualify Counter-Defendant Stelor Productions, Inc's and Stelor Productions, LLC's Attorney Kevin Kaplan from Acting as Trial Counsel or in the Alternative Motion in Limine</u>**

Steven A. Silvers ("Silvers") moves this Court to disqualify Kevin Kaplan

1

("Kaplan") as trial counsel for Counter-Defendants Stelor Productions, Inc. and Stelor Productions, LLC ("Stelor") or in the alternative Silvers makes this motion in Limine to prohibit Stelor from using Kaplan as a witness and from asking any questions of any witness regarding any communications in which Kaplan was an author or recipient and as grounds therefore states:

1. Kaplan currently serves as counsel for Stelor in this matter and intends to advocate as trial counsel on behalf of Stelor. Kaplan's partner and/or associate David Zack has also been involved with this case as counsel for Stelor and has attended depositions and has otherwise filed motions on behalf of Stelor and participated in this case and is knowledgeable about the issues in this case.  Silvers does not move this Court to disqualify Stelor's law firm nor to prohibit any other attorney in that firm, inlcluding David Zack, from acting as trial counsel for Stelor.  Nor does Silvers move this Court to disqualify Kaplan from continuing to act as counsel for Stelor other than at trial.

2. Silvers' pleadings in this matter, specifically Silvers' Memorandum of Law in Opposition to Stelor's Motion for Summary Judgment and the Stelor's Motion for Summary Judgment clearly confirm that Kaplan will be a material witness regarding the issues to be tried in the phase one trial

in January, 2007.

3. After the parties entered into the confidential settlement agreement, all communications regarding the compliance and lack of compliance of the parties to that agreement and the license agreement were conducted primarily between Kaplan and Silvers' prior attorney, Gail McQuilkin. As it is clear from the briefing of Stelor's summary judgment motion, both are material and key witnesses as both have very differing accounts of their communications with each other.

4. Silvers may call upon Kaplan in its case as a necessary witness regarding the referenced communications in order to preserve Silvers' rights and ensure an adequate and fair trial.

5. The law is clear that:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client except where: (1) the testimony relates to an uncontested issue; (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; (3) the testimony relates to the nature and value of legal services rendered in the case; or (4) disqualification of the lawyer would work substantial hardship on the client.

*Rule 4-3.7 of the Florida Rules of Professional Conduct.*

6. As has been demonstrated in Silvers' prior pleadings, the facts in this

      matter do not fit any one of the aforementioned exceptions to Rule 4-3.7 above as the testimony sought here does not relate to an uncontested issue, does not constitute a mere formality and does not involve the nature and value of legal services.

7. Finally, the disqualification of counsel here would not cause substantial hardship on Stelor as another member of the law firm representing Stelor in this case has been actively involved in most aspects of this case and Stelor would not need to retain a new law firm to represent it should the relief be granted.

8. Florida Courts have found grounds for disqualification of counsel when the lawyer is considered "an indispensable witness or when the attorney becomes a central figure in the case..." *See* Foster-Thompson, LLC v. Thompson, 2006 WL 269979 (M.D. Fla. 2006); (quoting Fleitman v. McPherson, 691 So.2d 37, 38 (Fla. 1st DCA 1997), citing Ray v. Stuckey, 491 So.2d 1211, 1214 (Fla. 1st DCA 1986).

9. In addition, other Federal District Courts have maintained that "although retaining counsel of choice is a 'right of constitutional dimension', this right is not absolute." United States v. Wallert, 733 F.Supp. 570, 572 (E.D. NY. 1990); (quoting U.S. v. Arrington, 867 F.2d 122 (2d Cir.

1989), citing <u>U.S. v. Wisniewski</u>, 478 F.2d 274, 285 (2d Cir. 1973).

10. Based on the aforementioned case law and the facts of this case, Silvers' rights will clearly be prejudiced here unless Kaplan is disqualified from advocating on behalf of Stelor before the jury at trial. Silvers may need to call upon Kaplan in its case as a material witness regarding the referenced communications in order to preserve Silvers' rights and ensure an adequate and fair trial.

11. The undersigned counsel brought this issue to Kaplan's attention and Kaplan indicated his intent to act as trial counsel despite the above facts and issues.

12. In the alternative, Silvers moves this Court to preclude Plaintiff from asking any questions of any witness relating to any communications in which Kaplan was the author or recipient of the communication.

13. At the very least, Silvers' rights will be violated here unless Plaintiff is prohibited from asking any questions relating to Kaplan's referenced communications. The purpose of Rule 4-3.7 prohibiting a lawyer from acting as advocate and witness in the same trial is to prevent evils that arise when a lawyer dons the hat of both advocate and witness for his/her own client, as such a dual role can "potentially" prejudice the

opposing side or may even go so far as to create a conflict of interest.

Roberts v. State, 840 So.2d 962, 970 (Fla. 2002).

WHEREFORE, based on the foregoing, Steven A. Silvers respectfully requests for this Court to disqualify Kevin Kaplan as trial counsel for Counter-Defendants Stelor Productions, Inc. and Stelor Productions LLC, or in the alternative Silvers requests for this Court to prohibit the Counter-Defendants from using Kevin Kaplan as a witness and from asking any questions of any potential witness regarding any communications in which Kaplan was an author or recipient.

## Certificate of Service

I certify that a true and correct copy of the foregoing was electronically served on all counsel of record this 12/7/2006.

> Robert H. Cooper P.A.
> 2999 N.E. 191 St. Suite 704
> Miami, Fl. 33180
> 305-792-4343 (direct extension)
> 305-792-0200 (fax)
> robert@rcooperpa.com
> Fl. Bar No. 0650323
>
> _s/ Robert Cooper_____