UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.  05-80387 CIV RYSKAMP/VITUNIC

STEVEN A. SILVERS, an individual,

      Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

      Defendant.

_____/

GOOGLE INC., a Delaware corporation

      Counterclaimant,

v.

STEVEN A. SILVERS, an individual;
STELOR PRODUCTIONS, INC., a Delaware
Corporation; STELOR PRODUCTIONS, LLC, a
Delaware limited liability company,

      Counterdefendants.

_____/

## STELOR'S NOTICE OF FILING

PLEASE TAKE NOTICE that Stelor Productions, LLC, by and through undersigned counsel, hereby files the Attached Declaration of Steven A. Esrig in Support of Stelor's Motion for Summary Judgment Against Silvers.

Respectfully submitted,

s/Kevin C. Kaplan - Florida Bar No. 933848
  David J. Zack - Florida Bar No. 641685
Email:  kkaplan@bskblaw.com
        dzack@bskblaw.com
BURLINGTON, SCHWIEP, KAPLAN &
  BLONSKY, P.A.
Office in the Grove, Penthouse A
2699 South Bayshore Drive
Miami, Florida 33133

Case No. 05-80387 CIV RYSKAMP/VITUNIC

Tel: 305-858-2900
Fax: 305-858-5261
Counsel for STELOR PRODUCTIONS,
    LLC and STEVEN ESRIG

s/Kevin C. Kaplan

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2006, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being

served this day on all counsel of record identified on the Mailing Information for Case No. 05-

80387.  Counsel of record currently identified on the attached Mailing Information list to receive

e-mail notices for this case are served via Notices of Electronic Filing generated by CM/EFF.

Counsel of record who are not on the Mailing Information list to receive e-mail notices for this

case have been served via U.S. Mail.

s/Kevin C. Kaplan

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.  05-80387 CIV RYSKAMP/VITUNAC

STEVEN A. SILVERS, an individual,

      Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

      Defendant.

_____/

**DECLARATION OF STEVEN A. ESRIG IN SUPPORT OF STELOR'S
MOTION FOR SUMMARY JUDGMENT AGAINST SILVERS**

      I, Steven A. Esrig, hereby declare as follows:

      1.      I am the President and CEO of Stelor Productions, LLC ("Stelor").  I have been employed by Stelor since its inception, and I have held my current position since the commencement of the license relationship with Mr. Silvers in or about June of 2002.

      2.      I have reviewed the Declaration filed by Mr. Silvers in Opposition to Stelor's Motion for Summary Judgment (DE # 195), and previously reviewed the August 27, 2006 Letter that Mr. Silvers attaches to his declaration.

      3.      Stelor fully addressed the issues raised in the letter in a detailed response sent by Stelor's counsel on October 20, 2006 ("Response").  A true and correct copy of Stelor's October 20th Letter is attached hereto as Exhibit "A".

      4.      As explained in the Response, and as I had previously discussed in person with Mr. Silvers, a BETA or preliminary version of a new corporate website for Stelor Productions was inadvertently released live on the internet before final review and approval.  As soon as Stelor learned of the issue, we immediately corrected certain errors in the content on the website.

5.     Accordingly, the current version of the site omits a reference to a Grammy Award, and correctly refers to the music as "award winning".  It is!  The "One GooWorld" album of music received the prestigious, Certificate of Recognition in March of 2006 from the Dove Foundation.  A true and correct copy of the Certificate is attached hereto as Exhibit "B". The Foundation was formed in 1991, to promote family-friendly entertainment.  Its mission is "To encourage and promote the creation, production, distribution and consumption of wholesome family entertainment" – a goal that exactly reflects Stelor's effort to develop a kids' safe internet site based on the Googles characters.

6.     With respect to Silvers' complaint about Stelor's use of the name "Troodles from Troo", the name refers to a different character set from the Googles, which Stelor has also developed.  Stelor assumed that explanation would resolve Mr. Silver's concern, since Stelor certainly has the right to develop other character sets.  In the event Mr. Silvers still had any issue or question, however, our Response advised that Stelor was "unsure exactly what Silvers believes the issue to be", and asked Mr. Silvers and his counsel to "advise us immediately if and how Mr. Silvers believes the development of another character set constitutes a violation of the License Agreement."  Stelor received no response, and accordingly, believed the issue to be resolved.

7.     Silvers' claim that Stelor has failed to register other trademarks, such as one for "Goo Roo", is really surprising.  Indeed, as one example of Mr. Silvers' attempts to disrupt Stelor's business, he changed the correspondent information on the United States Patent and Trademark Office records for that registration file, substituting himself for Stelor's counsel. Having interfered for no apparent reason with Stelor's ability to pursue this registration, Mr. Silvers now complains about the situation!  If Mr. Silvers would simply allow Stelor to conduct

its affairs without interference – including by purporting to terminate the License without foundation – these issues would not exist.

8.    Similarly, Mr. Silvers' allegations that Stelor has failed reasonably to commercialize the intellectual property are ludicrous.  First, the License Agreement imposes no benchmarks or time frame on Stelor's development activities, except for the specific requirement in paragraph IX(C) of the License Agreement.  That provision gives Silvers the right to terminate the License if, **after 5 years,** there are three consecutive years in which royalty payments to Silvers are less than $100,00.00.  Essentially, therefore, Stelor has at least until year eight of the License – June of 2009 to June of 2010 – before any specific royalty requirements apply.

9.    This provision reflects the parties' clear understanding about the time it takes to develop and commercialize this type of intellectual property.  Stelor continues to believe that the Googles have the potential to achieve the levels of commercial success such as a Barney or Bob the Builder character.   Stelor is attempting to do so, moreover, in connection with a technologically advanced, kids' safe web site.  Stelor has invested millions of dollars in this development effort, which unfortunately has been frustrated by the trademark infringement issues caused by Google, Inc. as well as Silvers' own interference.  In that connection, Silvers' purported termination of the License Agreement has negatively affected Stelor's development efforts, for example by obstructing (along with Google, Inc.'s infringement) Stelor's ability to attract sub-licensees.

10.    Of course, as recently as two weeks before his wrongful termination of the License Agreement, Mr. Silvers himself advised Stelor through his counsel that "[h]e really is very happy with the project . . . . He knows the success of the project is the result of the work and investment made by everyone over there."  (DE # 199-5 at 20).  If Silvers has become unhappy

with the status of the project in the 19 months since then – while Stelor has been embroiled in litigation to reinstate the Agreements – Silvers has no one to blame but himself.

11.     Stelor has been damaged as a result of Silvers' misconduct.  That damage clearly exceeds the advance royalties that Stelor has tendered to Silvers during that 19 month period – royalties of $6,000.00 monthly totaling $114,000.00 – along with the $17,000 in advance royalties also paid to and accepted by Silvers pursuant to the Settlement Agreement, before his unfounded termination.

12.     Releasing Stelor from the obligation to pay those amounts – and ordering Silvers to pay back any amounts already accepted by him – is not adequate to compensate Stelor for the damages it has suffered, however.  As detailed in my previously filed declarations, the harm to Stelor from the opportunities it has lost to develop its business as a result of Mr. Silvers' wrongful termination of the Agreements is simply immeasurable.

/

/

/

/

/

/

/

/

/

/

/

DEC.08.2006  00:24                                                                    #2864  P.007  /007

I declare under penalties of perjury that the foregoing is true and correct. Dated this 8th day of

December, 2006.

Steven A. Esrig