UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL DIVISION

CASE NO. 05-80387-CIV-RYSKAMP/VITUNAC

Steven A. Silvers, an individual,
          Silvers

v.

Google Inc., a Delaware corporation,
          Defendant

---

Google Inc., a Delaware corporation,
          Counterclaimant

v.

Steven A. Silvers, Stelor Productions, Inc.,
and Stelor Productions, LLC

          Counterdefendants.

---

## Silvers' Motion in Limine

Steven A. Silvers ("Silvers") moves this Court in Limine to prohibit Stelor

from using Kaplan as a witness and from asking any questions of any witness

1

regarding any communications in which Kaplan was an author or recipient and as grounds therefore states:

1. Kaplan currently serves as counsel for Stelor in this matter and intends to advocate as trial counsel on behalf of Stelor.

2. Silvers' pleadings in this matter, specifically Silvers' Memorandum of Law in Opposition to Stelor's Motion for Summary Judgment and the Stelor's Motion for Summary Judgment clearly confirm that Kaplan will be a material witness regarding the issues to be tried in the phase one trial in January, 2007.

3. After the parties entered into the confidential settlement agreement, all communications regarding the compliance and lack of compliance of the parties to that agreement and the license agreement were conducted primarily between Kaplan and Silvers' prior attorney, Gail McQuilkin. As it is clear from the briefing of Stelor's summary judgment motion, both are material and key witnesses as both have very differing accounts of their communications with each other.

4. The law is clear that:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client except where: (1) the testimony relates to an uncontested issue; (2) the testimony will relate solely to a

matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; (3) the testimony relates to the nature and value of legal services rendered in the case; or (4) disqualification of the lawyer would work substantial hardship on the client.

*Rule 4-3.7 of the Florida Rules of Professional Conduct.*

5. As has been demonstrated in Silvers' prior pleadings, the facts in this matter do not fit any one of the aforementioned exceptions to Rule 4-3.7 above as the testimony sought here does not relate to an uncontested issue, does not constitute a mere formality and does not involve the nature and value of legal services.

6. If Kaplan is not disqualified, Kaplan and Stelor should be precluded from presenting any testimony or asking any questions relating to any communication authored or received by Kaplan. Florida Courts do not permit a attorney to be both an advocate and a witness when the attorney becomes a central figure in the case..." *See* Foster-Thompson, LLC v. Thompson, 2006 WL 269979 (M.D. Fla. 2006); (quoting Fleitman v. McPherson, 691 So.2d 37, 38 (Fla. 1st DCA 1997), citing Ray v. Stuckey, 491 So.2d 1211, 1214 (Fla. 1st DCA 1986).

7. Silvers thus moves this Court to preclude Plaintiff from asking any questions of any witness relating to any communications in which Kaplan

was the author or recipient of the communication.

8. At the very least, Silvers' rights will be violated here unless Plaintiff is prohibited from asking any questions relating to Kaplan's referenced communications. The purpose of Rule 4-3.7 prohibiting a lawyer from acting as advocate and witness in the same trial is to prevent evils that arise when a lawyer dons the hat of both advocate and witness for his/her own client, as such a dual role can "potentially" prejudice the opposing side or may even go so far as to create a conflict of interest. <u>Roberts v. State</u>, 840 So.2d 962, 970 (Fla. 2002).

WHEREFORE, based on the foregoing, Steven A. Silvers requests for this Court to prohibit the Counter-Defendants from using Kevin Kaplan as a witness and from asking any questions of any potential witness regarding any communications in which Kaplan was an author or recipient.

Certificate of Service

I certify that a true and correct copy of the foregoing was electronically served on all counsel of record this 12/13/2006.

> Robert H. Cooper P.A.
> 2999 N.E. 191 St. Suite 704
> Miami, Fl. 33180
> 305-792-4343 (direct extension)
> 305-792-0200 (fax)
> robert@rcooperpa.com

        Fl. Bar No. 0650323

        _s/ Robert Cooper_____