UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.  05-80387 CIV RYSKAMP/VITUNIC

STEVEN A. SILVERS, an individual,

     Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

     Defendant.

_____/

GOOGLE INC., a Delaware corporation

     Counterclaimant,

v.

STEVEN A. SILVERS, an individual;
STELOR PRODUCTIONS, INC., a Delaware
Corporation; STELOR PRODUCTIONS, LLC, a
Delaware limited liability company,

     Counterdefendants.

_____/

**STELOR'S OPPOSITION TO SILVERS'**
**MOTION TO DISQUALIFY KEVIN KAPLAN**
**FROM ACTING AS TRIAL COUNSEL FOR STELOR**

     STELOR PRODUCTIONS, LLC ("Stelor"), by and through its undersigned attorneys,

hereby opposes on the following grounds Steven A. Silvers ("Silvers") Motion to Disqualify

Stelor's Attorney Kevin Kaplan ("Kaplan") from Acting as Trial Counsel ("Motion") (DE #

211):

BURLINGTON · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM   WWW.BSKBLAW.COM

## INTRODUCTION

Stelor – a licensee of Steven Silvers' intellectual property, the Googles from the Planet Goo – claims that Silvers' purported termination of the parties' License Agreement was improper.  Stelor seeks declaratory relief confirming the invalidity of the termination, that the License remains in full force and effect, and that the Stelor has no obligation to pay back amounts Silvers has rejected.

Silvers' attempt to disqualify Stelor's counsel – a month before trial – is exactly the type of harassing motion courts view with skepticism.  Stelor's counsel – Kevin Kaplan – is not a witness in the case.  Silvers' suggestion that he may call Kaplan as a witness is nothing more than a desperate attempt to engineer an improper motion to disqualify.

It is time for Silvers to take responsibility for his improper actions and unfounded effort to terminate the parties' Agreements.  He cannot avoid that by attempting to prevent Stelor's counsel from trying this case.  Silvers' motion to disqualify should be denied.

## COURTS' VIEW MOTIONS TO DISQUALIFY WITH SKEPTICISM

For good reason, courts are skeptical of motions to disqualify a party's counsel on the ground that counsel is a witness.  "We view motions to disqualify on this ground with some skepticism, because they are sometimes filed for tactical or harassing reasons, rather than the proper reason." *Singer Island Ltd. Inc., v. Budget Construction Co. Inc.*, 714 So. 2d 651, 652 (Fla. 4th DCA 1998).[1]  Thus, "[d]isqualification is an extraordinary remedy and should only be resorted to sparingly." *Id.*; *AlliedSignal Recovery Trust v. Alliedsignal, Inc.,* 934 So. 2d 675, 678

---

[1] *See also Coral Reef of Key Biscayne Developers, Inc., v. Lloyd's Underwriters at London*, 911 So. 2d 155, 157 (Fla. 3rd DCA 2005); *Alexander v. Tandem Staffing Solutions, Inc.*, 881 So. 2d 607, 608 (Fla. 4th DCA 2004); *Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 224 (6th Cir.1988).

BURLINGTON · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM  WWW.BSKBLAW.COM

(Fla. 2d DCA 2006); *Swensen's Ice Cream v. Voto, Inc.*, 652 So. 2d 961 (Fla. 4th DCA 1995); *Fleitman v. McPherson,* 691 So. 2d 37 (Fla. 1st DCA 1997). As one court has emphasized, "[d]isqualification is an 'immensely unusual remedy.'" *AlliedSignal,* 934 So. 2d at 678.

The Courts' skepticism is even more pronounced where it is the opposing counsel that seeks to call the lawyer as a witness, thereby engineering a disqualification motion. As one court explained, "the rule requiring a lawyer to withdraw when he expects to be a witness in a case 'was not designed to permit a lawyer to call opposing counsel as a witness and thereby disqualify him as counsel.'" *Arcara v. Philip M. Warren, P.A.*, 574 So. 2d 325, 326 (Fla. 4th DCA 1991) (quoting *Cazares v. Church Of Scientology Of California, Inc.*, 429 So. 2d 348, 350 (Fla. 5th DCA 1983), *review denied*, 438 So. 2d 831 (Fla. 1983)); *Allstate Insurance Company v. English*, 588 So. 2d 294, 295 (Fla. 2nd DCA 1991); *Beavers v. Conner*, 258 So. 2d 330 (Fla. 3d DCA 1972).

Applying these principles, courts have held that disqualification is not appropriate unless "it is shown that the attorney will be an indispensable witness or when the attorney becomes a 'central figure' in the case." *Fleitman,* 691 So. 2d at 38. As that suggests, disqualification is not required just because a lawyer is called to testify. Rather, the lawyer "must have crucial information in his possession which must be divulged". *Cazares,* 429 So. 2d at 351. Additionally, the testimony and any alleged prejudice to the opposing party as a result must be more than de minimis. *Id.* 429 So. 2d at 350.

The moving party, moreover (here, Silvers), bears the burden of demonstrating the likelihood of such prejudice. *Id.; Ray v. Stuckey*, 491 So. 2d 1211, 1214 (Fla. 1st DCA 1986). As the Court in *Cazares* cautioned, "[t]he mere assertion that [the lawyer's] testimony 'is

BURLINGTON · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM    WWW.BSKBLAW.COM

expected to be "prejudicial" to the case' without any corroboration is not sufficient to meet the burden of proof for disqualification under this rule." *Id.* By prejudice, moreover, the applicable authority explains that the anticipated testimony must be "sufficiently adverse to the factual assertions or account of events offered on behalf of the client" – that is, on behalf of the lawyer's *own* client. *Id.* at 350. Where the lawyer's testimony would *support* his client's case, the high degree of prejudice required to justify disqualification simply does not exist.

As a final check against improper disqualification, courts have refused to disqualify even counsel who are necessary witnesses if it "would work substantial hardship on the client." *Bochese v. Town of Ponce Inlet,* 267 F. Supp. 2d 1240, 1245 (M.D. Fla. 2003).

Examining the issues and evidence to be presented at trial, it becomes apparent that no foundation whatsoever exists for disqualification of Stelor's counsel.

## OVERVIEW OF THE ISSUES AND EVIDENCE

### A.    The Notice Issue.

Stelor will prevail at trial – or summary judgment – by demonstrating that Silvers' failure to provide the contractually required notice bars his claims. Or, by demonstrating that the alleged breaches Silvers claimed to justify the termination were entirely bogus.

The notice issue is purely legal in nature, turning on the court's interpretation of the applicable provisions in the License and subsequent Settlement Agreements between the parties. Even if Silvers could legitimately argue that he somehow preserved his right to "reinstate" a prior notice of default at any time, Silvers' subsequent acceptance of benefits under the Settlement Agreement clearly waived that right as a matter of law.

4

BURLINGTON · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM   WWW.BSKBLAW.COM

Accordingly, the evidence to be presented at trial on this issue – if a trial is even necessary – consists primarily of the License and Settlement Agreements, the records of payments accepted by Silvers, and the April 27, 2005 Termination Letter sent by Silvers' counsel to Stelor (without prior notice).  Stelor would also expect to question its representative – Steven Esrig – as well as Steven Silvers at trial on this issue.

No testimony from Stelor's counsel, Mr. Kaplan, is conceivably relevant on this notice issue.  The terms of the Agreements speak for themselves; Silvers has himself admitted to receiving payments from Stelor and authenticated checks at his deposition (*see* Silvers Depo. 305:13-306:5; DE # 207-2, at 8 & 207-3, at 2-4); and Silvers admitted that no prior notice was given before the April 27th letter (Depo. 209:22-210:21; DE # 207-2, at 5-6).

**B.    The Bogus Allegations of Breach.**

Even if Silvers can somehow overcome his fatal failure to provide notice – and he cannot – Stelor will prevail at trial by demonstrating that Silvers' allegations of breach are entirely bogus.  As narrowed by Silvers' concessions in opposition to Stelor's summary judgment motion (*see*, DE # 207, at 4-5) – the breaches consist of alleged failures by Stelor to pay a $5,000.00 advance on royalties in April of 2005; to pay a $1,000.00 reimbursement to Silvers for health insurance; to provide samples of licensed products offered for sale; and to schedule an audit.  *Id.*

*1.    The $5,000.00 Advance Royalty.*  With respect to the claimed failure to pay a $5,000.00 advance on royalties in April of 2005, Stelor will show the payment was made by presenting as evidence at trial the cancelled check dated April 8, 2005 authenticated by Silvers at deposition.  Silvers' Depo. at 304-06 (DE # 207-2,at 8; 207-3, at 4).  Stelor may also question

Burlington · Schwiep · Kaplan & Blonsky, P.A.

Office in the Grove  Penthouse 2699 South Bayshore Drive  Miami, Florida 33133
T: 305.858.2900  F: 305.858.5261
Email: info@bskblaw.com    www.bskblaw.com

Mr. Esrig and Mr. Silvers related to the details of the payment, including Mr. Silvers' receipt and deposit of the check. It is inconceivable, however, that Mr. Kaplan would testify on this issue.

       **2.**     *The $1,000.00 Health Insurance Reimbursement.* With respect to the claimed failure to pay a $1,000.00 reimbursement to Silvers for health insurance, Stelor will show at trial that Silvers' was first required to provide evidence of his payment for the insurance, before Stelor had any obligation to reimburse him. Settlement Agreement Para. 10(c) (DE # 199-5, at 11-12). Stelor will then show that Silvers failed to provide that evidence. Silvers own testimony on this point is determinative, since he admitted at deposition that he had the checks showing his payments and "could easily have provided [them] to Stelor," but never did. *See* Silvers Depo. 294:9-17 (DE # 207-2, at 7).

       In addition, Stelor will present evidence at trial of the repeated ***written*** requests it sent – through counsel – asking Silvers to provide evidence of his payments. These requests – which speak for themselves – are part of the summary judgment record before this Court (*e.g.,* DE # 199-20, at 28) and should be admitted without objection as evidence at trial. Even if Silvers unnecessarily insists on evidence of authenticity at trial, that would likely be provided by a records custodian from either parties' law firm. Testimony by Mr. Kaplan, at most to authenticate the documents, would seem entirely unnecessary and highly unlikely. Stelor has no intention otherwise of calling Mr. Kaplan to testify on these issues.

       **3.**     *The Samples.* Stelor will demonstrate at trial that it did not breach any obligation to provide samples to Silvers by showing, first, that the Agreements required samples only of licensed products offered for sale. Since – as Silvers concedes –the only licensed product now

6

BURLINGTON · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM    WWW.BSKBLAW.COM

sold is the Googles Music on iTunes, of which Silvers has samples, there is no breach. Clearly, Mr. Kaplan has no conceivable testimony to present on this issue.

In addition, as Stelor's representative – Mr. Esrig – will testify, samples of multiple products in development were shown to Ms. McQuilkin (Silvers' attorney at the time) when she visited Stelor's offices in February of 2005 (*see* DE # 199-7, at 4 (¶ 10)). (Mr. Kaplan was not there). Stelor also has documents showing that it – through counsel – advised Mr. Silvers' counsel that samples of additional products in development were available for review at Mr. Kaplan's office, and subsequently delivered those samples to Mr. Silvers' counsel (DE # 199-6, at 27; 199-8, at 4; 199-9, at 2, 9-19). These documents – which speak for themselves – are part of the summary judgment record before this Court and should be admitted without objection as evidence at trial. Even if Silvers unnecessarily insists on evidence of authenticity at trial, that would likely be provided by a records custodian from either parties' law firm. Testimony by Mr. Kaplan, at most to authenticate the documents, would seem entirely unnecessary and highly unlikely. Stelor has no intention otherwise of calling Mr. Kaplan to testify on these issues.

*4.* ***The Audit.*** Stelor will show at trial that Silvers agreed in late March of 2005 to postpone scheduling an audit of Stelor until further notice. Steven Esrig – who himself was in direct communication with Silvers' counsel, Gail McQuilkin – will testify to this at trial. In addition, Stelor will introduce into evidence a March 23, 2006 email from Gail McQuilkin confirming her agreement to postpone the audit, and an April 22, 2006 email from her, which first renewed the request for an audit thereafter. Stelor will further support its position that both parties understood the audit to be deferred, by showing the utter absence of any reference to an

7

Burlington · Schwiep · Kaplan & Blonsky, P.A.

Office in the Grove  Penthouse 2699 South Bayshore Drive  Miami, Florida 33133
T: 305.858.2900  F: 305.858.5261
Email: info@bskblaw.com   www.bskblaw.com

audit in the multiple emails sent by Ms. McQuilkin in the period between March 23rd and April 22nd. (*See* DE # 207-4, at 2-6).

Again, these email communications – which speak for themselves – are already part of the summary judgment record before this Court and should be admitted without objection as evidence at trial. Even if Silvers unnecessarily insists on evidence of authenticity at trial, that would likely be provided by a records custodian from either parties' law firm. Testimony by Mr. Kaplan, at most to authenticate the documents, would seem entirely unnecessary and highly unlikely. Stelor has no intention otherwise of calling Mr. Kaplan to testify on these issues.

Silvers has suggested that he may call Ms. McQuilkin to testify that, notwithstanding the email record demonstrating her agreement to defer the audit, she spoke with Mr. Kaplan to set an audit date on April 26, 2006. Whether or not Mr. Silvers chooses to do so – potentially opening the door to questioning on his corresponding communications with his lawyer, and exposing Ms. McQuilkin to cross-examination regarding the email record contradicting any such claim – that does not make Mr. Kaplan a witness. Of course, were Mr. Kaplan to be called to testify on this issue, his testimony would be entirely consistent with Stelor's position, consisting of a denial that any audit date was scheduled after Ms. McQuilkin confirmed her agreement to defer the audit on March 23, 2006 (and confirmation that Stelor was working in good faith to set a date upon receipt of the April 22nd email, when Silvers rashly terminated the Agreements). Such testimony would also be entirely supported by the emails contained in the written record.[2]

---

[2] Stelor reiterates that it has no intention of calling Mr. Kaplan to testify in its case in chief. Stelor reserves the right to call Mr. Kaplan as a rebuttal witness, depending on if (and how) Ms. McQuilkin testifies.

8

BURLINGTON · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM  WWW.BSKBLAW.COM

C.      **The Summary Judgment Record.**

The record before the Court on summary judgment supports Stelor's characterization of the evidence and the fact that Mr. Kaplan is not a central figure in the case.  Stelor, therefore, has relied on Declarations from Mr. Esrig – Stelor's representative – Mr. Silvers, and also Ms. McQuilkin, who acted as counsel for Silvers until recently withdrawing.  Ms. McQuilkin filed her lengthy declaration (DE # 199-19) in the course of injunction  proceedings while the action was before Judge Hurley, in an effort to recharacterize the facts after Magistrate Hopkins issued an unfavorable decision for Silvers that followed an evidentiary hearing in May of 2005.

Mr. Kaplan filed two short declarations, which merely served to authenticate certain documents.  (DE ## 199-15, 199-16).  Unlike Ms. McQuilkin's declaration, Mr. Kaplan's declarations contained no substantive testimony whatsoever.  Thus, while Silvers' prior counsel appears to have crossed the line between lawyer and advocate earlier in the case, Stelor's counsel never has.

Under these circumstances, as set forth below, no basis exists for disqualifying Kaplan.

**SILVERS' REQUEST TO DISQUALIFY IS LEGALLY UNFOUNDED**

Applying the controlling principles limiting disqualification of a party's chosen trial counsel, it is apparent that no legal basis exists for disqualifying Mr. Kaplan.  He is not an indispensable witness; Silvers has demonstrated no prejudice; and the hardship to Stelor from disqualifying its lead counsel on the even of trial would be substantial and unfair.

A.      **Kaplan Is Not An Indispensable Witness.**

Kaplan is not an indispensable witness.  As set forth above, Stelor's case at trial is in no way dependant upon testimony by Kaplan.  *See* note 2, *supra.*  Silvers himself is the "central

9

BURLINGTON · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM  WWW.BSKBLAW.COM

figure" in this case, who needs to take responsibility for his own actions related to the Agreements. Thus, Silvers needs to acknowledge the payments he received (the $5,000.00 advance for April); the evidence he failed to provide (of his health insurance payments); the fact that he had samples of the only licensed products Stelor sold; and his lawyer's agreement (confirmed in writing) to defer the request for an audit. Kaplan, clearly, is not an indispensable witness on any of these issues. He has no "crucial information in his possession which must be divulged." *Cazares,* 429 So. 2d at 351.

Silvers generalized and non-specific allegations regarding Mr. Kaplan's testimony are insufficient to demonstrate otherwise. Silvers states that "it is clear. . . both [Kaplan and McQuilkin] are material and key witnesses as they both have very differing accounts of their communications." (Motion ¶ 3.) With respect to the anticipated testimony of Mr. Kaplan, however, Silvers states only that "the testimony sought here does not relate to an uncontested issue, does not constitute a mere formality and does not involve the nature and value of legal services." (Motion ¶ 6.) These conclusory statements are entirely inadequate to support disqualification.

**B.    Silvers Demonstrates No Prejudice.**

Nor does Silvers demonstrate the likelihood of any conceivable prejudice if his motion to disqualify is denied. First, Mr. Kaplan is not likely to testify at all, unless Silvers calls him. *See* note 2, *supra.* Second, Silvers fails to articulate with any specificity the alleged prejudice of Mr. Kaplan's anticipated testimony.

Again, as the courts make clear, the prejudice must be from testimony adverse to *STELOR's* account of the events, and must be more than a "mere assertion that [the] testimony

BURLINGTON · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM  WWW.BSKBLAW.COM

'is expected to be "prejudicial" to the case' without any corroboration." *Cazares,* 429 So. 2d at 350. To the extent Silvers describes Mr. Kaplan's anticipated testimony at all, it would be entirely consistent with Stelor's account of the events (and inconsistent with Silvers). Nor does Silvers offer any corroboration whatsoever to support his claim of prejudice. He points to no deposition testimony, which courts have required as a precondition for motions to disqualify made late in the case, after discovery and near trial. *Id.* He merely states in conclusory terms that "Silvers' rights will clearly be prejudiced here unless Kaplan is disqualified from advocating on behalf of Stelor before the jury at trial." (Motion ¶ 10.) This is clearly not sufficient.

In addition, any factual dispute addressed in testimony by Mr. Kaplan – should Silvers call him as a witness – is already framed by the written documents themselves. Corroborating testimony by a non-essential witness – to be called by Silvers only to engineer a motion to disqualify – does not constitute prejudice as defined by the rules.

**C.    Hardship to Stelor.**

Silvers' unwarranted delay in raising this issue until the month before trial also requires the motion to be denied. Prejudicing Stelor be preventing its lead counsel – involved in the case since day – from trying this action is entirely improper under these circumstances.

Thus, the communications Silvers claims make Mr. Kaplan a witness occurred in or about March or April of 2005 – ***20 MONTHS BEFORE SILVERS FILED HIS MOTION TO DISQUALIFY!*** The declaration of Ms. McQuilkin referencing those communications – inconsistent as they are with her own emails – was initially filed in June of 2005. Silvers initial disclosures served in November of 2005, include no mention of Mr. Kaplan (other than in the certificate of service).

BURLINGTON · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM WWW.BSKBLAW.COM

Silvers' suggestion that Stelor's recent summary judgment motion somehow newly demonstrates that Kaplan will be a witness at trial is preposterous. First, the motion in no way suggests that Kaplan is a witness. Second, the motion relies almost entirely on the record created in 2005 in connection with the injunction proceedings before Judge Hurley.

If Silvers believed a basis for disqualification existed, he should have raised the issue then. Having failed to do so, however, he should not be permitted to seek disqualification of Stelor's counsel the month before trial.

The hardship to Stelor of such a disqualification, moreover, would be substantial and unfair. Mr. Kaplan has handled every aspect of this multi-faceted litigation since its inception. He was Stelor's sole counsel at the evidentiary hearing before Magistrate Hopkins in May of 2005; he has attended every deposition in this action; he conducted the deposition of Mr. Silvers; he will attend the summary judgment hearing set for January 4, 2007; and he is preparing to try this action in January as Stelor's lead counsel. Mr. Kaplan has been supported by other lawyers at his firm – including David Zack. Mr. Zack, however, has not had nearly the level of involvement in the case as Mr. Kaplan. Although a very capable lawyer, moreover, Mr. Zack does not have Mr. Kaplan's level of trial experience.

The Court's holding in *Bochese v. Town of Ponce Inlet*, 267 F.Supp. 2d 1240 (M.D. Fla. 2003) is directly on point. There, the court refused to disqualify the defendant's attorneys, even if they were necessary witnesses: "[e]ven if Bochese could show that both [lawyers] are necessary witnesses, disqualification of the two lawyers would work substantial hardship on the client, Ponce Inlet. The two lawyers are familiar with many of the issues raised in this case." *Id.* at 1245. The issue here is even clearer, where Kaplan is not a necessary witness.

BURLINGTON · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM WWW.BSKBLAW.COM

## CONCLUSION

For the foregoing reasons, Silvers' Motion to Disqualify Stelor's Attorney Kevin Kaplan from Acting as Trial Counsel should be denied.

RESPECTFULLY SUBMITTED,

BURLINGTON, SCHWIEP,
KAPLAN & BLONSKY, P.A.
Attorneys for Stelor Productions, LLC
2699 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261
Email:  kkaplan@bwskb.com

By: /s/ Kevin C. Kaplan
        Kevin C. Kaplan
        Florida Bar No. 933848
        David J. Zack
        Florida Bar No. 641685

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Kevin C. Kaplan

13

BURLINGTON · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@ BSKBLAW.COM    WWW.BSKBLAW.COM

## SERVICE LIST

### STEVEN A. SILVERS, Plaintiff, v. GOOGLE INC.
### CASE NO. 05-80387 CIV RYSKAMP/VITUNAC
### UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Robert H. Cooper, Esq.<br>robert@rcooperpa.com<br>ROBERT COOPER, P.A.<br>Concorde Centre II, Suite 704<br>2999 N.E. 191 Street<br>Aventura, Florida 33180<br>Tel: 305-792-4343<br>Fax: 305-792-0200<br>*Attorney for Plaintiff Steven A. Silvers*<br>Method of Service:  CM/ECF | Ramsey Al-Salam, Esq.<br>William C. Rava, Esq.<br>PERKINS COIE LLP<br>Suite 4800<br>1201 Third Avenue<br>Seattle, Washington 98101-3099<br>Tel: 206-359-8000<br>Fax: 206-359-9000<br>*Attorneys for Defendant Google Inc.*<br>Method of Service: U.S. Mail |
| Johanna Calabria, Esq.<br>PERKINS COIE LLP<br>Suite 2400<br>Four Embarcadero Center<br>San Francisco, CA 94111<br>Tel: 415-344-7050<br>Fax: 415-344-7124<br>E-mail: jcalabria@perkinscoie.com<br>*Attorneys for Defendant Google Inc.*<br>Method of Service:  U.S. Mail | Jan Douglas Atlas, Esq.<br>jatlas@adorno.com<br>ADORNO & YOSS LLP<br>Suite 1700<br>350 East Las Olas Boulevard<br>Fort Lauderdale, Florida  33301<br>Tel: 954-763-1200<br>Fax. 954-766-7800<br>Attorneys for Defendant Google Inc.<br>Method of Service: CM/ECF |

14

BURLINGTON · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM    WWW.BSKBLAW.COM