UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80387 CIV RYSKAMP/VITUNAC

STEVEN A. SILVERS, an individual,

    Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

    Defendant.

_____/

GOOGLE INC., a Delaware corporation

    Counterclaimant,

v.

STEVEN A. SILVERS, an individual;
STELOR PRODUCTIONS, INC., a Delaware
Corporation; STELOR PRODUCTIONS, LLC, a
Delaware limited liability company,

    Counterdefendants.

_____/

## STELOR'S OPPOSITION TO SILVERS' MOTION IN LIMINE

STELOR PRODUCTIONS, LLC, by and through its undersigned attorneys, hereby opposes on the following grounds Steven A. Silvers ("Silvers") Motion in Limine ("Motion") (DE # 212):

### INTRODUCTION

Silvers moves in limine – as an alternative to his unfounded motion to disqualify Stelor's trial counsel, Kevin Kaplan – "to preclude Plaintiff from asking *any* questions of *any* witness

BURLINGTON · SCHWIEP · KAPLAN & BLONSKY, P.A.
OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM    WWW.BSKBLAW.COM

relating to *any* communications in which Kaplan was the author or recipient of the communication." Motion at 4 (emphasis added). This extremely broad request is unsupported by any legal authority or logical rationale, and ignores the obvious relevance of this admissible evidence at trial. The motion is just another tactic to harass Stelor and disrupt its trial preparations. It should be denied.

### SILVERS FAILS TO DEMONSTRATE INADMISSIBILITY

The purpose of a motion in limine is to obtain a pre-trial ruling on admissibility of specific evidence. An in limine order excluding evidence is warranted "only if the evidence at issue is clearly inadmissible." *Bowden*, 2001 WL 617521 at 1; *United States v. Rusin*, 889 F.Supp. 1035, 1038 (N.D. Ill. 1995). The moving party "has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Bowden v. Wal-Mart Stores, Inc.*, 2001 WL 617521 (M.D. Ala. 2001); *Plair v. E.J. Brach & Sons, Inc.*, 864 F.Supp. 67, 69 (N.D. Ill. 1994). Of course, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution. . ., by Act of Congress, by [the Federal Rules of Evidence], or by other rules prescribed by the Supreme Court. . ." *Fed. R. Evid.* 402.

Silvers' Motion fails even to address, let alone satisfy, these standards. His request is for the wholesale exclusion at trial of "any testimony or . . . questions relating to any communication authored or received by [Stelor's counsel, Kevin] Kaplan." Motion at 3. The basis for the request is simply that "Silvers' rights will be violated here unless Plaintiff is prohibited from asking any questions relating to Kaplan's referenced communications." Motion at 4.

That argument is wholly insufficient. It fails specifically to identify what documents or questions are claimed to be prejudicial, or what the prejudice might be. It fails to describe in any

2

BURLINGTON • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM   WWW.BSKBLAW.COM

way why the documents or questions are inadmissible. Clearly, the fact that counsel authored or received a communication (other than from counsel's own client) does not, in and of itself, make that communication inadmissible.

The failure to specify the evidence sought to be excluded itself requires denial of the Motion. Courts thus deny motions in limine "lack[ing] the necessary specificity with respect to the evidence to be excluded." *Bowden*, 2001 WL 617521 at 1; quoting *National Union v. L.E. Myers Co. Group*, 937 F.Supp. 276, 287 (S.D.N.Y. 1996); 75 Am. Jr. 2d Trial § 106 (2006) ("[I]t is imperative that the in limine motion and the subsequent order by clear and specific. . .").

Indeed, communications sent to and from Mr. Kaplan have been included in the record dating back to the injunction proceedings while the case was pending before Judge Hurley. Those communications have been re-filed as part of the record for Stelor's pending summary judgment motion. Silvers has not objected – and could not properly object – to this evidence for purposes of summary judgment; he cannot properly object to admissibility of this evidence at trial.

For example,

- Stelor will present evidence at trial of the written requests it sent – through counsel – asking Silvers to provide evidence he paid his health insurance, required to be provided before Stelor had to pay a $1,000.00 per month reimbursement to Silvers. (Filed at DE # 199-20, at 28).

- Stelor will present as evidence at trial the letters showing that it – through counsel – advised Mr. Silvers' counsel that samples of products in development and promotional materials were available for review at

3

BURLINGTON · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM    WWW.BSKBLAW.COM

Mr. Kaplan's office, and then that Stelor subsequently delivered those samples to Mr. Silvers' counsel. (Filed at DE # 199-6, at 27; 199-8, at 4; 199-9, at 2, 9-19).

- Stelor will introduce into evidence at trial various email communications between counsel relating to the scheduling of an audit – including a March 23, 2006 email from Silvers' then-counsel, Gail McQuilkin, confirming her agreement to postpone the audit, and an April 22, 2006 email from her, which first renewed the request for an audit thereafter. Stelor will further support its position that both parties understood the audit to be deferred, by showing the utter absence of any reference to an audit in the multiple emails sent by Ms. McQuilkin in the period between March 23rd and April 22nd. (*See* DE # 207-4, at 2-6).

In addition, Stelor will question various witnesses at trial – including Stelor's representative (Steve Esrig) and Silvers regarding the contents of these communications. Certainly, objections can be made at trial in the event any such questions are improper, but no basis exists to bar such questioning in limine.

## CONCLUSION

For the foregoing reasons, Silvers' Motion to Limine should be denied.

> BURLINGTON, SCHWIEP,
>  KAPLAN & BLONSKY, P.A.
> Attorneys for Stelor Productions, LLC
> 2699 South Bayshore Drive, Penthouse
> Miami, Florida 33133
> Tel: 305-858-2900
> Fax: 305-858-5261
> Email: kkaplan@bwskb.com
>
> By: /s/ Kevin C. Kaplan
>     Kevin C. Kaplan
>     Florida Bar No. 933848

4

BURLINGTON · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM    WWW.BSKBLAW.COM

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 22, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                  s/Kevin C. Kaplan

BURLINGTON • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM   WWW.BSKBLAW.COM

## SERVICE LIST

### STEVEN A. SILVERS, Plaintiff, v. GOOGLE INC.
### CASE NO. 05-80387 CIV RYSKAMP/VITUNAC
### UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Robert H. Cooper, Esq.<br>robert@rcooperpa.com<br>ROBERT COOPER, P.A.<br>Concorde Centre II, Suite 704<br>2999 N.E. 191 Street<br>Aventura, Florida 33180<br>Tel: 305-792-4343<br>Fax: 305-792-0200<br>*Attorney for Plaintiff Steven A. Silvers*<br>Method of Service: CM/ECF | Ramsey Al-Salam, Esq.<br>William C. Rava, Esq.<br>PERKINS COIE LLP<br>Suite 4800<br>1201 Third Avenue<br>Seattle, Washington 98101-3099<br>Tel: 206-359-8000<br>Fax: 206-359-9000<br>*Attorneys for Defendant Google Inc.*<br>Method of Service: U.S. Mail |
| Johanna Calabria, Esq.<br>PERKINS COIE LLP<br>Suite 2400<br>Four Embarcadero Center<br>San Francisco, CA 94111<br>Tel: 415-344-7050<br>Fax: 415-344-7124<br>E-mail: jcalabria@perkinscoie.com<br>*Attorneys for Defendant Google Inc.*<br>Method of Service: U.S. Mail | Jan Douglas Atlas, Esq.<br>jatlas@adorno.com<br>ADORNO & YOSS LLP<br>Suite 1700<br>350 East Las Olas Boulevard<br>Fort Lauderdale, Florida 33301<br>Tel: 954-763-1200<br>Fax. 954-766-7800<br>*Attorneys for Defendant Google Inc.*<br>Method of Service: CM/ECF |

BURLINGTON · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE 2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BSKBLAW.COM   WWW.BSKBLAW.COM