UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

Case No. 05-80387-CIV-RYSKAMP/VITUNAC

STEVEN A. SILVERS, an individual,

       Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

       Defendant.
_____/

## ORDER DENYING STELOR PRODUCTIONS' MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Stelor Productions motion for summary judgment **[DE 140]** filed on October 12, 2006. Stelor also filed a statement of material facts in support **[DE 142]** on that same date. On November 17, 2006, Silvers filed his response **[DE 193]** and statement of disputed facts **[DE 202]**. Stelor filed its reply **[DE 207]** on December 8, 2006. The Court heard oral argument from the parties on January 4, 2006. This motion is now ripe for adjudication.

**I. Introduction**

The general facts of this case are detailed in this Court's Order **[DE 71]** entered on February 27, 2006.[1] The following facts pertain specifically to this dispute. Stelor filed an amended cross-claim **[DE 49]** against Silvers alleging that it has an exclusive worldwide license covering the Googles trademarks, related intellectual property and the googles.com website,

---

[1] This Court granted the motion to bifurcate the discovery and trial of the ownership dispute between Silvers and Stelor and the trademark infringement suit against Google **[DE 68]**. Accordingly, this Order only address the ownership dispute.

pursuant to a License Agreement and Settlement Agreement executed by Silvers and Stelor.[2] Am. Counterclaim and Cross-Claim **[DE 49]**, at ¶¶ 9-11. Specifically, Stelor claims that the License Agreement gave it "all right, power, and interest to seek, obtain and maintain all Intellectual Property Rights associated with [the Googles trademarks]" as well as "the sole right... to take any and all actions against third parties to protect the Intellectual Property Rights licensed in this Agreement." *Id.* at ¶ 10 (quoting License Agreement, at ¶¶ VIII(A), XI(A)). Stelor further alleges that Silvers wrongfully terminated the Agreements and has engaged in conduct that interferes with its right to pursue a trademark infringement action against Google. *Id.* at ¶¶ 17-25. Stelor alleges counts for declaratory judgment, breach of contract and breach of express warranty against Silvers. *See id.* at 12-20.

## II. Discussion

### A. Summary Judgment Standard

A party is entitled to judgment as a matter of law when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment should be entered only when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *See*

---

[2]The assignment of rights was made exclusive even as to Silvers, apparently because "negative aspects of Silvers' background... made him unsuited to serve as a figurehead or spokesman for an enterprise aimed at providing wholesome and enriching entertainment to an audience of impressionable children." Cross-Claim **[DE 14]**, at ¶ 10. In particular, during the time Silvers claims to have been developing the Googles concept, he was convicted and imprisoned in a federal penitentiary, for his involvement in a cocaine trafficking ring. *See U.S. v. Silvers,* 90 F.3d 94 (4th Cir. 1996).

*Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir. 1983). Summary judgment is mandated when a plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in favor of the non-moving party. *HCA Health Services of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). The non-moving party bears the burden of coming forward with evidence of each essential element of their claims, such that a reasonable jury could find in his favor. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). The burden is not a heavy one; however, the non-moving party "[m]ay not rest upon the mere allegations and denials of [its] pleadings, but [its] response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "It is the obligation of the non-moving party, however, not the Court, to scour the record in search of the evidence that would defeat a motion for summary judgment: Rule 56 'requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Lawrence v. Wal-Mart Stores, Inc.,* 236 F. Supp. 2d 1314, 1322 (M.D. Fla. 2002) (quoting *Celotex*, 477 U.S. at 324). Moreover, mere conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported motion for summary judgment. *See Earley*, 907 F.2d at 1081. The failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *See Celotex*,

477 U.S. at 322.

**B. Analysis**

The central issue in this dispute is the interpretation of the license agreement entered into on May 9, 2002, and the settlement agreement entered into on January 28, 2005. The license agreement gives Stelor a license to the Googles trademark pursuant to the conditions listed therein. The settlement agreement was entered into to settle a breach of contract suit filed between the parties. As evidenced in the parties filings regarding this summary judgment motion, and especially during the hearing, there remains significant disagreement regarding whether Silvers was required to give Stelor notice for a breach under the settlement agreement. Specifically, whether the settlement agreement includes a requirement found in the license agreement that Silvers notify Stelor of any breach and allow sixty days in which to cure the breach before Silvers can terminate the license agreement. Although the settlement agreement is silent as to a notice and cure provision, it does include a clause where Silvers reaffirmed his obligations under the license agreement.

Contract interpretation is a matter of law for the courts to determine; but when the contract contains ambiguous terms that are disputed by the parties, an issue of fact arises which a jury must resolve. *Strama v. Union Fidelity Life Ins. Co.*, 793 So.2d 1129, 1132 (Fla 1st DCA 2001). Contract language is ambiguous when it is "fairly susceptible to more than one interpretation." *McInerney v. Klovstad*, 935 So.2d 529, 531-32 (Fla. 5th DCA 2006). The settlement agreement is therefore ambiguous since it is unclear whether it includes the notice and cure provision from the license agreement. Thus, this disagreement regarding the terms of the contracts constitutes a material fact and therefore, summary judgment is improper.

### III. Conclusion

The court having reviewed the motion and otherwise being advised in the premises it is hereby,

ORDERED and ADJUDGED that Stelor's motion for summary judgment **[DE 140]** is hereby DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 8 day of January, 2007.

    /s/ Kenneth L. Ryskamp
HON. KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of record