UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80387 CIV RYSKAMP/VITUNAC

STEVEN A. SILVERS, an individual,

    Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

    Defendant.
_____/

GOOGLE INC., a Delaware corporation

    Counterclaimant,

v.

STEVEN A. SILVERS, an individual;
STELOR PRODUCTIONS, INC., a Delaware
Corporation; STELOR PRODUCTIONS, LLC, a
Delaware limited liability company; and STEVEN
ESRIG, an individual,

    Counterdefendants.
_____/

**COUNTERDEFENDANT STELOR PRODUCTIONS LLC'S
MOTION IN LIMINE TO EXCLUDE GAIL MCQUILKIN
FROM TESTIFYING AND INCORPORATED MEMORANDUM OF LAW**

Cross-Plaintiff STELOR PRODUCTIONS, LLC, pursuant to Fed. R. Civ. P. 37(c)(1) and

26(a), hereby moves the Court for an order excluding Cross-Defendant STEVEN A. SILVERS

("Silvers") from calling his former attorney, Gail McQuilkin ("McQuilkin") to testify at the trial.

The following memorandum is filed in support of this motion:

COFFEY BURLINGTON
OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com   www.coffeyburlington.com

Dockets.Justia.com

### MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE

The Court should exclude Gail McQuilkin from testifying at this trial under Rule 37(c)(1) of the Federal Rules of Civil Procedure. Silvers did not include McQuilkin in his Initial Disclosure – served November 22, 2005 – and has not served a supplemental disclosure. (*See*, Plaintiff's Initial Disclosure, D.E. # 199-19.) Instead, Silvers stated in his December 7, 2006 Motion to Disqualify that he plans on calling McQuilkin to testify. (*See*, Plaintiff's Motion to Disqualify, D.E. # 206.) Silvers' sudden decision to call his former attorney to testify at trial – long after the close of the discovery period[1] – severely prejudices Stelor. Stelor has not had the opportunity to conduct any discovery to prepare for her testimony.

**A.**     <u>Silvers' Disclosure Of McQuilkin As A Witness Was Untimely</u>

The Federal Rules of Civil Procedure obligate parties to disclose, among other things, the names and addresses of any "individual likely to have discoverable information that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1) ("Rule 26(a)(1)"). Unless such failure is harmless or substantially justified, parties who fail to disclose such information are not permitted "to use as evidence at a trial. . . any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1) ("Rule 37(c)(1)"); *U.S. v. Kahn*, 2005 WL 3801810 (M.D. Fla. 2005) ("Plaintiff would be prejudiced if Defendant were permitted to use an undisclosed witness or exhibit at trial.").

Silvers' Rule 26(a) Initial Disclosure <u>did not list</u> Gail McQuilkin. Now, in his Motion to Disqualify –filed December 7, 2006 – Silvers states that he plans on calling McQuilkin to testify at trial. Silvers apparently waited until the month before trial was set to state that he plans on

---

[1] Discovery closed on October 5, 2006. [D.E. 127].

2

calling McQuilkin as a witness in order to surprise and prejudice Stelor. Even more likely, Silvers never considered McQuilkin a witness, but decided to name her as a witness to gin up a ground (albeit an inadequate one) for disqualifying Stelor's lead attorney, Kevin Kaplan. (*See*, Plaintiff's Motion to Disqualify, D.E. # 206.) Moreover, Silvers has not filed a supplemental disclosure under Rule 26(e) of the Federal Rules of Civil Procedure. A timely supplement is required to add a witness at trial. Rule 26(e); 8 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 2053 (2d ed. 2006).

**Silvers had made no previous mention of McQuilkin as a witness.** Silvers may argue that McQuilkin's declaration – filed in support of Silvers' appeal of Magistrate Judge Hopkins' entry of preliminary injunction – put Stelor on notice that McQuilkin would be called to testify at trial. However, this is not the case. First, McQuilkin was Silvers' attorney, and as such, Stelor could not have known that Silvers would be calling their own attorney to argue his case from the witness stand. Second, McQuilkin's declaration was filed more than six (6) months prior to Silvers' Initial Disclosure. Any minute suspicion Stelor could have had that Silvers was going to call McQuilkin to testify at trial was completely put to rest by Silvers' Initial Disclosures. One does not lightly subpoena opposing counsel for deposition and documents. Had Stelor done so in the absence of McQuilkin being disclosed as a witness, a firestorm would no doubt have ensued, complete with allegations of harassment and gamesmanship by Stelor. Silvers should not be permitted to belatedly disclose McQuilkin as a witness now.

3

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com   www.coffeyburlington.com

**B.    Hardship to Stelor**

Stelor would be highly prejudiced if McQuilkin were permitted to testify. Stelor has not had the opportunity to depose McQuilkin, subpoena records from McQuilkin or her firm, or conduct any sort of discovery to prepare for her testimony. The Supreme Court has stated that "[m]odern instruments of discovery . . . together with pretrial procedures make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *U.S. v. Proctor & Gamble, Co.*, 356 U.S. 677, 682-683 (1958). With the trial set to commence in two weeks, it is obvious that if McQuilkin would be permitted to testify, trial would not be a fair contest since Stelor would be at a great disadvantage.

Silvers' tactic of calling his former attorney to argue his case from the witness stand without even providing Stelor with the required notice is in complete disregard of the rules that govern the discovery process. Luckily, those rules provide a safeguard for these improper tactics. The Court should implement that safeguard and exclude Gail McQuilkin from testifying at this trial.

**C.    McQuilkin's Testimony Would Be Irrelevant and Confusing to the Jury**

Silvers should be required to have his current attorney argue his case from the podium, instead of having his former attorney argue it from the witness stand. McQuilkin's testimony, if permitted, would be irrelevant, duplicative of the trial record and confusing to a jury. *See*, *U.S. v. Petrie*, 302 F.3d 1280, 1286-1287 (11th Cir. 2002) (upholding the district court's decision to sustain objections to the introduction of testimony of two attorneys, regarding the legality of the contract at issue and good faith reliance, on the grounds of relevance and jury confusion). Her irrelevant and confusing testimony should be excluded.

4

COFFEY BURLINGTON

OFFICE IN THE GROVE    PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
EMAIL: info@coffeyburlington.com        www.coffeyburlington.com

## **CONCLUSION**

WHEREFORE Stelor respectfully requests that the Court enter an order excluding Gail McQuilkin from testifying at trial.

                                               COFFEY BURLINGTON WRIGHT CROCKETT
                                                 SCHWIEP, KAPLAN & BLONSKY, LLP
Attorneys for Stelor Productions, LLC
2699 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261
Email: kkaplan@bskblaw.com

By: /s/ Kevin C. Kaplan
      Kevin C. Kaplan
      Florida Bar No. 933848

5

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com   www.coffeyburlington.com

CERTIFICATE OF SERVICE AND COMPLIANCE

      I hereby certify that on January 9, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      I further certify that counsel has, pursuant to Local Rules 7.1.A.3, has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

      s/Kevin C. Kaplan

COFFEY BURLINGTON

OFFICE IN THE GROVE    PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
EMAIL: info@coffeyburlington.com    www.coffeyburlington.com

## SERVICE LIST

**STEVEN A. SILVERS, Plaintiff, v. GOOGLE INC.**
**CASE NO. 05-80387 CIV RYSKAMP/VITUNAC**
**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| Robert H. Cooper, Esq.<br>robert@rcooperpa.com<br>ROBERT COOPER, P.A.<br>Concorde Centre II, Suite 704<br>2999 N.E. 191 Street<br>Aventura, Florida 33180<br>Tel: 305-792-4343<br>Fax: 305-792-0200<br>*Attorney for Plaintiff Steven A. Silvers*<br>Method of Service: CM/ECF | Ramsey Al-Salam, Esq.<br>William C. Rava, Esq.<br>PERKINS COIE LLP<br>Suite 4800<br>1201 Third Avenue<br>Seattle, Washington 98101-3099<br>Tel: 206-359-8000<br>Fax: 206-359-9000<br>*Attorneys for Defendant Google Inc.*<br>Method of Service: U.S. Mail |
| Johanna Calabria, Esq.<br>PERKINS COIE LLP<br>Suite 2400<br>Four Embarcadero Center<br>San Francisco, CA 94111<br>Tel: 415-344-7050<br>Fax: 415-344-7124<br>E-mail: jcalabria@perkinscoie.com<br>*Attorneys for Defendant Google Inc.*<br>Method of Service: U.S. Mail | Jan Douglas Atlas, Esq.<br>jatlas@adorno.com<br>ADORNO & YOSS LLP<br>Suite 1700<br>350 East Las Olas Boulevard<br>Fort Lauderdale, Florida 33301<br>Tel: 954-763-1200<br>Fax. 954-766-7800<br>*Attorneys for Defendant Google Inc.*<br>Method of Service: CM/ECF |

COFFEY BURLINGTON
OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com   www.coffeyburlington.com