UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  05-80387 CIV RYSKAMP/VITUNAC

STEVEN A. SILVERS, an individual,

    Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

    Defendant.
_____/

GOOGLE INC., a Delaware corporation,

    Counterclaimant,

v.

STEVEN A. SILVERS, an individual;
STELOR PRODUCTIONS, INC., a Delaware
Corporation; STELOR PRODUCTIONS, LLC, a
Delaware limited liability company, and
STEVEN ESRIG, an individual,

    Counterdefendants.
_____/

## STELOR PRODUCTIONS, LLC'S
## MOTION FOR BENCH TRIAL AND MEMORANDUM

    Cross-Plaintiff Stelor Productions, LLC, hereby moves the Court for an order that the Phase I trial shall proceed as a bench trial.  In support thereof Stelor states as follows:

    As Stelor brings solely equitable claims in the Phase I trial, the trial should proceed as a bench trial and not as a jury trial.  The issue to be tried in Phase I is whether Silvers' purported termination of the License and Settlement Agreement (collectively, "Agreements") in April 2005

is valid or not. The relief sought by Stelor is solely equitable relief through a declaration of the parties' rights under the Agreements and attorney's fees and costs. [D.E. 49, Counts I and V]. Stelor seeks no damages or other legal relief in Phase I. Silvers seeks no affirmative relief in Phase I.

Considering the equitable nature of the claims and the relief requested, the Phase I trial should be conducted as a bench trial and not as a jury trial. The essence of Stelor's claims are that Stelor is entitled to use Silvers' trademark rights because the Agreements are valid and enforceable and Silvers was not entitled to purportedly terminate the Agreements. Stelor therefore seeks a declaration of non-infringement because Silvers' purported termination was improper and that the Agreements remain in force and affect. Stelor also seeks minor equitable adjustments and set-offs to performance of the contract due to Koziak Tropin's withdrawal from representing Mr. Silvers and due to Silvers' purported termination of the Agreements.

The law is clear that such equitable claims should not be tried to a jury. In determining whether or not a litigant has a right to a jury trial, the court first compares the nature of the issues to be resolved to Eighteenth Century actions brought in English courts prior to the merger of the courts law and equity, and second, the court assesses whether the remedy sought is legal or equitable in nature. *See Stewart v. KHD Deutz of America Corp.*, 75 F. 3d 1522, 1525 (11th Cir. 1996). In *Partecipazioni Bulgari SpA v. Jean-Charles Meige, JCM Parfums SARL,* 7 U.S.P.Q. 2d 1815, 1988 WL 113346, No. 86-2516-civ-Ryskamp (S.D. Fla. May 23, 1988) (Ryskamp, J.), the court struck the jury demand in a trademark action seeking only equitable relief. Similarly in *Anti-Monopoly, Inc. v. General Mills Fund Group, Inc.,* 195 U.S.P.Q. 633, 1976 WL 20999, No. C 74-0529 (N.D. Cal. Oct. 15, 1976), *affr'd* 611 F. 2d 296 (9th Cir. 1979), the court held that an

action for declaratory judgment of trademark invalidity, non-infringement and trademark cancellation could not be tried by a jury because it raised solely equitable issues. Moreover, claims of set-off are equitable in nature. *See Epstein v. Epstein*, 915 So. 2d 1272, 1274 (Fla. 4th DCA 2005) (stating that set-offs are equitable).

WHEREFORE, as Stelor proceeds solely in equity in the Phase I trial, it respectfully requests that the Court issue an Order establishing that the Phase I trial shall proceed as a bench trial.

Respectfully submitted,

s/Kevin C. Kaplan - Florida Bar No. 933848
David J. Zack - Florida Bar No. 641685
Email: kkaplan@bskblaw.com
dzack@bskblaw.com
COFFEY BURLINGTON WRIGHT CROCKETT
SCHWIEP KAPLAN & BLONSKY, LLP
Office in the Grove, Penthouse A
2699 South Bayshore Drive
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261
Counsel for STELOR PRODUCTIONS,
LLC and STEVEN ESRIG

CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on January 9, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

I further certify that counsel has, pursuant to Local Rules 7.1.A.3, has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

s/Kevin C. Kaplan

## SERVICE LIST

**STEVEN A. SILVERS, Plaintiff, v. GOOGLE INC.**
**CASE NO. 05-80387 CIV RYSKAMP/VITUNAC**
**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA**

Robert H. Cooper, Esq.
robert@rcooperpa.com
ROBERT COOPER, P.A.
Concorde Centre II, Suite 704
2999 N.E. 191 Street
Aventura, Florida 33180
Tel: 305-792-4343
Fax: 305-792-0200
*Attorney for Plaintiff Steven A. Silvers*
Method of Service: CM/ECF

Ramsey Al-Salam, Esq.
RAlsalam@perkinscoie.com
William C. Rava, Esq.
PERKINS COIE LLP
Suite 4800
1201 Third Avenue
Seattle, Washington 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000
*Attorneys for Defendant Google Inc.*
Method of Service: U.S. Mail

Johanna Calabria, Esq.
PERKINS COIE LLP
Suite 2400
Four Embarcadero Center
San Francisco, CA 94111
Tel: 415-344-7050
Fax: 415-344-7124
E-mail: jcalabria@perkinscoie.com
*Attorneys for Defendant Google Inc.*
Method of Service: U.S. Mail

Jan Douglas Atlas, Esq.
jatlas@adorno.com
ADORNO & YOSS LLP
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Tel: 954-763-1200
Fax. 954-766-7800
Attorneys for Defendant Google Inc.
Method of Service: CM/ECF