UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80387 CIV RYSKAMP/VITUNAC

STEVEN A. SILVERS, an individual,

    Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

    Defendant.
_____/

GOOGLE INC., a Delaware corporation,

    Counterclaimant,

v.

STEVEN A. SILVERS, an individual;
STELOR PRODUCTIONS, INC., a Delaware
Corporation; STELOR PRODUCTIONS, LLC, a
Delaware limited liability company, and
STEVEN ESRIG, an individual,

    Counterdefendants.
_____/

## STELOR PRODUCTIONS, LLC'S MOTION *IN LIMINE*

    Cross-Plaintiff Stelor Productions, LLC hereby requests a ruling *in Limine* on the following issues, prior to the trial of this matter during the period commencing January 22, 2007:

(A)    Confirming that Stelor may present evidence at trial of Silvers' drug trafficking conviction and incarceration.

COFFEY BURLINGTON
OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com   www.coffeyburlington.com

Dockets.Justia.com

(B) Barring Silvers from presenting evidence of any alleged breaches by Stelor beyond those set forth in the April 27, 2005 Letter as the basis for termination of the parties' Agreements.[1]

(C) Barring Silvers from presenting any evidence that Stelor breached the applicable agreements by allegedly making late payments, to the extent Silvers accepted such payments and thereby waived any claim of breach.

(D) Barring Silvers from testifying at trial regarding his understanding of the License Agreement and Settlement Agreement (the "Agreements"), based on his refusal to answer those questions at deposition other than by stating "the document speaks for itself" or by invoking privileges.

A. **Silvers' Drug Trafficking Conviction and Imprisonment.**

Stelor should be permitted to put on evidence of Silvers' drug trafficking conviction and his 9-years of federal imprisonment for that crime. As this Court has recognized, Silvers entered the exclusive Agreements with Stelor because "during the time Silvers claims to have been developing the Googles concept, he was convicted and imprisoned in a federal penitentiary, for his involvement in a cocaine trafficking ring." [D.E. 220 at 2 n. 2.] Silvers, for his part, acknowledges in his declaration that he "wrote [*Googles and the Planet of Goo*] while incarcerated for a conviction on federal charges as a way to stay connected to my children." [D.E. 199-17 at 2, ¶ 2.] Thus, Silvers has himself put the conviction and imprisonment at issue.

---

[1] The Pretrial Stipulation will also confirm that any evidence of a so-called "Post Termination Notice of Additional Breaches" dated August 27, 2006 is outside the scope of issues to be tried. Accordingly, any such evidence should be barred at trial.

2

Because this background explains how the Agreements came to be and Silvers' motivation for wrongfully purporting to terminate them, Silvers' conviction and incarceration are relevant to proving the Cross-claims, as well as to Silvers' motives. Fed. R. Evid. 402 and 404; *see also United States v. James*, 2005 WL 2045938, No. 03-21012-CR-PCH (11th Cir. August 25, 2005) (holding that drug conviction was admissible to prove intent, knowledge and absence of mistake); *Coolen v. State*, 696 So. 2d 738, 742 (Fla. 1997) (conviction relevant to show state of mind). Furthermore, the conviction is relevant as to Silvers' credibility as a witness. Fed. R. Evid. 609.

For the foregoing reasons, the Court should permit Stelor to put on evidence regarding Silvers' drug trafficking conviction and incarceration.

**B.    Evidence of Other Breaches.**

Silvers should be barred from presenting evidence of trial of other breaches, beyond those specifically set forth in his April 27, 2005 Termination Letter (Exhibit "A" hereto). That Letter makes *FIVE* – and only five – specific claims of breaches:

- failure to provide unit interests in Stelor;
- failure to pay monthly royalty advances of $5,000.00;
- failure to pay reimbursement for health insurance;
- failure to cooperate in an audit; and
- failure to provide samples of Licensed Products being offered for sale.

Silvers himself has since conceded that no issue exists regarding the first two alleged breaches. The other three – although not conceded – are equally unfounded, as the evidence will show.

3

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com      www.coffeyburlington.com

Silvers, however, should not be permitted to resuscitate his claims by attempting to present evidence at trial of other breaches by Stelor (although none exist).  For example, Silvers seeks to make a generalized claim that Stelor breached the Agreements by somehow failing to act in a commercially reasonable manner – an issue not listed as a basis for termination in the Letter.

The Pretrial Stipulation will confirm that any evidence of a so-called "Post Termination Notice of Additional Breaches" dated August 27, 2006 is outside the scope of issues to be tried. Accordingly, any such evidence should be barred at trial.

The non-admissibility of these issues should be confirmed in limine.

C.  **Silvers' Testimony Regarding the Meaning of the Agreements.**

Silvers should also be precluded from testifying at the Phase I trial on the meaning of – or his understanding of – the Agreements.  He refused to answer questions on that topic at deposition, other than by stating the "document speaks for itself" or invoking claims of privilege. For example, when asked whether, under the Settlement Agreement, he was required to comply with the notice requirement of Section 9 of the License Agreement, Silvers testified that "there was some type of communication which I guess is attorney-client" and later claimed that "I guess I have to say the documents speaks for itself, and go on the record as such."  (Silvers Depo. at 177:23-15 and 178:4-6, attached as Exhibit B hereto; *see also id.* at 178:20-179:15, 180:11-16, 180:18-181:1-22, 183:19-184:5, 182:4-10.)

Having chosen at deposition to let "the documents speak for themselves", he should be restricted to that answer at trial as well.  *See* Rule 602, Fed. R. Evid. ("witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has

4

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com        www.coffeyburlington.com

personal knowledge of the matter"); *see also Southland Constr., Inc. v. Richeson Corp.*, 642 So. 2d 5, 7 (Fla. 5th DCA 1994) (disregarding testimony of witness who admitted he had no personal knowledge of contractual relationship).

Furthermore, having invoked the attorney-client privilege to block discovery on this issue, Silvers cannot be permitted to disclose such information now. *See Int'l Tel. & Tel. Corp. v. United Tel. Co. of Fla.*, 60 F.R.D. 177, 186 (M.D. Fla. 1973) (litigant asserting attorney-client privilege in discovery would be precluded from introducing protected information at trial).

For the foregoing reasons, the Court should bar Silvers from testifying as to the meaning or his understanding of the Agreements.

**C.     Silvers Should Be Barred From Presenting Evidence of Alleged Late Payments.**

Silvers should be barred from presenting at trial any evidence that Stelor breached the applicable agreements by allegedly making late payments, to the extent Silvers accepted such payments. As Silvers' counsel himself conceded at oral argument on the summary judgment motion, the law is clear that once Silvers accepted payments, even if he thought they were late, he waived any claim of breach. *See Palm Corporation v. 183rd Street Theatre Corp.*, 309 So. 2d 566 (Fla. 3rd DCA 1975).

Silvers, nevertheless, may attempt at trial to confuse the issues by presenting evidence of late payments by Stelor, which Silvers accepted. This should not be permitted. *See Fury Imports, Inc. v. Shakespeare Co.*, 625 F.2d 585, 589 (Fla. 5th DCA 1980) (trial court has discretion exclude evidence that it unfairly prejudicial, confuses the issues, or is misleading to the jury).

COFFEY BURLINGTON
OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com         www.coffeyburlington.com

## Conclusion

Wherefore, Stelor respectfully requests that the Court enter an order in limine resolving these issues prior to trial.

Respectfully submitted,

s/Kevin C. Kaplan - Florida Bar No. 933848
  David J. Zack - Florida Bar No. 641685
Email:  kkaplan@bskblaw.com
       dzack@bskblaw.com
COFFEY BURLINGTON WRIGHT CROCKETT
   SCHWIEP, KAPLAN & BLONSKY, LLC
Office in the Grove, Penthouse A
2699 South Bayshore Drive
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261
Counsel for STELOR PRODUCTIONS,
   LLC and STEVEN ESRIG

6

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com         www.coffeyburlington.com

CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on January 11, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

I further certify that counsel has, pursuant to Local Rules 7.1.A.3, has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

s/Kevin C. Kaplan

7

COFFEY BURLINGTON
OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com        www.coffeyburlington.com

## SERVICE LIST

### STEVEN A. SILVERS, Plaintiff, v. GOOGLE INC.
### CASE NO. 05-80387 CIV RYSKAMP/VITUNAC
### UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Robert H. Cooper, Esq.<br>robert@rcooperpa.com<br>ROBERT COOPER, P.A.<br>Concorde Centre II, Suite 704<br>2999 N.E. 191 Street<br>Aventura, Florida 33180<br>Tel: 305-792-4343<br>Fax: 305-792-0200<br>*Attorney for Plaintiff Steven A. Silvers*<br>Method of Service: CM/ECF | Ramsey Al-Salam, Esq.<br>RAlsalam@perkinscoie.com<br>William C. Rava, Esq.<br>PERKINS COIE LLP<br>Suite 4800<br>1201 Third Avenue<br>Seattle, Washington 98101-3099<br>Tel: 206-359-8000<br>Fax: 206-359-9000<br>*Attorneys for Defendant Google Inc.*<br>Method of Service: U.S. Mail |
| Johanna Calabria, Esq.<br>PERKINS COIE LLP<br>Suite 2400<br>Four Embarcadero Center<br>San Francisco, CA 94111<br>Tel: 415-344-7050<br>Fax: 415-344-7124<br>E-mail: jcalabria@perkinscoie.com<br>*Attorneys for Defendant Google Inc.*<br>Method of Service: U.S. Mail | Jan Douglas Atlas, Esq.<br>jatlas@adorno.com<br>ADORNO & YOSS LLP<br>Suite 1700<br>350 East Las Olas Boulevard<br>Fort Lauderdale, Florida 33301<br>Tel: 954-763-1200<br>Fax. 954-766-7800<br>*Attorneys for Defendant Google Inc.*<br>Method of Service: CM/ECF |

COFFEY BURLINGTON
OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com   www.coffeyburlington.com