Silvers v. Google, Inc.   Doc. 231 Att. 1
Case 9:05-cv-80387-KLR   Document 231-2   Entered on FLSD Docket 01/11/2007   Page 1 of 10

Page 173

UNITED STATES DISTRICT CIRCUIT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80387 CIV RYSKAMP/VITUNIC

STEVEN A. SILVERS, an individual,
     Plaintiff,
v.
GOOGLE INC., a Delaware corporation,
     Defendant.

ORIGINAL

_____

GOOGLE INC., a Delaware corporation,
     Counterclaimant,
v.
STEVEN A. SILVERS, an individual;
STELOR PRODUCTIONS, INC., a Delaware
Corporation; STELOR PRODUCTIONS, LLC, a
Delaware limited liability company,
     Counterdefendants.
_____

DEPOSITION OF STEVEN SILVERS
VOLUME II

Tuesday, October 10, 2006
1:00 p.m. - 8:00 p.m.
2699 South Bayshore Drive
Miami, Florida 33133

Reported By:
Thomas R. Neumann
Notary Public, State of Florida
Network Reporting Corporation
Phone:  888.358.8188
        305.358.8188

- - -

```
 1         MR. COOPER:  Whatever your understanding
 2   is based upon your communication with your
 3   attorney don't answer.
 4         THE WITNESS:  I guess I have to say the
 5   document speaks for itself, and go on the
 6   record as such.
 7  BY MR. KAPLAN:
 8     Q    Well, turn to the second page of the
 9  settlement agreement if you would.
10     A    Okay.
11     Q    I have the license agreement right here in
12  my hand if you want to refer to it, just ask me,
13  okay.
14         Paragraph 3 says, "License distribution
15  and Manufacturing Agreement.  Silvers withdraws
16  his notice of termination of the license agreement
17  and reaffirms his obligation under the license
18  agreement."  Right?  That's what it says, correct?
19     A    Yes.
20     Q    And the effect of that provision as you
21  understood it was to reinstate the license, right?
22         MR. COOPER:  I'm going to object on
23   attorney-client privilege.  If you can answer
24   that without disclosing your communications
25   with your attorney as to your understanding
```

```
 1       then you can go ahead and do that.
 2              THE WITNESS:  Yes.  I'm not -- would you
 3       repeat the question again.
 4  BY MR. KAPLAN:
 5       Q    Yes, sure.  The purpose of that provision
 6  as you understood it was to reinstate the license,
 7  right?
 8              MR. COOPER:  If your understanding of this
 9       agreement could be answered other than apart
10       from your communications with your attorneys as
11       to the intention of this agreement you can
12       answer the question, otherwise don't answer it
13       on the basis of attorney-client privilege.
14              THE WITNESS:  Yes.  I have to not answer
15       on the basis of attorney-client privilege.
16  BY MR. KAPLAN:
17       Q    Until you signed this agreement your
18  position was the license agreement was terminated,
19  correct?
20       A    Yes.
21       Q    Once you signed this agreement your
22  position was the license was in effect, correct?
23       A    The license was reinstated, I believe,
24  that is correct, right.
25       Q    And every single provision of the license
```

1  except as it might have been modified by this
2  settlement agreement was in full force and effect,
3  correct?
4      A    I believe so.
5      Q    You expressly reaffirm your obligations
6  under the license agreement, right?
7      A    I believe so.
8      Q    What does reaffirm mean to you?
9      A    Establish, you know, put back in the same
10 place as before.
11     Q    Like never terminated, right?
12     A    I know there was some discussions between
13 me and the counsel that I can't discuss, okay.  It
14 had to do with notices --
15         MR. COOPER:  Excuse me, stop there.  Don't
16     discuss what it even had to do with.
17 BY MR. KAPLAN:
18     Q    Look at paragraph 3, it says, "Silver
19 withdraws his notice of termination of the license
20 agreement."  Was there any condition as you
21 understood it to the withdrawal of that notice of
22 termination?
23         MR. COOPER:  If you have an understanding
24     separate and apart from your communication with
25     your attorneys answer the question, otherwise

```
 1      don't answer on the basis of attorney-client
 2      privilege.
 3           THE WITNESS:  I guess I don't have any
 4      separate opinion.
 5  BY MR. KAPLAN:
 6      Q    Does the agreement, the settlement
 7  agreement as you read it, impose any condition on
 8  your withdrawing the notice of termination in
 9  paragraph 3?
10           MR. COOPER:  Same objection, same
11      instructions.
12           THE WITNESS:  Attorney-client.
13  BY MR. KAPLAN:
14      Q    No, no, no, sir.  You are sitting here
15  now.  Read this provision, "Silver withdraws his
16  notice of termination of license agreement."  As you
17  understand that provision sitting here today does it
18  condition in any way your withdrawal of that notice?
19           MR. COOPER:  Same objection.  Don't
20      answer.  Don't answer.  I'm instructing him not
21      to answer on the basis of attorney-client
22      privilege.
23           MR. KAPLAN:  I'm asking for his
24      understanding as he sits here.  Understand,
25      whatever he is not answering he ain't
```

```
 1           testifying about at trial, right.
 2                MR. COOPER:  Go right ahead.
 3   BY MR. KAPLAN:
 4        Q    Isn't it true, sir, that the withdrawal of
 5   the notice of termination was unconditional?
 6                MR. COOPER:  Objection, document speaks
 7        for itself.
 8   BY MR. KAPLAN:
 9        Q    You can answer.
10        A    The document speaks for itself.
11        Q    If after entering into this license
12   agreement you believed that there was a breach of
13   the settlement agreement, you had an obligation
14   under the notice provision in the license to specify
15   in writing to Stelor what that breach was and give
16   them 60 days to cure it, didn't you?
17                MR. COOPER:  Objection to form.
18                THE WITNESS:  No, I don't believe so.
19   BY MR. KAPLAN:
20        Q    You needed to comply with Article 9 of the
21   license agreement before you could terminate it,
22   didn't you?
23                MR. COOPER:  Object to the form.
24                THE WITNESS:  I don't believe so.
25
```

```
 1  BY MR. KAPLAN:
 2      Q    Where in this agreement, the settlement
 3  agreement, does it say Article 9 of the license
 4  agreement no longer applies?
 5           MR. COOPER:  Object to the form,
 6      mischaracterizes.
 7           THE WITNESS:  I don't believe there is
 8      anything in the settlement agreement that
 9      requires 60 days notice.
10  BY MR. KAPLAN:
11      Q    But where in the settlement agreement does
12  it say that Article 9 of the license agreement no
13  longer applies?
14           MR. COOPER:  Object to the form.  The
15      document speaks for itself.
16  BY MR. KAPLAN:
17      Q    Show me.
18      A    The document speaks for itself.
19      Q    Is it your position that the document --
20  that the settlement agreement relieves you of the
21  obligation in the license agreement to comply with
22  the requirements of paragraph 9 relating to
23  termination yes or no?
24           MR. COOPER:  Hang on a second.  Don't
25      answer that.  Can you read this back, please.
```

```
 1                (Thereupon, a portion of the record
 2            was read by the reporter.)
 3            MR. COOPER:  I'm going to instruct him not
 4       to answer that on the basis of work-product
 5       privilege.
 6  BY MR. KAPLAN:
 7       Q    The settlement agreement, when you entered
 8  into the settlement agreement you amended some of
 9  the terms of the license agreement, right?
10       A    I believe so.
11       Q    In fact, one of the things that you
12  amended was how the royalties were paid, right?
13       A    I'm not sure of that one.  Where would I
14  find that?  I don't think I did anything with
15  royalties.  It had to do with getting a royalty
16  advance.
17       Q    There is nothing in the license agreement
18  that requires Stelor to pay royalty advances, is
19  there?
20       A    That's correct.
21       Q    So that's a provision in the settlement
22  agreement that changes something in the license
23  agreement, right?
24       A    Yes.
25       Q    And you had negotiations with Stelor about
```

```
 1
 2   THE STATE OF FLORIDA)
 3   COUNTY OF MIAMI-DADE)
 4
 5        I, the undersigned authority, certify that the
 6   aforementioned witness personally appeared before me
 7   and was duly sworn.
 8
 9                    WITNESS my hand and official
10                    seal this 23rd day of October
11                    2006.
12
13
14
15
16
17                    _____
                      [signature: Thomas R. Neumann]
18                    Thomas R. Neumann
                      Notary Public - State of Florida
19                    My Commission Expires:  3/22/07
                      My Commission No.:  DD187497
20
21
22
23
24
25
```

```
 1                    C E R T I F I C A T E
 2
 3   THE STATE OF FLORIDA)
 4   COUNTY OF DADE)
 5
         I, Thomas R. Neumann, Registered Reporter,
 6   State of Florida at large, do hereby certify that I
     was authorized to and did report said deposition in
 7   stenotype; and that the foregoing pages, numbered
     from 1 to 268, inclusive, are a true and correct
 8   transcription of my shorthand notes of said
     deposition.
 9
         I further certify that said deposition was
10   taken at the time and place hereinabove set forth
     and that the taking of said deposition was commenced
11   and completed as hereinabove set out.
12       I further certify that I am not attorney or
     counsel of any of the parties, nor am I a relative
13   or employee of any attorney or counsel of party
     connected with the action, nor am I financially
14   interested in the action.
15       The foregoing certification of this transcript
     does not apply to any reproduction of the same by
16   any means unless under the direct control and/or
     direction of the certifying reporter.
17
         IN WITNESS WHEREOF, I have hereunto set my hand
18   this 23rd day of October 2006.
19
20
21
22                   [signature: Thomas R. Neumann]
23                   ------------------------------
                     Thomas R. Neumann
24                   Notary Public - State of Florida
                     My Commission Expires: 3/22/07
25                   My Commission No.: DD187497
```