```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

                      CIVIL DIVISION

           CASE NO. 05-80387-CIV-RYSKAMP/VITUNAC

Steven A. Silvers, an individual
            Plaintiff

v.

Google Inc., a Delaware corporation
            Defendant
_____
```

### SUR-REPLY TO STELOR'S RESPONSE TO SILVERS' MEMORANDUM OF LAW IN OPPOSITION TO STELOR'S MOTION FOR BENCH TRIAL

Silvers is entitled to a jury trial under federal law. Stelor seeks declaratory relief that there was a breach of contract and also seeks damages (although this portion was bifurcated).

The law in the Federal court is no different than the law cited by Silvers in Florida Courts.

The right of jury trial in what is essentially a law action may not be denied a litigant merely because the adversary has asked that controversy be determined under declaratory procedure. Legal issues raised in a proceeding for declaratory judgment must be tried at law if either party insists. Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321 C.A.4.S.C.,1937. "A litigant is not deprived of a jury trial merely because an action in which it is a party is one for declaratory judgment." 9 Fed. Prac. & Proc. Civ.2d § 2313. A party's right to a jury trial in a declaratory action is determined by what type of action the issue would have come to the Court as if declaratory judgment were unavailable. 9 Fed. Prac. & Proc. Civ.2d § 2313; Hockerson-Halberstadt, Inc. v. Saucony, Inc. 2005 WL 1432376 E.D.La.,2005; *See Simler v. Conner, 372*

U.S. 221, 223, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963) ("The fact that the action is in form a declaratory judgment case should not obscure the essentially legal nature of the action."); **Sto**ne v. Paul Revere Life Ins. Co. Not Reported in F.Supp.2d, 1999 WL 814337 D.N.H.,1999.(Plaintiff's renewed demand for jury trial is granted as to his declaratory judgment claim under N.H.Rev.Stat.Ann.Ch. 491:22, since it appears the claim is essentially one of breach of contract.);  James v. Pennsylvania General Ins. Co., 349 F.2d 228 C.A.D.C.,1965 (The right to jury trial in declaratory judgment action depends on whether the action is simply the counterpart of a suit in equity, that is, whether an action in equity could be maintained if declaratory judgment were unavailable, or whether action is merely an inverted lawsuit. Fed.Rules Civ.Proc. rule 57, 28 U.S.C.A.).

Whether the contract was or was not breached and the end result, including whether Stelor is entitled to pursue its damages claims for the same breach in phase 2, is a legal action triable by jury and the fact that Stelor brought two counts for breach of contract, one of which seeks declaratory relief does not change that result.

## Certificate of Service

I certify that a true and correct copy of the foregoing was served on counsel of record via the electronic filing system

```
Robert H. Cooper P.A.
2999 N.E. 191 St. Suite 704
Miami, Fl. 33180
305-792-4343 (direct extension)
305-792-0200 (fax)
robert@rcooperpa.com
Fl. Bar No. 0650323
```

```
                              \Robert Cooper
                              Robert H. Cooper
                              for the Firm.
```