UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80387 CIV RYSKAMP/VITUNAC

STEVEN A. SILVERS, an individual,

    Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

    Defendant.
_____/

GOOGLE INC., a Delaware corporation,

    Counterclaimant,

v.

STEVEN A. SILVERS, an individual;
STELOR PRODUCTIONS, INC., a Delaware
Corporation; STELOR PRODUCTIONS, LLC, a
Delaware limited liability company, and
STEVEN ESRIG, an individual,

    Counterdefendants.
_____/

## STELOR PRODUCTIONS, LLC'S MOTION FOR CLARIFICATION OF ORDER DENYING SUMMARY JUDGMENT MOTION [DE 220] AND RENEWED REQUEST FOR PARTIAL SUMMARY JUDGMENT <u>DEEMING UNCONTESTED ISSUES ADMITTED FOR PURPOSES OF TRIAL</u>

Cross-Plaintiff Stelor Productions, LLC hereby respectfully requests Clarification of the Court's Order Denying Stelor's Motion for Summary Judgment (the "Order"), on the following grounds:

COFFEY BURLINGTON
OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com   www.coffeyburlington.com

Dockets.Justia.com

In response to Stelor's Motion for Summary Judgment, Defendant Silvers' conceded all but four paragraphs of the facts set forth in Stelor's Statement of Undisputed Facts. Stelor respectfully requests that the Court's January 8, 2006 Order be clarified to grant partial summary judgment deeming these undisputed facts admitted for purposes of trial, and limiting the issues to be tried.

Specifically, Silvers Statement of Disputed Facts (DE # 202) contests only the facts contained in 4 of the 37 paragraphs of Stelor's Statement of Material Facts (DE # 142). The disputed paragraphs of Stelor's Statement are 9, 11, 34 and 35. Rather, Silvers limited his discussion to four alleged breaches by Stelor: (1) the alleged failure to pay a $5,000.00 advance royalty in April of 2005; (2) the alleged failure to pay a $1,000.00 reimbursement for health insurance in April of 2005; and alleged failures (3) to provide product samples to Silvers; and (4) to schedule an audit. Silvers did not address or oppose in any way Stelor's demonstration that his allegations of multiple other breaches were entirely unfounded.

Furthermore, Silvers' counsel conceded at oral argument that his claims related to the $5,000.00 monthly royalty advances were barred, because the payments were accepted by Silvers. Even if late, therefore, Silvers' acceptance of the payments waives any claim of breach. Silvers also conceded a waiver with respect to the health insurance reimbursement payments in the amount of $2,000.00 for February and March, 2005, which Silvers accepted (even though he thought they were paid late).

Thus, Silvers abandoned any allegation that Stelor failed to provide the required certification regarding past royalties (S29) (or that Stelor provided a false certification (S30)); that Stelor failed to pay commissions on iTunes downloads (S30); or that Stelor in any way

2

breached the Agreements based on the CafePress internet store or the unfounded allegations in a declaration by Paul Worsham (S31-33). Silvers also offered no support for his allegation that Stelor failed to provide unit interests or options in Stelor Productions, LLC (S26-28); or for his allegations related to royalty statements. (S29-33).

Summary judgment, therefore, should be entered in favor of Stelor rejecting these or any other unsupported allegations of breach as a basis for termination. Trial should be limited to the issue of notice, and then the three breaches still alleged by Silvers:

- the alleged failure to pay a $1,000.00 reimbursement for health insurance in April of 2005;
- the alleged failure to provide product samples to Silvers; and
- the alleged failure to schedule an audit.

*See* Rule 56(d), Fed. R. Civ. P.; *Brown v. Crawford County, GA*, 960 F.2d 1002, 1007 n. 6 (11th Cir. 1992) (stating that partial summary judgments are useful in "expediting trials by narrowing legal issues and establishing facts not in controversy."); *Meek v. Metropolitan Dade County, Florida,* 805 F. Supp. 958, 963 (S.D. Fla. 1992) (partial summary judgment adjudicates "that certain issues shall be deemed established for the trial of the case . . . accelerat[ing] litigation by framing and narrowing the triable issues, and by eliminating, before trial, matters that contain no genuine issue of material fact").

WHEREFORE, Stelor respectfully requests that the Court clarify its Order by entering partial summary judgment deeming as admitted the allegations in all paragraphs of Stelor's Statement of Uncontested Facts, with the exception of 9, 11, 34 and 35, and limiting trial to the

3

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com       www.coffeyburlington.com

issue of notice, and the three breaches still alleged by Silvers relating to the April 2005 health insurance reimbursement, the provision of samples, and the scheduling of an audit.

Silvers has failed to establish any other breaches of the Agreements by Stelor, including: (1) any alleged failure by Stelor to provide unit interests or options in Stelor Productions, LLC; or (2) any alleged failure by Stelor to pay royalties or provide royalty statements, including but not limited to any allegations related to iTunes downloads or the CafePress store.

Respectfully submitted,

s/Kevin C. Kaplan - Florida Bar No. 933848
David J. Zack - Florida Bar No. 641685
Email:  kkaplan@bskblaw.com
dzack@bskblaw.com
COFFEY BURLINGTON
Office in the Grove, Penthouse A
2699 South Bayshore Drive
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261
Counsel for STELOR PRODUCTIONS,
LLC and STEVEN ESRIG

s/Kevin C. Kaplan

CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on January 12, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

I further certify that, pursuant to Local Rules 7.1.A.3, counsel has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

s/Kevin C. Kaplan

4

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com   www.coffeyburlington.com

## SERVICE LIST

**STEVEN A. SILVERS, Plaintiff, v. GOOGLE INC.**
**CASE NO. 05-80387 CIV RYSKAMP/VITUNAC**
**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA**

Robert H. Cooper, Esq.
robert@rcooperpa.com
ROBERT COOPER, P.A.
Concorde Centre II, Suite 704
2999 N.E. 191 Street
Aventura, Florida 33180
Tel: 305-792-4343
Fax: 305-792-0200
*Attorney for Plaintiff Steven A. Silvers*
Method of Service: CM/ECF

Ramsey Al-Salam, Esq.
RAlsalam@perkinscoie.com
William C. Rava, Esq.
PERKINS COIE LLP
Suite 4800
1201 Third Avenue
Seattle, Washington 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000
*Attorneys for Defendant Google Inc.*
Method of Service: U.S. Mail

Johanna Calabria, Esq.
PERKINS COIE LLP
Suite 2400
Four Embarcadero Center
San Francisco, CA 94111
Tel: 415-344-7050
Fax: 415-344-7124
E-mail: jcalabria@perkinscoie.com
*Attorneys for Defendant Google Inc.*
Method of Service: U.S. Mail

Jan Douglas Atlas, Esq.
jatlas@adorno.com
ADORNO & YOSS LLP
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Tel: 954-763-1200
Fax. 954-766-7800
*Attorneys for Defendant Google Inc.*
Method of Service: CM/ECF

COFFEY BURLINGTON
OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com   www.coffeyburlington.com