# EXHIBIT "A"

JAN.15.2007 14:11 cooper family 305-9314948 #3000 P.006 /007
Jan 14 07 10:43p p.2
Case 9:05-cv-80387-KLR   Document 235-2   Entered on FLSD Docket 01/16/2007   Page 2 of 4
JAN 14,2007 11:02 Roof Tile Finders 5619849939

②

**From Kevin Kaplan:**

As we discussed, the modification to your proposed paragraphs are as follows"

With respect to paragraph F, it is modified to provide that the last sentence of paragraph 5 will read: "In the event of such a trial, the parties agree that the amount of attorneys' fees recoverable by the prevailing party shall be capped at an amount equivalent to $6,000.00 multiplied by the number of months from May 2005 to entry of final judgment, except that in the event Stelor prevails on its argument that it does not have to pay Silvers monthly advances under the Settlement Agreement from the period May 2005 forward, Stelor shall not be entitled to any attorneys' fees."

With respect to paragraph G, we agree only that, in the event of any dispute regarding language in the escrow agreement, a mutually agreed upon third party shall be the escrow holder.

Finally, we need paragraph B to provide that the documents will be provided by the close of business on January 23, 2007.

**From Robert Cooper:**

The agreement set forth below is acceptable subject to the following:

    A.    All actions involving Silvers and Stelor will be dismissed immediately with prejudice with each party to bear its own fees and costs with the following exception. Only the dismissal of and by Silvers from the Ryskamp action will go into escrow.

    B.    Stelor will provide assignment and dismissal and escrow documents for Silvers' review and execution within 5 calendar days from today. In the event that the documents are not provided on the 5th day, Stelor shall make payment of the $100,000 on the sixth day. The notice and cure provision in par 5, do not apply to this paragraph or the first payment.

    C.    All payments will be wire transferred to Robert H. Cooper's Attorney Trust Account.

    D.    In the event Stelor defaults, any prior payments made to Silvers are non-refundable.

    E.    Under paragraph 5, if there is a default by Stelor, (a) the dismissal of the Ryskamp action will be destroyed (b) it is understood that the temporary reinstatement of the license agreement does not give Stelor any additional rights that it does not now possess and does not operate to give Stelor any new opportunity to cure any previous default. The parties intend to be restored to their present positions in regard to the litigation and status regarding the Settlement and License Agreements, except as specifically set forth herein.

*[Signed: Rosemary Smith, Notary Public, Montgomery County, State of Maryland, Comm. Exp. 6/10/2009 — 1/14/07]*

*[Initialed SAS — Stelor — 1/14/07 11:55 pm]*

JAN.15.2007 14:12
Jan 14 07 10:43p cooper family 305-9314948 #3000 P.007 /007
Case 9:05-cv-80387-KLR Document 235-2 Entered on FLSD Docket 01/16/2007 Page 3 of 4

③

F. With regard to the last sentence of paragraph 5, Stelor withdraws from the litigation the demand that it does not have to pay Silvers the $6,000 a month advance royalty payments from May 2005. Thus the attorney fees that Stelor may be entitled to as prevailing party will be offset 100% by the amount of royalties that would be due Silvers in the event the Settlement Agreement were reinstated. Stelor will not be entitled to an award of attorney fees and costs if Stelor prevails on its claim that Silvers wrongfully terminated the Settlement Agreement and License Agreement.

G. As part of the escrow agreement, Counsel for Stelor will agree to be expressly and jointly and severally liable to Silver for all unpaid settlement amounts in the event it breaches the escrow agreement. If it does not so agree, counsel for Silvers will hold the documents in escrow.

H. Time is of the essence.

Executed By: *(signed)* Steven A. Silvers

Accepted and Approved
*(signed)* Steven H. Esrig
CEO/President
Stelor Productions
1/14/07 11:56 pm.

From Kevin Kaplan:

SETTLEMENT COMMUNICATION; PRIVILEGED AND CONFIDENTIAL

Robert,

Stelor is prepared to settle this matter on the following terms to be set forth in an appropriate written settlement agreement to be executed by the parties:

(1) Stelor will pay Silvers $1.55 million, payable as follows: $100,000.00 to Silvers upon execution of final settlement documentation; $750,000.00 within 90 days of execution; and $700,000.00 within 90 days after the second payment.

(2) The settlement documentation will include:

(a) provisions whereby Silvers transfers ownership of all intellectual property covered by the License and Settlement Agreements, including but not limited to all Googles and Goo trademarks, copyrights, characters and artwork, patents, and other property.

(b) a stipulation of dismissal with prejudice by Stelor of all pending litigation against Silvers, with each party to bear its own attorneys' fees and costs.

(c) mutual general releases.



ROSEMARY T. SMITH
NOTARY PUBLIC
MONTGOMERY COUNTY
STATE OF MARYLAND
COMM. EXP. 6/10/2009

(3) The settlement documents will be fully executed but the assignment documentation, stipulation of dismissal with prejudice and releases will remain in escrow with Stelor's counsel (pursuant to a written escrow agreement) subject only to payment in full by Stelor.

(4) The License Agreement will be deemed reinstated for 180 days from execution of the settlement documents, except that any and all payment obligations by Stelor (including provision of royalty statements and rights by Silvers to audit Stelor) shall be deemed suspended during this period, subject to payment in full of the settlement amounts by Stelor (in which case the assignment documents will be released from escrow as set forth
above) or default by Stelor of its payment obligations in which case provision 5 below controls.

(5) In the event of a default by Stelor, following written notice by Silvers to counsel for Stelor and five business days for Stelor to cure, the assignment documents shall be returned from escrow to Silvers, the interim reinstatement of the License shall be deemed expired, without prejudice to or waiver of the parties' rights to re-assert their claims and defenses from the pending litigation. Thus, the parties' claims and defenses in the pending litigation are preserved, without prejudice or waiver:

Silvers, if he desires, can contend that the Agreements are terminated, and Stelor, if it desires, can contend the termination was invalid and the Agreements remain in full force and effect, and the parties may proceed with the trial of the litigation as presently pending. In the event of such a trial, the parties agree that the amount of attorneys' fees recoverable by the prevailing party shall be capped at an amount equivalent to $6,000.00 multiplied by the number of months from May 2005 to entry of final judgment.

Upon confirmation by Silvers that he accepts these terms – which confirmation shall be by return email from Silvers' counsel – the parties will have a binding settlement and will advise the Court of the settlement, and immediately submit a joint stipulation and order staying the litigation, with the Court also retaining jurisdiction to enforce the terms of this agreement.

Kevin

*********************************************
Kevin C. Kaplan, Esq.

Coffey Burlington

2699 S. Bayshore Drive, Penthouse

Miami, Florida 33133

Tel:   (305) 858-2900

Fax:   (305) 858-5261

*Rosemary Smith*
ROSEMARY T. SMITH
NOTARY PUBLIC
MONTGOMERY COUNTY
STATE OF MARYLAND
COMM. EXP. 6/10/2009