# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH

Case No. 05-80387-CIV-RYSKAMP/VITUNAC

STEVEN A. SILVERS, an individual,

      Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

      Defendant.

_____/

## ORDER DENYING SILVERS' MOTION TO DISQUALIFY COUNSEL

THIS CAUSE comes before the Court upon Silvers motion to disqualify Kevin Kaplan as counsel for Stelor or alternativly a motion in limine **[DE 206]**, filed on December 7, 2006.  Then, on December 12, 2006, Silvers filed a separate motion to disqualify Kevin Kaplan as counsel for Stelor **[DE 211]**.  Stelor responded **[DE 215]**, on December 22, 2006.  Silvers never filed a reply. The motion is now ripe for adjudication.

After a careful review of all three motions, it is apparent that, for some reason, Silvers re-filed the first motion at **[DE 211]** without changing the facts or legal argument.  Since Stelor responded to the second motion, this Court denied as moot **[DE 206]**.

This dispute arises out of a settlement agreement entered into between the parties to resolve a prior lawsuit.  Mr. Kaplan represented Stelor for the duration of that dispute.  Because of this, Silvers argues that Mr. Kaplan should be disqualified from representing Stelor at trial in this suit because he is a material witness to testify about the terms of the settlement agreeemnt.  In support, Slivers argues that he *may* call Kaplan as a witness.

All lawyers practicing before this Court shall be governed by and shall comply with the

specific rules of practice adopted by this Court, and, unless otherwise provided, with the Code of

Professional Responsibility and the Standards of Conduct contained in the Rules and Regulations

of the State Bar of Florida and with the decisions of this Court interpreting those rules and

standards.  LR I, Rules Governing Attorney Discipline, S.D. Fla.  Florida Rules generally forbid

an attorney from representing a client at trial in which he is also likely to be a necessary witness

"*on behalf of the client* ..."  Fla. Bar Code Prof. Resp. 4-3.7(a)(emphasis added).  The purpose of

this rule is to avoid prejudice to the opposing party, as testimony from a lawyer can add

unwarranted credibility to his testimony simply because he is a lawyer.  This rule is also designed

to avoid a conflict of interest between the lawyer and client in instances where the lawyer's

testimony does not support his client's position.  *AlliedSignal Recovery Trust v. AlliedSignal,*

*Inc.*, 934 So.2d 675, 678 (Fla.App. DCA 2nd 2006).

     Disqualification of counsel is an extraordinary remedy and courts must take care to grant

these motions only when necessary.  *Allied*, at 678; *Singer Island Ltd., Inc. v. Budget Const. Co.,*

*Inc.*, 714 So.2d 651, 652 (Fla.App. DCA 4th 1998).  When one party seeks to disqualify opposing

counsel, courts are skeptical because those motions are sometimes filed for tactical reasons or to

harass the other party.  *Singer Island* at 652.  As such, the party seeking to disqualify the counsel

of his opponent has the burden to prove that the attorney's testimony is necessary.  *Hiatt v. Estate*

*of Hiatt*, 837 So.2d 1132, 1133 (Fla.App. DCA 4th 2003).

     In *Singer Island*, the court upheld the trial court's denial of the motion to disqualify

opposing counsel because "petitioner alleged, at most, only a possibility that disqualification might

be necessary."  *Id*. (breach of contract claim); *accord*, *AlliedSignal* (opposing counsel stated that

it intended to call attorney as witness).  Here, the same result occurs because Silver's motion

states that it *may* call counsel, not that it will call counsel.  Moreover, Silvers has failed to show how Mr. Kaplan's testimony will be adverse to his client's position, a necessary condition for disqualification under rule 4-3.7(a).

The court having reviewed the motions and otherwise being advised in the premises it is hereby,

ORDERED and ADJUDGED that Motion **[DE 211]** is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 16 day of January, 2007.

/s/ Kenneth L. Ryskamp
HON. KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of record

3