UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80387 CIV RYSKAMP/VITUNAC

STEVEN A. SILVERS, an individual,

    Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

    Defendant.
_____/

GOOGLE INC., a Delaware corporation,

    Counterclaimant,

v.

STEVEN A. SILVERS, an individual;
STELOR PRODUCTIONS, INC., a Delaware
Corporation; STELOR PRODUCTIONS, LLC, a
Delaware limited liability company, and
STEVEN ESRIG, an individual,

    Counterdefendants.
_____/

## PLAINTIFFS AND COUNTER-DEFENDANTS STELOR PRODUCTIONS' AND STEVEN ESRIG'S MOTION TO COMPEL DEFENDANT AND COUNTERCLAIMANT GOOGLE INC.'S PRODUCTION OF ITS PRINCIPALS, SERGEY BRIN AND LAWRENCE E. PAGE, FOR DEPOSITION IN FLORIDA

STELOR PRODUCTIONS, LLC, f/k/a STELOR PRODUCTIONS, INC. ("Stelor" or

"Plaintiff")[1] pursuant to Fed. R. Civ. P. 30 and 37, hereby moves the Court for an order requiring

---

[1] Stelor Productions, LLC is the successor to Stelor Productions, Inc. Accordingly, the two are referred to collectively as "Stelor".

**COFFEY BURLINGTON**
OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com    www.coffeyburlington.com

Defendant and Counterclaimant GOOGLE, INC. ("Google" or "Defendant") to produce its two principals, Sergey Brin ("Brin") and Lawrence E. Page ("Page") for deposition in Florida. The following memorandum is filed in support of this motion:

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL
PRODUCTION OF PRINCIPALS FOR DEPOSITION**

**I. INTRODUCTION**

In this "reverse confusion" trademark infringement case involving two nearly identical marks – "Googles" and "Google" – Stelor is the owner of the senior but lesser known mark, "Googles," is attempting to protect its intellectual property rights from infringement by the internet giant, Google Inc. In doing so, Stelor seeks to depose Google's two principals, Brin and Page, about highly relevant information to this action, including in defense of Google's counterclaim.

In particular, Stelor seeks information through such depositions relating to the origin of Google's trademark and domain name at the company's inception. Undoubtedly Google was aware of the existence of "Googles" and "googles.com" as Google Inc.'s founders performed a formal search in preparation for its trademark application. The deposition of the founders, Brin and Page, is thus critical to discover that information about Google's trademark registration, its trademark search process, the circumstances and timing surrounding the trademark application and registration, and Google's knowledge of other products, services, or names with a derivative mark of "Google." Such information is fundamental – and highly relevant – to the pursuit and defense of the causes of action in the instant case. Clearly, this discovery is calculated to lead to the discovery of admissible evidence.

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com       www.coffeyburlington.com

This information, in the requisite detail requested by Stelor, is most appropriately, and even solely, acquired from the original creators, Google's two principals. Brin and Page were directly responsible for the creation, branding, and registration of the "Google" name. To that end, Stelor's counsel has repeatedly requested deposition dates in Miami, Florida for both Brin and Page from Google's counsel, only to be wholly ignored.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The "Googles" Story

Over 25 years ago, Steven Silvers ("Silvers") developed an animated character concept called the "Googles From the Planet Goo" designed to appeal to children. Amend. Compl. ¶12. Over a period of more than fifteen years, Silvers developed and refined his concept and characters, obtaining copyrights and a design patent, and even publishing a book featuring his characters called "Googles And the Planet of Goo." *Id.* ¶¶ 13-22. In 1997, Silvers applied to register the "Googles" trademark for use in connection with children's books and received a federal trademark issued August 12, 1997. *Id.* ¶25. In July 1997 Silvers also registered for and obtained the Internet domain name "googles.com" as the address for his "Googles" website. *Id.* ¶27. In the ensuing years, Silvers created plush toys, a theme song, animated cartoons, and a theatre show to play to children around the country, all based upon his characters.. *Id.* ¶29, 31, 32. He even applied for and received a federal trademark for the name of each of his "Googles" characters. *Id.* He used his website, "googles.com," to promote his characters and merchandise. *Id.* ¶28.

In 2002, Stelor entered into a License Agreement with Silvers for the rights associated with the "Googles" trademark, domain name, Website, and related "Googles" intellectual

COFFEY BURLINGTON
OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com        www.coffeyburlington.com

property. Since 2002, Stelor has continued the commercial development and promotion of the "Googles" products and intellectual property in connection with children's goods and services. In 2007, Stelor acquired and was assigned all of the rights in the Googles' property.

**B. Google, Inc.'s Beginnings**

In 1996, Brin and Page, two graduate students at Stanford University, collaborated on a university research project to develop a prototype search engine for the Web. Amend. Compl. ¶33. After finally deciding upon the name "Google" in 1997, about three months *AFTER* the registration and first use of the Googles mark and "googles.com" website, and after the federal trademark registration of the "Googles" mark, they sought registration of the "Google" mark and "google.com." *Id.* 37. In or around August 1998, Page and Brin commissioned a formal trademark and domain name search, in preparation for their own registration, to determine whether the name "Google" was available for use as a trademark. *Id.* 40.

Google filed its Intent-to-Use Application for the mark "Google" on September 16, 1998 to register the mark "Google" for use in connection with computer hardware and computer services. *Id.* ¶42, Ex. 50.[2] This included a Declaration signed by Lawrence (Larry) Page as Chief Executive Officer, Chief Financial Officer, and Assistant Secretary, where he declares that "to the best of my knowledge and belief, no other person, firm, corporation or association has the right to use the mark in commerce, either in the identical form or in such near resemblance thereto as to be likely, when applied to the goods of such other person, to cause confusion, or to cause mistake, or to deceive." *Id.*, Ex. 50.

---

[2] An Intent-to-Use application mean that the applicant has not yet used the mark in commerce but has a bona fide intent to use the mark in connection at some future date.

4

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: info@coffeyburlington.com  www.coffeyburlington.com

Google filed an Amendment-To-Allege-Use in its pending federal trademark application, alleging that it had used the "Google" mark in interstate commerce since September 1997, a full year before the Intent-to-Use application date. *Id.* 44, Ex. 52. In another declaration, signed by Lawrence (Larry) Page in connection with this Amendment, he stated that he was the person authorized to execute the Amendment-to-Allege-Use on behalf of the applicant, Google. *Id.*, Exs. 52 and 53. Only in September 2002, three years after the "Google" federal trademark application was filed, "Google, Inc." was incorporated as a California corporation, only to be reincorporated as a Delaware corporation in 2003. *Id.* ¶46. Thus, the trademark application process occurred at the very inceptions of the company, before it was even incorporated, when solely Brin and Page ran the operation. In fact, the application identifies the Computer Science Department in Stanford, CA as the address of the applicant, Google. Clearly this was the very beginnings of the corporation and thus only Page and Brin would have knowledge of such information

Google has since begun to look to expand, importantly in this action, into the children's market, thus affecting the "Googles" mark and goodwill. Google has filed a federal trademark application to expand its right to use the "Google" mark for children's goods, including books and clothing. *Id.* ¶54.

C. **Procedural History**

On July 13, 2004, Stelor, Silvers' then licensee, filed an opposition to Google's federal trademark application as well as a challenge to Google's right to use the domain name "google.com" based on Silvers' superior registration of "googles.com." Google responded by filing a petition to cancel Silvers' trademark registration.

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com        www.coffeyburlington.com

Silvers, the original Plaintiff in this matter, filed a Complaint in this Court against Google alleging trademark infringement and unfair competition and seeking cancellation of Google's trademark registration. Google then filed a Counterclaim against Silvers and joined Stelor and Steven Esrig ("Esrig") personally, as principal of Stelor in August 2005, for the first time hauling Stelor and Esrig into the instant litigation. Google seeks an order from this Court declaring that its own "Google" mark does not infringe upon Silvers' and Stelor's "alleged rights in the alleged marks GOOGLES and GOOGLES AND DESIGN." Counterclaim ¶12. Google further seeks this Court to assert in the order that both Silvers and Stelor have "no valid or enforceable rights in the mark GOOGLES AND DESIGN." *Id.* Google also seeks to have the "Googles" mark declared invalid, seeks relief for infringement of its mark, and claims unfair competition claiming that Silvers' and Stelor have attempted to harm Google by falsely claiming ownership rights in the "Googles and Design" mark and questioning Google's right to use its own mark. *Id.* ¶83.

At the same time, Silver and Stelor were in the midst of a dispute with respect to their license agreement. This court bifurcated the disputed issues in this litigation and required a resolution of the licensing dispute before continuing. The outcome of that dispute resulted in Stelor acquiring Silvers' claims against Google. Stelor now continues to litigate this action as well as defend against Google's counterclaim.

This trademark and unfair competition action is currently in discovery phase. Stelor seeks any information to support its theories of the priority of the "Googles" mark or that Google knew of "Googles" existence when it applied for its own trademark registration. Notably, Google has not yet produced *any* information relating to its trademark search or other relevant

COFFEY BURLINGTON
OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com   www.coffeyburlington.com

information during its trademark application period.  Furthermore, to date, despite multiple telephone conversations with Google's counsel requesting deposition dates for Brin and Page, Google has refused to present its two principals in Miami, let alone San Francisco.

### III. LEGAL ARGUMENT

#### A. Governing Legal Standards

Under the rules, a party has two methods to take corporation depositions.  As is the case here, a party can notice a deposition of a particular corporate officer, director, or agent pursuant to Rule 30(b)(1).  *Provide Commerce, Inc. v. Preferred Commerce, Inc.*, 2008 WL 360588 *2 (S.D.Fla. Feb. 8, 2008); *United States v. One Parcel of Real Estate at 5860 North Bay Road, Miami Beach, Florida*, 121 F.R.D. 439, 440 (S.D.Fla. 1988).  When the corporation is a party, this testimony may then be used at trial for any purpose.  *Provide Commerce*, 2008 WL 360588 at *2.

Rule 30 was later expanded to require a corporation to designate the person within the corporation with the most knowledge of the subject area to be examined on the corporation's behalf.  Fed. R. Civ. P. 30(b)(6); *One Parcel of Real Estate at 5860 North Bay Road,* 121 F.R.D. at 440.  The Advisory Committee notes explain the Rule 30(b)(6) designation procedure merely "*supplements the existing practice* whereby the examining party designates the corporate official to be deposed.  Thus, if the examining party believes that certain officials who have not testified pursuant to this subdivision have added information, he may depose them" (emphasis added). Fed. R. Civ. P. Rule 30(b)(6) Advisory Committee Notes, 1970 Amendments.  Rule 30(b)(6) "does not preclude taking a deposition by any other procedure authorized by the rules." *One Parcel of Real Estate at 5860 North Bay Road*, 121 F.R.D. at 440.

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com         www.coffeyburlington.com

Fed. R. Civ. P. 26 governs the general standards for discovery. The pleadings frame the discovery and parties may properly seek to discover information based upon the issues and causes of action the pleadings. Parties may obtain discovery "of any matter relevant to the subject matter involved in the action" or information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

### B. Defendant Google Must Produce Brin and Page for Deposition

Pursuant to Fed. R. Civ. P. 30(b)(1), Stelor may notice for deposition particular officers, namely Brin and Page, of the corporate party, Google. Brin and Page have relevant and specific knowledge that Stelor is entitled to discover under Rule 26. Stelor seeks detailed information about Google's initial trademark application and registration process, the circumstances, knowledge, and timing surrounding such registration, and Google's knowledge of other derivative "Google" trademarks. Since these two individuals are the most knowledgeable persons about such topics, they must appear for deposition. *One Parcel of Real Estate at 5860 North Bay Road*, 121 F.R.D. at 440 (the court endorsed the notice of deposition of two directors of corporation who were deemed to have crucial information and knowledge about the issues at hand).

The Amended Complaint alleges Google's expansion into the children's market, thus infringing on the "Googles" mark, as well as Google's knowledge of the existence of the "Googles" trademark and Silver's corresponding superior rights during Google's own initial trademark and domain name registration process. Amend. Compl. ¶¶3, 4, 63-69, 71-77, etc. Based upon such allegations, the information Stelor now seeks in deposition is highly relevant and discoverable. Fed. R. Civ. P. 26(b)(1). Brin and Page's testimony will fill in critical missing

COFFEY BURLINGTON
OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com        www.coffeyburlington.com

pieces. Notably, Google has not yet produced *any* information relating to its search of other trademarks similar to "Google" during its trademark application period.

As Google's founders, Brin and Page are the most appropriate and, in all likelihood, sole officers or agents within the corporation to provide information on the particular matter at issue in the litigation – namely, information relating to the origin of the company's trademark. Stelor seeks, in particular, information about and surrounding Google's initial trademark filing and registration. Directly responsible for creating and establishing the Google trademark, Brin and Page have the best knowledge on this topic; they were both not only involved with but directed critical decisions relating to Google's trademark registration and the trademark search surrounding the registration process. Furthermore, Page's name appears on both the declaration attached to the Application to Register Trademark and Service Mark on Principal Register, Amend. Compl., Ex. 50, and the declaration attached to the Amendment to Allege Use Under 37 C.F.R. § 2.76, swearing to his belief that no one else had the right to use the "Google" mark in commerce, "either in the identical form or in such near resemblance thereto as to be likely, when applied to the goods of such other person, to cause confusion, or to cause mistake, or to deceive." *Id.*, Exs. 52 and 53.

Stelor's deposition request is not a burdensome fishing expedition. Both officers are, in fact, the only persons with detailed knowledge of these pertinent issues. Nor is this an attempt to take seriatim depositions of all Google personnel; Stelor simply sets forth specific topics for deposition and wishes to depose the most appropriate officers. Since the corporation, Google, is a party their testimony may then be used at trial for any purpose. *Provide Commerce*, 2008 WL 360588.

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com           www.coffeyburlington.com

Google will no doubt contend that Stelor can depose a Rule 30(b)(6) designee to obtain the information it seeks. First, a party may both notice particular officers *and* depose a Rule 30(b)(6) designee to elicit information about a corporation. *Provide Commerce*, 2008 WL 360588 at *2. Stelor may notice an officer with particular knowledge even if the corporation designates a 30(b)(6) representative as well. *Id.*; *One Parcel of Real Estate at 5860 North Bay Road*, 121 F.R.D. at 440. "A corporate entity is distinct from the individuals who control or manage the corporation," thus the individual knowledge obtained from a particular officer would not be obtained from a designee. *One Parcel of Real Estate at 5860 North Bay Road*, 121 F.R.D. at 440. Furthermore, "a party who wishes the deposition of a specific officer or agent of a corporation may still obtain it and is not required to allow the corporation to decide for itself whose testimony the other party may have." *Id.* (citing 8 *Wright & Miller, Federal Practice and Procedure: Civil* §2103 p.375 (2d ed. 1970)). The information is being sought from Brin and Page about their personal knowledge, and Stelor should receive such information.

Second, having to ask a designated representative the specific questions Stelor seeks from Brin and Page would only unnecessary burden and delay the process and cause additional expense. Although Rule 30(b)(6) requires a corporation to prepare the designee to be able to give "complete, knowledgeable and binding answers on behalf of the corporation," *Provide Commerce*, 2008 WL 360588 at *2 (*citing Continental Ca. Co. v. Compass Bank*, 2006 WL 533510 * 18 (S.D.Ala. March 3, 2006)), it would be impossible to prepare a designee with such information. Brin and Page could not prepare another Google officer with their entire breadth of detailed knowledge about the initial trademark application and time period, including specific dates, searches, thoughts, or discussions back in 1997-1999 with respect to the trademark

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com       www.coffeyburlington.com

inception. With a Rule 30(b)(6) representative, Stelor would be limited to second-hand and incomplete information.[3]

If a corporation fails to provide someone "knowledgeable on the subject matter identified as the area of inquiry," it will be required to produce another officer who can testify to the requested information. *Myrdal v. District of Columbia*, 248 F.R.D. 315, 316-17 (D.D.C. 2008) (court held that an Rule 30(b)(6) designee was not sufficient when he was not able to provide the information sought in plaintiff's notice). Since Brin and Page are the only persons with the information Stelor seeks, in the end, Google would have to present these two principals for deposition. Therefore, it is more efficient to simply depose Brin and Page in the first place to avoid unnecessary time, expense, and delay.

C. **Brin and Page Must Appear for Deposition in Florida**

As a party seeking affirmative relief, Google must send its principals, once noticed, to the jurisdiction for deposition. *One Parcel of Real Estate at 5860 North Bay Road*, 121 F.R.D. at 440-41. Under Rule 37, the failure of an officer, director, or managing agent to attend a noticed deposition can result in multiple sanctions by the Court, including striking pleadings or prohibiting defenses, or even dismissing an action as a whole. Fed. R. Civ. P. 37(b)(2); *One Parcel of Real Estate at 5860 North Bay Road*, 121 F.R.D. at 440-41.

Google has sought affirmative relief within the Southern District of Florida by filing its Counterclaim against Silvers as well as Stelor and Esrig, even before the latter two inserted themselves in the case. Consequently, Google has purposefully availed itself of the powers of

---

[3] Stelor plans to notice a 30(b)(6) deposition in addition to the depositions of Brin and Page, as permitted under the rules. Brin and Page's depositions seek relevant information solely in their possession.

11

this Court. The corporation is "not beyond the subpoena power of [the] Court and may be compelled to produce its corporate representative for deposition . . . if it wishes to pursue a claim in this proceeding." *United States v. Kokko*, 2007 WL 2209260 * 7 (S.D.Fla. July 30, 2007) (corporate representative who resided in Switzerland was required to appear for deposition in Miami when affirmatively sought relief in case in Southern District of Florida); *One Parcel of Real Estate at 5860 North Bay Road*, 121 F.R.D. at 440-41 (directors of corporation that was seeking affirmative relief in the Southern District of Florida were required to travel from Medellin, Colombia, where they resided, to Miami for deposition because they were deemed to have crucial information and knowledge on the specific issues at hand; if they did not attend the deposition, the Court would have "no other alternative but to assume that they [were] unable to establish [their claims]").

Brin and Page are neither mere witnesses nor principals of a corporate defendant hauled into court in a jurisdiction outside of its incorporation or principal place of business. Travel and expense of travel for a deposition not warranted as an undue burden under Federal Rule of Civil Procedure 26(c). *See Kokko*, 2007 WL 2209260 at * 7 (time and expense of having to travel from another country for a deposition does not constitute an undue burden). Therefore, Brin and Page must travel to Miami, where this Court has jurisdiction, for their depositions. *One Parcel of Real Estate at 5860 North Bay Road*, 121 F.R.D. at 440-41. If Brin and Page were not to appear, the Court would have the right to deny Google's claims. *One Parcel of Real Estate at 5860 North Bay Road*, 121 F.R.D. at 440-41.

12

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com   www.coffeyburlington.com

**Conclusion**

WHEREFORE, Plaintiffs and Counter-defendants Stelor and Esrig respectfully request this Court enter an order compelling Google to produce its principals Brin and Page for Deposition in Miami, Florida.

Respectfully submitted,

s/Kevin C. Kaplan - Florida Bar No. 933848
  David J. Zack - Florida Bar No. 641685
  Morgan L. Swing – Florida Bar No. 0017092
Email:  kkaplan@coffeyburlington.com
            dzack@coffeyburlington.com
            mswing@coffeyburlington.com
COFFEY BURLINGTON
Office in the Grove, Penthouse
2699 South Bayshore Drive
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261
Counsel for STELOR PRODUCTIONS,
    LLC and STEVEN ESRIG

COFFEY BURLINGTON
OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com        www.coffeyburlington.com

## LOCAL RULE 7.1.A.3 CERTIFICATE OF COMPLIANCE

     I HEREBY CERTIFY that the office of the undersigned counsel has conferred with counsel for Defendant concerning the subject matter of the instant Motion, and counsel for Defendant has stated that Defendant is opposed to the relief sought herein.

/s/ Morgan L. Swing

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com   www.coffeyburlington.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on June 23, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Mailing Information for Case 9:05-cv-80387-KLR. I also certify that the foregoing Counsel of record currently identified on the Mailing Information list to receive e-mail notices for this case are served via Notices of Electronic Filing generated by CM/ECF. Counsel of record who are not on the Mailing Information list to receive e-mail notices for this case have been served via U.S. Mail.

       /s/ Morgan L. Swing

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com   www.coffeyburlington.com