UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

NO. 05-80387-CIV (Ryskamp/Vitunac)

STELOR PRODUCTIONS, INC.,

    Plaintiff,

v.

GOOGLE INC.,

    Defendant.

**DEFENDANT GOOGLE INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR
PROTECTIVE ORDER**

{SNT/213526.0001/N0717302_1}41063-0037/LEGAL14430550.1

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1

II. RELEVANT FACTS ............................................................................................. 2

    A.    Overview Of The Case................................................................................. 2

    B.    There Is No Evidence That Messrs. Brin And Page – Google's Most Senior Executives – Have Any Material Information............................................ 3

    C.    Google Did Not Choose Florida To Litigate This Dispute................................... 5

III. STELOR'S MOTION TO COMPEL THE DEPOSITIONS OF GOOGLE'S FOUNDERS SHOULD BE DENIED .................................................................... 5

    A.    Courts Consistently Disallow Depositions Of Senior Executives Where There Are Less Intrusive Ways To Obtain The Information................................. 5

    B.    Stelor Has Not Established The Need For Such Depositions............................... 6

    C.    Stelor Has Not Attempted To Obtain Discovery From Less Intrusive Methods........................................................................................................ 7

IV. DEPOSITIONS, IF ORDERED, SHOULD OCCUR IN CALIFORNIA, WHERE GOOGLE IS LOCATED ...................................................................................... 9

V. CONCLUSION..................................................................................................... 11

VI. CERTIFICATION ............................................................................................... 12

## I. INTRODUCTION

Plaintiff Stelor Productions, LLC ("Stelor") has moved to compel Google to produce its two founders and most senior executives – Sergey Brin and Lawrence Page – for deposition in Florida. The motion should be denied and the Court should issue a protective order precluding: (a) Stelor from pursuing the depositions of Messrs. Brin and Page until after it has exhausted less intrusive and equally, if not more, reliable means to get the information, and (b) depositions of Google employees anywhere other than the locations where those witnesses reside or work (California).

Stelor has not taken the depositions of any Google employee, and has made no attempt to ascertain whether the information being sought from Messrs. Brin and Page, co-Presidents of Google, can be obtained from equally reliable and less intrusive sources. Until it filed this motion, Plaintiff had not even sought a 30(b)(6) deposition from Google.

Plaintiff has now done so, and Google has offered Rose Hagan, Managing Trademark Counsel, in response to that notice. Ms. Hagan is knowledgeable about all trademark issues relating to Google, and is a better source of information regarding Google trademarks than Messrs. Brin or Page. Stelor should complete that deposition and make some showing of good cause before burdening Messrs. Brin and Page with depositions.

Further, even were the depositions of Messrs. Brin and Page to proceed, there is no basis for their proceeding in Florida. Google and its witnesses are based in California. Google did not initiate this lawsuit nor did it choose to litigate in Florida. While Google has asserted counterclaims, they relate directly to the claims made by Stelor and/or are compulsory counterclaims. Those counterclaims are, in particular, directly related to the trademark assertions made against Google. More importantly, Google has offered to dismiss the counterclaims other than to the extent they assert the invalidity or unenforceability of Plaintiff's trademark rights. To the extent Stelor seeks depositions of Google's representatives, it is appropriate under the Federal Rules that any such depositions occur in California, where Google is based and its witnesses work and reside.

This opposition and motion is supported by the declaration of Ramsey M. Al-Salam filed herewith. Mr. Al-Salam, counsel for Google, confirms that Stelor and its counsel have not deposed any other Google witness, nor made any efforts to obtain in a less disruptive manner any material information that Messrs. Brin and Page may have. He also confirms that the testimonies of Messrs. Brin and Page in an earlier case have been provided to Stelor, and Stelor has not indicated what additional information Messrs. Brin and Page may have that is unique or material to the claims in the case.

## II.     RELEVANT FACTS

### A.     Overview Of The Case

This case was initiated by Steven Silvers against Google. Mr. Silvers claims that he is the owner of the Googles.com domain name and that he owns trademark rights in the word GOOGLES for children's books. In particular, Mr. Silvers alleges that he previously authored a book "Googles From the Planet Goo," which involved cartoon characters from the planet Goo. *See* First Amended Complaint dated August 30, 2005, ¶ 11.

The First Amended Complaint asserts that Google's mark is "now so infinitely more well known, that it has practically obliterated the value of the 'Googles' mark which is preventing Silvers from flourishing in the children's market and entering new markets." *Id.* ¶ 4. Mr. Silvers allegedly filed the case "to protect his superior and exclusive right to use the 'Googles' mark on the Internet in connection with children's goods and services, and to enjoin Google from using the 'Googles' mark in connection with the advertising, promotion, marketing and sale of children's goods and services." *Id.* ¶ 6.

Plaintiff Stelor is the successor as plaintiff to Mr. Silvers. In particular, Stelor was previously a licensee of Mr. Silvers. Both Stelor and Mr. Silvers, at one point, asserted the right to sue Google. *See* Stelor Motion at 6. Mr. Silvers claimed that Stelor had breached its license agreement, and therefore he had rightfully terminated the license agreement. Stelor denied having breached, and claimed that the license agreement gave it the exclusive right to sue Google. The dispute between Mr. Silvers and Stelor was bifurcated from the claims against

Google, so the issue of the proper plaintiff could be resolved first. The dispute was ultimately settled, with Stelor apparently taking over all rights, and assuming the primary role of plaintiff in the case. *See* Order Substituting Plaintiff (Docket No. 243, dated September 18, 2007).

Stelor characterizes its claims as a "reverse confusion" case. *See* Stelor Motion at 2. Under this theory, Stelor asserts, apparently, that visitors to the Googles.com website will believe that the website is associated with Google, and that Google is liable for any such mis-association.

The claim is objectively baseless. Stelor's trademark rights, if any, are narrowly directed at a specific type of book and to cartoon characters named Googles. There is no evidence that Google has used its trademark for any competitive activity. While the Google mark is clearly famous, it has not been used for alien cartoon characters or in any other manner that would create a likelihood of confusion with respect to plaintiff's use. To the extent the claim is based on the fact some persons may mistype Google.com and inadvertently go to Googles.com, the claim is not actionable. Other than cases involving bad faith cyber-squatting, there is no legally cognizable claim based on the similarity of domain names. Many non-competing companies have similar domain names.

Further, Stelor cannot plausibly assert that it is being harmed. The purpose of an e-commerce website is to attract traffic to the website. Stelor benefits with increased traffic to its website, much like a "brick and mortar" business might benefit from the popularity and traffic associated with neighboring businesses (e.g., a sandwich shop might benefit from being located next to a popular department store). In sum, plaintiff's claims in the case have no merit.

**B.     There Is No Evidence That Messrs. Brin And Page – Google's Most Senior Executives – Have Any Material Information**

Stelor has not established that Mr. Page or Mr. Brin's testimony is necessary or material to the issues raised by the pleadings. Stelor's motion claims that it is seeking information "relating to the origin of Google's trademark and domain name at the company's inception." *See* Motion at 2. Stelor argues that it needs information "about Google's trademark registration, its

trademark search process, the circumstances and timing surrounding the trademark application and registration, and Google's knowledge of other products, services or names with a derivative mark of 'Google.'" *Id.* at 2.

Stelor never explains, however, why such information is relevant, or why Mr. Brin or Mr. Page are the only sources for such information. As to relevance, the First Amended Complaint asserts trademark infringement and unfair competition, with specific claims of infringement under the Lanham Act, 15 U.S.C. § 1114 (*see* First Amended Complaint, Count One). Stelor's claims require that Stelor prove it has trademark rights, and that Google infringed those rights by creating a likelihood of confusion. *See* 15 U.S.C. § 1114 (defining infringement as requiring, among other things, that the defendant's acts are "likely to cause confusion, or to cause mistake, or to deceive"). Mr. Brin's and Mr. Page's recollections about Google's trademark application or trademark search process are irrelevant to these issues. Stelor's trademark rights are based, at least primarily, on whether or what Mr. Silvers did to create any such rights. Google's trademark search, application, and registration is immaterial to that issue. Further, Stelor does not explain what facts concerning Google's application and registration are even in dispute. There is no genuine dispute about when Google began using its name, or when or what occurred with respect to its original "GOOGLE" trademark application. The Patent and Trademark Office records reflect when the application was filed, and the scope of the registration.

Stelor also argues that Google has "not yet produced *any* information relating as to a trademark search or other relevant information during the trademark application period" (*see* Motion at 6-7). That is not true. Google has produced the trademark search commissioned by Google's outside counsel, and a copy of its trademark records. *See* Al-Salam Decl., ¶ 6. Further, Google has also produced transcripts of deposition testimony by Sergey Brin and Larry Page in another case, where they were asked at length about the choice of the Google name, and first use of "GOOGLE" on products and services. *See* Al-Salam Decl., ¶¶ 5-6. There is nothing to suggest that they have information on those subjects that is not reflected in such testimony.

{SNT/213526.0001/N0717302_1}41063-0037/LEGAL14430550.1    4

Finally, Stelor has not indicated that it has made any efforts to obtain the information in manners that are more convenient or less intrusive. Stelor has not even deposed another Google employee. More importantly, Google has offered to produce Rose Hagan, its Managing Trademark Counsel for deposition. Ms. Hagan is far more knowledgeable concerning issues relating to Google's trademark applications and registration than Messrs. Brin and Page. *See* Al-Salam Decl., ¶ 4.

## C. Google Did Not Choose Florida To Litigate This Dispute

Stelor's motion suggests that Google chose this forum to make claims. That is not true. While Google counterclaimed for declaratory judgment that it is not infringing, that the GOOGLES trademark registration is invalid, and that the plaintiffs were infringing Google's mark, those claims were made in direct response to the affirmative claims first made by plaintiff. Perhaps more importantly, Google has offered to dismiss the claims, at least to the extent that they do not relate directly to the validity or enforceability of the trademark rights asserted against Google. *See* Al-Salam Decl., ¶ 7. Google is willing, for example, to dismiss its claims of infringement. *Id.* The parties are currently negotiating the form for such a dismissal. *Id.*

## III. STELOR'S MOTION TO COMPEL THE DEPOSITIONS OF GOOGLE'S FOUNDERS SHOULD BE DENIED

### A. Courts Consistently Disallow Depositions Of Senior Executives Where There Are Less Intrusive Ways To Obtain The Information

Rule 26(b)(1) of the Federal Rules of Civil Procedure requires a Court to limit discovery that is unreasonably cumulative or duplicative or that can be obtained from some other source that is more convenient, less burdensome, or less expensive. The Rule also requires the Court to limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Id.*

When evaluating motions to compel depositions of senior executives or "high-level decision makers" of corporations, the Court should consider whether "'the discovery sought . . .

is more obtainable from some other source that is more convenient, less burdensome, or less expensive.'" *Faro Techs., Inc. v. Romer, Inc.*, No. 6:06-CV-13-Orl-19KRS, 2007 WL 496615, at *4 (M.D. Fla. Feb. 12, 2007) (quoting *Baine v. Gen. Motors Corp.*, 141 F.R.D. 332, 334 (M.D. Ala. 1991)); *see also Ronald A. Katz v. Verizon Comms.*, No. Civ.A.01-5627, 2002 WL 31356302 (E.D. Pa. Oct. 16, 2002) (denying motion to compel deposition of Verizon's President because plaintiff failed to first use less intrusive means). Indeed, "'courts frequently restrict efforts to depose senior executives where the party seeking the deposition can obtain the same information through a less intrusive means, or where the party has not established that the executive has some unique knowledge pertinent to the issues in the case.'" *Simon v. Pronational Ins. Co.*, No. 07-60757-CIV, 2007 WL 4893478, at *1 (S.D. Fla. Dec. 13, 2007) (prohibiting deposition of CEO of holding company based on plaintiff's failure to first try to obtain information by less intrusive means). Courts have noted that high level corporate executives can be important individuals who may be "easily subjected to unwarranted harassment and abuse." *Mulvey v. Chrysler Corp.*, 106 F.R.D. 364 (D.R.I. 1985) (ordering interrogatories rather than deposition of Chrysler's chairman, Lee Iococca); *see also Patterson v. Avery Dennison Corp.*, 281 F.3d 676 (7th Cir. 2002) (affirming district court's refusal to compel deposition of vice president of Avery because of burdens that deposition would have placed on company). When appropriate, Rule 26(c) of the Federal Rules of Civil Procedure permits the Court to enter a protective order to prohibit depositions of senior executives like Mr. Page and Mr. Brin. *Baine*, 141 F.R.D. at 332; *see generally Simon*, 2007 WL 4893478, at *1 (discussion of cases involving protective orders prohibiting depositions of senior executives).

### B.  Stelor Has Not Established The Need For Such Depositions

Stelor has not established that it needs the depositions of Messrs. Brin or Page. In its Statement of Facts supporting its Motion to Compel (4-5), Stelor reviews the history of Google, and explains that Messrs. Brin and Page were its founders. It also explains that they "commissioned" a trademark and domain name search and that Mr. Page filed a Declaration with

Google's trademark application.[1] These facts are undisputed, and Stelor does not explain what additional relevant information unique to Messrs. Brin and Page it needs with respect to such facts.

Stelor asserts that it needs "any information to support [Google's] theories of the priority of the 'Google' mark or that Google knew of 'Googles' existence when it applied for its own trademark registration." *Id.* at 6.

Stelor does not explain, however, what information it needs or why the information would be relevant. There is no genuine dispute as to when Google began using the trademark "GOOGLE," and Stelor has not indicated that there is any such dispute. There is also no dispute as to the fact that a trademark search was done (which has been produced to Stelor), when the trademark application was filed, or the results of the trademark application (i.e., Google's trademark registration). At best, Stelor has asserted that it wants to know whether Messrs. Brin and Page were aware of Mr. Silvers's use or registration of "Googles." The issues in this case, however, center on whether Stelor has trademark rights, the scope of such rights, and whether Google's actions are creating any cognizable likelihood of confusion in the market. Whether or when Mr. Brin or Mr. Page ever heard of Mr. Silvers's use of Googles is irrelevant or, at the least, immaterial to the issues.

Nor has Stelor even attempted to establish that any of the information it seeks from Messrs. Brin and Page is unique to them. As discussed below, there are certainly less intrusive and equally reliable sources for such information

### C. Stelor Has Not Attempted To Obtain Discovery From Less Intrusive Methods

As discussed in Mr. Al-Salam's Declaration, Stelor has not, prior to bringing the motion to compel, attempted to obtain such information from less intrusive, disruptive means. Stelor has not yet taken any depositions of any Google witnesses. In fact, Stelor did not even notify Google of its intent to seek a 30(b)(6) deposition until the very day that the present motion was filed.

---

[1] The trademark search was actually commissioned by Google's outside counsel, Wilson Sonsini, as reflected on the first page of the search report. *See* Al-Salam Decl., Exh. B.

*See* Al-Salam Decl., ¶ 3. The notice seeks witnesses on the same topics that Stelor has identified as relevant with respect to Messrs. Brin and Page's depositions. *See* Al-Salam Decl., Exh. A (list of twenty-six topics, including topics relating to trademark searches and origin and selection of Google trademark). Google has agreed to produce Rose Hagan, Managing Trademark Counsel, in response to the topics (to the extent non-objectionable). Without first completing Ms. Hagan's deposition, Stelor cannot know whether it needs additional information.

In an attempt to avoid its failure to use less intrusive methods of discovery, Stelor argues that, under the Federal Rules, a party may designate particular corporate officers *and* depose a rule 30(b)(6) designee.[2] Mot. at 10. Stelor's argument misses the point. While the Federal Rules make both methods of discovery available, nothing permits a party to engage in burdensome, unreasonable, and harassing discovery tactics. As the cases involving depositions of senior executives make clear, a Court can and should limit discovery when the information sought can be obtained from some other source that is more convenient, less burdensome, or less expensive. In this case, a rule 30(b)(6) deposition is certainly more convenient and less burdensome, a fact Stelor does not dispute in its motion.

In fact, the Advisory Committee notes cited by Stelor actually support requiring Stelor to use the less burdensome 30(b)(6) deposition before seeking individual depositions of Google's executives. As stated on page 7 of the motion to compel, "the Advisory Committee notes explain that the Rule 30(b)(6) designation procedure merely 'supplements the existing practice whereby the examininging [sic] party designates the corporate official to be deposed. **Thus, if the examining party believes that certain officials who have not testified pursuant to this**

---

[2] The case cited by Stelor in support of this proposition, *Provide Commerce, Inc. v. Preferred Commerce, Inc.*, No. 07-80185 CIV, 2008 WL 360588 (S.D. Fla. Feb. 8, 2008), is inapposite. In *Provide*, the plaintiff deposed the president of the defendant corporation in his individual capacity. The defendant corporation moved for a protective order to prohibit a 30(b)(6) deposition because the defendant corporation would have produced the president, who had already been deposed, as its designee. The Court denied the motion, stating that it could not find any case law that "barred a second deposition of an individual who was first deposed in his individual capacity and then called to testify a second time on behalf of the corporation." *Id.* at *3. These facts are entirely different from the present case. Indeed, unlike the *Provide* case, significant case law supports the restriction of individual depositions of senior executives. *See* section III, *supra*.

**subdivision have added information, they may depose them.'"** (Emphasis added) These notes indicate that the Advisory Committee anticipated that parties would use the Rule 30(b)(6) process *before* moving to individual depositions of officials with additional information. Nothing cited by Stelor suggests otherwise.

The Court should require Stelor to use less burdensome discovery methods before even considering whether the depositions of Google's founders and co-presidents are necessary. At best, the individual deposition notices are premature; at its worst; they are harassing and an inappropriate use of the discovery process. Stelor's motion to compel should be denied.

### IV. DEPOSITIONS, IF ORDERED, SHOULD OCCUR IN CALIFORNIA, WHERE GOOGLE IS LOCATED

Stelor argues that the Court should order Google to produce Messrs. Brin and Page for deposition in Florida, where this case is pending. Stelor's request is contrary to the general rule that "'[t]he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when . . . the corporation is the defendant.'" *Morin v. Nationwide Fed. Credit Union*, 229 F.R.D. 362, 362 (D. Conn. 2005) (quoting *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)). "This general rule is based on the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum." *Payton v. Sears, Roebuck & Co.*, 148 F.R.D. 667, 669 (N.D. Ga. 1993). "Thus, courts have held that plaintiffs normally cannot complain if they must take discovery at great distances from the forum." *Id.* Instead, when a plaintiff seeks to depose a defendant at a location other than the defendant's place of business, the plaintiff has an affirmative burden of demonstrating "peculiar" circumstances that require holding the deposition in an alternative location. *Morin*, 229 F.R.D. at 362; *see also Payton*, 148 F.R.D. at 669 (granting protective order prohibiting corporate deposition in alternative location because plaintiff failed to show "compelling circumstances."). In the present case, Google's place of business is in California. Absent compelling or peculiar circumstances, which Stelor has failed to provide, any depositions of Google employees or representatives should proceed in the place they work and/or reside (i.e., California).

Stelor argues that the general rule does not apply because Google has asserted counterclaims in this case. Stelor argues that because Google filed counterclaims in the present case, Google has purposefully availed itself of the power of the Court, which includes the Court's subpoena power. Mot. at 11-12. Stelor's argument fails because Google's counterclaims are asserted in direct response to Stelor's claims. In particular, Google's counterclaims are to cancel Stelor's registration, for declaratory judgment that the registration is invalid and that Google has not infringed, and for relief relating to plaintiff's infringement of Google's mark. By asserting such counterclaims, Google no more "purposefully availed" itself of the power of the Court than it did by answering the claims asserted against it by Stelor. More importantly, Google has agreed to dismiss the counterclaims, at least to the extent they seek any relief beyond the invalidation of any trademark rights Plaintiff is seeking against Google.

Finally, the authorities cited by Stelor on the issue are inapposite. Stelor relies on two federal forfeiture cases that involve compelling a deponent who resides in a foreign country to appear for deposition in the forum where the case is pending. *U.S. v. Kokko*, No. 06-20065-CR, 2007 WL 2209260 (S.D. Fla. Jul. 30, 2007); *U.S. v. One Parcel of Real Estate at 5860 North Bay Road, Miami Beach, Florida*, 121 F.R.D. 439 (S.D. Fla. 1988). Those authorities rely on precedent in forfeiture cases (*see Kokko* at *7) relating solely to whether a foreign defendant must appear in the United States for deposition, which is not the issue in this case.

Stelor has come forward with nothing, much less a "peculiar" or "compelling" circumstance, warranting departure from the general rule that Google witnesses should be deposed where they work or reside. The cases cited by Stelor do not support its position, and no facts exist to suggest that Google (or Messrs. Brin and Page) should be inconvenienced with depositions on the other side of the country. The Court should deny plaintiff's request to hold Google depositions in Florida, and should enter a protective order requiring that all such depositions be held in California.

## V. CONCLUSION

For all of these reasons, Google respectfully requests that the Court deny Stelor's motion to compel the depositions of Messrs. Brin and Page, and enter a protective order prohibiting those depositions and requiring that depositions of any Google employees or representatives be held in the place they work or reside. Stelor has not used other discovery means nor even made a reasonable effort to determine whether Google's founders have any unique relevant information that could not be obtained from less intrusive and equally reliable sources. Stelor should be required to make a greater showing before burdening Google's senior executives with personal depositions.

Even were those depositions to proceed, there is no basis for conducting them in Florida. Google and the witnesses who are likely to have relevant information are based in California, and Stelor has provided no compelling reason why the Court should depart from the general rule that depositions of a defendant occur at the defendant's business location. To the extent Stelor seeks depositions of any of Google's representatives or employees, such depositions should occur in California where they and Google are based, and not in Florida merely for the sole convenience of the plaintiff who selected that forum.

## VI. CERTIFICATION

Pursuant to Local Rule 7.A.3, the undersigned certifies that the parties have conferred with counsel for plaintiff about the issues raised in foregoing motion in an attempt to resolve the issues raised herein, but the parties were unable to do so.

Dated: July 11, 2008

Respectfully submitted,

**ADORNO & YOSS LLP**

By: /s/Samantha Tesser Haimo
Samantha Tesser Haimo
stesser@adorno.com
Florida Bar Number: 148016
Jan Douglas Atlas
jda@adorno.com
Florida Bar Number: 226246
Adorno & Yoss LLP
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301-4217
Phone: (954) 763-1200
Fax: (954) 766-7800

Ramsey Al-Salam, Esq.
RAlsalam@perkinscoie.com
PERKINS COIE LLP
Suite 4800
1201 Third Avenue
Seattle, WA 98101-3099
Phone: 206-359-8000
Fax: 206-359-9000
Attorneys for Defendant/Counterclaimant
Google Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 11, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Samantha Tesser Haimo
Samantha Tesser Haimo

## SERVICE LIST

Kevin C. Kaplan, Esq.
kkaplan@coffeyburlington.com
Florida Bar Number 933848
**COFFEY BURLINGTON**
Office in the Grove, Penthouse A
2699 South Bayshore Drive
Miami, FL 33133
Telephone: (305) 858-2900
Facsimile: (305) 858-5261

Attorneys for STELOR PRODUCTIONS, LLC
and STEVEN ESRIG

Robert H. Cooper, Esq.
Robert@rcooperpa.com
**ROBERT COOPER, P.A.**
Concorde Centre II, Suite 704
2999 N.E. 191 Street
Aventura, FL 33180
Telephone: 305-792-4343
Facsimile: 305-792-0200

Attorney for Plaintiff STEVEN A. SILVERS