UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

NO. 05-80387-CIV (Ryskamp/Vitunac)

STELOR PRODUCTIONS, INC.,

    Plaintiff,

v.

GOOGLE INC.,

    Defendant.

## DECLARATION OF RAMSEY M. AL-SALAM

I, Ramsey M. Al-Salam, hereby declare as follows:

1. I am a partner with Perkins Coie LLP, counsel for Defendant Google in this action. I am submitting this Declaration in connection with Google's Opposition to Plaintiff's Motion to Compel and Google's cross-motion for a protective order. I have personal knowledge of the facts herein unless otherwise indicated.

2. Based on publicly available information, Sergey Brin and Larry Page are the founders of Google, and are currently Google's most senior executives. Mr. Page is the President of Products, and Mr. Brin is the President of Technology. They are part of the executive management group and sit on Google's Board of Directors. I am told Messrs. Brin and Page reside and work in California, near Google's Mountain View, California, headquarters.

3. Plaintiff has not yet taken the deposition of any Google witnesses. At approximately the same time as it filed its Motion to Compel, Plaintiff served Google with a 30(b)(6) deposition notice, the topics of which are attached hereto as Exhibit A. As reflected in that notice, the topics cover many of the same subjects for which Plaintiff seeks the depositions of Google's co-founders and co-Presidents – Sergey Brin and Larry Page.

Dockets.Justia.com

4.  I have told Kevin Kaplan, Stelor's counsel, that Google will produce Ms. Rose Hagan, Managing Trademark Counsel, in response to many of the topics of Exhibit A. Ms. Hagan has responsibility for trademark matters at Google, and is familiar with the trademark-related subjects identified in Exhibit A. I understand, for example, that she is more familiar than anyone at Google with respect to the history of Google's trademark applications and registrations, and is certainly more familiar than Messrs. Brin and Page.

5.  Mr. Page and Mr. Brin were previously deposed in another trademark case (*XtraPlus Corp. v. Google Inc.*) where they were asked specific questions concerning the selection and early use of the Google name, and a trademark search commissioned by Google's counsel at the time (Wilson Sonsini). We have produced a copy of the transcripts of those depositions to Stelor. I am not aware of any facts suggesting that the testimony in those depositions was wrong or incomplete, or that Messrs. Brin and Page would have any materially different information to provide if they were to be deposed again on such topics.

6.  On pages 6 to 7 of Stelor's Motion, Stelor claims that "Google has not produced *any* information relating to its trademark search or other relevant information during its trademark application period." (Emphasis in original). I do not understand the basis for that claim. As mentioned above, we have produced deposition transcripts from Messrs. Brin and Page that discuss as length the selection of the name Google and its early use. We also have produced the trademark search that was commissioned by Google's outside law firm (Wilson Sonsini). *See* Exh. B. The trademark file at the United States Patent and Trademark Office, which reflects all of the communications between Google and the Patent and Trademark Office, is public information. I am not aware of any specific requests by Stelor for additional information on these topics.

7.  Google did not bring this action, but has asserted counterclaims for a declaratory judgment as to the parties' respective trademark rights, for cancellation of Plaintiff's trademark registration, and for trademark infringement and unfair competition arising from Plaintiff's expanded use of "GOOGLES." I have told Mr. Kaplan, however, that Google is willing to

dismiss those counterclaims to the extent they are not directly related to the validity and enforceability of the trademarks that Stelor is asserting that Google has infringed. Google wants to maintain its defense, for example, that the trademark registration asserted against Google is invalid or unenforceable. In general, Google is not seeking affirmative relief in this action other than in response to the claims made by Stelor against Google. I expect to negotiate the terms of the dismissal in the next week.

I declare under penalty of perjury the forgoing is true and correct.

Executed this 11th day of July, 2008 at Seattle, Washington.

By: _____
Ramsey M. Al-Salam