UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-80387-CIV-RYSKAMP/VITUNAC

STELOR PRODUCTIONS, INC.,

  Plaintiff,

v.

GOOGLE, INC.,

  Defendant.
_____/

## ORDER PARTIALLY GRANTING PLAINTIFF'S MOTION TO COMPEL AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER

**I. Introduction**

THIS CAUSE comes before the Court upon plaintiff, Stelor Productions, Inc.'s, motion to compel defendant's principals, Sergey Brin and Lawrence E. Page, for deposition **[DE 259]**, filed on June 23, 2008. Defendant responded and included its motion for protective order **[DE 262]** on July 11, 2008. Plaintiff responded and replied **[DE 265]** on July 21, 2008. Defendant replied to its motion for protective order **[DE 273]** on July 31, 2008. Plaintiff requested a hearing on its motion **[DE 274]** on August 1, 2008. This motion is now fully briefed and ripe for adjudication.

**II. Introduction**

This is an action for alleged "reverse confusion" trademark infringement, unfair competition under both Federal and Florida law and trademark cancellation. On February 6, 2006, this Court bifurcated this litigation into two parts. The first part of the litigation focused

1

on ownership of the Googles mark. That portion of the litigation is now complete and Stelor, though a settlement agreement, is the legal owner of the Googles mark. Through that agreement, Stelor has taken the place of the original plaintiff, Steven Silvers. As such, the second phase of this litigation, concerning the trademark dispute as articulated in the amended complaint, has commenced. The following facts, first articulated in this Court's Order at **[DE 71]** are as follows:

Steven Silvers, is the creator of animated characters known as "Googles," described as "lovable, friendly four-eyed alien creatures that live on the planet of Goo" that are used to "communicate to children in non-violent themes social lessons, conceptual awareness and educational values, and give 'children of today, visions of tomorrow.'" Silvers alleges that he developed the Googles concept in the late 1970s, and began using the name as early as the mid-1980s.

In 1997, Silvers obtained the Internet domain name, "googles.com" and began developing an interactive website to promote and sell his Googles-related merchandise. That same year, Larry Page, a graduate student at Stanford University, registered the "google.com" domain name in connection with a prototype Internet search engine. In September, 1998, Page and his collaborator, Sergey Brin, incorporated Google Technology, Inc. and continued to operate the Google search engine as a non-commercial experimental model. In September, 1999, the Google search engine was "commercially" launched. Google Technology, Inc. eventually merged with into Defendant, Google Inc., a Delaware corporation.

Stelor alleges that the Google search engine (along with its related goods and services) "has become so well-known... that it now overwhelms the public recognition of the 'Googles'

trademark, domain name, and Website, and is preventing Stelor from flourishing on the Web or entering new markets..." It further claims that "Google's infringing use of the name 'Google,' which is substantially identical to Silvers' 'Googles' mark, has caused, and will continue to cause, 'reverse confusion' in that the consuming public will now falsely believe that Stelor's goods and services, 'googles.com' domain name, and Website, are connected, affiliated, associated, sponsored, endorsed or approved by Google, and that Google is the source of origin of the 'Googles' concept, books, music, 'googles.com' domain name, Website, merchandise, and related goods and services..." Stelor now pursues the four-count amended complaint,[1] originally filed by Silvers against Google, alleging trademark infringement under 15 U.S.C. § 1114, unfair competition under 15 U.S.C. §1125(a), unfair competition under Florida law, and "cancellation of Defendant's registration."

In turn, Google filed an amended counterclaim **[DE 57]** against Stelor, alleging four counts for declaratory relief, cancellation of counter-defendants' registration and declaration regarding pending applications, trademark infringement and false designation of origin under 15 U.S.C. §§ 1114 and 1125(a), and unfair competition under 15 U.S.C. §§ 1114 and 1125(a).

### III. Discussion

Both the motion to compel and the motion for protective order concern the same discovery dispute. Plaintiff seeks a court order requiring defendant to produce Sergey Brin and Lawrence E. Page, the founders and principals of Google, for depositions. Plaintiff seeks information about "Google's trademark registration, its trademark search process, the

---

[1] Stelor raised each of the same counts in its counterclaim against Google **[DE 49]** filed on November 15, 2005.

circumstances and timing surrounding the trademark application and registration, and Google's knowledge of other products, services, or names with a derivative mark of "Google." Plaintiff argues that Brin and Page are the only two individuals who can answer these inquiries because they were the only two members of Google when it was trademarked and because Page signed documents filed with the trademark office. Plaintiff argues that this information is relevant and calculated to lead to the discovery of admissible evidence because plaintiff seeks information showing priority of the two marks and whether Google knew that Googles existed when it applied for trademark registration.

Plaintiff also originally filed a motion to compel the depositions in Florida. Stelor no longer seeks to compel the depositions in Miami, Florida and has agreed to conduct the depositions in California.

Contrarily, defendant first argues that the information sought is not relevant and therefore the Court should not permit plaintiff to inquire into these matters. On the other hand, defendant argues that plaintiff should attempt to obtain this information from another source, such as a Rule 30(b)(6) deposition, before attempting to depose Brin and Page, as they are senior executives of Google. To this end, defendant has sought an protective order from this Court requiring plaintiff to first attempt to obtain the information from other sources.

Compelling Information and Protective Orders

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter... that is relevant to the claim or defense of any party." Further, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). When

discovery appears relevant on its face, the party resisting the discovery has the burden to establish facts justifying its objections by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1); or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Scott v. Leavenworth Unified School Dist. No*. 453, 190 F.R.D. 583, 585 (D. Kan.1999). A court can limit discovery when the burden or expense of the proposed discovery outweighs its likely benefit, after taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the proposed discovery in resolving the issues. Rule 26(b)(2)(iii).

Rule 26 of the Federal Rules of Civil Procedure also provides for protective orders such that:

> (1) that disclosure or discovery not be had;
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; [and]
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters....

Fed. R. Civ. P. 26(c).

Rule 26(c) protects those deposed from "annoyance, embarrassment, oppression, or undue burden or expense", but not from mere inconvenience. *Id.* The party making such motion must show that "good cause" exists for the protective order. *Id.* In addition to good cause, the court must also satisfy itself that, on balance, the interests of those seeking the protective order outweigh the interests of the opposing party. *McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989). The interests involved are confidentiality versus access to

information. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2003).

Analysis

Rule 30 allows a party to request the deposition of any person by serving notice. Fed. R. Civ. Pro. 30(a)(1). A natural person can be deposed under Rule 30(b)(1) whereas the deposition of a corporation is governed by Rule 30(b)(6). The rules permit two types of corporate depositions. First, one may notice a particular officer or agent of the corporation via Rule 30(b)(1). Assuming that the corporation is a party, the testimony may be used at trial by the adverse party for any purpose. Second, one may notice the deposition of a corporation without naming a specific person to be deposed, instead describing the information sought via Rule 30(b)(6). Using this approach, the corporation must designate one or more individuals to testify on the corporation's behalf. These deponents "shall testify to matters known or reasonably available to the organization." *Id*. A party may use both types of discovery when attempting to elicit information about a corporation. The testimony of that deponent is considered to be the testimony of the corporation itself. And where the corporation is a party to the suit, the testimony can be used by the adverse party for any purpose. *Philips v. American Honda Motor Co., Inc.*, 2005 WL 1527685 *1 (S.D. Ala,. June 27, 2005) ; *U.S. v. One Parcel of Real Estate at 5960 North Bay Road, Miami Beach, Florida*, 121 F.R.D. 439, 440 (S.D. Fla. 1988).

Once a corporation has been served with the Rule 30(b)(6) motion, it has a duty to produce individuals able to testify regarding the matters noticed. The corporation and its counsel have a duty to prepare the witness so that he or she is able to give "complete, knowledgeable and binding answers on behalf of the corporation." *Continental Cas. Co. v. Compass Bank*, 2006 WL

533510 * 18 (S.D. Ala. March 3, 2006) *citing*, *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989). In this type of deposition, the person being deposed is required to testify about the knowledge of the corporation as an entity and not his or her own knowledge. *Id*. Thus, an individual testifying as a Rule 30(b)(6) witness may be called on to answer questions known to the corporation but not to himself personally. The duty to properly prepare the Rule 30(b)(6) witness attaches to the deponent corporation.

Nonetheless, if a plaintiff wants to depose "a specific . . . agent of a corporation," the plaintiff "is not required to allow the corporation to decide whose testimony the [plaintiff] may have." *United States v. One Parcel of Real Estate at 5860 N. Bay Rd., Miami Beach, Fla.*, 121 F.R.D. 439, 439 (S.D. Fla. 1988)(citing 8 *Wright & Miller, Fed. Practice and Proc: Civil* § 2103 p.375 (2d ed. 1970). Still, discovery restrictions are imposed when "the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive." *United States v. Baine*, 141 F.R.D. 332, 334 (M.D. Ala. 1991). For instance, if a plaintiff wishes to depose a high-level principal, the plaintiff should demonstrate that the principal has "unique personal knowledge." *Id*. A deposition will not be allowed "where the information is obtainable through interrogatories . . . or [the deposition] of a designated spokesperson[.]" *Id*.

Jurisdictions have adopted varying approaches to the issue of compelling a deposition on a high-ranking agent: (1) initially ordering interrogatories instead of depositions if the agent lacks personal knowledge of the subject matter of the lawsuit; (2) requiring unique personal knowledge of the matter in issue before compelling a deposition; (3) deposing subordinates first and disallowing the higher-ranking agent's deposition if he is unable to contribute anything new. *See Baine*, 141 F.R.D. at 334-35. The Eleventh Circuit has held that when a high-ranking official of

a corporation does not have any direct knowledge of the facts, it is inappropriate to compel his deposition without first deposing lesser-ranking employees who have more direct knowledge of the facts at issue. *Id.* at 335 (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)).

But here, plaintiff claims that Brin and Page do have direct, unique, and personal knowledge of facts at issue. Specifically, Stelor claims that only Page and Brin have knowledge of (1) the background and evidence related to the first commercial use of the Google mark, (2) the Google, Inc. applications for trademark registrations, and (3) the statements made by the Google principals under oath in support of those applications. Stelor argues that this information will support its theories of the priority of the Googles mark or that Google knew of "Googles" existence when it applied for its own trademark registration.

Nonetheless, in light of the fact that Brin and Page are Google's founders and top executives, it makes sense to require plaintiff to seek the information from other sources. Since Google has named Rose Hagan as it Rule 30(b)(6) representative, Google and its counsel must prepare her to testify about the corporation's knowledge. Thus, as stated above, Hagan can testify to matters known to the corporation but unknown to herself. As such, plaintiff's argument that she was not a Google employee at the time the trademark applications were submitted is irrelevant. Thus, it appears likely that Hagan, after sufficient preparation, could answer all of plaintiff's questions. Since, however, a plaintiff may seek the testimony of a particular agent, if questions remain unanswered after Hagan's deposition, then plaintiff would be permitted to depose both Brin and Page on the limited issues yet unanswered.

After a full review of the motions, responses, replies, and after oral argument of the parties, it is hereby,

ORDERED AND ADJUDGED that Stelor's motion to compel defendant's principals, Sergey Brin and Lawrence E. Page, for deposition **[DE 259]** and Google's motion for protective order **[DE 262]** are PARTIALLY GRANTED. Stelor must first take the deposition of Rose Hagan, Google's Rule 30(b)(6) representative. If, after having taken that deposition, Stelor's questions regarding, information about "Google's trademark registration, its trademark search process, the circumstances and timing surrounding the trademark application and registration, and Google's knowledge of other products, services, or names with a derivative mark of Google," remain unanswered, plaintiff is permitted to depose Brin and Page, on those limited issues yet unanswered.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 11 day of September, 2008.

    /s/ Kenneth L. Ryskamp
UNITED STATES DISTRICT JUDGE
KENNETH L. RYSKAMP

Copies to:
All counsel of record.