UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80387 CIV RYSKAMP/VITUNAC

STEVEN A. SILVERS, an individual,

    Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

    Defendant.

_____/

### PLAINTIFF'S MOTION TO COMPEL BETTER ANSWERS TO PLAINTIFF STELOR'S INTERROGATORIES

STELOR PRODUCTIONS, LLC, f/k/a STELOR PRODUCTIONS, INC. ("Stelor" or "Plaintiff")[1] pursuant to Fed. R. Civ. P. 33 and 37, hereby move the Court for an order requiring Defendant GOOGLE, INC. ("Google" or "Defendant") to answer Plaintiff Stelor's Interrogatories. The following memorandum is filed in support of this motion.

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL BETTER ANSWERS TO PLAINTIFF STELOR'S INTERROGATORIES

Google has improperly refused to respond to the majority of Plaintiff's interrogatories, all of which are highly relevant to the case. Stelor identifies two major inadequacies with respect to Google's interrogatories responses: (1) Google flatly refuses to answer questions, pointing instead to the future answers by Rose Hagan, the witness designated under Rule 30(b)(6), during her deposition; and (2) Google improperly refuses to answer questions asserting that they are either irrelevant or will not lead to admissible evidence.

In both cases, Google is incorrect. Stelor has posed interrogatories that directly relate to the complaint's allegations of infringement and unfair competition. Stelor has alleged "reverse

---

[1] Stelor Productions, LLC is the successor to Stelor Productions, Inc. Accordingly, the two are referred to collectively as "Stelor".

confusion" infringement of its mark, "Googles" with the "Google" trademark. Stelor's trademark, "Googles," has been used for over twenty years used in connection with goods and services directed to children's education and entertainment. Accordingly, as the Plaintiff, Stelor is entitled to answers to its interrogatories on topics relating to Google's involvement and with and entrance in markets with respect to child-related goods. Furthermore, Defendant must respond to all interrogatories posed to it, and cannot defer response to a witness' deposition testimony.

### Discovery Methods Are Cumulative and Not Alternative

In response to 11 out of the 18 interrogatories posed, Google responded as follows:

> "Google objects to this interrogatory as overly broad, unduly vague, unduly burdensome, as seeking information more efficiently obtained through deposition testimony. Google is scheduled to produce Rose Hagan as a witness in response to the 30(b)(6) deposition topics identified by plaintiff (subject to Google's objections). Ms. Hagan will provide information responsive to this interrogatory, including information based on whether and to what extent Google has provided children's products or services."

(Defendant Google, Inc.'s Responses to Plaintiff Stelor's Interrogatories, attached hereto as Exhibit "A.") As is evident, this provides **no** information through interrogatory responses. Google cannot require Plaintiff to gather the majority of the information posed to Google from the deposition of Google's designated 30(b)(6) witness. Even though Defendant responds that responsive information will be provided by Rose Hagan through her 30(b)(6) deposition, Plaintiff is entitled to obtain answers to its interrogatories, in addition to Ms. Hagan's deposition. *B. & S. Drilling Co. v. Halliburton Oil Well Cementing Co.,* 24 F.R.D. 1, 4 (S.D. Tex. 1959). Discovery methods are cumulative, rather than alternative, thus Plaintiffs are entitled to information through *both* interrogatories and deposition. *Id.*; *Bell v. Swift & Co.*, 283 F.2d 407, 409 (5th Cir. 1960) (ruling that trial judge erred in not requiring defendant to answer plaintiff's interrogatories but did not overturn because trial was conducted properly and the technical error

did not affect the substantial rights of the parties). Defendant attempts an argument of efficiency to avoid responding to these interrogatories. Without a showing of a hardship or injustice in being required to answer these interrogatories, however, which Defendant has not done, Defendant must respond with full and complete answers and cannot simply reply upon answers that will supposedly be provided during deposition testimony at a later date. *B. & S. Drilling*, 24 F.R.D. at 4.

## The Questions Call For Relevant Evidence

Defendant should not only answer the questions posed because they call for relevant information that would likely be – or would likely lead to – admissible evidence at trial. The Federal Rules of Civil Procedure allow parties to "obtain discovery regarding any manner, not privileged, that is relevant to the claim or defense of any party. . . Relevant information need not be admissible at the trial if the discovery appears to lead to the discovery of admissible evidence." *Fed. R. Civ. Pro. 26(b)(1)*; *In re: Form Motor Co.*, 345 F.3d 1315, 1316 (11th Cir. 2003); *Dean Witter Reynolds, Inc., v. Fernandez*, 489 F.Supp. 434, 442 (S.D. Fla. 1979). Furthermore, the courts should give a "broad, liberal interpretation" to Rule 33. *Bell*, 283 F.2d at 409.

All interrogatories are relevant to the core issues alleged in the lawsuit. Plaintiff seeks information relating to Google's efforts to expand its trademark presence in children's products and services, which directly relates to Plaintiff's allegations of infringement and unfair competition of Google using its trademark to sell "children's books, games and other education and entertainment products and services." (Am. Compl. ¶¶ 73, 81, 86.) Plaintiff tailored each question to relate specifically to this issue alleged in the lawsuit by limiting the questions' scope to a group of topics defined in the interrogatories as "Children's Categories," which include, but are not limited to, children's books, clothing, toys, videos, music, and educational materials.

3

Accordingly, these questions are relevant, limited, and serve to provide information that is either admissible or likely to lead to admissible evidence. Google has patently refused to respond.

WHEREFORE, Plaintiff Stelor respectfully requests this Court enter an order compelling Google to answer Plaintiff Stelor's Interrogatories.

Respectfully submitted,

s/Kevin C. Kaplan - Florida Bar No. 933848
  David J. Zack - Florida Bar No. 641685
  Morgan L. Swing – Florida Bar No. 0017092
Email:  kkaplan@coffeyburlington.com
       dzack@coffeyburlington.com
       mswing@coffeyburlington.com
COFFEY BURLINGTON
Office in the Grove, Penthouse
2699 South Bayshore Drive
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261
Counsel for STELOR PRODUCTIONS, LLC

**LOCAL RULE 7.1.A.3 CERTIFICATE OF COMPLIANCE**

 I HEREBY CERTIFY that the office of the undersigned counsel has conferred with counsel for Defendant concerning the subject matter of the instant Motion, and counsel for Defendant has stated that Defendant is opposed to the relief sought herein.

         /s/ Morgan L. Swing

COFFEY BURLINGTON
OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: info@coffeyburlington.com www.coffeyburlington.com

## CERTIFICATE OF SERVICE

       I hereby certify that on September 19, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Mailing Information for Case 9:05-cv-80387-KLR. I also certify that the foregoing Counsel of record currently identified on the Mailing Information list to receive e-mail notices for this case are served via Notices of Electronic Filing generated by CM/ECF. Counsel of record who are not on the Mailing Information list to receive e-mail notices for this case have been served via U.S. Mail.

       /s/ Morgan L. Swing

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com   www.coffeyburlington.com