UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

NO. 05-80387-CIV (Ryskamp/Vitunac)

STELOR PRODUCTIONS, LLC, a Delaware corporation,

       Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

       Defendant.

### NOTICE OF SUBPOENA TO MICHAEL ELKIN FOR THE PRODUCTION OF DOCUMENTS AND FOR VIDEOTAPED DEPOSITION PURSUANT TO FED. R. CIV. P. 30 AND 45

**TO:** MICHAEL ELKIN

**TO:** ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that pursuant to Rule 30 and 45 of the Federal Rules of Civil Procedure defendant Google Inc. ("Google") hereby request by subpoena, a copy of which is attached hereto as Exhibit 1, the deposition and production of documents from MICHAEL ELKIN.

The deposition will occur at the time and place indicated below:

| NAME | DATE AND TIME | LOCATION |
|---|---|---|
| Michael Elkin | October 28, 2008<br>9:00 a.m. | Coffey Burlington<br>Office in the Grove, Penthouse<br>2699 S. Bayshore Drive, Penthouse A<br>Miami, FL 33133 |

The examination will continue from day to day until completed. The deposition is being taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted

under the Rules of Civil Procedure. The deposition will be taken before a person designated under Fed. R. Civ. P. 28 and will be recorded stenographically and videotape.

Please take further notice that the witness, MICHAEL ELKIN, is required to produce the documents and information requested in Exhibit A to the attached subpoena, issued from the United States District Court for the Southern District of Florida, Miami Division – Main Office with this deposition notice, at the offices of Perkins Coie LLP, 1201 Third Avenue, Suite 4800, Seattle, WA 98101, no later than 10:00 a.m. on October 23, 2008.

In accordance with the Rules of Civil Procedure, you are invited to attend and to cross-examine.

Dated this __14__ day of October, 2008.

By: _____
Ramsey M. Al-Salam *(Pro Hac Vice)*
Washington Bar. No. 18822
ralsalam@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: (206) 359-6385
Facsimile: (206) 359-7385

Jan Douglas Atlas
Florida Bar No. 226246
jda@adorno.com
Samantha Tesser Haimo
Florida Bar No. 0148016
stesser@adorno.com
ADORNO & YOSS LLP
350 East Las Olas Boulevard, Ste. 1700
Fort Lauderdale, FL 33301
Telephone: (954) 763-1200
Facsimile: (954) 766-7800

Attorneys for Defendant / Counterclaimant Google, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of October, 2008, I served a copy of the foregoing NOTICE OF SUBPOENA TO MICHAEL ELKIN FOR THE PRODUCTION OF DOCUMENTS AND FOR VIDEOTAPED DEPOSITION PURSUANT TO FED. R. CIV. P. 30 AND 45 on the following persons, by United States mail, postage prepaid:

> Kevin C. Kaplan
> David J. Zack
> Morgan L. Swing
> Coffey Burlington
> Office in the Grove, Penthouse
> 2699 S. Bayshore Drive, Penthouse A
> Miami, FL 33133

/s/ *Ramsey M. Al-Salam*
Ramsey M. Al-Salam

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION – MAIN OFFICE

| | |
|---|---|
| STELOR PRODUCTIONS, LLC<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>    Defendant6 | **SUBPOENA IN A CIVIL CASE**<br><br>CASE NUMBER 05-80387-CIV-Ryskamp/Vitunac<br><br>(Case pending in the U.S.D.C. Southern District of Florida – West Palm Beach Division) |

TO: MICHAEL ELKIN.
    c/o Kaufman Rossin & Co.
    2699 S. Bayshore Drive, 3rd Floor
    Miami, Florida 33133

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Offices of Coffey Burlington<br>Office in the Grove, Penthouse<br>2699 S. Bayshore Drive, Penthouse A<br>Miami, Florida 33133 | October 28, 2008<br>9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects at the place, date and time specified below (list documents or objects);
**See Exhibit A attached hereto**

| PLACE | DATE AND TIME |
|---|---|
| By overnight delivery to to the undersigned attorney at Perkins Coie LLP, 1201 Third Avenue, Suite 4800, Seattle, WA 98101 | October 23, 2008<br>10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]    Defendant | 10/14/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Ramsey M. Al-Salam, Perkinc Coie LLP, 1201 Third Avenue, Suite 4800, Seattle, WA 98101
Telepyhone: 206-359-6385

AO 88 (Rev.12/07) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), and (d), as amended on December 1, 2007:

I Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions.

A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) *When Required*. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted*. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to Subpoena.

(1) Producing Documents or Electronically Stored Information.

These procedures apply to producing documents or electronically stored information:

(A) *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

41063-0038/LEGAL14760330.1

# EXHIBIT A
# TO SUBPOENA DIRECTED TO
# MICHAEL ELKIN

## Documents to be Produced

In accordance with Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce and permit inspection and copying of the documents or objects listed below, or produce exact copies of the documents or objects listed below to Perkins Coie LLP, 1201 Third Avenue, Suite 4800, Seattle, WA 98101 by the date and time specified in the attached subpoena.

## I. DEFINITIONS AND INSTRUCTIONS

1. For the purposes of these requests, the term "above-captioned case" shall mean *Stelor Productions, LLC v. Google Inc.*, Civil Action No. 05-80387-CIV, filed in the United States District Court for the Southern District of Florida, West Palm Beach Division.

2. The terms "Stelor," "you," "your" or "plaintiff" mean and include Stelor Productions, LLC, (f/k/a Stelor Productions, Inc.) and all related entities, parents, subsidiaries or divisions, and any predecessor or successor entities and any of its officers, directors, agents, attorneys, consultants, accountants, employees, representatives, and any other persons acting, or purporting to act for or on its behalf.

3. The terms "Google" or "defendant" mean Google Inc., and its officers, directors, agents, attorneys, consultants, accountants, employees, representatives, affiliates, and any other persons acting or purporting to act for or on its behalf.

4. The term "person," unless otherwise specified, means any natural person, firm, partnership, association, corporation, business, proprietorship, government or quasi-governmental body, agency or commission, or any other organization or entity.

5. The term "you," "yours," or "Michael Elkin", means and refers to Michael Elkins, and his agents, attorneys, consultants, employees, representatives, and any other person acting on his behalf.

6. The term "document" and its plural shall refer to anything that would be a "writing" or "recording," as defined in Rule 1001(1) of the Federal Rules of Evidence, or a "document" as defined in Rule 34(a) of the Federal Rules of Civil Procedure and refers to all handwritten, typed, printed, electronic, recorded, or otherwise visually or aurally reproduced materials, and all originals and copies that contain any notes, handwriting, underscoring, deletions, or that in any way otherwise differ from the original thereof. Such documents include but are not limited to: (1) all the written, printed, recorded, graphic, or sound reproductions, however produced including but not limited to correspondence, memoranda, notes, telegrams, notebooks, diaries, desk calendars, charts, photographs, and records of any kind; (2) all computer-readable data compilations, including but not limited to tapes, diskettes, card, cassettes, electronic mail, and all other electronic or mechanical devices which contain information stored in mainframe and personal computers or devices such as (PDAs/cell phones) or accessible "online"; (3) all originals, drafts, and copies that differ in any respect from the original; all marginal comments that appear on such documents; and all transcripts or recordings of such documents; and all attachments, enclosures, or documents affixed or referred to in such documents.

7. The term "thing" and its plural shall be used in the broadest permissible sense consistent wit the Federal Rules of Civil Procedure and refers to all tangible objects and items other than documents and includes every such object and item regardless of nature or kind.

8. The terms "relating," "related," "relates," or "concerning," any given subject shall mean, without limitation, identifying, describing, discussing, assessing, stating,

reflecting, constituting, containing, embodying, tending to support or refute, pertaining to or concerning, in any way, the particular subject matter identified

9. If you have any documents responsive to a particular category which you claim are privileged or otherwise non-discoverable, please for each such document, identify: (a) the privileged or reason why you claim the document is not discoverable; (b) the nature of the document or thing (letter, memorandum, notes, etc.); (c) its date; (d) its author(s) and recipient(s), if any; (e) each and every person who has seen such document or a portion of such document; and (f) a general description of the document and its subject matter.

## II. DOCUMENTS AND THINGS TO BE PRODUCED

1. Any and all documents and things you reviewed, relied upon, considered, or referenced in forming an opinion in connection with the above-captioned case, or in preparation of an expert report.

2. Any and all documents relating to any notes taken or made by you in connection with the above-captioned case.

3. Any and all documents, videos, DVD's, transcripts, photographs, tape recordings, calculations, computer printouts, data stored electronically or on a computer disk, and any other recordings or other materials provided to you by Stelor that relates to any work that you performed with regard to the above-captioned case.

4. Any and all documents, transcripts, photographs, and other materials obtained by you through your own research or efforts in connection with work you have performed with regard to the above-captioned case.

5. A list of all cases in which you have worked on at any time, including the present time, for Stelor, or for the law firm(s) that have retained you in the above-captioned case.

6. To the extent not previously produced in this lawsuit, all documents received from any person in connection with the lawsuit.

7. Any and all documents relating to any contracts or retainer agreements between you and Stelor, or between you and Stelor's counsel in connection with the above-captioned case.

8. Invoice payment requests and other documents describing, detailing or referring to the services you provided in connection with this lawsuit.

9. Any and all other documents which constitute any part of your file(s) for the above-captioned case, but not previously produced in response to any of the above categories.