**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 05-80387 CIV RYSKAMP/VITUNAC

STELOR PRODUCTIONS, LLC,
a Delaware limited liability company,

   Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

   Defendant.
_____/

**PLAINTIFF'S MOTION TO COMPEL BETTER ANSWERS TO DEFENDANT GOOGLE, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF STELOR PRODUCTIONS, LLC'S INTERROGATORIES**

  STELOR PRODUCTIONS, LLC, ("Stelor" or "Plaintiff") pursuant to Fed. R. Civ. P. 33 and 37, hereby moves the Court for an Order requiring Defendant GOOGLE, INC. ("Google" or "Defendant") to answer Plaintiff Stelor's Interrogatories. The following memorandum is filed in support of this motion.

**MEMORANDUM OF LAW**

  Google filed an initial set of incomplete responses on September 2, 2008 to Plaintiff Stelor's Interrogatories, to which Stelor filed a Motion to Compel Better Answers on September 19, 2008. (D.E. 281.) The Court entered an Order requiring Google to comply with this motion. (D.E. 199.) Although Google has provided Supplemental Answers to Interrogatories[1], Google

---

[1] The Supplemental Answers are filed herewith under seal, based on the Stipulated Protective Order (D.E. #116).

COFFEY BURLINGTON
OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: info@coffeyburlington.com  www.coffeyburlington.com

still fails to respond to certain critical questions. Stelor now seeks to compel better answers to Google's Supplemental Responses to Plaintiff's Interrogatories.

Stelor asserts that Google continues to improperly respond to Google's interrogatories in that: (1) Google refuses to answer certain questions, pointing instead to the future answers by Rose Hagan, Google's Rule 30(b)(6) designee, during her deposition, which took place on October 21, 2008 and in which Ms. Hagan was notably unable to answer to the degree of specificity requested in Stelor's interrogatories; (2) Google asserts blanket objections incorrectly stating that the interrogatories seek information that is either irrelevant or will not lead to admissible evidence; and (3) Google flatly refuses to respond to four interrogatories asserting that they seek information that is either irrelevant or will not lead to admissible evidence.

Defendant, first and foremost, cannot defer an interrogatory response to a future witness' deposition testimony. And in this particular instance, due to Ms. Hagan's inability to fully answer the questions posed by Stelor, Google has now completely deprived Stelor of information requested through its interrogatories. Furthermore, Stelor has posed interrogatories that directly relate to the amended complaint's allegations of infringement and unfair competition, including Google's involvement in and entrance into markets with respect to child-related goods.

### **Discovery Methods Are Cumulative and Not Alternative**

In response to 11 out of the 18 interrogatories posed, Google responded as follows:

> "Google objects to this interrogatory as overly broad, unduly vague, unduly burdensome, as seeking information more efficiently obtained through deposition testimony. Google is scheduled to produce Rose Hagan as a witness in response to the 30(b)(6) deposition topics identified by plaintiff (subject to Google's objections). Ms. Hagan will provide information responsive to this interrogatory, including information based on whether and to what extent Google has provided children's products or services."

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com         www.coffeyburlington.com

(Defendant Google, Inc.'s Supplemental Responses to Plaintiff Stelor's Interrogatories, filed under seal based on the Stipulated Protective Order (D.E. 116).) Such an answer provides no information through interrogatory responses. Even with the limited additional information that Google provided without waiving its objection, Google still fell short of providing a complete response to Stelor's interrogatories.

Discovery methods are cumulative, rather than alternative, thus Plaintiff is entitled to information through *both* interrogatories and deposition. *Id.*; *Bell v. Swift & Co.*, 283 F.2d 407, 409 (5th Cir. 1960) (ruling that trial judge erred in not requiring defendant to answer plaintiff's interrogatories but did not overturn because trial was conducted properly and the technical error did not affect the substantial rights of the parties). Even though Defendant claimed that responsive information would be provided by Rose Hagan through her 30(b)(6) deposition, Plaintiff is entitled to obtain answers to its interrogatories. *B. & S. Drilling Co. v. Halliburton Oil Well Cementing Co.,* 24 F.R.D. 1, 4 (S.D. Tex. 1959). Google cannot require Plaintiff to gather the majority of the information posed to Google from the deposition of Google's designated 30(b)(6) witness. Additionally, Ms. Hagan was simply unable to provide the information requested by Stelor's interrogatories.[2]

Defendant attempts an argument of efficiency to avoid responding to these interrogatories. Without a showing of a hardship or injustice in being required to answer these interrogatories, however, which Defendant has not done, Defendant must respond with full and complete answers and cannot simply reply upon answers that would supposedly, and in fact

---

[2] For example, Ms. Hagan could not be entirely certain about Google's plans with respect to children's books under its own trademark in the future. *See* Hagan Depo. at 163-165.

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com      www.coffeyburlington.com

could not, be provided by Ms. Hagan during her deposition testimony. *B. & S. Drilling*, 24 F.R.D. at 4.

### Plaintiff's Interrogatories Call For Relevant Evidence

Defendant should answer all the interrogatories because they call for relevant information that would likely be – or would likely lead to – admissible evidence at trial. The Federal Rules of Civil Procedure allow parties to "obtain discovery regarding any manner, not privileged, that is relevant to the claim or defense of any party. . . Relevant information need not be admissible at the trial if the discovery appears to lead to the discovery of admissible evidence." *Fed. R. Civ. Pro. 26(b)(1)*; *In re: Form Motor Co.*, 345 F.3d 1315, 1316 (11th Cir. 2003); *Dean Witter Reynolds, Inc., v. Fernandez*, 489 F.Supp. 434, 442 (S.D. Fla. 1979). Furthermore, the courts should give a "broad, liberal interpretation" to Rule 33. *Bell*, 283 F.2d at 409.

All interrogatories are relevant to the core issues alleged in the lawsuit. Plaintiff seeks information about Google's beginnings and the history of its search engine, relating to Google's first use of its products in connection with its trademark. Plaintiff also seeks information relating to Google's efforts to expand its trademark presence in children's products and services, which directly relates to Plaintiff's allegations of infringement and unfair competition of Google using its trademark to sell "children's books, games and other education and entertainment products and services." (Am. Compl. ¶¶ 73, 81, 86.) Plaintiff tailored each question to relate specifically to this issue alleged in the lawsuit by limiting the questions' scope to a group of topics defined in the interrogatories as "Children's Categories," which include, but are not limited to, children's books, clothing, toys, videos, music, and educational materials.

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com        www.coffeyburlington.com

Accordingly, these questions are relevant, limited, and serve to provide information that is either admissible or likely to lead to admissible evidence. Google's general objections to Plaintiff's interrogatories are improper. Furthermore, Google's patent refusal to fully respond to Interrogatory Numbers 10, 11, 12, and 18 is improper. Stelor seeks information related to "Children's Categories" or programs related to children, and therefore seeks relevant information about Lively by Google, a feature which, by Google's own description in its supplemental responses, is similar to features Stelor provides on the googles.com website (Interrogatory Nos. 11 and 12) and Google's hosting programs that might provide support to sell or provide goods, services, or programs related to children (Interrogatory No. 18). Stelor also seeks information about Backrub, Google's preliminary version of its search engine (Interrogatory No. 10), which relates to Google's beginnings and the initial use of its mark in relation to its search engine. Google simply refuses to respond to such relevant questions and must be compelled to do so.

**WHEREFORE,** Plaintiff Stelor respectfully requests this Court enter an order compelling Google to revise its Supplemental Responses to Plaintiff Stelor's Interrogatories and answer these interrogatories completely.

    Respectfully submitted,

    s/Kevin C. Kaplan - Florida Bar No. 933848
    David J. Zack - Florida Bar No. 641685
    Morgan L. Swing – Florida Bar No. 0017092
    kkaplan@coffeyburlington.com
    dzack@coffeyburlington.com
    mswing@coffeyburlington.com
    COFFEY BURLINGTON
    Office in the Grove, Penthouse
    2699 South Bayshore Drive
    Miami, Florida 33133
    Tel: 305-858-2900; Fax: 305-858-5261
    Counsel for STELOR PRODUCTIONS, LLC

COFFEY BURLINGTON

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: info@coffeyburlington.com  www.coffeyburlington.com

## LOCAL RULE 7.1.A.3 CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that the office of the undersigned counsel has conferred with counsel for Defendant concerning the subject matter of the instant Motion, and counsel for Defendant has stated that Defendant is opposed to the relief sought herein.

/s/ Morgan L. Swing

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com   www.coffeyburlington.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Mailing Information for Case 9:05-cv-80387-KLR. I also certify that the foregoing Counsel of record currently identified on the Mailing Information list to receive e-mail notices for this case are served via Notices of Electronic Filing generated by CM/ECF. Counsel of record who are not on the Mailing Information list to receive e-mail notices for this case have been served via U.S. Mail.

/s/ Morgan L. Swing

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com        www.coffeyburlington.com