## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80387 CIV RYSKAMP/VITUNAC

STELOR PRODUCTIONS, LLC,
a Delaware limited liability company,

        Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

        Defendant.
_____/

## PLAINTIFF'S RENEWED MOTION TO COMPEL GOOGLE, INC. TO PRODUCE FOR DEPOSITION ITS CO-FOUNDERS – SERGEY BRIN AND LAWRENCE PAGE

Plaintiff, Stelor Productions, LLC, ("Stelor" or "Plaintiff") hereby renews its motion to move the Court for an order requiring Defendant Google, Inc. ("Google" or "Defendant") to produce its two co-founders, Sergey Brin ("Brin") and Lawrence Page ("Page"), for deposition. The following memorandum is filed in support of this motion.

## MEMORANDUM

Pursuant to the Court's Order on Plaintiff's initial Motion to Compel Production of Google's Principals (D.E. 279), Plaintiff should now be allowed to depose Mr. Brin and Mr. Page. Per the Order, Plaintiff first took the deposition of Rose Hagan ("Hagan"), Google's 30(b)(6) representative, on October 21, 2008. Plaintiff could then, pursuant to the Order, seek leave to depose Brin and Page if unanswered questions remained surrounding "Google's trademark registration, its trademark search process, the circumstances and timing surrounding the trademark application and registration, and Google's knowledge of other products, services,

COFFEY BURLINGTON
OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com   www.coffeyburlington.com

Dockets.Justia.com

or names with a derivative mark of Google." As Ms. Hagan's deposition confirms, significant unanswered questions still remain.

Hagan, as corporate representative, was unable to provide sufficient relevant information about the allegations in the Amended Complaint, as well as the information requested in the 30(b)(6) designations, because that knowledge is unique to the corporation's founders: Brin and Page. Ms. Hagan does not know the information herself, nor had she made sufficient efforts in advance of the deposition to obtain that information from Mr. Brin and Mr. Page. Therefore, Plaintiff should be permitted to depose both founders of Google on their direct, unique, and personal knowledge.

Per Rule 30(b)(6), the designated corporate representative must be fully prepared to answer questions about corporate information using the corporation's knowledge. Fed. R. Civ. P. 30(b)(6). Both the corporation and counsel have a duty to prepare the witness so that he or she is able to give "complete knowledgeable and binding answers *on behalf of the corporation*" (emphasis added). *Provide Commerce, Inc. v. Preferred Commerce, Inc.*, 2008 WL 360588 * 2 (S.D.Fla. Feb. 8, 2008). In her declaration filed with Defendant's Reply Memorandum in Support of Motion for Protective Order (D.E. 273), Hagan represented that she would be able to provide testimony on all the issues designated by Stelor in its 30(b)(6) notice. During her deposition, Hagan described how she prepared by gathering information and fully researching all that she could about the company, its history, and its policies. *See* Hagan Depo. at 32-39. When questioned by Stelor's counsel, however, Hagan provided vague and uncertain answers in terms of dates and other information on the critical issues of Google's trademark registration, the trademark searches conducted prior to the registration, and Brin's and Page's knowledge of the

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com        www.coffeyburlington.com

prior "Googles" registration. *See* Hagan Depo. at 43:9-45:24, 49:25-50:24, 57, 68:24-69:24, 74-75, and 95:15-96:5.[1] This simply does not suffice to provide Stelor with the relevant information it seeks and previously requested pursuant to its 30(b)(6) designations.

Despite Hagan's investigation and preparation as Google's representative, she was unable to give the exact dates for the first appearance of the Google website. Ms. Hagan confirmed that *she* did not know the precise first date of use of the "Google" name on the Internet:

```
 6          Q   Sitting here today, as the 30(b)(6) representative
 7     of Google -- of Google, when did the Google.stanford.edu
 8     domain name -- when was it first used?
 9          A   I believe it was '97, probably fall.
10          Q   You believe or you know?
11          MR. AL-SALAM:  Object to the form.
12          THE WITNESS:  As I said, you know, I'm really bad
13     with dates, and if you showed something to refresh my
14     recollection, I could pinpoint it, but to the best of my
15     recollection, it's fall of 1997.
16          BY MR. KAPLAN:
17          Q   You are basing that on your research into the
18     Archive.org site; correct?
19          A   In part.
20          Q   And also in part on what you recall the testimony
21     from Mr. Brin and Mr. Page being in the Xtra Plus case;
22     correct?
23          A   In part, yes.
```

Hagan Depo. at 44.

Rather, she ultimately admitted that ***Brin and Page themselves*** were the proper people to ask regarding the exact dates relating to Google's initial presence on the Internet:

```
 1          Q   If I want you to tell me the exact date that the
 2     Google.stanford.edu domain name was first used, what would
 3     you have to do to provide me with a specific date?
 4          A   I would probably first check Archive.org to see if
```

---

[1] The complete transcript is filed separately under seal pursuant to the Court's Stipulated Protective Order (D.E. 116).

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com   www.coffeyburlington.com

| | |
|---|---|
| 5 | they had recorded it. I would also check the company |
| 6 | records. |
| 7 | Q What else? |
| 8 | A I might ask people if they recall the exact date. |
| 9 | ***Q The people you would ask would be Mr. Brin and*** |
| 10 | ***Mr. Page; right?*** |
| 11 | ***A Correct.*** |
| 12 | Q Did you do that in preparation for your deposition |
| 13 | today? |
| 14 | A No. |
| 15 | Q Why not? |
| 16 | A Because it was recorded in deposition testimony, |
| 17 | the company history. I didn't need to bother them with |
| 18 | that. They are busy people. |
| 19 | Q Company records, are there any company records |
| 20 | other than what you looked at to prepare for your |
| 21 | deposition today that you would need to consult in order to |
| 22 | pinpoint that date? |
| 23 | A I don't believe so. |

Hagan Depo. at 46 (emphasis added).

Further, Ms. Hagan confirmed that she had failed in preparation for her deposition to obtain this information from Brin or Page. She acknowledged that her only communications with Brin and Page consisted of an e-mail to both men asking if they ***generally*** recalled seeing the Googles' trademark application and logo. *See* Hagan Depo. at 55:19-56:12 and 56:22-57:2. She admits that her e-mail did not even "specif[y] a time frame" for which she was asking about. Hagan Depo. at 56:18-21; *see also id.* at 57:3-4. She, furthermore, did not attempt to refresh their recollection on the issue, did not ask any follow up questions, and did not show them any documents, including the trademark search report, which was obtained prior to the filing of a trademark application and which showed the existence of the "Googles" mark in advance of Google's filing of its own trademark application. *See* Hagan Depo. at 55-58. Nor did she ask either of them if they were aware of any research that was done of the Googles mark or website,

4

COFFEY BURLINGTON

OFFICE IN THE GROVE    PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
EMAIL: info@coffeyburlington.com    www.coffeyburlington.com

or why they proceeded with their trademark registration if the similar "Googles" name was already being used. *See* Hagan Depo. at 95:15-96:5. In addition, Hagan did not and could not confirm whether a handwritten document, noting and listing some of the results of the trademark search – including "Googles and Design" – was in Page's or Brin's handwriting, or was known to or reviewed by them. *See* Hagan Depo. at 59:19-60-21. In short, Ms. Hagan lacks sufficient information with respect to Brin's and Page's knowledge on such issues, as Ms. Hagan finally admitted, "I don't know that they got to that level of nitty-gritty that they were actually aware of what this registration covered." Hagan Depo. at 78:17-19.

Finally, on the important issue of what additional products and services Google planned in the children's market, Ms. Hagan could not answer. *See* Hagan Depo. at 163-165. Of course, the ultimate decision makers on those issues, and all issues at Google, are Mr. Page and Mr. Brin. *See* Hagan Depo. at 264:12-15. Indeed, as Ms. Hagan confirmed, Mr. Page is the person "responsible for product development." Hagan Depo. at 264:1-2.

Essentially, Stelor has been forced to allow Ms. Hagan – the opposing party's in-house trademark counsel – to act as Stelor's lawyer for purposes of questioning Brin and Page. And, Stelor respectively contends that its own lawyers would have done a more thorough job. Stelor should not be denied the opportunity to ***directly*** question two material witnesses in this case. Stelor has jumped through the hoop Defendant requested, by first deposing Ms. Hagan. But, Ms. Hagan obviously does not know what Brin and Page do and could not provide full information at her deposition on the relevant topics sought by Stelor. Under the Federal Rules of Civil Procedure, Plaintiff may depose "a specific … agent of a corporation" and "the corporation … [cannot] decide whose testimony the [plaintiff] may have. *United States v. One Parcel of Real*

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com   www.coffeyburlington.com

*Estate at 5860 N. Bay Rd., Miami Beach, Fla.*, 121 F.R.D. 439, 439 (S.D.Fla. 1988)(citing 8 Wright & Miller, Fed. Practice and Proc: Civil § 2103 p.375 (2d ed. 1970)).

In conclusion, as previously argued by Stelor and now demonstrated by Hagan's deposition, Brin and Page – and they alone – have unique, direct, and specific knowledge related to critical issues in this case, which could not be answered by Google's prepared corporate representative. Accordingly, Stelor's motion should be granted and this testimony compelled.

Respectfully submitted,

s/Kevin C. Kaplan
Kevin C. Kaplan - Florida Bar No. 933848
kkaplan@coffeyburlington.com
Morgan L. Swing – Florida Bar No. 17092
mswing@coffeyburlington.com
COFFEY BURLINGTON
Counsel for Plaintiff Stelor Productions, Inc
Office in the Grove, Penthouse
2699 South Bayshore Drive
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261

6

COFFEY BURLINGTON

OFFICE IN THE GROVE    PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
EMAIL: info@coffeyburlington.com    www.coffeyburlington.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Kevin C. Kaplan

7

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com   www.coffeyburlington.com