UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 05-80387-CIV (Ryskamp/Vitunac)

STELOR PRODUCTIONS, LLC, a Delaware
limited liability company,

              Plaintiff,

       v.

GOOGLE INC., a Delaware corporation,

              Defendant.

DEFENDANT GOOGLE INC.'S MOTION TO COMPEL
COMPLETE RESPONSES TO FIRST SET OF INTERROGATORIES
AND SUPPLEMENTAL DOCUMENT PRODUCTION OR,
ALTERNATIVELY, TO LIMIT EVIDENCE

Defendant Google Inc. ("Google") respectfully seeks an order compelling Stelor

Productions, LLC ("Stelor") to provide complete responses to Google's First Set of

Interrogatories and to properly supplement its document production.  Alternatively, Google seeks

an order precluding Stelor from introducing evidence related to such topics and/or documents

(e.g., if Stelor refuses to produce documents reflecting the extent to which Googles products

have been distributed, it should be precluded from introducing testimony on the issue).  To the

extent Stelor makes a late production of material documents, Google seeks an opportunity to take

the deposition of a Stelor representative regarding such documents.

                       I.      INTRODUCTION

       Although Google has sought discovery from Stelor on various topics, three particularly

relevant areas are raised by this motion:  (1) the nature, timing, and extent of use of the mark

"Googles" by Stelor and its predecessors, including the extent to which they have sold or distributed products or services bearing the trademark; (2) the factual basis for any claim that Google's activities have confused consumers into believing there is a relationship between Google and Stelor; and (3) the factual basis for Stelor's claim that it has suffered damages. Google has been consistently frustrated in obtaining such information. Stelor's interrogatory responses, document production, and testimony have been insufficient, inconsistent, and/or reflect that documents pertaining to the subject have been improperly withheld. Stelor should be ordered to produce responsive documents and information or, alternatively, should be precluded from introducing oral testimony on those issues.

This motion is supported by the Declaration of Ramsey M. Al-Salam filed herewith.

## II.     PERTINENT FACTS

In this case, plaintiff claims that Google, the provider of the famous Google search engine, has infringed Stelor's purported trademark rights in "Googles" for children's products. Stelor's purported rights arise from a trademark registration for "Googles" that it inherited from Steven Silvers, previously a party in this action. The trademark registration is limited to children's books, and to a specific design. *See* Exhibit A attached hereto. The trademark registration arose from Mr. Silvers' 1996 declaration to the Patent and Trademark Office ("PTO"), that he had sold in commerce a book entitled "Googles and the Planet of Goo," and Stelor's representation to the PTO six years later that the book had been continuously on sale since that time. The book relates to multi-eyed alien cartoon characters from the Planet Goo. *See* googles.com (website depicting alien cartoon characters and Stelor's offerings). As discussed in Google's pending motion for summary judgment, a critical issue is whether or to what extent the book has been sold or distributed. Those facts are relevant to the validity of Stelor's trademark rights, as well as the strength and scope of any such rights.

In addition, Stelor has claimed rights beyond books, on the basis that its predecessors and/or it have distributed or sold other children's products, such as "plush items" (stuffed dolls of the Googles characters), music, clothing, stickers, magnets, email services and search services. *See* Stelor Response to Google's Interrogatory No. 1 (Exhibit B attached hereto). The testimony of Stelor's CEO, President and 30(b)(6) witness (Steven Esrig), however, has been inconsistent. In a deposition taken on August 22, 2006, for example, Mr. Esrig admitted there Stelor had made no sales of any books. *See* Al-Salam Dec., Ex. 1 at 200-201 (admitting that it had never been offered for sale); *see also id.* at 71-72 (admitting no sales of any product off the website until December 31, 2005, when $21 worth of iTunes were sold). The testimony has been there was only one printing of the book – 1,000 copies in 1996. At the time Stelor became involved in 2002, it received 500-600 books from an earlier licensee (Aurora). Mr. Esrig testified, however, that he had given away almost all of the books by the time of his August 2006 deposition, and was down to his "very last few." Al-Salam Dec., Ex. 1 at 112 ("I know I've been distributing them since then in my travels, we're down to the very last few.").

In his deposition this week, however, Mr. Esrig testified that there has been continuous distribution of the book since his August 2006 deposition and the book was now available for sale on the website. Al-Salam Dec., ¶ 4. He made these assertions, although he admitted that there has been no additional printing of the book. *Id.* In fact, he could not identify where any inventory of books was even located. When asked whether there would be any documents that would show whether or to what extent the book had been distributed or sold, he testified that there should be such documents. *Id.* No documents have been produced, however, that reflect such information.

Google's interrogatories seek information on this topic. Google's Interrogatory No. 5, for example, seeks specific information about dates that Googles products were sold or distributed, the sales volumes, the channels of trade, the geographic areas of distribution, and other information that is directly relevant to any alleged trademark rights owned by Stelor. Stelor's response, however, is ambiguous and conclusory. As one example, Stelor says that plush items, toys, stickers and magnets have been "sold, distributed *or* offered for sale" (emphasis added) since various dates. There is no specific information provided about whether such products were sold or otherwise distributed, where or how they were distributed, the amounts distributed or sold, or during what time. Mr. Esrig's testimony provided little, if any, clarification on the issue. Although he testified that some products were given away at licensing shows, and sometimes to emailers to the website, the testimony was general, and (other than with respect to stickers) he could not identify the specific amounts distributed or when. With particular relevance to this motion, however, his testimony was often that he was unsure whether documents reflecting such information existed, or that he believed such documents did exist.

These same concerns apply to email and search services. At one point, for example, Mr. Esrig testified that he believes search functionality existed on the website as of June 1997. When asked the basis for his belief (he was not involved with the googles.com website until 2001), he said it was based on a review "a stack of documents" in late 2001. Al-Salam Dec., ¶ 6. No documents that have been produced.

Given the critical nature of these issues, Stelor should be compelled to produce any documents that reflect such information. To the extent it refuses to produce such documents, it should be precluded from introducing oral testimony on the subject.

Similarly, a key issue in the case is what evidence, if any, Stelor has to support its claim of confusion and harm resulting from Google's activities. In response to Google's request as the basis for any claim of damage, Stelor makes conclusory assertions it has been damaged by its "inability to develop Stelor's brand identity . . ., injury to Stelor's brand . . ., expenditures to prevent, correct, or mitigate consumer confusion, and direct infringement . . ., for which Stelor seeks disgorgement of Google's profits." *See* Stelor's Response to Interrogatory No. 7 (Ex. B). Stelor has produced no documents, however, that support these claims (other than confusion-related emails).[1] During his recent deposition, however, Mr. Esrig suggested that such documents existed, including a license agreement that would have been entered into, but for the licensee allegedly being concerned about the lawsuit. Although Google does not believe it can legally be responsible for such damages,[2] Stelor should produce any documents related to any claim of harm or damage or, alternatively, be barred from introducing any testimony related to those subjects.

### III. PLAINTIFF HAS FAILED TO COMPLY WITH ITS DISCOVERY OBLIGATIONS

The Federal Rules of Civil Procedure "strongly favor full disclosure whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). That policy is in place to force full disclosure of relevant information and ensure mutual knowledge of the relevant facts. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). To that end, Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). That rule also requires parties to supplement their

---

[1] Stelor has produced a number of emails that suggest persons have sometimes unintentionally gone to the googles.com website looking for google.com, or vice-versa. As addressed in Google's motion for summary judgment, there is no cognizable claim against Google for its website having become famous "next door to" Stelor's googles.com website. Further, there is not harm to Stelor from such "confusion." If anything, Stelor has benefited from the fame of Google insofar as it has enjoyed increased (inadvertent) traffic to its website.

[2] Google is not responsible for licensees refusing to do business with Stelor, particularly where it has never communicated with such licensees or done anything else to intentionally interfere with Stelor's business.

responses when they learn that their response is, in some material respect, incomplete or

incorrect. Fed. R. Civ. P. 26(e). Accordingly, "a district court can, if appropriate, compel a

party to collect and to produce whatever discovery-related information is necessary." *Sprint*

*Comms. Co. v. APCC Servs., Inc.*, 128 S. Ct. 2531, 2545 (2008) (citing Fed. R. Civ. P. 26(b)(1),

30-31, 33-36).

## A.     Plaintiff's Interrogatory Responses Are Deficient

As discussed above, plaintiff's interrogatory responses on critical issues, such as specific

information concerning the alleged use of the Googles trademarks on products and services, as

well as the alleged harm or damage resulting from Google's activities, is insufficient. Stelor

should be required to produce complete answers to such interrogatories, including, in particular,

Interrogatory Nos. 1, 5, 6, 7, 8 and 9. *See* Exhibit B.

## B.     Plaintiff Should Supplement Its Document Production

On April 5, 2006, Google served Google Inc.'s First Set of Document Requests to Stelor

Productions, LLC. *See* Exhibit C attached hereto. Plaintiff previously produced documents

responsive to these requests.

Plaintiff objected at the time, however, to producing documents that were not relevant to

the first phase of the case, including documents that would be relevant to the issues of likelihood

of confusion, damage and harm. Even assuming, *arguendo*, that such an objection had merit at

the time, it no longer has any merit. Stelor should not be entitled to withhold critical documents

and information concerning its actual use (or non-use) of the Googles trademark, and documents

relating to the alleged confusion or harm created by Google, and then introduce oral,

uncorroborated testimony on those issues. Nevertheless, Stelor has failed to supplement its

document production, or produce documents that are directly relevant to the issues that are

currently scheduled for trial. To the extent that Stelor has documents related to these issues, the

documents should be produced or, alternatively, Stelor should be precluded from introducing oral testimony on the subjects.

To the extent Stelor does produce additional documents relating to the subjects above, Google should have an opportunity to take deposition testimony limited specifically to those documents.

## IV.    CONCLUSION

For all of these reasons, Google respectfully requests that the Court compel plaintiff to comply with its discovery obligations and to provide full and complete discovery responses and to supplement its document production consistent with plaintiff's obligations to do so.

## V.    CERTIFICATION

Pursuant to Local Rule 7.A.3, the undersigned certifies that the parties have conferred about the issues raised in the foregoing motion in an attempt to resolve the issues raised herein, but the parties were unable to do so.  The parties will continue to work in good faith to resolve the issues raised herein informally; however, Google is filing this Motion to preserve these issues should the parties be unable to resolve them.  Google will promptly notify the Court if the parties can resolve these issues without Court involvement.

DATED:  October 31, 2008

Ft. Lauderdale, FL                    Respectfully submitted,


By: */s/ Samantha Tesser Haimo*
    **ADORNO & YOSS LLP**
    Jan Douglas Atlas
    Florida Bar No. 226246
    jda@adorno.com
    Samantha Tesser Haimo
    Florida Bar No. 0148016
    stesser@adorno.com
    350 East Las Olas Boulevard, Ste. 1700
    Fort Lauderdale, FL  33301
    Telephone:  (954) 763-1200
    Facsimile:   (954) 766-7800

    **PERKINS COIE LLP**
    Ramsey M. Al-Salam (*pro hac vice*)
    ralsalam@perkinscoie.com
    Elana S. Matt (*pro hac vice*)
    ematt@perkinscoie.com
    1201 Third Avenue, Suite 4800
    Seattle, WA  98101-3099
    Telephone:  (206) 359-6338
    Facsimile:   (206) 359-7338

    Attorneys for Defendant Google Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of October, 2008, I served a copy of the foregoing

Defendant Google Inc.'s Motion to Compel Complete responses to First Set of Interrogatories

and Supplemental Document Production or, Alternatively, to Limit Evidence on the following

persons, via CM/ECF filing:

> Kevin C. Kaplan
> David J. Zack
> Morgan L. Swing
> Coffey Burlington
> Office in the Grove, Penthouse
> 2699 S. Bayshore Drive, Penthouse A
> Miami, FL  33133

> /s/ Samantha Tesser Haimo
> Samantha Tesser Haimo