**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 05-80387 CIV RYSKAMP/VITUNAC

STELOR PRODUCTIONS, LLC,
a Delaware limited liability company,

        Plaintiff,

v.

GOOGLE INC., a Delaware corporation,

        Defendant.
_____/

**PLAINTIFF STELOR PRODUCTIONS, LLC'S MOTION TO COMPEL**
**DEFENDANT GOOGLE, INC.'S PRODUCTION OF DOCUMENTS**

STELOR PRODUCTIONS, LLC, ("Stelor" or "Plaintiff") pursuant to Fed. R. Civ. P. 34 and 37, hereby moves the Court for an Order requiring Defendant GOOGLE, INC. ("Google" or "Defendant") to produce documents pursuant to Plaintiff Stelor's Requests for Production of Documents. The following memorandum is filed in support of this motion.

### I. INTRODUCTION

In response to Plaintiff Stelor's Requests for Production of Documents, Google has failed to provide documents that are responsive and relevant.[1] Accordingly, Stelor has been forced to file this motion to compel. Specifically, Stelor seeks to compel the production of documents relating to four particularly relevant topics: (1) Google's involvement and use of its trademark in the children's market; (2) Google's future plans in the children's market; (3) the feature 'Lively

---

[1] Defendant Google, Inc.'s Objections and Responses to Plaintiff Stelor's Requests for Production of Documents are attached hereto as Exhibit A.

**COFFEY BURLINGTON**
OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
EMAIL: info@coffeyburlington.com    www.coffeyburlington.com

by Google;' and (4) Google's sales and profits in the children's market. All such documents are relevant and Google should be ordered to produce responsive documents.

## II. GOOGLE MUST BE COMPELLED IMMEDIATELY TO PRODUCE ALL RESPONSIVE NON-PRIVILEGED DOCUMENTS TO PREVENT PREJUDICE TO STELOR AND FURTHER DELAY IN THIS ACTION

Despite the fact that Stelor is entitled to discovery responses through all formats requested, specifically in this instance in the form of both document production and deposition, Stelor has attempted to work with Google on the timing of this production, and of the deposition of Google's 30(b)(6) representative, based on Google's assurances that full information would be provided through that deposition. Such information was not provided, with the deposition merely highlighting the insufficiencies and incompleteness of Google's document production. After delaying its production, sending a trickling, and as of yet incomplete, production of documents, and pushing Stelor up against the discovery cut-off, however, Google has now filed a motion for summary judgment involving the very issues on which Google has failed to provide complete discovery. Thus, Google is hampering Stelor's ability to effectively oppose the Summary Judgment, as well as to prepare Plaintiff's case for trial. In order to avoid prejudice to Stelor, Google should be compelled immediately to produce all responsive, non-privileged documents.

## III. FACTS

Stelor, the owner of the senior but lesser known mark, "Googles," has asserted a claim to protect its intellectual property rights from infringement by Google. Since 1997, Stelor has had a trademark registration in the category of children's books for "Googles." Google, originally seeking trademark protection in conjunction with its search engine capabilities, has, over time,

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com      www.coffeyburlington.com

expanded the use of its mark to include all areas of commerce, including the market for children's goods and services, including books and clothing.

Through its Amended Complaint for "reverse confusion" trademark infringement, Stelor highlights Google's infringing activities with respect to "children's books, games and other education and entertainment products and services" Am. Compl. ¶¶ 73, 81, 86. Stelor also seeks an injunction against any activity by Google that would interfere with Stelor's rights in its mark in the children-related fields.

To that end, Stelor submitted to Google a set of Requests for Production of Documents seeking information surrounding Google's expansion in the market for children's goods and the claims of infringement surrounding such expansion. Discovery has now closed. Despite progressing through the necessary procedures to gather information to support its claims, Stelor is still lacking pertinent documents from Google. Stelor has requested documents, attempted to confer with opposing counsel to retrieve such documents in good faith, and has travelled to California to depose Google's 30(b)(6) witness, Rose Hagan. None of these procedures have successfully yielded a full disclosure of Google's documents. Such information is critical to Stelor's abilities to effectively support its claims, and therefore Google should be compelled to produce documents relating to such information.

### IV. GOOGLE IMPROPERLY REFUSES TO COMPLY WITH ITS DISCOVERY OBLIGATIONS

Pursuant to Fed. R. Civ. P. Rule 26(b)(1), parties may "obtain discovery regarding any manner, not privileged, that is relevant to the claim or defense of any party. . . Relevant information need not be admissible at the trial if the discovery appears to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *In re: Form Motor Co.*, 345 F.3d 1315, 1316

COFFEY BURLINGTON
OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com       www.coffeyburlington.com

(11th Cir. 2003); *Dean Witter Reynolds, Inc., v. Fernandez*, 489 F.Supp. 434, 442 (S.D. Fla. 1979). To ensure "full disclosure of relevant information and ensure mutual knowledge of the relevant facts," each party must disgorge all facts in its possession." *Hickman v. Taylor*, 329 U.S. 495, 507-508 (1947). Stelor's requests for documents relate directly to the core issues of infringement and unfair competition alleged in the amended complaint, including Google's involvement and entrance in markets with respect to child-related goods. Defendant must produce the requested documents because they call for relevant information that would be – or would likely lead to – admissible evidence at trial.

## V. SPECIFIC REQUESTS FOR PRODUCTION TO BE COMPELLED

**A. Google Has Failed To Produce Documents Relating to Google's Involvement And Use of Its Mark In The Children's Market**

Stelor seeks to compel the following requests:

> REQUEST NO. 1: All of your board of director meeting minutes, related to the Children's Categories and/or Google's expansion of the use of its trademark in connection with the Children's Categories.
>
> REQUEST NO. 3: All documents relating to or identifying Google's Goods and Services relating to any of the Children's Categories.

Google objects on the basis that such requests are overly broad and/or unduly burdensome. Furthermore, with respect to Request No. 1, Google responded that it would "produce responsive, non-privileged, non-objectionable documents to the extent that such documents exist and can be located after a reasonably diligent search," yet Google has failed to do so.

First and foremost, such requests are not overly broad; Stelor tailored each question to relate specifically to the issues alleged in the lawsuit by limiting the discovery questions' scope

COFFEY BURLINGTON

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com        www.coffeyburlington.com

to a group of topics defined in the instructions for the Requests for Production as "Children's Categories," which include, but are not limited to, children's books, clothing, toys, videos, music, and educational materials. Investigation into each of these areas is relevant to Plaintiff's allegations of infringement and unfair competition by Google using its trademark to sell "children's books, games and other education and entertainment products and services." Am. Compl. ¶¶ 73, 81, 86.

**B.  Google Has Failed To Produce Documents Relating To Google's Future Plans In The Children's Market**

Stelor seeks to compel the following requests:

>   REQUEST NO. 16: All documents pertaining to future development plans within Google with respect to any offer of Goods and Services within any of the Children's Categories.
>
>   REQUEST NO. 17: All documents pertaining to future development plans in association with any entity other than Google for any Goods and Services within any of the Children's Categories.
>
>   REQUEST NO. 18: All business plans pertaining to any Goods and Services within any of the Children's Categories.
>
>   REQUEST NO. 32: All documents pertaining to Google's intent to use "Google" as a trademark.

Google objects to these requests as "overly broad, unduly burdensome, vague and ambiguous, and as seeking documents not reasonably calculated to lead to admissible evidence."

In short, Google refuses to provide documents relating to Google's efforts and plans to expand its trademark presence into the areas of children's products and services. This information goes to the heart of Stelor's allegations of infringement and unfair competition by Google using its trademark to sell "children's books, games and other education and entertainment products and services" (Am. Compl. ¶¶ 73, 81, 86) as well as its requests for

COFFEY BURLINGTON
OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com        www.coffeyburlington.com

injunctive relief from such (*see* Am. Compl. at WHEREFORE CLAUSE p.19-20). These documents are relevant and Google must produce them.

Since discovery is cumulative and not alternative, Stelor is entitled to the production of these documents apart from any deposition testimony by Google's designated 30(b)(6) witness, Rose Hagan. *B. & S. Drilling Co. v. Halliburton Oil Well Cementing Co.,* 24 F.R.D. 1, 4 (S.D. Tex. 1959). Regardless, Stelor has been unable to even obtain definitive information about Google's plans from Ms. Hagan. For example, when asked about future planned activity with respect to children's books and the Google mark, she circumvented the question, replying that she was not sure she was "in a position to make promises about what Google will or will not do in the future." Hagan Depo. at 163:21-164:2. For example, Ms. Hagan testified that, to her knowledge, there is only business plan for the entire company and was uncertain of its contents. *See Id.* at 144. Regardless of the accuracy of this statement, Google has failed to provide such document in response to Stelor's requests for business plans (specifically, Request No. 18). Thus, Stelor has been blocked from disclosure of such relevant information by both an unknowledgeable designee *and* Google's refusal to produce documents.

**C.      Google Has Failed To Produce Documents Relating To 'Lively by Google'**

Stelor seeks to compel the following requests:

> REQUEST NO. 30: All documents pertaining to the planning, development, implementing, testing, advertising, or marketing of Lively by Google in relation to children and/or any and all of the Children's Categories.
>
> REQUEST NO. 31: All documents pertaining to the planning, development, implementing, testing, advertising, or marketing of Lively by Google.

6

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com          www.coffeyburlington.com

Google objects to these requests as being overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to admissible evidence.

The feature 'Lively by Google' is relevant and, at very least, calculated to lead to admissible evidence. By Google's own description, Lively is similar to the features offered by Stelor on the googles.com website.[2] Lively allows users to create their own virtual world within which they can create an avatar, an alter-ego within the feature, have their alter-ego live with an virtual world, and chat with other users. On the googles.com website, Stelor has created a virtual world within which users can create adventures as a Googles character and communicate with other users. Therefore, these requests directly relate to Plaintiff's claims of infringing activity and unfair competition. Again, Google's own witness, Ms. Hagan, did not know the plans for Lively. *See* Hagan Depo. at 219: 20-21.

**D.   Google Has Failed To Produce Documents Relating To Google's Sales And Profits In The Children's Market**

Stelor seeks to compel the following requests:

> REQUEST NO. 12: All documents that record, state, or detail the type, sources, and amounts of revenue for any Goods and Services offered by Google in any and all of the Children's Categories.
>
> REQUEST NO. 13: All documents that record, state, or detail the sources and amount of revenue for all licensing agreements for Google relating to any of the Children's Categories.

---

[2]   Google's description of Lively is from Google, Inc.'s Supplemental Responses to Plaintiff Stelor's Interrogatories (Responses No. 11 and 12). Based upon its designation as a document for "Attorneys Eyes Only" and per the Stipulated Protective Order (D.E. 116), this document was submitted to the Court under seal in conjunction with Plaintiff's Motion to Compel Better Answers to Defendant Google, Inc.'s Supplemental Responses to Plaintiff Stelor Productions, LLC's Interrogatories (D.E. 300).

COFFEY BURLINGTON
OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com       www.coffeyburlington.com

> REQUEST NO. 22: All internally generated budgets, forecasts, or other documents reflecting your expectations for revenues, expenses, or profits with respect to any Goods and Services within any and all of the Children's Categories.
>
> REQUEST NO. 24: All documents or reports generated on an interim basis (including but not limited to daily, weekly, monthly, quarterly, or annually) that reflect any of the following operating results for Google for any Goods and Services within any of the Children's Categories: (a) licensing; (b) marketing; (c) product sales or revenues.
>
> REQUEST NO. 28: All documents or reports that reflect operating revenues, expenses, or profits from licensing arrangements and products sales of any Goods and Services within any and all of the Children's Categories.

Google objects to such requests as overly broad, unduly burdensome, and as seeking documents not reasonably calculated to lead to admissible evidence. Google also claims, in Request Nos. 12 and 13, that the "sources" of Google's revenue are not relevant to the present dispute.

Documents indicating in detail Google's sales and profits related to the use of its mark for goods, services, or products in any of the children-related markets are relevant to ascertain damages due to Google's infringing activities as alleged in the Amended Complaint. Under the liberal discovery interpretation of Rule 26, Defendant must disgorge all such documents in its possession. *Hickman v. Taylor*, 329 U.S. at 507-508. Furthermore, such requests are not overbroad since Plaintiff specifically tailored each request to a defined group of topics defined as "Children's Categories," which include, but are not limited to, children's books, clothing, toys, videos, music, and educational materials. The foregoing documents must be produced.

COFFEY BURLINGTON

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: info@coffeyburlington.com  www.coffeyburlington.com

## VI. CONCLUSION

**WHEREFORE,** Plaintiff Stelor respectfully requests this Court enter an order compelling Google to produce all non-privileged documents responsive to Plaintiff Stelor's Requests for Production of Documents, including but not limited to Requests Nos. 12, 13, 16, 17, 18, 22, 24, 28, 30, 31, and 32 and for any other such relief the Court deems appropriate.

Respectfully submitted,

s/Kevin C. Kaplan - Florida Bar No. 933848
David J. Zack - Florida Bar No. 641685
Morgan L. Swing – Florida Bar No. 0017092
kkaplan@coffeyburlington.com
dzack@coffeyburlington.com
mswing@coffeyburlington.com
COFFEY BURLINGTON
Office in the Grove, Penthouse
2699 South Bayshore Drive
Miami, Florida 33133
Tel: 305-858-2900; Fax: 305-858-5261
Counsel for STELOR PRODUCTIONS, LLC

COFFEY BURLINGTON
OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com   www.coffeyburlington.com

## LOCAL RULE 7.1.A.3 CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that the office of the undersigned counsel has conferred with counsel for Defendant concerning the subject matter of the instant Motion in an attempt to resolve the issues raised herein, but the parties were unable to do so. The parties will continue to work in good faith to resolve the issues raised herein informally; however, Stelor is filing this Motion to preserve these issues should the parties be unable to resolve them. Stelor will promptly notify the Court if the parties can resolve these issues without Court involvement.

/s/ Morgan L. Swing

10

COFFEY BURLINGTON

OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com       www.coffeyburlington.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Mailing Information for Case 9:05-cv-80387-KLR. I also certify that the foregoing Counsel of record currently identified on the Mailing Information list to receive e-mail notices for this case are served via Notices of Electronic Filing generated by CM/ECF. Counsel of record who are not on the Mailing Information list to receive e-mail notices for this case have been served via U.S. Mail.

/s/ Morgan L. Swing

COFFEY BURLINGTON
OFFICE IN THE GROVE   PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: info@coffeyburlington.com        www.coffeyburlington.com