UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-80387-CIV-RYSKAMP/VITUNAC

STELOR PRODUCTIONS, INC.,

    Plaintiff,

v.

GOOGLE, INC.,

    Defendant.

_____/

## **OMNIBUS ORDER DENYING DISCOVERY MOTIONS AS BEING UNTIMELY FILED**

THIS CAUSE comes before the Court upon plaintiff's motion to compel better answers **[DE 300]** and plaintiff's motion to compel depositions **[DE 301]** both filed on October 30, 2008. Defendant filed a motion to compel complete responses **[DE 307]** on October 31, 2008. Plaintiff filed a motion to compel documents **[DE 308]** on November 3, 2008.

This litigation was initially filed on May 4, 2005, over three years ago. On October 19, 2007, the parties agreed to conclude non-expert discovery by July 31, 2008 and expert discovery by September 30, 2008. This Court entered a scheduling order reflecting the parties' agreement **[DE 246]**. The parties initially sought an extension to complete discovery **[DE 260]**. This Court entered an order granting the parties until September 30, 2008 to complete all discovery **[DE 261]**. The parties again sought an extension of the discovery deadline **[DE 284]**. This Court agreed to extend the discovery deadline until October 30, 2008, but declined to extend the due date for the submission of dispositive motions and notified the parties that no further extensions of time would be granted **[DE 285]**.

First, defendant's motion to compel **[DE 307]** and plaintiff's motion to compel documents **[DE 308]** were both filed after the expiration of the discovery deadline. Accordingly, this Court denies both motions as having been filed out of time.

Second, plaintiff's remaining motions to compel **[DE 300, 301]** were filed on October 30, 2008 at 9:33 p.m. and 11:27, respectively. The first motion seeks to require defendant to file better answers to plaintiff's interrogatories. Plaintiff previously filed a similar motion to compel, which this Court granted because defendants failed to respond. This Court declines to grant the motion for two reasons. First, this Court notified the parties on October 8, 2008 that it would not extend the discovery due dates. Since discovery has already expired, this Court will not require any party to engage in further discovery. And second, Google filed a response to this Court's order granting the initial motion to compel **[DE 309]**. While this Court has never received a response to an Order before, Google did notify the Court that its failure to respond was due to representations from plaintiff's counsel, which lead defendant to believe that plaintiff would withdraw the motion to compel. While representations from opposing counsel do not relieve a party from timely responding to a currently pending motion, and while defense council should have filed a motion for extension of time to respond to the motion, this Court is concerned by plaintiff's counsel's actions. The instant motion to compel raises much of the same issues that were raised in the motion that this Court granted by default **[DE 299]**. Plaintiff brought that fact to this Court's attention on the first page of the motion. Plaintiff's counsel did not, however, notify this Court of the representations it made to defense counsel. Plaintiff's counsel should have informed the Court of that understanding when filing the instant motion.

The second motion seeks to compel the discovery of Google's co-founders. This Court
2

previously addressed this issue in **[DE 279]**. It appears that Google's 30(b)(6) representative Rose Hagan was deposed on October 21, 2008. Plaintiff's waited seven business days to file the instant motion. As previously stated, this Court has already notified the parties that it would not extend the discovery due dates. Since discovery has already expired, this Court will not require any party to engage in further discovery. Additionally, Rule 26(c) protects those deposed from "annoyance, embarrassment, oppression, or undue burden or expense[,]" but not from mere inconvenience. Fed. R. Civ. P. 26(c). This Court concludes that requiring Google's corporate representatives to submit to a deposition would constitute an undue burden. As such, the motion is denied.

Accordingly, it is hereby,

ORDERED AND ADJUDGED that plaintiff's motions **[DE 300, 301, 308]** and defendant's motion **[DE 307]** are DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 5 day of November, 2008.

>   /s/ Kenneth L. Ryskamp
>   UNITED STATES DISTRICT JUDGE
>   KENNETH L. RYSKAMP

Copies to:
All counsel of record.